**MEMO ENDORSED**

# Gregory Zimmer, Esq.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __3/23/2020__

GZimmer@GZimmerLegal.com
O:  (914) 402-5683
M:  (516) 991-1116

March 20, 2020

**VIA ECF**

Honorable Valerie Caproni, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Room 443
New York, New York  10007

        Re:  *In re Navidea Biopharmaceuticals Litigation, Case No. 19-cv-01578–VEC*

Dear Judge Caproni:

    I represent Defendant/Counterclaim Plaintiff Michael M. Goldberg, M.D. ("Dr. Goldberg").  I write as a follow up to my letter of March 17, 2020 with respect to third-party depositions in this action.  By Memo Endorsement the Court authorized Dr. Goldberg to submit a letter motion on or before today proposing a form of alternate service of document and deposition subpoenas on John K. Scott, Jr., a non-party witness.

    As set forth in my March 17 letter, Dr. Goldberg has not yet been able to serve Mr. Scott despite diligent efforts to do so.  Dr. Goldberg obtained an office address for Mr. Scott from Navidea's Form 10-Q for the period ended September 30, 2018, which was filed with the United States Securities and Exchange Commission.  Dr. Goldberg was also able to identify a potential home address for Mr. Scott through publicly accessible databases.  Thereafter, Dr. Goldberg's process server made numerous attempts to serve Mr. Scott at both the office and home addresses identified for him, but without success.  A copy of an affidavit of attempted service is enclosed herewith.  We have also sent a copy of the subpoenas to Mr. Scott via e-mail using the last known e-mail address for him, which he used in the past for Navidea/Macrophage business, but have not received any response.  To protect Mr. Scott's privacy we have not included his personal e-mail address in this public filing but stand ready to provide it to the Court in whatever form directed by the Court.

    We believe that, at a minimum, the office address and e-mail address we have used to attempt service and to deliver copies of the subpoenas to Mr. Scott are his actual address and e-mail address.  However, Mr. Scott is a holder of a very large percentage of the common stock of Plaintiff/Counterclaim Defendant Navidea Biopharmaceuticals, Inc. ("Navidea"), and we believe that Navidea is in possession of current addresses and e-mail addresses for Mr. Scott, including

360 Lexington Avenue, Suite 1502                           New York, New York 10017

Honorable Valerie Caproni, U.S.D.J.
March 20, 2020
Page 2

in its roll of record addresses for shareholders which must maintained for company notice purposes.

   Therefore, we respectfully request that the Court authorize substitute service as follows: Navidea shall provide Dr. Goldberg's counsel with the last known address(es) and e-mail address(es) for Mr. Scott. Dr. Goldberg will hand-deliver and deliver by certified mail, return receipt requested (in envelopes not indicating that the contents relates to a lawsuit and bearing the legend "Personal and Confidential") and a copy of any order concerning substitute service entered by the Court to either (i) the work and business addresses listed for Mr. Scott in the enclosed affidavit of attempted service and the e-mail address Dr. Goldberg currently has for Mr. Scott, or (ii) if different addresses and e-mail address is provided by Navidea, to those addresses and e-mail address. We also request that the tender of witness fees and mileage be deferred until the time of appearance.

   We respectfully submit that this process will provide Mr. Scott with actual and sufficient notice of the subpoenas and will fulfill the requirements of Fed. R. Civ. P. 45 as required by the Court.

   On a related subject, in light of the worldwide Covid 19 pandemic and the ever-changing and ever-tightening rules and environment it has created in New York and elsewhere, we wrote to counsel for Navidea and Third-Party Defendant Macrophage Therapeutics, Inc. ("Macrophage") inquiring whether their offices are open and how they would like to address the depositions already scheduled in this action as well as the third-party depositions that are the subject of the parties' submissions for substitute service and any other third parties that counsel for the parties are working to cooperatively schedule. As of today, Governor Andrew Cuomo has issued an executive order barring any non-essential employees in New York State from attending their offices starting on the evening of Sunday, March 22, 2020. Given the current dynamics, it appears unlikely that business will be operating normally in the near future. Under these circumstances it appears it will be impossible to take depositions until this order is lifted and businesses (including law firms, court reporting services and the businesses of witnesses) have had a reasonable time to re-start operations. Accordingly, we respectfully request that the Court provide guidance with respect to currently-scheduled depositions, which are scheduled to occur between March 30 and April 14, 2020 pursuant to the existing so-ordered schedule.

