

THOMPSON HINE        ATLANTA        CLEVELAND        DAYTON        WASHINGTON, D.C.
                          CINCINNATI            COLUMBUS            NEW YORK

March 20, 2020

*Via ECF*

┌─────────────────────────────┐
│ **MEMO ENDORSED** │
└─────────────────────────────┘

Honorable Valerie Caproni, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Room 443
New York, New York 10007

┌──────────────────────────────┐
│ USDC SDNY                    │
│ DOCUMENT                     │
│ ELECTRONICALLY FILED         │
│ DOC #:_____        │
│ DATE FILED:___3/23/2020___   │
└──────────────────────────────┘

RE:  *In re Navidea Biopharmaceuticals Litigation,* Case No. 19-cv-01578–VEC

Dear Judge Caproni:

    We represent Navidea Biopharmaceuticals, Inc. ("Navidea") and Macrophage Therapeutics, Inc. ("Macrophage") (collectively, the "Plaintiffs") in the above referenced matter. Per the Court's endorsement of March 17, 2020 (ECF #100), we submit this letter motion requesting an Order permitting alternate service of process for a *subpoena duces tecum* and *subpoena duces testificandum* (collectively, the "Subpoenas") on Alec Goldberg ("Alec"), a proposed deponent.

    At the outset, we want to explain to the Court that Alec is not a stranger to this litigation. Specifically: (1) Alec was hired by his father, Defendant Dr. Michael M. Goldberg ("Dr. Goldberg"), and worked for Macrophage during the relevant time frame (Ex. A); (2) on February 20, 2019, the day that Dr. Goldberg was removed as CEO of Macrophage, Alec sent a "test" e-mail from his Macrophage e-mail account to his Gmail account (Ex. B); (3) Alec was allegedly appointed to the board of Macrophage in November 2018 (Ex. C); and (4) Alec is a director of M1M2 Therapeutics, Inc. ("M1M2"), the entity involved in the transaction that is alleged by Navidea to be a breach of the August 14, 2018 agreement (Ex. D).

    Since early January 2020, Plaintiffs have made numerous attempts to personally serve Alec with the Subpoenas, requiring him to appear for a deposition and produce documents to Plaintiffs. (Exs. E-G). Plaintiffs, using a process server, performed a "skip trace" search on January 10, 2020, and have performed numerous searches on the internet for Alec, to no avail. Although the skip trace searches uncovered two (2) addresses for Alec, one of which is the address of Dr. Goldberg, Plaintiffs' attempts to serve Alec at these addresses have been unsuccessful. (Exs. E-F). On January 13, 2020, Plaintiffs attempted to personally serve Alec at Dr. Goldberg's address. (Ex. E). The process server was unable to serve Alec and was informed by Dr. Goldberg that Alec did not live at that address. (*Id.*). On January 15, 2020, a second attempt was made to serve the Subpoenas at Alec's last known address identified through the

Barry.Kazan@ThompsonHine.com  Fax: 212.344.6101  Phone: 212.908.3921        baf  4840-1843-3435.1

THOMPSON HINE LLP        335 Madison Avenue        www.ThompsonHine.com
ATTORNEYS AT LAW         12th Floor                O: 212.344.5680
                         New York, New York 10017-4611   F: 212.344.6101



Honorable Valerie E. Caproni
March 20, 2020
Page 2

skip trace. (Ex. F).  The process server attempted to serve the Subpoenas, but there was no response after his attempts to ring the doorbell. (*Id.*).

Due to Plaintiffs inability to personally serve Alec or locate his residential address, on March 4, 2020, Plaintiffs filed a letter requesting the Court's assistance in compelling Dr. Goldberg to disclose Alec's address.    (ECF #88).   On the same day, the Court, by memo endorsement, held that a fact discovery extension would only be granted if Dr. Goldberg provided Plaintiffs with Alec's current address and phone number, and certified as such.   (ECF #90).  On March 6, 2020, Dr. Goldberg's counsel stated through an e-mail correspondence that 69 Thompson Street, New York, NY 10012 ("69 Thompson Street") was Alec's address and that he had no phone number.  A third attempt was made to serve the Subpoenas at that address but there was no listing for Alec on any of the nameplates.  (Ex. G).  We e-mailed counsel for Dr. Goldberg as to whether they had an apartment number and received no response.  Our process server attempted to call Alec on a number we believed to be his and received no response. Similarly, on March 12, 2020, we e-mailed him the Subpoenas at the personal Gmail address that he used for Macrophage business and received no response.

