


June 26, 2020

*Via ECF*

Honorable Debra Freeman, U.S. Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 17A
New York, New York 10007

RE: *In re Navidea Biopharmaceuticals Litigation*, Case No. 19-cv-01578–VEC

Dear Judge Freeman:

We represent Navidea Biopharmaceuticals, Inc. ("Navidea") and Macrophage Therapeutics, Inc. ("Macrophage") in the above-referenced matter. On June 4, 2020, Your Honor entered the following order:

> . . . defendant Michael M. Goldberg ("Goldberg") is directed to file, ***without delay***, the attorney time records on which he is relying to support the amount of attorneys' fees that he seeks as reimbursement for work performed in defending against Navidea's breach-of-fiduciary-duty claim. As for any additional attorneys' fees that he may have incurred in defending against any other claims, in this jurisdiction or in Delaware, Goldberg is directed to clarify for this Court, in writing, whether he now wishes his pending motion to be construed by this Court to seek only a determination, at this time, on the substantive question of whether he is entitled to the advancement of such fees, or whether he wishes to proceed with his request, as originally framed, that such additional fees be awarded, in a particular amount. If the latter, then Goldberg is further directed to submit his attorney time records relating to those additional claimed fees [ECF No. 116] (emphasis supplied).

On June 22, 2020 – eighteen days later – Goldberg submitted a letter to the Court [ECF No. 117] in response to Your Honor's Order along with one declaration and 115 pages of billing records from five different providers. On that same day, Your Honor directed that a response to Goldberg's letter be filed by today, June 26, 2020. Counsel for the undersigned sought consent for an extension to respond to the letter, but Goldberg would not consent. Rather than burden the Court with an opposed request for an extension, Navidea submits the following within the time prescribed by the Court.

Barry.Kazan@ThompsonHine.com Fax: 212.344.6101 Phone: 212.908.3921 baf 4840-1843-3435.1

THOMPSON HINE LLP
ATTORNEYS AT LAW
335 Madison Avenue
12th Floor
New York, New York 10017-4611
www.ThompsonHine.com
O: 212.344.5680
F: 212.344.6101





Goldberg's letter presents the following issues: (1) sequencing of the two matters referred to Your Honor [ECF Nos. 64, 78 and 107]; (2) whether this Court should rule on the second matter [ECF No. 64] as it relates to the action brought by Macrophage against Goldberg in the Delaware Court (the "Delaware Action"); and (3) assessment of the billing records submitted.

**Procedural History.** On December 26, 2019, the Court issued its Order granting Navidea's partial motion to dismiss in its entirety and granting Goldberg's motion to dismiss with respect to Navidea's breach of fiduciary duty claim. [ECF No. 61]. The Court found that Goldberg is entitled to an advancement of attorneys' fees **solely** with respect to the breach of fiduciary duty claim ("Fiduciary Claim Advancement"). *Id.* at 7. On January 27, 2020, Goldberg filed his Motion for Indemnification and Advancement of Attorneys' Fees (the "Advancement Motion") moving for indemnification and advancement of his attorneys' fees with respect to all of Navidea's claims, including, but not limited to, the breach of fiduciary duty claim. [ECF No. 64]. By an Order of Reference dated February 20, 2020, Judge Valerie E. Caproni referred the dispute over the Fiduciary Claim Advancement and the Advancement Motion to Your Honor for resolution. [ECF No. 80].

During a telephonic conference call on March 10, 2020, Your Honor directed Goldberg's counsel to file affidavits of costs, attorneys' fees, and billing records incurred in connection with the Fiduciary Claim Advancement. On March 24, 2020, in support of his application for attorneys' fees related to his defense of the breach of fiduciary duty claim, Goldberg filed non-compliant declarations purporting to state the amount of attorneys' fees requested without including any billing records detailing the requested amount. [ECF No. 107]. On April 7, 2020, Navidea filed its opposition to Goldberg's letter in support of his application for attorneys' fees arguing that: (1) Goldberg had provided insufficient documentation of his fees and costs associated with the defense of the breach of fiduciary duty claim; (2) Goldberg's improper assertion of privilege over his billing records bars consideration of his fee application; and (3) the actual work performed by Goldberg's counsel did not support his fee application. On April 17, 2020, Goldberg filed his reply, restating the same arguments in his letter to the Court. [ECF No. 113].