   Thank for your attention to this matter.

Respectfully submitted,

/s/ Gregory Zimmer, Esq.

Application GRANTED. The proposed method of substitute service is acceptable. As to the remaining depositions, the fact discovery deadline is extended to **June 17, 2020.**

SO ORDERED.

*[signature: Valerie Caproni]*

**3/23/2020**

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

cc: Barry M. Kazan, Esq.
  Alain M. Baudry, Esq.

| | |
|---|---|
| Case No | 1:19CV-01578VEC |

UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF NEW YORK

**Plaintiff**  IN RE NAVIDEA BIOPHARMACEUTICALS LITIGATION

v

**Defendant**

## Affidavit of Non-Service

| | |
|---|---|
| Documents | SUBPOENA TO TESTIFY |
| Attempted Service On | JOHN SCOTT, JR. |
| Locations of Service | HOME AT 4501 S MONROE LN, ENGLEWOOD, CO 80113 IN ARAPAHOE COUNTY AND OFFICE AT 5251 DTC PKWY., #285, GREENWOOD VILLAGE, CO IN ARAPAHOE COUNTY |
| Manner of Attempted Service | ON 2/5/20 AT 3:45 PM I ATTEMPTED SERVICE AT THE OFFICE LOCATION AND THE OFFICE WAS CLOSED WITH NO IDENTIFYING BUSINESS TENANT NAMED, ON THE DOOR. I LOCATED BUILDING SECURITY WHO STATED THAT JOHN SCOTT, JR. GOES BY "KIM" AND DOES HAVE AN OFFICE AT #285 AND THE GUARD ESCORTED ME TO THE OFFICE AND CONFIRMED THAT IT WAS LOCKED. THE GUARD STATED THAT "KIM" COMES AND GOES AT DIFFERENT HOURS OF THE DAY. I ATTEMPTED AGAIN ON 2/11/20 AT 11:40 AM AND 2:15 PM AND THE OFFICE WAS LOCKED. THERE IS NO WAY TO SEE INTO THE OFFICE BECAUSE THE WINDOWS ARE GLAZED.<br>ON 2/5/20 AT 6:00 PM I ATTEMPTED SERVICE AT THE HOME ADDRESS AND FOUND A GATED HOUSE WITH AN INTERCOM SYSTEM. I BUZZED THE INTERCOM AND NOTHING HAPPENED. (I COULD SEE THE HOUSE AND THERE WAS A WHITE VAN PARKED IN THE DRIVEWAY). I WAITED 15 MINUTES AND BUZZED THE INTERCOM AGAIN. THE GATE OPENED AND I DROVE UP TO THE FRONT DOOR AND RANG THE DOORBELL. A WHITE FEMALE ANSWERED AND STATED THAT NO "JOHN KIM SCOTT, JR." LIVED THERE. SHE REFUSED TO GIVE HER NAME BUT SAID THAT A COMPANY OWNS THE HOME. AS I WAS SPEAKING WITH HER, ANOTHER VEHICLE (DARK COLORED SMALL SUV CAME UP THE DRIVEWAY AND WENT INTO THE GARAGE. THEN I LEFT THE PREMISES. |

*Affiant being sworn, says: that affiant is over the age of 18 years; that affiant is not a party to this action; and that attempts to obtain service of the stated documents were made as described herein.*

LAYLA ASPINALL

*Affiant's Name*       *Affiant's Signature*

Suscribed and sworn to before me this __12__ day of __MARCH__, 2019 in __DENVER__ County, Colorado.

*Notary Public*

My commission expires: __11-27-2023__

FREYA HSIEN
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20194044625
MY COMMISSION EXPIRES 11/27/2023