District courts in this Circuit have noted that Fed. R. Civ. P. 45 "does not explicitly demand personal service of a subpoena, but instead requires only that a copy be 'delivered' to the person whose attendance or production of documents is sought.   Such language 'neither requires in-hand service nor prohibits alternative means of service.'"    *Cordius Trust v. Kummerfeld*, No. 99 Civ. 3200 (DLC), 1999 U.S. Dist. LEXIS 19980, at *4-5 (S.D.N.Y. Dec. 29, 1999) (citation omitted); *King v. Crown Plastering Corp.,* 170 F.R.D. 355, 356 n.1 (E.D.N.Y. 1997) (any means of service in accordance with New York procedural law sufficient to satisfy Fed. R. Civ. P. 45 requirements).

Plaintiffs have made three (3) attempts to serve Alec in person but have been unsuccessful.  Because Dr. Goldberg has failed to provide a useful address for Alec (even though he has certified as such), it appears that either Alec is attempting to evade service or Dr. Goldberg is deliberately refusing to cooperate in securing his attendance at a deposition.  "The [Fed. R. Civ. P.] should not be construed as a shield for a witness who is purposefully attempting to evade serve."  *Cordius Trust,* 1999 US Dist. LEXIS 19980, at *6.  Accordingly, substitute service is appropriate.

Substitute service is permitted where the means of service reasonably ensures actual receipt by the witness.  *See, e.g., Tube City IMS, LLC v. Anza Capital Partners, LLC*, No. 14 Civ. 1783 (PAE), 2014 U.S. Dist. LEXIS 160667, at *3-4 (S.D.N.Y. Nov. 14, 2014); *Med. Diagnostic Imaging, PLLC v. Carecore Nat'l, LLC*, No. 06 Civ. 7764 (CS) (THK), 2008 U.S. Dist. LEXIS 62376, at *7-11 (S.D.N.Y. Aug. 15, 2008).  As suggested by these authorities,



Honorable Valerie E. Caproni
March 20, 2020
Page 3

alternative means of service satisfies the "delivery" requirement of Fed. R. Civ. P. 45.  *Cordius Trust,* 1999 U.S. Dist. LEXIS 19980, at *6.

Courts have approved substitute service of subpoenas by certified mail and e-mail.  *See Tube City IMS, LLC*, 2014 U.S. Dist. LEXIS 160667, at *3-4 (granting motion to serve witness by attaching a copy of the subpoena to the witness' door, mailing a copy to the witness' residence by certified mail, and mailing and e-mailing a copy to the witness' lawyer in a different matter); *JPMorgan Chase Bank, N.A. v. IDW Grp., LLC*, No. 08 Civ. 9116 (PGG), 2009 US Dist. LEXIS 39714, at *9 (S.D.N.Y. May 11, 2009) (granting plaintiff's request to serve a subpoena by multiple alternate means, including "remitting a copy of the deposition subpoena by electronic mail and certified mail to counsel" of the putative deponent); *Cordius Trust,* 1999 U.S. Dist. LEXIS 19980, at *6-7 (granting motion to serve subpoena duces tecum by certified mail).  Here, Plaintiffs propose to combine service of the Subpoenas by certified mail and by e-mail.  For service of the Subpoenas by certified mail, we propose to serve the Subpoenas to his former address (which is Dr. Goldberg's residence), 69 Thompson Street (which was provided by Dr. Goldberg's counsel), and at M1M2's current company address detailed on its Certificate of Incorporation. (Ex. H). These methods are reasonably likely to ensure that Alec receives the Subpoenas.

In light of the above, Plaintiffs respectfully request that the Court issue an Order authorizing substitute service of the Subpoenas on Alec Goldberg by (i) serving a copy of the Subpoenas at the following e-mail addresses: (a) alecmgoldberg@gmail.com and (b) goldberg.alec@gmail.com; and (ii) sending, via certified mail, the original Subpoenas to the following addresses: (a) 69 Thompson Street, New York, NY 10012, (b) 207 Booth Avenue Englewood, NJ 07631; and (c) M1M2 Therapeutics, Inc., 2021 Arch Street, Philadelphia, PA 19103.

Respectfully submitted,

*/s/ Barry M. Kazan*

Barry M. Kazan

> Application GRANTED.  The proposed method of substitute service is acceptable. The fact discovery deadline is extended to
>
> **June 17, 2020.**

SO ORDERED.

*Valerie Caproni*

**3/23/2020**

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

# Exhibit A

**Kazan, Barry**

---

| **From:** | Paul Poteat <paul.poteat@nebulas.co> |
|---|---|
| **Sent:** | Tuesday, December 18, 2018 11:32 AM |
| **To:** | Nebulas Support |
| **Subject:** | MAC \| MGoldberg \| Setup Alec Goldberg |

---

**From:** Michael Goldberg <MGoldberg@macrophagetx.com>
**Sent:** Thursday, December 13, 2018 3:02 PM
**To:** Paul Poteat <paul.poteat@nebulas.co>
**Subject:** Re: Nothing from Microsoft yet?