**Sequencing.** Although lacking some clarity, Goldberg's position on the sequencing of the Fiduciary Claim Advancement and Advancement Motion is that he is now willing to forgo an immediate determination of the specific amount to be advanced to him on the Fiduciary Claim Advancement to facilitate an earlier determination of the full scope of advancement to which he argues he is entitled under the Advancement Motion. Although less than clear,[1] Navidea

[1] It is less than clear because the Court indicated that if this was Goldberg's position then Goldberg did not need to submit detailed time billing records at this time. As demonstrated below, the billing records were submitted for another purpose not sanctioned by the Court.





interprets this to mean that Goldberg has responded affirmatively to the Court's question that he seeks only a determination at this time on the substantive question of whether he is entitled to the advancement of such fees under the Advancement Motion. Navidea does not oppose that request.

**Delaware Action.** During the two conferences with Your Honor, the Court raised the question as to the appropriateness of deciding the Advancement Motion as it pertained to the Delaware Action. In his June 22 Letter, Goldberg, without citation to any legal authority, advances arguments as to why the Court can rule on the Advancement Motion as it pertains to the Delaware Action. While Navidea's position is that Goldberg is not entitled to any advancement for the Delaware Action, Navidea recognizes that the Court has raised questions about its ability and/or the appropriateness of ruling on that issue. While Goldberg argues that the issue was fully briefed, he has gone ahead and sought to supplement his brief through the June 22 Letter. Navidea argues this is not appropriate and sees three potential paths of action: (1) the Court disregard any argument in the June 22 Letter respecting the Delaware Action; (2) the Court permit Navidea to respond to the arguments about the Delaware Action raised in the June 22 Letter in a supplemental brief to be filed on or before July 7, 2020; or (3) the Court delineate the issues upon which it would like further briefing and set a schedule for the submission of supplemental briefs. Because the item has been raised by Your Honor, we would request that the Court identify those issues for which further briefing would be helpful and set a schedule for submissions.[2]

**Partial Advancement.** As has been Goldberg's practice throughout, he once again asks this Court to make rulings that are not supported by law and, by operation, would deprive Navidea of its rights in connection with Goldberg's fee application. Indeed, the Court's June 8, 2020 order gave Goldberg options A, B, or C – yet, he has chosen D, an option not provided by the Court (and one finding no support in law). Specifically, Goldberg requests that if the Court determines he is entitled to any advancement under the Advancement Motion, then the Court should require Navidea to pay him "an initial amount representing some percentage of the amount reflected on the submitted billing records." Further, Goldberg requests that following the Court's determination of the Advancement Motion and "after a full vetting of the materials" by Your Honor and Navidea: (1) Navidea be ordered to supplement the previously paid amount if the full advancement amount determined by Your Honor is greater than the initial paid amount or (2) Goldberg repay Navidea a portion of the initial amount if Your Honor determines that the

[2] Goldberg also attempts to supplement his brief by arguing that, "there is nothing different about the Fourth Cause of Action compared to the other causes of action." However, this issue does not seem to warrant additional briefing and has been covered in the parties' prior submissions.





full advancement amount is lower than the initial paid amount. Navidea opposes this request in its entirety.

In keeping with well-established case law and Your Honor's statements during the telephonic conference call on June 4, 2020, Navidea should be allowed to contest the submitted billing records before a determination of any amount is required to be paid to Goldberg. Further, Navidea's evaluation, commentary, and response to Goldberg's billing records should only be required after the Court has ruled on the Advancement Motion. Navidea's and the Court's review of the submitted billing records will involve analyzing: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or by the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) fees awarded in similar cases. *See N.Y.C. Dist. Council of Carpenters v. Rock-It Contracting, Inc.*, No. 09 Civ. 9479 (JGK) (AJP), 2010 U.S. Dist. LEXIS 30204, at *9-10 n.5 (S.D.N.Y. Mar. 26, 2010) (citing *Johnson*, 488 F.2d at 717-19).

As Goldberg himself concedes, "the process of submission of backup billing records . . . and Your Honor's consideration of submissions from the parties will require significant effort by the parties and resources of the Court . . ." Therefore, until and unless the Court rules that Goldberg is entitled to advancement under the Advancement Motion, the obligation to review and comment on 115 pages of billing records should be stayed until such time as the Court has ruled because spending an excessive amount of resources evaluating Goldberg's billing records before the Court's ruling could ultimately be a waste of Navidea's and Your Honor's time. As such, we respectfully request that Navidea be provided no less than thirty (30) days, following the Court's ruling on the Advancement Motion, to evaluate, comment, and respond to Goldberg's billing records. If the Court believes that such a review would provide value now, then Navidea respectfully requests until July 22, 2020, to submit its response to the billing records.

Respectfully submitted,

*/s/ Barry M. Kazan*

Barry M. Kazan