Thanks, I seem to be OK and did my IPAD and my laptop.  Will try Iphone etc in a bit.

Can you please  set up a new email account for Alec Goldberg    agoldberg@macrophagetx.com

Thanks,

Mike

**Michael M. Goldberg, M.D.**
Chairman & CEO
**MACROPHAGE** THERAPEUTICS
560 Sylvan Ave, Third Floor | Englewood Cliffs, NJ 07632
Office: (201) 731-4023 | Cell: (917) 993-3533
mgoldberg@macrophagetx.com

---

**From:** Paul Poteat <paul.poteat@nebulas.co>
**Date:** Thursday, December 13, 2018 at 2:32 PM
**To:** Michael Goldberg <MGoldberg@macrophagetx.com>
**Subject:** RE: Nothing from Microsoft yet?

https://www.fastsupport.com/600822541

---

**From:** Michael Goldberg <MGoldberg@macrophagetx.com>
**Sent:** Thursday, December 13, 2018 2:16 PM
**To:** Paul Poteat <paul.poteat@nebulas.co>
**Subject:** Re: Nothing from Microsoft yet?

My other machine is with my son should I get him on stand by to connect as well?

**Michael M. Goldberg, M.D.**
Chairman & CEO
**MACROPHAGE** THERAPEUTICS

560 Sylvan Ave, Third Floor | Englewood Cliffs, NJ 07632
Office: (201) 731-4023 | Cell: (917) 993-3533
mgoldberg@macrophagetx.com

**From:** Paul Poteat <paul.poteat@nebulas.co>
**Date:** Thursday, December 13, 2018 at 2:14 PM
**To:** Michael Goldberg <MGoldberg@macrophagetx.com>
**Subject:** Re: Nothing from Microsoft yet?

Ok. I'll send you a link in a minute. Click on it from the first machine you to work on.

Sent from my iPhone

On Dec 13, 2018, at 2:08 PM, Michael Goldberg <MGoldberg@macrophagetx.com> wrote:

> My mac and my mac laptop
>
> **Michael M. Goldberg, M.D.**
> Chairman & CEO
> **MACROPHAGE** THERAPEUTICS
> 560 Sylvan Ave, Third Floor | Englewood Cliffs, NJ 07632
> Office: (201) 731-4023 | Cell: (917) 993-3533
> mgoldberg@macrophagetx.com

**From:** Paul Poteat <paul.poteat@nebulas.co>
**Date:** Thursday, December 13, 2018 at 2:07 PM
**To:** Michael Goldberg <MGoldberg@macrophagetx.com>
**Subject:** Re: Nothing from Microsoft yet?

We can do that. Which machine(s) are we working on?

Sent from my iPhone

On Dec 13, 2018, at 2:05 PM, Michael Goldberg <MGoldberg@macrophagetx.com> wrote:

> Now?
>
> **Michael M. Goldberg, M.D.**
> Chairman & CEO
> **MACROPHAGE** THERAPEUTICS
> 560 Sylvan Ave, Third Floor | Englewood Cliffs, NJ 07632
> Office: (201) 731-4023 | Cell: (917) 993-3533
> mgoldberg@macrophagetx.com

**From:** Paul Poteat <paul.poteat@nebulas.co>
**Date:** Thursday, December 13, 2018 at 2:05 PM
**To:** Michael Goldberg <MGoldberg@macrophagetx.com>
**Subject:** Re: Nothing from Microsoft yet?

I'm good in my end. I was waiting on you. Let me know a good time to connect.

Sent from my iPhone

On Dec 13, 2018, at 12:31 PM, Michael Goldberg
<MGoldberg@macrophagetx.com> wrote:

**Michael M. Goldberg, M.D.**
Chairman & CEO
**MACROPHAGE** THERAPEUTICS
560 Sylvan Ave, Third Floor | Englewood Cliffs, NJ 07632
Office: (201) 731-4023 | Cell: (917) 993-3533
mgoldberg@macrophagetx.com

# Exhibit B

**To:** goldberg.alec@gmail.com[goldberg.alec@gmail.com]
**From:** Alec Goldberg
**Sent:** Wed 2/20/2019 5:52:48 PM
**Subject:** Test

#

# Exhibit C

Board Minutes Wednesday November 21, 2018
Telephonic M Goldberg (MMG), M Greene (MIG), Alec Goldberg (AG) joined as an observer
until voted on to the BOD
All parties waived written notice



MMG then proposed that MT fill the open board seat at MT with Alec Goldberg. MMG and MIG voted, effective immediately, to add AG to MT's board.

# Exhibit D

**M1M2 Therapeutics, Inc.**
**Minutes of First Meeting of the**
**Board of Directors for**
**February 5, 2019**

The first meeting of the board of directors named in the Certificate of Incorporation of M1M2 Therapeutics, Inc. was held on February 5, 2019.

The following were present at meeting:
  Michael M. Goldberg, M.D. (Director)
  Alec Goldberg (Director)

Agenda:

  (1) To vote on the appointment of Officers;

  (2) To review and approve all resolutions and other actions taken by Incorporator and others;

  (3) To review and approve the issuance of stock in accordance with the Certificate of Incorporation and a Resolution by the Shareholders.

Business:

  1.    The meeting was called to order.  It was determined that a quorum was present either in person or by proxy, and the meeting could conduct business.

  The following directors were present:
    Michael M. Goldberg, M.D
    Alec Goldberg

  2.    The Secretary determined and reported that notice of the meeting had been properly given or waived by the directors in accordance with the by-laws.  All directors agreed that the proper notice had been given.

  3.    The following were presented at the meeting:

    (a) A copy of the Certificate of Incorporation;
    (b) A copy of the by-laws of the corporation adopted by the incorporator;
    (c) Resolutions of the incorporator;
    (d) Stock certificates;
    (e) The corporate record book

  5.    The directors ratified and approved all documents presented.

6.      Upon motion duly made, second and unanimously carried, it was resolved that the following persons were appointed as officers:

Michael M. Goldberg, M.D. as President and CEO

Alec Goldberg as Treasurer and Secretary

7.      Upon motion duly made, second and unanimously carried, it was resolved that the officers of this corporation are authorized and directed to pay all fees and expenses needed to the incorporator and other organizations for the organization of this corporation.

8.      MT was issued 95 shares of common stock in consideration for entering into a **Sub-Licensing Agreement with M1M2, effective February 5, 2019**, which granted M1M2 an exclusive sub-license to therapeutic methods and products under such patents, patent applications, know-how, trade secrets and other proprietary rights, including the exclusive right to develop therapeutics with the technology (collectively "IP").

9.      Michael M. Goldberg, M.D., was issued 5 shares of Super Voting Common Stock (as defined in the Certificate of Incorporation) pursuant to a **Resolution by the Shareholders** in order to effectuate the **Agreement of August 14, 2018**, amongst Navidea Biopharmaceuticals, Inc. ("Navidea"), Macrophage Therapeutics, Inc. ("MT") and Michael M. Goldberg, M.D.

10.     Upon motion duly made, second and unanimously carried, it was resolved that the joint and individual acts of the incorporator(s) listed on the Certificate of Incorporation were taken on behalf of M1M2, and are approved, ratified and adopted as acts of M1M2.

MG00000002

There was no further business, and upon motion duly made, seconded and unanimously carried, it was

**RESOLVED** that all items and documents have been examined by all directors, and are approved and adopted, and that all actions taken thus far have been ratified and approved by the Directors of M1M2.

There being no further business, upon motion duly made, seconded and unanimously carried, the meeting was adjourned.

Dated:_____2/5/19_____          By:_____

                                     Secretary of MIM2 Therapeutics, Inc.

Witnesses:

Dated:_____2/5/19_____          By:_____

                                Title:_____CEO / Director_____

Dated:_____2/5/19_____          By:_____

                                     Title:_____Secretary / Director_____

Dated:_____          By:_____

                                Title:_____

Dated:_____          By:_____

                                Title:_____

# Exhibit E

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
ATTORNEY: THOMPSON HINE LLP- NEW YORK
ADDRESS: 335 MADISON AVENUE, 12TH FLOOR NEW YORK, NY 10017

CIVIL ACTION #: 1:19-CV-01578-VEC

IN RE NAVIDEA BIOPHARMACEUTICALS LITIGATION,

Job #: 1442422

**AFFIDAVIT OF NON SERVICE**

STATE OF NEW YORK, COUNTY OF NASSAU, SS.:

Manny Bayo, being duly sworn, deposes and says: that deponent is not a party to this action, is over 18 years of age and resides in the State of New Jersey.

That on **1/13/2020** at **7:30 PM.**, at 207 BOOTH AVENUE, ENGLEWOOD, NJ 07631
Deponent attempted to serve the within  **Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action, Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13) With Exhibit A**
On **ALEC GOLDBERG**

That diligent effort was made by deponent to serve the within document(s) on the defendant(s)/respondent therein named without success for the reasons indicated below:

I attempted service on 01/13/2020 @ 7:30 p.m.  I was advised by the Subject's father that he does not live at said location.

Sworn to before me on 1/17/2020

**ADRIANA BARTOLOTTA**
Notary Public, State of New York
No. 01BA6377720
Qualified in Nassau County
Commission Expires 07/18/20

Manny Bayo

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
ATTORNEY: THOMPSON HINE LLP- NEW YORK
ADDRESS: 335 MADISON AVENUE, 12TH FLOOR NEW YORK, NY 10017

CIVIL ACTION #: 1:19-CV-01578-VEC

IN RE NAVIDEA BIOPHARMACEUTICALS LITIGATION,

Job #: 1442421
:

**AFFIDAVIT OF NON SERVICE**

STATE OF NEW YORK, COUNTY OF NASSAU, SS.:

Manny  Bayo, being duly sworn, deposes and says: that deponent is not a party to this action, is over 18 years of age and resides in the State of New Jersey.

That on **01/13/2020** at **7:30 PM.**, at 207 BOOTH AVENUE, ENGLEWOOD, NJ 07631
Deponent attempted to serve the within  **Subpoena to Testify at a Deposition in a Civil Action With A $60.18 Witness Fee Attached And Federal Rule of Civil Procedure 45 (c), (d), and (e), and (g) (Effective 12/1/13)** On **ALEC GOLDBERG**

That diligent effort was made by deponent to serve the within document(s) on the defendant(s)/respondent therein named without success for the reasons indicated below:

I attempted service on 01/13/2020 @ 7:30 p.m.  I was advised by the Subject's father that he does not live at said location.

Sworn to before me on 1/17/2020

**ADRIANA BARTOLOTTA**
Notary Public, State of New York
No. 01BA6377720
Qualified in Nassau County
Commission Expires 07/16/20 22

Manny Bayo

*Court Support, Inc., 181 Hillside Avenue, Williston Park, NY 11596 License #1382542*

# Exhibit F

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
ATTORNEY: THOMPSON HINE LLP- NEW YORK
ADDRESS: 335 MADISON AVENUE, 12TH FLOOR NEW YORK, NY 10017

CIVIL ACTION #: 1:19-CV-01578-VEC

IN RE NAVIDEA BIOPHARMACEUTICALS LITIGATION,

Job #: 144245

**AFFIDAVIT OF NON SERVICE**

STATE OF NEW YORK, COUNTY OF NASSAU, SS.:

Baldeo C. Drepaul, being duly sworn, deposes and says: that deponent is not a party to this action, is over 18 years of age and resides in the State of New York.

That on **01/15/2020** at **6:32 AM.**, at 229 E 21ST STREET, APT. 19, NEW YORK, NY 10010
DEPONENT ATTEMPTED TO SERVE THE WITHIN **Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action, Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13) With Exhibit A**
On **ALEC GOLDBERG**

That diligent effort was made by deponent to serve the within document(s) on the defendant(s)/respondent therein named without success for the reasons indicated below:

I attempted service on 01/15/20 @ 6:32 a.m.  There was no listing for the Subject.  Henry Chetnik was listed on Apt. 19.  I rang the buzzer and there was no answer.

Sworn to before me on 01/15/2020.

LATCHME DEVI DREPAUL
Notary Public, State of New York
Registration No. 01DR6332029
Qualified in Queens County
Certificate filed in New York County
Commission Expires 10/26/2023

Baldeo C. Drepaul
DCA License# 1450713

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
ATTORNEY: THOMPSON HINE LLP- NEW YORK
ADDRESS: 335 MADISON AVENUE, 12TH FLOOR NEW YORK, NY 10017

CIVIL ACTION #: 1:19-CV-01578-VEC

IN RE NAVIDEA BIOPHARMACEUTICALS LITIGATION,

Job #: 1442450

**AFFIDAVIT OF NON SERVICE**

STATE OF NEW YORK, COUNTY OF NASSAU, SS.:

Baldeo C. Drepaul, being duly sworn, deposes and says: that deponent is not a party to this action, is over 18 years of age and resides in the State of New York.

That on **1/15/2020** at **6:32 AM.**, at 229 E 21ST STREET, APT. 19, NEW YORK, NY 10010
DEPONENT ATTEMPTED TO SERVE THE WITHIN   **Subpoena to Testify at a Deposition in a Civil Action With A $40.00 Witness Fee Attached And Federal Rule of Civil Procedure 45 (c), (d), and (e), and (g) (Effective 12/1/13)**
On **ALEC GOLDBERG**

That diligent effort was made by deponent to serve the within document(s) on the defendant(s)/respondent therein named without success for the reasons indicated below:

I attempted service on 01/15/20 @ 6:32 a.m.  There was no listing for the Subject.  Henry Chetnik was listed on Apt. 19.  I rang the buzzer and there was no answer.

Sworn to before me on 1/15/2020

LATCHME DEVI DREPAUL
Notary Public, State of New York
Registration No. 01DR6332029
Qualified in Queens County
Certificate filed in New York County
Commission Expires 10/26/2023

Baldeo C. Drepaul
DCA License#   1450713

COURT SUPPORT, INC., 181 HILLSIDE AVENUE, WILLISTON PARK, NY 11596 LICENSE #1382542

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**
ATTORNEY: THOMPSON HINE LLP- NEW YORK
ADDRESS: 335 MADISON AVENUE, 12TH FLOOR NEW YORK, NY 10017                    INDEX NUMBER:

MACROPHAGE THERAPEUTICS, INC., a Delaware Corporation,

                                                                    *Plaintiff*      Job #: 1442475

                              *VS*
                    MICHAEL M. GOLDBERG, M.D., et al.,
Originating  State: Delaware, Originating Court: Chancery Court, Originating Case No. 2019-0137-JRS

                                                                    *Defendant*

                                                      **AFFIDAVIT OF NON SERVICE**

STATE OF NEW YORK, COUNTY OF NASSAU, SS.:

Baldeo C. Drepaul, being duly sworn, deposes and says: that deponent is not a party to this action, is over 18 years of age and resides in the State of New York.

That on **1/15/2020** at **6:32 AM.**, at 229 E 21ST STREET, APT. 19, NEW YORK, NY 10010
DEPONENT ATTEMPTED TO SERVE THE WITHIN   Subpoena Duces Tecum and Ad Testificandum (pursuant to the Uniform Interstate Deposition and Discovery Act and CPLR § 3119) With a Fee of $33.00 With Attachment A and Originating  State: Delaware, Originating Court: Chancery Court, Originating Case No. 2019-0137-JRS
Subpoena Duces Tecum and Ad Testificandum With Exhibit A
On **ALEC GOLDBERG**

That diligent effort was made by deponent to serve the within document(s) on the defendant(s)/respondent therein named without success for the reasons indicated below:

I attempted service on 01/15/20 @ 6:32 a.m.  There was no listing for the Subject.  Henry Chetnik was listed on Apt. 19.  I rang the buzzer and there was no answer.

Sworn to before me on 1/15/2020

LATCHME DEVI DREPAUL
Notary Public, State of New York
Registration No. 01DR6332029
Qualified in Queens County
Certificate filed in New York County
Commission Expires 10/26/2023

Baldeo C. Drepaul
DCA License#   1450713

# Exhibit G

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
ATTORNEY: THOMPSON HINE LLP- NEW YORK
ADDRESS: 335 MADISON AVENUE, 12TH FLOOR NEW YORK, NY 10017                    CIVIL ACTION #: 1:19-CV-01578-VEC

IN RE NAVIDEA BIOPHARMACEUTICALS LITIGATION,

Job #: 1443559

**AFFIDAVIT OF NON SERVICE**

STATE OF NEW YORK, COUNTY OF NASSAU, SS.:

Baldeo C. Drepaul, being duly sworn, deposes and says: that deponent is not a party to this action, is over 18 years of age and resides in the State of New York.

That on **03/10/2020** at **6:39 AM.**, at 69 THOMPSON STREET, NEW YORK, NY 10012
Deponent attempted to serve the within **Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action, Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13) With Exhibit A**
On **ALEC GOLDBERG**

That diligent effort was made by deponent to serve the within document(s) on the defendant(s)/respondent therein named without success for the reasons indicated below:

I attempted service on 3/10/29 @ 6:39 a.m.  There is no listing for the Subject on the building's directory.

Sworn to before me on 03/10/2020

LATCHME DEVI DREPAUL
Notary Public, State of New York
Registration No. 01DR6332029
Qualified in Queens County
Certificate filed in New York County
Commission Expires 10/26/2023

Baldeo C. Drepaul
DCA License#   2093579

*COURT SUPPORT, INC., 181 HILLSIDE AVENUE, WILLISTON PARK, NY 11596 LICENSE #1382542*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
ATTORNEY: THOMPSON HINE LLP- NEW YORK
ADDRESS: 335 MADISON AVENUE, 12TH FLOOR NEW YORK, NY 10017                    CIVIL ACTION #: 1:19-CV-01578-VEC

IN RE NAVIDEA BIOPHARMACEUTICALS LITIGATION,

Job #: 1443560

**AFFIDAVIT OF NON SERVICE**

STATE OF NEW YORK, COUNTY OF NASSAU, SS.:

Baldeo C. Drepaul, being duly sworn, deposes and says: that deponent is not a party to this action, is over 18 years of age and resides in the State of New York.

That on **3/10/2020** at **6:39 AM.**, at 69 THOMPSON STREET, NEW YORK, NY 10012
Deponent attempted to serve the within  **Subpoena to Testify at a Deposition in a Civil Action With A $40.00 Witness Fee Attached And Federal Rule of Civil Procedure 45 (c), (d), and (e), and (g) (Effective 12/1/13),** On **ALEC GOLDBERG**

That diligent effort was made by deponent to serve the within document(s) on the defendant(s)/respondent therein named without success for the reasons indicated below:

I attempted service on 3/10/29 @ 6:39 a.m.  There is no listing for the Subject on the building's directory.

Sworn to before me on 3/10/2020

LATCHME DEVI DREPAUL
Notary Public, State of New York
Registration No. 01DR6332029
Qualified in Queens County
Certificate filed in New York County
Commission Expires 10/26/2023

Baldeo C. Drepaul
DCA License#   2093579

COURT SUPPORT, INC., 181 HILLSIDE AVENUE, WILLISTON PARK, NY 11596 LICENSE #1382542

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**
ATTORNEY: THOMPSON HINE LLP- NEW YORK
ADDRESS: 335 MADISON AVENUE, 12TH FLOOR NEW YORK, NY 10017

MACROPHAGE THERAPEUTICS, INC., a Delaware Corporation,

*Plaintiff*    Job #: 1443570

*VS*

MICHAEL M. GOLDBERG, M.D., et al.,

Originating State: Delaware, Originating Court: Chancery Court, Originating Case No. 2019-0137-JRS

*Defendant*

# AFFIDAVIT OF NON SERVICE

STATE OF NEW YORK, COUNTY OF NASSAU, SS.:

Baldeo C. Drepaul, being duly sworn, deposes and says: that deponent is not a party to this action, is over 18 years of age and resides in the State of New York.

That on **03/10/2020** at **6:39 AM.**, at 69 THOMPSON STREET, NEW YORK, NY 10012
Deponent attempted to serve the within   Subpoena Duces Tecum and Ad Testificandum (pursuant to the Uniform Interstate Deposition and Discovery Act and CPLR § 3119) With a Fee of $33.00 With Attachment A and Originating  State: Delaware, Originating Court: Chancery Court, Originating Case No. 2019-0137-JRS Subpoena Duces Tecum and Ad Testificandum With Exhibit A
On **ALEC GOLDBERG**

That diligent effort was made by deponent to serve the within document(s) on the defendant(s)/respondent therein named without success for the reasons indicated below:

I attempted service on 3/10/29 @ 6:39 a.m.  There is no listing for the Subject on the building's directory.

Sworn to before me on 03/10/2020

LATCHME DEVI DREPAUL
Notary Public, State of New York
Registration No. 01DR6332029
Qualified in Queens County
Certificate filed in New York County
Commission Expires 10/28/2023

Baldeo C. Drepaul
DCA License# 2093579

*Court Support, Inc., 181 Hillside Avenue, Williston Park, NY 11596 License #1382542*

# Exhibit H

State of Delaware
Secretary of State
Division of Corporations
Delivered 02:31 PM 02/04/2019
FILED 02:31 PM 02/04/2019
SR 20190708432 - File Number 7266525

## CERTIFICATE OF INCORPORATION
## OF
## M1M2 THERAPEUTICS, INC.

I, the undersigned, for the purpose of creating and organizing a corporation under the provisions of and subject to the requirements of the General Corporation Law of the State of Delaware (the -DGCL"), certify as follows:

### ARTICLE ONE

The name of the corporation is M1M2 Therapeutics, Inc. (the "Corporation").

### ARTICLE TWO

The address of the corporation's registered office in the State of Delaware is the 203 NE Front Street, Milford, County of Kent, 19963.  The name of its registered agent at such address is Registered Office Service Company.

### ARTICLE THREE

The nature of the business or purposes to be conducted or promoted by the Corporation is to engage in any lawful act or activity for which corporations may be organized under the DGCL.

### ARTICLE FOUR

4.1     Authorized Shares. The total number of shares of capital stock which the Corporation has authority to issue is 100 shares, consisting of:

(a)     95 shares of Common Stock, par value $.001 per share (the "Common Stock"); and

(b)     5 shares of Super Voting Common Stock, par value $.001 per share (the "Super Voting Common Stock").

4.2     Common Stock.

(a)     Subject to such voting rights of any other class or series of securities as may be granted from time to time pursuant to this certificate of incorporation, any amendment thereto, or the provisions of the laws of the State of Delaware governing corporations, voting rights shall be vested exclusively in the holders of Common Stock as follows. Each holder of Common Stock shall have one (1) vote in respect of each share of such stock held.  The Corporation will issue to Michael M. Goldberg, M.D., five (5) shares of Super Voting Common Stock (or 5.0% of the total outstanding shares of the Corporation).  Except as otherwise required by law, the holders of Super Voting Common Stock shall be entitled to notice any stockholders' meeting and to vote as

a single class with holders of other classes of Common Stock upon any matter submitted to the stockholders for a vote.  In that regard, each holder of Super Voting Common Stock shall have 20 votes for each full share of Common Stock into which the shares of Super Voting Common Stock would be convertible on the record date for the matter to be voted on.

(b)     Subject to the rights of any other class or series of stock, the holders of shares of Common Stock shall be entitled to receive, when and as declared by the board of directors, out of the assets of the Corporation legally available therefor, such dividends as may be declared from time to time by the board of directors.

(c)     Subject to such rights of any other class or series of securities as may be granted from time to time, the holders of shares of Common Stock shall be entitled to receive all the assets of the Corporation available for distribution to shareholders in the event of the voluntary or involuntary liquidation, dissolution, or winding up of the Corporation, ratably, in proportion to the number of shares of Common Stock held by them. Neither the merger or consolidation of the Corporation into or with any other corporation, nor the merger or consolidation of any other corporation into or with the Corporation, nor the sale, lease, exchange or other disposition (for cash, shares of stock, securities, or other consideration) of all or substantially all the assets of the Corporation, shall be deemed to be a dissolution, liquidation, or winding up, voluntary or involuntary, of the Corporation..

### ARTICLE FIVE

The name and mailing address of the incorporator of the Corporation is:

| Name | Mailing |
| --- | --- |
| R. W. Worthington, Jr. | 2021 Arch Street |
| | Philadelphia, PA 19103 |

### ARTICLE SIX

Unless and except to the extent that the Bylaws of the Corporation (the "Bylaws") shall so require, the election of directors of the Corporation need not be by written ballot.  Upon incorporation, including the filing of all required documents with the Department of State, the initial Board of Directors shall consist of the following: (1) Michael M. Goldberg, M.D.; and (2) Alec M. Goldberg.

### ARTICLE SEVEN

To the fullest extent permitted by law, a director of the Corporation shall not be personally liable to the Corporation or to its stockholders for monetary damages for any breach of fiduciary duty as a director. No amendment to, modification of or repeal of this paragraph seven shall apply to or have any effect on the liability or alleged liability of any director of the Corporation for or with respect to any acts or omissions of such director occurring prior to such amendment.

MG00000043

## ARTICLE EIGHT

In furtherance and not in limitation of the powers conferred by statute, the Board of Directors is expressly authorized to adopt, amend or repeal the Bylaws or adopt new Bylaws without any action on the part of the stockholders; provided that any Bylaw adopted or amended by the Board of Directors, and any powers thereby conferred, may be amended, altered or repealed by the stockholders.

## ARTICLE NINE

The Corporation shall have the right, subject to any express provisions or restrictions contained in the Certificate of Incorporation of the Corporation (the "**Certificate of Incorporation**") or the Bylaws, from time to time, to amend, alter or repeal any provision of the Certificate of Incorporation in any manner now or hereafter provided by law, and all rights and powers of any kind conferred upon a director or stockholder of the Corporation by the Certificate of Incorporation or any amendment thereof are conferred subject to such right.

## ARTICLE TEN

Unless the Corporation consents in writing to the selection of an alternative forum, the Eastern District of Pennsylvania or Montgomery County Court of Common Pleas in the Commonwealth of Pennsylvania shall, to the fullest extent permitted by law, be the sole and exclusive forum for (i) any derivative action or proceeding brought on behalf of the Corporation, (ii) any action asserting a claim for breach of a fiduciary duty owed by any director, officer, employee or agent of the Corporation to the Corporation or the Corporation's stockholders, (iii) any action asserting a claim arising pursuant to any provision of the DGCL, the Certificate of Incorporation or the Bylaws or (iv) any action asserting a claim governed by the internal affairs doctrine, in each case subject to said Court of Chancery having personal jurisdiction over the indispensable parties named as defendants therein.

I, THE UNDERSIGNED, being the incorporator, for the purpose of forming a corporation pursuant to the DGCL, do make this Certificate of Incorporation, hereby acknowledging, declaring, and certifying that the foregoing Certificate of Incorporation is my act and deed and that the facts herein stated are true, and have accordingly hereunto set my hand this **4th day of February, 2019**.

Incorporator

_____
(Name)
R. W. Worthington, Jr.