UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE: NAVIDEA BIOPHARMACEUTICALS
LITIGATION

Case No.:  1:19-cv-01578-VEC

ECF Case

**PLAINTIFF/COUNTERCLAIM-DEFENDANT NAVIDEA BIOPHARMACEUTICALS,
INC.'S OBJECTIONS TO THE JULY 9, 2020
<u>REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE FREEMAN</u>**

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ................................................................................. 1

PROCEDURAL HISTORY..................................................................................... 2

ARGUMENT ...................................................................................................... 9

I.      STANDARD OF REVIEW OF REPORT AND RECOMMENDATION........................ 9

II.     THE DISTRICT COURT SHOULD REJECT THE MAGISTRATE JUDGE'S
CLEARLY ERRONEOUS RECOMMENDATION THAT DR. GOLDBERG
HAS THE RIGHT TO ADVANCEMENT OF FEES WITH RESPECT TO HIS
DEFENSE OF NAVIDEA'S REMAINING CLAIMS BY REASON OF THE
FACT THAT HE IS OR WAS A DIRECTOR OR OFFICER OF NAVIDEA .............. 10

        A.      Article V, Section 7 of Navidea's Bylaws Preclude Advancement on
Navidea's Three Remaining Claims .................................................. 10

        B.      The Claims Asserted Arise From Dr. Goldberg's Breach Of His Individual
Obligations Under The August Agreement And Not By Reason Of The
Fact That He Was An Officer And Director of Navidea .................................. 13

III.    THE DISTRICT COURT SHOULD REJECT THE MAGISTRATE JUDGE'S
CLEARLY ERRONEOUS RECOMMENDATION THAT DR. GOLDBERG
HAS THE RIGHT TO ADVANCEMENT OF FEES WITH RESPECT TO HIS
DEFENSE OF NAVIDEA'S REMAINING CLAIMS BY REASON OF THE
FACT THAT HE IS OR WAS SERVING AT THE ALLEGED REQUEST OF
NAVIDEA AS A DIRECTOR, EMPLOYEE, OR AGENT OF MACROPHAGE......... 16

        A.      Dr. Goldberg Was Not Serving As An Officer, Director, or Agent of
Macrophage At The Request of Navidea....................................................... 16

        B.      The Claims Asserted Against Dr. Goldberg Arise From The Breach Of His
Individual Obligations Under The August Agreement And Not By Reason
Of The Fact That He Was An Officer And Director of Macrophage .................. 20

IV.    THE DISTRICT COURT SHOULD REJECT THE MAGISTRATE JUDGE'S
RECOMMENDATION THAT AN UNDERTAKING NEED NOT BE
SECURED .................................................................................................. 22

V.     THE DISTRICT COURT SHOULD REJECT THE MAGISTRATE JUDGE'S
RECOMMENDED PROTOCOL REGARDING DR. GOLDBERG'S
DEMANDS FOR THE FUTURE ADVANCEMENT OF FEES IN
CONNECTION WITH HIS CONTINUED DEFENSE OF THIS ACTION................. 23

CONCLUSION................................................................................................ 25

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Bernstein v. TractManager, Inc.*,
   953 A.2d 1003 (Del. Ch. 2007)............................................................................11, 15

*Charney v. Am. Apparel, Inc.*,
   C.A. No. 11098-CB, 2015 Del. Ch. LEXIS 238 (Del. Ch. Sept. 11, 2015) ...........................15

*Choudhury v. Barnhart*,
   No. 04 Civ. 0142, 2005 U.S. Dist. LEXIS 23814 (S.D.N.Y. Oct. 11, 2005) .........................10

*DeLuca v. Lord*,
   858 F. Supp. 1330 (S.D.N.Y. 1994), *aff'd*, 77 F.3d 578 (2d Cir. 1996) ..................................9

*FDIC v. Wrapwell Corp.*,
   93 Civ. 859, 94 Civ. 5574, 2002 U.S. Dist. LEXIS 76 (S.D.N.Y. Jan. 3, 2002) ....................19

*Goldberg v. Navidea Biopharmaceuticals, Inc.*,
   Case No. 19-cv-02101 (S.D.N.Y. 2019)...................................................................3

*Golden v Merrill Lynch & Co.*,
   No. 06-CV-2970, 2007 U.S. Dist. LEXIS 90106 (S.D.N.Y. Dec. 6, 2007) ...........................19

*Gorman v. Salamone*,
   No. 10183-VCN, 2015 Del. Ch. LEXIS 202 (Del. Ch. July 31, 2015) ................................18

*Hynes v. Squillace*,
   143 F.3d 653 (2d Cir. 1998).................................................................................10

*Leary v. Fawaz Al-Mubaraki*,
   No. 18 Civ. 00048 (LTS) (SLC), 2020 U.S. Dist. LEXIS 1008
   (S.D.N.Y. Jan. 2, 2020)................................................................................15, 21

*Lee v. Law Offices of Kim & Bae, P.C.*,
   No. 11-cv-1266 (JFB) (ETB), 2012 U.S. Dist. LEXIS 34496
   (E.D.N.Y. Mar. 14, 2012) .................................................................................9

*Lieberman v. Electrolytic Ozone, Inc.*, C.A. No. 10152-VCN, 2015 Del. Ch.
   LEXIS 231 (Del. Ch. Aug. 31, 2015) ................................................................11, 12

*Portillo v Webb*,
   No. 16-CV-4731 (VEC)(GWG), 2018 U.S. Dist. LEXIS 200563
   (S.D.N.Y. Nov. 27, 2018) ..................................................................................10

*Ryu v. Hope Bancorp, Inc.*,
  No. 18-cv-1236 (JSR) (KHP), 2018 WL 4278353 (S.D.N.Y. Aug. 18, 2018)..........................9

*Santana v. United States*,
  476 F. Supp. 2d 300 (S.D.N.Y. 2007)........................................................................................9

*Stifel Fin. Corp. v. Cochran*,
  809 A.2d 555 (Del. 2002) ........................................................................................................15

*Underbrink v. Warrior Energy Servs. Corp.*,
  C.A. No. 2982-VCP, 2008 Del. Ch. LEXIS 65 (Del. Ch. May 30, 2008)..............................17

*Walker v. Hood*,
  679 F. Supp. 372 (S.D.N.Y. 1988) ............................................................................................9

*Weaver v. ZeniMax Media, Inc.*,
  C.A. No. 20439-NC, 2004 Del. Ch. LEXIS 10 (Del. Ch. Jan. 30, 2004) ...............................14

*Williams v. Beemiller, Inc.*,
  527 F.3d 259 (2d Cir. 2008).......................................................................................................9

**Statutes**

28 U.S.C. § 636(b)(1) .........................................................................................................10, 11

**Rules**

Fed. R. Civ. P. 15(a)(2)................................................................................................................6

Fed. R. Civ. P. 54(d)(2)(D)..........................................................................................................9

Fed. R. Civ. P. 72(b)(3)...........................................................................................................9, 10

## PRELIMINARY STATEMENT

Navidea Biopharmaceuticals, Inc. ("Navidea") objects to certain aspects of the Report and Recommendation ("R&R") issued by Magistrate Judge Freeman in connection with the various applications of Dr. Michael Goldberg in connection with his motion for advancement of fees in connection with this breach of contract action, his motion for advancement of fees in connection with a breach of fiduciary action pending between Dr. Goldberg and Macrophage Therapeutics, Inc. ("Macrophage") in Delaware Chancery Court, and his motion for fees allegedly incurred in connection with his defense of a now dismissed breach of fiduciary duty claim brought by Navidea.

As detailed below, the specific recommendations to which Navidea objects are that this Court: (1) find Dr. Goldberg is entitled to advancement in connection with a personal dispute between him, Navidea and Macrophage related to a severance agreement, and (2) adopt a complicated motion practice protocol to determine the structure of advancement which history in this case has demonstrated will be a recipe for endless letter writing and needless expense. With respect to the recommendation that Dr. Goldberg be advanced fees for his personal dispute over an agreement he indisputably entered into in an individual capacity, Navidea respectfully submits that the Magistrate Judge misapprehended or did not have the benefit of this Court's prior orders, misinterpreted the relevant bylaws, and clearly erred in determining that Navidea's remaining claims arose because of anything done by Dr. Goldberg in his official capacity. With respect to the protocol, Navidea respectfully submits that the Magistrate Judge failed to consider Dr. Goldberg's repeated disregard for prior orders (which she herself recognized) in enacting what will likely be a costly and inefficient process. For these reasons, and those set forth below, the Court should reject these recommendations, find Dr. Goldberg is not entitled to further advancement, and delay the adjudication of any fee award until the end of the litigations between the parties.

**PROCEDURAL HISTORY**

This action arises from a dispute between Navidea and Dr. Goldberg related to Dr. Goldberg's severance agreement with Navidea.  The severance agreement was memorialized in an agreement between Dr. Goldberg, signed in his individual capacity, Macrophage, which was executed by Dr. Goldberg as its Chief Executive Officer ("CEO"), and Navidea.  While the Magistrate Judge credited Dr. Goldberg's argument and a naked declaration that Dr. Goldberg was serving as Macrophage's CEO at Navidea's request, that declaration was in complete contradiction to prior sworn statements made by Dr. Goldberg regarding how he came to be the CEO and Director of Macrophage and unsupported by any corporate resolution or document.  *See* R&R at 36 (citing 3/9/20 Goldberg Declaration ¶¶ 6-9 [ECF No. 94]); *See* Answer, Counterclaims and Third-Party Complaint ("Counterclaims") ¶¶ 19-21, 61 [ECF No. 31].

Prior to becoming CEO of Navidea, Dr. Goldberg was affiliated with an entity called Platinum-Montaur Life Sciences, LLC ("Platinum-Montaur").  *See* First Amended Complaint ("FAC") ¶ 33 [ECF No. 15].  Platinum-Montaur was the result of a collaboration between Dr. Goldberg and three hedge funds.  *Id.*  On March 1, 2015, Platinum-Montaur, Navidea, and Dr. Goldberg executed a certain Securities Purchase Agreement between Platinum-Montaur and Macrophage (the "SPA"), which, *inter alia*, (1) restricted Macrophage from issuing additional shares below a certain value absent Platinum-Montaur's consent (*id.* ¶ 34), and (2) placed Dr. Goldberg on the Macrophage Board at the request of Platinum-Montaur.  *See* Declaration of Barry M. Kazan in opposition to Michael M. Goldberg's Motion for leave to amend Ex. 2, Securities Purchase Agreement [ECF No. 85-2].  As Dr. Goldberg had explained in prior sworn testimony:

> A:  …I was the founder and CEO of a subsidiary company, Macrophage Therapeutics.
> Q:  When did you become the CEO of Macrophage?
> A:  When we formed it.
> Q:  What was December 2014?
> A:  Let me rephrase it. I don't think I was CEO when we formed it.  I think I became

> CEO when we financed it.
>
> Q: When do you think that was?
>
> A: First quarter of 2015.
>
> Q: When you say 'finance it,' you're referring to Macrophage, right?
>
> A: Right.
>
> Q: What financing are you talking about with respect to Macrophage?
>
> A: When Macrophage Therapeutics was formed we entered into a stock purchase agreement to commit to purchase two-and-a-half million dollars worth of Macrophage stock, and we initially funded with $500,000.
>
> Q: Where did the $500,000 come from?
>
> A: 30 percent -- 40 percent was from me, and 60 percent was from Platinum.

*See* Kazan Decl. Ex. 1, Deposition of Dr. Michael M. Goldberg at 16:18-17:18, dated May 11, 2016, *Capital Royalty Partners II, L.P. v. Navidea Pharmaceuticals, Inc.*, pending in the District Court of Harris County, Texas 165th Judicial District. Similarly, in another sworn statement, Dr. Goldberg stated that he: (a) founded Macrophage on or about February 6, 2015; (b) arranged the initial funding for the venture; and (c) served as the company's Chairman of the Board and CEO since its inception until his purported termination in February 2019. *Goldberg v. Navidea Biopharmaceuticals, Inc.*, Case No. 19-cv-02101 (S.D.N.Y. 2019) (ECF No. 1), consolidated with this action on May 7, 2019 [ECF No. 26].

On or about August 14, 2018, Navidea, Macrophage, and Dr. Goldberg entered into the August 14, 2018 Agreement (the "August Agreement"), which effectuated Dr. Goldberg's resignation as CEO and from the board of directors of Navidea. *See* Declaration of Gregory Zimmer, Esq. ("Zimmer Decl.") Ex. C [ECF No. 66]. There is no question that Dr. Goldberg signed on behalf of himself in an individual capacity since the words "Individually" appear immediately after his signature. *See id.* The August Agreement was entered into with the intent of entering into one or more additional definitive agreements (the "Transaction Documents") to provide for the separation of Dr. Goldberg from Navidea and the establishment of the parties' rights and obligations with respect to the ownership, management and continued operations of Macrophage. FAC ¶ 12. No Transaction Documents were ever entered into between Navidea, Dr.

Goldberg, and Macrophage because Dr. Goldberg refused to execute (or even negotiate) the proposed Transaction Documents provided to him. *Id.* ¶¶ 13-14. Further, Dr. Goldberg eventually sought to renegotiate the terms of the August Agreement, which Navidea refused to do. *Id.* ¶ 14. Thereafter, Dr. Goldberg undertook specific actions that Navidea considered breaches of Dr. Goldberg's individual obligations under the August Agreement. *Id.* Because the August Agreement was entered into to expedite the separation of Dr. Goldberg from Navidea, the August Agreement expressly provides that "'any failure to execute the Transaction Documents shall not render the provisions of [the August Agreement] invalid.'" *Id.* ¶ 16 (quoting August Agreement).

As a result of the above, Navidea commenced an action in this Court (the "New York Action") and on April 26, 2019, Navidea filed its FAC which included causes of action for breach of contract, breach of fiduciary duty, breach of the implied covenant of good faith and fair dealing, and a declaratory judgment brought by Navidea against Dr. Goldberg seeking a declaration that Dr. Goldberg's conduct excused Navidea from having to perform the August Agreement. *See* FAC ¶¶ 92-122. Other than the breach of fiduciary duty claim, each of the claims at issue in the FAC deal with conduct undertaken by Dr. Goldberg *after* he resigned as the CEO and a Director from Navidea. Similarly, the claims brought by Navidea against Dr. Goldberg in this action relate solely to his individual obligations under the August Agreement.

Also, on February 20, 2019, Macrophage brought an action (the "Delaware Action") against Dr. Goldberg in the Chancery Court of Delaware alleging: (1) that Dr. Goldberg had breached his fiduciary duties to Macrophage by entering into a self-dealing transaction (which was subsequently voided by the Court); (2) that Dr. Goldberg had breached his duty of loyalty and duty of care; and (3) conversion. No affirmative claims against Dr. Goldberg have been asserted by Macrophage in this action.

On June 13, 2019, Dr. Goldberg answered the FAC and asserted counterclaims against

Navidea for breach of contract, wrongful termination, injunctive relief, and quantum meruit.  *See* Counterclaims ¶¶ 84-140.  Dr. Goldberg also filed a third-party complaint against Macrophage for breach of contract, wrongful termination, and for injunctive relief.  *Id.*  Also, on June 13, 2019, Dr. Goldberg moved to dismiss Navidea's breach of fiduciary duty claim on the grounds that it is time-barred and failed to state a claim.  [ECF No. 32].  On July 5, 2019, Navidea and Macrophage moved to dismiss or strike certain of Dr. Goldberg's counterclaims and third-party claims pursuant to Federal Rules of Civil Procedure ("FRCP") 12(b)(1), 12(b)(6), and 12(f) [ECF No. 40].

On December 26, 2019, the Court issued its Order: (1) granting Navidea's partial motion to dismiss in its entirety, and (2) granting Dr. Goldberg's motion to dismiss with respect to Navidea's breach of fiduciary duty claim.  *See* Opinion and Order dated December 26, 2019 ("Order") at 13-16 [ECF No. 61].  In so ruling, this Court expressly noted that "Goldberg concedes that the August Agreement 'did not expressly address [his] employment as Macrophage's CEO."  *Id.* at 13.  The Court also found that Dr. Goldberg is entitled to an advancement of attorneys' fees solely with respect to the breach of fiduciary duty claim.  *Id.* at 7.

On January 27, 2020, Dr. Goldberg filed his Motion for Indemnification and Advancement of Attorneys' Fees (the "Advancement Motion") moving for indemnification and advancement of his attorneys' fees with respect to all of Navidea's claims, including, but not limited to, the breach of fiduciary duty claim.  [ECF No. 64].  On February 20, 2020, after Dr. Goldberg had submitted his Advancement Motion, but before the Advancement Motion was fully briefed, Dr. Goldberg informed this Court that the parties had not been able to agree on the amount of attorneys' fees subject to advancement on the breach of fiduciary duty claim.  [ECF No. 78].  As a result, by an Order of Reference dated February 20, 2020, this Court referred the dispute over the breach of fiduciary duty fee claim and the Advancement Motion to Magistrate Judge Debra Freeman for resolution.  [ECF No. 80].

On January 31, 2020, Dr. Goldberg filed his Motion to Amend pursuant to FRCP 15(a)(2), which included amended counterclaims and third-party claims. [ECF No. 69].  On April 1, 2020, the Court issued its Order denying Dr. Goldberg's Motion to Amend in its entirety and stating, *inter alia*, that "Goldberg's proposed amended breach of contract counterclaims mischaracterize the terms of the August Agreement and fail to identify any express terms in the contract that Navidea or Macrophage allegedly breached."  [ECF No. 108].

On February 24, 2020, Navidea filed its Memorandum of Law in Opposition to Dr. Goldberg's Advancement Motion arguing that: (1) Dr. Goldberg is not entitled to advancement for fees in the New York Action due to his status as a former officer of Navidea; (2) Dr. Goldberg is not entitled to advancement for fees in the Delaware Action; and (3) any undertaking provided by Dr. Goldberg should be fully secured.  [ECF No. 81].  Furthermore, Navidea argued that the Macrophage Bylaws provide for permissive advancement, and as such, under a plain reading of the Macrophage Bylaws, Dr. Goldberg would not be entitled to advancement.  Specifically, Article VIII, Section 2 of the Macrophage Bylaws provide in pertinent part:

> Advancing Expenses. Expenses (including attorneys' fees) incurred by a present or former director or officer of the corporation in defending a civil … suit or proceeding by reason of the fact that such person is or was a director, officer, employee or agent of the corporation (or is or was serving at the request of the corporation as a director, officer, employee or agent of another corporation, partnership, joint venture, trust or other enterprise) may be paid by the corporation in advance of the final disposition of such action, suit or proceeding upon receipt of an undertaking by or on behalf of such director or officer to repay such amount if it shall ultimately be determined that such person is not entitled to be indemnified by the corporation…

*See* Declaration of Barry M. Kazan in Opposition to Michael M. Goldberg's Motion for Indemnification and Advancement of Attorneys' Fees ("Kazan Decl.") Ex. 4, Article VIII, § 2 [ECF No. 82-4].  On March 9, 2020, Dr. Goldberg filed his reply brief, restating the same arguments in his Advancement Motion.  [ECF No. 93].

On March 10, 2020, Magistrate Judge Freeman informed Dr. Goldberg that he had made no submissions from which the Court could discern the amount of fees that should be advanced with respect to the breach of fiduciary duty claim. *See* R&R at 16. As a result, Magistrate Judge Freeman directed Dr. Goldberg's counsel to file affidavits of costs, attorneys' fees, and billing records alleged to have been incurred in connection with his defense of the fiduciary duty claim. *Id.*

On March 24, 2020, in support of his fee application, Dr. Goldberg filed a letter along with the: (1) Declaration of Gregory Zimmer; (2) Declaration of Ari Weisbrot; and (3) Declaration of Michael M. Goldberg. [ECF No. 107]. However, neither Mr. Zimmer nor Mr. Weisbrot attached their actual time records to their respective declarations, and both explained that they had estimated the time they had spent working on the breach of fiduciary duty claim. *Id.* On April 7, 2020, Navidea filed its opposition to Dr. Goldberg's letter in support of his application for attorneys' fees arguing, *inter alia*, that Dr. Goldberg had provided insufficient documentation of his attorneys' fees and costs associated with the defense of the breach of fiduciary duty claim. [ECF No. 109]. On April 17, 2020, Dr. Goldberg filed his reply, restating the same arguments in his letter to the Court. [ECF No. 113].

On June 4, 2020, following a telephonic conference call with the parties, the Magistrate Judge entered the following Order:

> For the reasons stated on the record at the motion hearing held before this Court on 6/4/2020, defendant Michael M. Goldberg ("Goldberg") is directed to file, ***without delay***, the attorney time records on which he is relying to support the amount of attorneys' fees that he seeks as reimbursement for work performed in defending against Navidea's breach-of-fiduciary-duty claim. As for any additional attorneys' fees that he may have incurred in defending against any other claims, in this jurisdiction or in Delaware, Goldberg is directed to clarify for this Court, in writing, whether he now wishes his pending motion to be construed by this Court to seek only a determination, at this time, on the substantive question of whether he is entitled to the advancement of such fees, or whether he wishes to proceed with his request, as originally framed, that such additional fees be awarded, in a particular

amount. If the latter, then Goldberg is further directed to submit his attorney time records relating to those additional claimed fees.

[ECF No. 116] (emphasis supplied).  On June 22, 2020, nearly three weeks later, Dr. Goldberg submitted a letter to the Court in response to Magistrate Judge Freeman's Order along with one declaration and 115 pages of billing records from five different providers.  [ECF No. 117].  On that same day, Magistrate Judge Freeman directed that a response to Dr. Goldberg's letter be filed by June 26, 2020.  On June 26, 2020, Navidea responded to Dr. Goldberg's "proposal" stating, *inter alia*, that it did not oppose Dr. Goldberg's suggestion that the Court defer making a determination as to the amount of advancement to which Dr. Goldberg is actually entitled, but did oppose Dr. Goldberg's suggestion that a random percentage be awarded to Dr. Goldberg.  [ECF No. 118].

On July 9, 2020, following the numerous briefings and conferences, Magistrate Judge Freeman issued a R&R stating, *inter alia*:

(1) that the Court decline to exercise ancillary jurisdiction over the question of whether Goldberg should be advanced any attorneys' fees and expenses in connection with his defense of the Delaware Action[1];

(2) that Goldberg is entitled . . . to indemnification by Navidea of the legal fees and costs that he actually and reasonably incurred in defending against Navidea's breach-of-fiduciary-duty claim[2];

(3) that the Court also issued a finding that Goldberg is entitled to advancement of the attorneys' fees and costs that he has reasonably expended to defend against the other three claims that have been asserted by Navidea in this case, provided he first tenders the necessary undertaking, which need not be secured; and

(4) that the Court decline to award Goldberg any specific amount of fees and costs at this time, and that he be directed to make a properly supported fee application to support his request for indemnification and advancement.

---

[1] Navidea does not object to the Magistrate Judge's recommendation that the District Court decline to exercise ancillary jurisdiction over Dr. Goldberg's application for advancement by Navidea of the legal fees incurred in defending against Macrophage's claims in the Delaware Action.

[2] Navidea does not object to the Magistrate Judge's recommendation that the District Court issue a ruling finding that Dr. Goldberg is entitled to indemnification of the attorneys' fees and costs he actually and reasonably incurred solely in connection with his defense of the breach of fiduciary duty claim.

R&R at 44.  Additionally, Magistrate Judge Freeman recommended adopting a protocol, akin to the procedure prescribed in *Ryu v. Hope Bancorp, Inc.,* No. 18-cv-1236 (JSR) (KHP), 2018 WL 4278353 (S.D.N.Y. Aug. 18, 2018), *report and recommendation adopted*, 2018 WL 4759774 (S.D.N.Y. Sept. 18, 2018), for Dr. Goldberg's future right to advancement in this action.

## ARGUMENT

## I.     STANDARD OF REVIEW OF REPORT AND RECOMMENDATION

"[A district] judge may then accept, reject, or modify, in whole or in part, the magistrate judge's proposed findings and recommendations."  *DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994), *aff'd*, 77 F.3d 578 (2d Cir. 1996); *Walker v. Hood*, 679 F. Supp. 372, 374 (S.D.N.Y. 1988)).  "As to those portions of a report to which no 'specific written objection' is made, the Court may accept the findings contained therein, as long as the factual and legal bases supporting the findings are not clearly erroneous."  *Lee v. Law Offices of Kim & Bae, P.C.*, No. 11-cv-1266 (JFB) (ETB), 2012 U.S. Dist. LEXIS 34496, at *3 (E.D.N.Y. Mar. 14, 2012) (citation omitted); *Santana v. United States*, 476 F. Supp. 2d 300, 302 (S.D.N.Y. 2007)).  "Where the report is dispositive of the case, the Court reviews *de novo* the portions to which objections have been filed."  *Id.* (citing Fed. R. Civ. P. 72(b)(3)); *Williams v. Beemiller, Inc.*, 527 F.3d 259, 264-65 (2d Cir. 2008)).  Also, the Court "may refer a motion for attorney's fees to a magistrate judge under Rule 72(b) as if it were a dispositive pretrial matter."  Fed. R. Civ. P. 54(d)(2)(D).  Accordingly, "district courts should treat motions for attorneys' fees as 'dispositive pretrial matters' for purposes of reviewing objections to a magistrate judge's decision."  *Choudhury v. Barnhart*, No. 04 Civ. 0142 (RJH/AJP), 2005 U.S. Dist. LEXIS 23814, at *2 (S.D.N.Y. Oct. 11, 2005).  Furthermore, the Magistrate Judge stated in her R&R that the objections filed in response to the R&R would be

governed pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), which provides for this Court's *de novo* review.  R&R at 44.

"As part of its de novo review, the district court has discretion to supplement the record and consider facts that were not before the magistrate judge." *Portillo v Webb*, No. 16-CV-4731 (VEC)(GWG), 2018 U.S. Dist. LEXIS 200563, at *6 (S.D.N.Y. Nov. 27, 2018) (citing Fed. R. Civ. P. 72(b)(3))*; Hynes v. Squillace*, 143 F.3d 653, 656 (2d Cir. 1998) ("[T]he district court had discretion to consider evidence that had not been submitted to the Magistrate Judge.").  Further, 28 U.S.C. § 636(b)(1) explicitly permits the district court to receive additional evidence as part of its review.  *See* 28 U.S.C. § 636(b)(1) ("The [district] judge may also receive further evidence…").

Consequently, the issues before the Magistrate Judge were dispositive and review of the portions of the R&R to which Navidea objects, therefore, are subject to *de novo* review. *See* Fed. R. Civ. P. 72(b); *see also* 28 U.S.C. § 636(b)(1).  Due to the haphazard way in which Dr. Goldberg presented both the Advancement Motion and the specific request for fees, Navidea submits it is appropriate for the Court to consider Navidea's additional materials in evaluating the R&R.

## II.   THE DISTRICT COURT SHOULD REJECT THE MAGISTRATE JUDGE'S CLEARLY ERRONEOUS RECOMMENDATION THAT DR. GOLDBERG HAS THE RIGHT TO ADVANCEMENT OF FEES WITH RESPECT TO HIS DEFENSE OF NAVIDEA'S REMAINING CLAIMS BY REASON OF THE FACT THAT HE IS OR WAS A DIRECTOR OR OFFICER OF NAVIDEA

### A.   Article V, Section 7 of Navidea's Bylaws Preclude Advancement on Navidea's Three Remaining Claims

The Court should reject the Magistrate Judge's conclusion that "nothing in the advancement provision of the Bylaws explicitly states that, in order to claim advancement, an individual who is (or was) a director or officer of Navidea must have been serving in that role at the time of the events that gave rise to the suit for which advancement is sought."  R&R at 33. This conclusion is simply not supported by the plain language of the Bylaws and ignores extensive

10

Delaware law to the contrary.  Specifically, although the Magistrate Judge references Article V, Section 7, she does not cite, in her analysis, to the relevant language that states that Dr. Goldberg's rights, if any, are limited to "obligations then existing with respect to any state of facts then or theretofore existing … based in whole or in part upon such state of facts." *Id.* at 9 (quoting Navidea Bylaws, Art. V, § 7).   In other words, the facts being complained of must have occurred while Dr. Goldberg was serving as an officer or director of Navidea.  Here, the facts that form the basis of Navidea's remaining claims all occurred after Dr. Goldberg ceased being an officer and director of Navidea, and therefore, the advancement provision does not apply.

Further, the Magistrate Judge overstated this Court's holding when she stated that this Court had "already found, [that] Goldberg did not lose his right to enforce the advancement provision when he ceased being a director or officer of Navidea." *Id.* at 32.  While, this Court held that Article V, Section 7, "authorizes an advancement of attorneys' fees to former directors," that finding was based on the fact that the Bylaws provided that the right to advancement was deemed to be contractual in nature such that if the right existed prior to the time that an individual ceased being an officer or director, the right would still remain.  Order [ECF No. 61] at 7.  Recognizing this limitation, Dr. Goldberg's request for an advancement of attorneys' fees was granted only "with respect to [Navidea's] [breach of fiduciary duty claim]." *Id.*

Case law is clear:  a director or officer would only be entitled to indemnification or advancement if the claims being alleged against them were brought as a result of actions that took place at the time they were serving as a director or officer. *See Bernstein v. TractManager, Inc.*, 953 A.2d 1003, 1011 (Del. Ch. 2007) ("[o]f course, the conduct complained of must occur at a time when one is a corporate officer or director."); *Lieberman v. Electrolytic Ozone, Inc.*, C.A. No. 10152-VCN, 2015 Del. Ch. LEXIS 231, at *8 (Del. Ch. Aug. 31, 2015) (holding that advancement would not apply "'when the parties are litigating a specific and personal contractual obligation that

does not involve the exercise of judgment, discretion, or decision-making authority on behalf of the corporation'") (citation omitted).

Each claim against Dr. Goldberg derives from specific contractual obligations that Dr. Goldberg breached post-termination and not "obligations then existing with respect to any state of facts then or theretofore existing."  R&R at 9 (quoting Navidea Bylaws, Art. V, § 7).  Specifically, Dr. Goldberg's contractual obligations under the August Agreement had absolutely nothing to do with his responsibilities as director or officer of Navidea since he was no longer an officer or director following his execution of the August Agreement.  Nothing in the Bylaws, or anywhere else, indicate that Navidea intends to offer advancement rights to former directors or officers for acts: (1) that take place after they cease being directors or officers, or (2) that in no way shape or form relate to their employment obligations to Navidea.  As detailed below, and contrary to the Magistrate Judge's assertion that "Navidea has essentially provided no support for its position that advancement under its Bylaws is only available where there is a potential  [] indemnification," Navidea's claims against Dr. Goldberg cannot be indemnifiable as they have no relevance to his corporate obligations; all the actions complained of occurred after he ceased being a director and officer of Navidea.  Because Dr. Goldberg's right to advancement is contingent on claims brought that relate to his obligations when he was a director and officer of Navidea and not his post-termination contractual commitments under the August Agreement, the Magistrate Judge's recommendation should be rejected.

Thus, the Magistrate Judge erred in finding that Dr. Goldberg did not lose his right to enforce the advancement provision in connection with the remaining claims when he ceased being a director or officer at Navidea.  As a matter of law, his right to advancement ceased for any conduct he engaged in after his resignation.

**B.** **The Claims Asserted Arise From Dr. Goldberg's Breach Of His Individual Obligations Under The August Agreement And Not By Reason Of The Fact That He Was An Officer And Director of Navidea**

The Court should independently reject the Magistrate Judge's assertion that the claims against Dr. Goldberg arose "by reason of the fact" that Dr. Goldberg was a former director and officer at Navidea. Under the Bylaws, Navidea is not required to indemnify or advance payment to Dr. Goldberg for claims that were not brought "by reason of the fact that he is or was a director, officer, employee or agent of the corporation," and that indemnification is not permitted unless Dr. Goldberg acted "in good faith and in a manner he reasonably believed to be in or not opposed to the best interests of [Navidea]." *See* Zimmer Decl. Ex. B, Navidea Bylaws, Art. V, § 1(b) [ECF No. 66]. Because Navidea's claims allege misconduct unrelated to Dr. Goldberg's "status" as a "director [or] officer" of Navidea, and because the claims allege that Dr. Goldberg engaged in misconduct that was in breach of the August Agreement entered into in his individual capacity, Dr. Goldberg's proposed advancement claim fails.

Dr. Goldberg fails to state a claim for advancement because Navidea's remaining claims each arise solely out of actions taken individually by Dr. Goldberg after he left Navidea's employment and which constitute a breach of the August Agreement, and not "by reason of" Dr. Goldberg's status as a former officer or director of Navidea. The first claim is for breach of contract under the August Agreement and asserts, *inter alia*, that Dr. Goldberg: (i) failed to enter into the Transaction Documents or provide comments on the Draft Documents as required under the August Agreement; (ii) issued himself five (5%) percent ownership of a newly created subsidiary of Macrophage; and (iii) failed to pay the amounts required under his existing health coverage. *See* FAC ¶¶ 92-101. The second claim is for Dr. Goldberg's breach of the implied covenant of good faith and fair dealing for failing to fulfill the terms outlined in the August Agreement. *See id.* ¶¶ 102-112. The third claim is a request for a declaratory judgment ordering

that Navidea's obligations to Dr. Goldberg in his individual capacity be excused by virtue of Dr. Goldberg's failure to comply with particular provisions of the August Agreement. *See id.* ¶¶ 113-117.

*First*, to support his proposition that the claims against him arose "by reason of the fact" that he was a director and officer of Navidea, Dr. Goldberg merely states, without providing any factual support, that each of the claims alleged by Navidea "clearly arises 'by reason of' Dr. Goldberg's role as Navidea's CEO and his acting as Macrophage's CEO and agent at the request of Navidea." *See* Memorandum of Law of Michael M. Goldberg in support of Motion for Indemnification and Advancement of Attorneys' Fees at 8 [ECF No. 65]. He, in no way shape or form, attempts to prove that the claims arose "by reason of the fact" that he was a director and officer at Navidea and incorrectly assumes that the Bylaws do "not limit in any way the types of claims for which [Navidea's] officers and directors (and former officers and directors) [are] entitled to advancement." *Id.* at 1; *Weaver v. ZeniMax Media, Inc.,* C.A. No. 20439-NC, 2004 Del. Ch. LEXIS 10, at *10 (Del. Ch. Jan. 30, 2004) (citations omitted) (the "'by reason of the fact' [language] is not construed so broadly as to encompass every suit brought against an officer and director."). Instead, Dr. Goldberg states, and the Magistrate Judge relied on such statement, that Navidea requested that he continue to serve as an agent of Macrophage. As detailed below, there is, at best, hotly disputed evidence as to whether Dr. Goldberg was not serving as an officer or director of Macrophage at Navidea's request.

*Second*, the Magistrate Judge's finding that "Navidea itself does not describe the Agreement as a fully integrated separation agreement" is both incorrect and irrelevant. R&R at 35. The Magistrate Judge stated that "Navidea itself alleges that the parties entered into the Agreement 'with the intent of entering into one or more additional definitive agreements . . . to provide for [Goldberg's] [] separation . . . from Navidea." *Id.* at 35-36 (citing FAC ¶ 12). While

the August Agreement makes clear that additional transaction documents were contemplated, the August Agreement provides that in the event transaction documents are not entered into, the August Agreement remains enforceable. *See* Zimmer Decl. Ex. C, August Agreement [ECF No. 66]. Moreover, the Magistrate Judge failed to acknowledge that Dr. Goldberg denied the allegation upon which she relied. *See* Answer ¶ 12.

Based on the foregoing, it is clear that the Bylaws do not extend to actions Dr. Goldberg took in his personal capacity as opposed to his corporate role. *See Stifel Fin. Corp. v. Cochran*, 809 A.2d 555, 562 (Del. 2002) ("Cochran's decision to breach the contract was entirely a personal one, pursued for his sole benefit"); *Leary v. Fawaz Al-Mubaraki*, No. 18 Civ. 00048 (LTS) (SLC), 2020 U.S. Dist. LEXIS 1008, at *17-18 (S.D.N.Y. Jan. 2, 2020) ("allegations that an officer 'fail[ed] to devote his full time and efforts to the business of the Company,' … were also 'examples of personal conduct by employees [that] did not give rise to claims 'by reason of the fact' of the employee's position as an officer or director.") (citations omitted) (alteration in original). Dr. Goldberg cannot claim an entitlement to advancement by merely pointing to the fact that he once was employed by Navidea. *See Bernstein*, 953 A.2d at 1013 (rejecting employee's broad interpretation of the advancement provision, which would entitle "even a director fighting a speeding ticket he or she received on the way to a board meeting . . . to advancement," and thus "render[] meaningless the words 'by reason of the fact'"). Even a "but for" connection between Dr. Goldberg's employment and the factual allegations outlined in the FAC would not be sufficient to establish that the FAC was brought by reason of his corporate status. *See Charney v. Am. Apparel, Inc.*, C.A. No. 11098-CB, 2015 Del. Ch. LEXIS 238, at *40 (Del. Ch. Sept. 11, 2015) (rejecting "but for" standard because "to construe 'related to the fact' more broadly . . . to require only a 'but for' connection to his status . . . would lead to an absurd results to which no reasonable person would have agreed").

Navidea's remaining claims were not brought "by reason of" Dr. Goldberg's previous role as a director and officer of Navidea. Further, in allegedly breaching his individual obligations owed directly to Navidea under the August Agreement, Dr. Goldberg cannot fairly be deemed to have acted "in good faith and in a manner he reasonably believed to be in or not opposed to the best interests of [Navidea]." Navidea should not be required to advance Dr. Goldberg's expenses for his defense against the claims. *See* Zimmer Decl. Ex. B, Navidea Bylaws, Art. V, § 1(b) [ECF No. 66]. The actions that led to Navidea's remaining claims: (i) took place after his resignation on August 14, 2018, and (ii) had no relevance to his status as a director and officer of Navidea. Instead, Dr. Goldberg committed these improper acts in an individual capacity (evidenced by his signing the agreement in his individual capacity) and, at a minimum, demonstrates that he was not acting in the best interests of Navidea. The Magistrate Judge herself states that "these claims all relate to Goldberg's performance in connection with the [August] Agreement that was supposed to provide the framework for his separation from Navidea" and not his obligations as a director and officer of Navidea. R&R at 31. As such, the Magistrate Judge erred in granting Dr. Goldberg's claim for advancement regarding his defense of Navidea's three remaining claims because he has not demonstrated that the claims arose "by reason of the fact" that he was a director and officer of Navidea.

**III. THE DISTRICT COURT SHOULD REJECT THE MAGISTRATE JUDGE'S CLEARLY ERRONEOUS RECOMMENDATION THAT DR. GOLDBERG HAS THE RIGHT TO ADVANCEMENT OF FEES WITH RESPECT TO HIS DEFENSE OF NAVIDEA'S REMAINING CLAIMS BY REASON OF THE FACT THAT HE IS OR WAS SERVING AT THE ALLEGED REQUEST OF NAVIDEA AS A DIRECTOR, EMPLOYEE, OR AGENT OF MACROPHAGE**

**A. Dr. Goldberg Was Not Serving As An Officer, Director, or Agent of Macrophage At The Request of Navidea**

Navidea objects to the Magistrate Judge's finding that Navidea did not address Dr. Goldberg's categorically false statement that he "was serving at the request of [Navidea] as a

director, officer, employee or agent of [Macrophage]."  Specifically, the Magistrate Judge erred by stating that:

> (1) Navidea did not directly challenge Goldberg's contention that, regardless of whether he was still an officer or director of Navidea at the time Navidea's claims arose, he was still an officer, director, or agent of Macrophage at that time [and] that he served in such capacity at Navidea's request,
> and
> (2) [n]othing in Navidea's pleading suggests that the purpose of the Agreement was to have Goldberg separate from both Navidea and Macrophage; to the contrary, Navidea alleges that, at the time the parties entered into the Agreement, they 'anticipated that Goldberg would remain engaged in . . . Macrophage.'

R&R at 5, 14 (emphases omitted).  But, respectfully, whether Dr. Goldberg continued to serve as an officer or director of Macrophage is irrelevant to his entitlement to advancement.  Macrophage has its own set of Bylaws that govern the relationship between it and Dr. Goldberg, and the advancement provision in those Bylaws is entirely permissive (which is why Dr. Goldberg presumably has not sought or otherwise abandoned any claim for advancement from Macrophage).  *See* Kazan Decl. Ex. 4, Macrophage Bylaws, Art. VIII [ECF No. 82-4].  The determination of whether to advance expenses under those bylaws is left to the sound discretion of the Macrophage board's business judgment.  *Underbrink v. Warrior Energy Servs. Corp.*, C.A. No. 2982-VCP, 2008 Del. Ch. LEXIS 65, at *48 (Del. Ch. May 30, 2008).

Therefore, the appropriate analysis turns on the requirement that Dr. Goldberg was serving "at the request of Navidea" and that the claims at issue arose "by reason of the fact" that Dr. Goldberg was serving as an officer or director of Macrophage.  Contrary to the Magistrate Judge's finding, Navidea and Dr. Goldberg himself, have challenged that assertion on several occasions.  Expressly, Navidea has stated that Dr. Goldberg's position on the Macrophage Board was not at the request of Navidea; "rather, it was done pursuant to a Securities Purchase Agreement dated March 11, 2015 and Goldberg was placed on the Macrophage Board at the request of Platinum-Montaur Life Sciences, LLC, not Navidea."  *See* Navidea's Memorandum of Law in Opposition to

Goldberg's Motion for Indemnification at 19-20 [ECF No. 81]; *see also supra* at 2. Moreover, the appointment or firing of the Macrophage CEO was a function reserved for the Macrophage Board, not Navidea as a Macrophage shareholder. *See Gorman v. Salamone*, No. 10183-VCN, 2015 Del. Ch. LEXIS 202, at *16 n.31 (Del. Ch. July 31, 2015). As Dr. Goldberg has stated, he was employed with Platinum prior to his affiliation with Navidea. *See* Kazan Decl. Ex. 2, Deposition of Michael M. Goldberg ("Goldberg Dep.") at 32:8-18, dated Dec. 9, 2019, *Platinum Partners Value Arbitrage Fund L.P. v. Goldberg*, Adv. Pro. No. 18-01650 (SCC) (S.D.N.Y.). Additionally, the Magistrate Judge herself stated that "[a]t the time the parties entered into the Agreement, Goldberg . . . was also a director and the CEO of Macrophage." R&R at 5.

Dr. Goldberg's pleadings further reflect the fact that: (i) his involvement with Macrophage pre-dated the August Agreement, and (ii) he was not employed at Macrophage at Navidea's request. Specifically, Dr. Goldberg states that: (1) "[he] founded Macrophage in or about February 2015", (*see* Counterclaims ¶ 19); (2) "[he] provided forty percent (40) of Macrophage's initial funding and arranged the balance of the initial funding for Macrophage", (*id.* ¶ 20); (3) "[i]n exchange for his initial capital contribution to Macrophage [he] received Macrophage Series A Preferred Shares which were convertible to shares of Macrophage Common Stock", (*id.* ¶ 21); and (4) "[t]he only affirmative act required of Dr. Goldberg under the [August Agreement] was to resign from his positions as an officer and director of Navidea." *Id.* ¶ 61. Therefore, there was no clear evidence provided to the Magistrate Judge from which she could fairly discern that Dr. Goldberg was serving at the request of Navidea.

Indeed, in sworn testimony in another proceeding focusing on Dr. Goldberg's inappropriate exercise of warrants belonging to a third-party, Dr. Goldberg expressly contradicted his assertion that he was, in fact, even employed by Macrophage. In a deposition taken on December 9, 2019, Dr. Goldberg explicitly stated that he was not employed at Macrophage during August 2018:

> Q:  Sir, are you presently employed?
> A:  No.
> Q:  When is the last time you've been employed?
> A:  August 2018.
> Q:  And as of August 2018, where were you employed?
> A:  Navidea.
>              ***
> Q:  Since August of 2018, have you been involved in any sort of business activity?
> A:  Managing my own assets.

*See* Kazan Decl. Ex. 2, Goldberg Dep. 27:25-28:7, 28:14-16.  Dr. Goldberg's testimony, therefore,

suggests that he was not even a CEO, much less a CEO at Navidea's request.  Of course, there are

numerous allegations by Dr. Goldberg that he had been the CEO of Macrophage since its inception,

and there is nothing in the August Agreement that gave him the right to continue as CEO.  MTD

Order at 10 n.7 [ECF No. 61].  Thus, as shown above, there is no evidence other than a self-serving

declaration in favor of Dr. Goldberg's positions and multiple sources of record evidence

demonstrating the opposite such that at best, there were clear disputes as to whether Dr. Goldberg

was an officer or director of Macrophage at Navidea's request.  Furthermore, as detailed by the

evidence above, the declaration the Magistrate Judge relied on in which Dr. Goldberg "stated,

under penalty of perjury, that it was at Navidea's request that he had agreed to continue to serve

as an agent of Macrophage (*see* 3/9/20 Goldberg Decl. ¶¶ 6-9).." amounts to nothing more than a

"sham affidavit."  R&R at 36;  *see Golden v Merrill Lynch & Co.*, No. 06-CV-2970, 2007 U.S.

Dist. LEXIS 90106, at *30 (S.D.N.Y. Dec. 6, 2007) (noting that "the portions of [the plaintiff's]

affidavit which conflict with her deposition will be disregarded"); *FDIC v. Wrapwell Corp.*, 93

Civ. 859, 94 Civ. 5574, 2002 U.S. Dist. LEXIS 76, at *47-48 (S.D.N.Y. Jan. 3, 2002)

(disregarding statements in affidavit that was inconsistent with affiant's prior deposition).  Finally,

Dr. Goldberg's entire case against Navidea is premised on his claims that he, individually, was

supposed to have control of the Macrophage Board, which would have entitled him – not Navidea

- to appoint a CEO of Macrophage.  *See* Third-Party Complaint ¶¶ 48, 49, 52 [ECF No. 31].

Consequently, his claim for advancement must be sought from Macrophage and not Navidea.  Indeed, pursuant to his own testimony, Dr. Goldberg was "managing [his] own assets," which means that acts taken after August 2018 could not create claims "by reason of the fact" that he was an officer or director of Macrophage.  *See* Kazan Decl. Ex. 2, Goldberg Dep. 27:14-16. As such, the Magistrate Judge should have disregarded Dr. Goldberg's March 9, 2020 declaration due to its inconsistencies with Dr. Goldberg's various previous statements, both in his pleadings and in prior deposition testimony. [ECF No. 95].

**B.**    **The Claims Asserted Against Dr. Goldberg Arise From The Breach Of His Individual Obligations Under The August Agreement And Not By Reason Of The Fact That He Was An Officer And Director of Macrophage**

The Court should reject the Magistrate Judge's assertion that the claims against Dr. Goldberg arose "by reason of the fact that he . . . is or was serving at the request of [Navidea] as a director, employee, or agent of [Macrophage]" because he has not demonstrated that the claims arose "by reason of the fact" that he was a director and officer of Macrophage.  R&R at 12.  The Magistrate Judge suggests that Dr. Goldberg "may be able to prevail on an eventual argument that the claims against him in this action were asserted by Navidea 'by reason of the fact' that, at the time of the events in question, Goldberg was – at a minimum – serving as an agent of Macrophage, at Navidea's request, and he abused his authority in that role or failed to exercise his authority in Navidea's interests."  R&R at 37.  This is incorrect.  This Court has already dealt with the analogous situation wherein Dr. Goldberg attempted to bring claims belonging to Macrophage (or for which Dr. Goldberg otherwise lacked standing), and the Court dismissed those claims.  MTD Order at 14-16.  Similarly, Navidea is not bringing claims by virtue of the fact that it is a shareholder of Macrophage (which would need to be brought as a derivative action); it is asserting claims that are breaches of Dr. Goldberg's individual obligations under the August Agreement. Therefore, it is not the case as the Magistrate Judge suggested that the claims asserted by Navidea

are "by reason of the fact" that he was a director and officer of Navidea and/or Macrophage. *Leary*, 2020 U.S. Dist. LEXIS 1008, at *21 (holding that Plaintiff "cannot demonstrate that his 'use of the corporate powers entrusted to him was critical to, and instrumental in' his behavior that led to [Defendant's] counterclaims") (citation omitted).

While the Magistrate Judge recited certain allegations in the FAC, those allegations do not change the fact that this dispute revolves around Dr. Goldberg's individual – not corporate – obligations. Moreover, the Magistrate Judge failed to address the fact that despite specific allegations from Navidea's pleadings including: "[Navidea] anticipated that Goldberg would remain engaged in . . . Macrophage" (*see* FAC ¶ 44), and "Goldberg agreed to focus his energy full time on creating value at Macrophage for Macrophage's shareholders" (*id.* ¶ 45), Dr. Goldberg also denied these allegations and instead stated that "Goldberg intended to continue his roles as [CEO] and as a Board member of Macrophage" (*see* Goldberg Answer ¶ 44 [ECF No. 31]) and characterized the August Agreement as a separation agreement from Navidea. Explicitly, Dr. Goldberg admits that "the [August Agreement] involved Dr. Goldberg resigning as [CEO] of Navidea in exchange for Navidea's and Macrophage's full performance under the [August Agreement]" (*see id.* ¶ 19) and "[t]he intent, language, provisions, purpose, and goal of the [August Agreement] was to end Dr. Goldberg's operational involvement in Navidea and give him voting and operational control of Macrophage." *See* Counterclaim ¶ 48. Furthermore, the Magistrate Judge states that "Navidea's claims in this case ["the transferring of Macrophage's assets"] could certainly be read to arise, at least in part, from Goldberg's alleged misconduct in the exercise of his corporate authority at Macrophage." However, on June 21, 2019, the Delaware Court voided the transaction pursuant to which Dr. Goldberg transferred ownership of Macrophage's intellectual property to a subsidiary. *See* Kazan Decl. Ex. 3, Stipulated Order granting Partial Summary Judgment in the Delaware Action, dated June 21, 2019. Indeed, the Magistrate Judge specifically

recommended that the District Court decline to exercise ancillary jurisdiction over Dr. Goldberg's application for advancement by Navidea of the legal fees incurred in defending against Macrophage's claims in the Delaware Action.  R&R at 2.

In sum, the nature of the claims being asserted against Dr. Goldberg derive from the personal benefits that Dr. Goldberg received from the August Agreement and his personal obligations thereunder, and not by virtue of his serving as an officer or director of Macrophage. As such, the Magistrate Judge's recommendation that Dr. Goldberg's claim for advancement regarding his defense of Navidea's remaining claims should be rejected because he has not demonstrated that the claims arose "by reason of the fact" that he was a director and officer of Macrophage.

## IV.    THE DISTRICT COURT SHOULD REJECT THE MAGISTRATE JUDGE'S RECOMMENDATION THAT AN UNDERTAKING NEED NOT BE SECURED

The Magistrate Judge further recommended that, if this Court were to adopt her recommendation that advancement is required, the Court should not "find that the undertaking must be secured."  R&R at 37.  Navidea recognizes that the advancement provision in its Bylaws does not explicitly state that an undertaking must be secured.  However, Dr. Goldberg's conduct throughout this action presents the need for such an undertaking to be secured.  For example, Dr. Goldberg has been held in contempt in the Delaware Action for failing to follow the *Status Quo* Order dated May 23, 2019.  *See* Contempt Order, dated May 23, 2019 [ECF No. 82-2].  The Magistrate Judge's recommendation that an undertaking need not be secured should be rejected because of Dr. Goldberg's misrepresentations and numerous mischaracterizations to the Court.  At a minimum, Navidea should be afforded the opportunity (which it did not have) to present its arguments and legal grounds for showing that an undertaking without security would be prejudicial.  Dr. Goldberg has already harmed Navidea; he should not be permitted to force

Navidea to fund his defense with no means to recover if and when his illegal conduct in Delaware is determined to be non-indemnifiable by the Delaware court.  As such, Navidea respectfully requests that if the Court were to find that advancement is required, a secured undertaking should be posted.

**V.    THE DISTRICT COURT SHOULD REJECT THE MAGISTRATE JUDGE'S RECOMMENDED PROTOCOL REGARDING DR. GOLDBERG'S DEMANDS FOR THE FUTURE ADVANCEMENT OF FEES IN CONNECTION WITH HIS CONTINUED DEFENSE OF THIS ACTION**

The Court should reject the Magistrate Judge's recommendation regarding the protocol for Dr. Goldberg's future advancement of fees because the Magistrate Judge's recommendation will cause significant inefficiencies in dealing with a variety of anticipated fee-shifting issues in this action.  Dr. Goldberg has intentionally, and without justification, failed to follow most of the Magistrate Judge's court-ordered protocols to even arrive at a fee award for the single claim to which this Court already ruled.  Therefore, Navidea should not be compelled to engage in further motion practice on these issues until the resolution of the case.

While the Magistrate Judge was given a clear referral to determine the amount of fees due to Dr. Goldberg on the breach of fiduciary duty claim, the Magistrate Judge was unable to do so "given the way in which Goldberg has since proceeded in this Court."  R&R at 10.  But Navidea is not responsible for this state of affairs; Dr. Goldberg is.  The recommended protocol by the Magistrate Judge arises because Dr. Goldberg would not make the appropriate submissions to the Court, and he should not now be rewarded with the Magistrate Judge filling in the blanks for issues that can be resolved at the end of the case.  Although dealing with advancement concerning the breach of fiduciary duty claim was a far narrower issue, Dr. Goldberg did not comply with the Magistrate Judge's orders regarding that limited issue.  For example, the Magistrate Judge stated in the R&R, *inter alia*, that:

(i) [d]espite this Court's repeated requests to Goldberg for documentation from which it could discern … Goldberg has failed to provide the information requested;

(ii) Goldberg had made no submission from which this Court could discern the amount of fees that should be advanced with respect to the breach-of-fiduciary-duty claim;

(iii) Despite these requests by this Court – the reasons for which this Court explained at length in two conferences with counsel – Goldberg has not complied.

R&R at 3, 16, 21-22 and 41.  Furthermore, following Dr. Goldberg's suggestion that "the Court should award a seemingly random percentage of his overall fees," the Magistrate Judge held that this approach "would not be geared to any meaningful assessment of the amount of the total billings that are actually subject to advancement, or to the reasonableness of the fees incurred, and would call for undue speculation on both counts."  R&R at 3.  Additional motion practice should not be the result for Dr. Goldberg's non-compliance.  Although Navidea has conceded that Dr. Goldberg is entitled to indemnity on his breach of fiduciary duty claim, there are several other issues that this Court will need to address in the future.  Specifically, if the Court were to award advancement, then the Court will need to subsequently adjudicate what claims, if any, were actually subject to indemnification and Dr. Goldberg's obligations to pay back those advancements.  Moreover, the August Agreement contains a fee-shifting provision that provides that "[t]he prevailing party in any such dispute will be entitled to recover its reasonable attorneys' fees and costs."  *See* August Agreement at Miscellaneous [ECF No. 66].  Therefore, this Court will be called upon to deal with who is entitled to their attorneys' fees and costs, what those amounts are, and which party has to pay which party.  Likewise, while not directly before this Court, there is a contempt finding in the Delaware action awarding damages in favor of Macrophage and a breach of fiduciary duty claim against Dr. Goldberg for which Macrophage seeks damages.  These issues may result in fees being awarded to one of the parties in the New York Action and the Delaware Action.  As such, any resolution on the advancement of fees (for

any party), should be dealt with at the conclusion of each respective action.

Navidea and the Court have expended a significant amount of resources responding to and resolving Dr. Goldberg's numerous submissions, all because he has repeatedly chosen not to follow clear court mandates. To adopt the recommended protocol would reward Dr. Goldberg's noncompliance with court orders and prejudice Navidea. If the Court were to wait until the end of both the New York Action and the Delaware Action, the issue of which party owes fees to whom could be dealt with in one simple, efficient, and expedited process as opposed to the expansive protocol recommended by the Magistrate Judge. As detailed in the R&R, the Magistrate Judge recommended: "that the Court decline to award Goldberg *any* specific amount of fees at this time, either as indemnification for the cost of defending against the breach-of-fiduciary-duty claim or as advancement for the cost of defending against the other claims asserted by Navidea in this case." R&R at 3 (emphasis in original). For the same reason the Magistrate Judge declined to currently award any fees to Dr. Goldberg (because what would ordinarily be a simple process, Dr. Goldberg has made much more complicated), this Court should decline to implement the process the Magistrate Judge recommended and defer the issue of fee-shifting until the resolution of the case

## CONCLUSION

For the foregoing reasons, the Court should decline to adopt the recommendations of the Magistrate Judge as they relate to the finding that Dr. Goldberg is entitled to an additional advancement of fees and the recommendation for an interim protocol on motion practice dealing with the award of any fees until the conclusion of this action.

Date: July 23, 2020
New York, New York

Respectfully submitted,

Barry M. Kazan, Esq.
Mintz & Gold LLP
600 Third Avenue, 25th Floor
New York, New York 10016

Phone: (212) 696-4848
Fax:     (212) 696-1231
kazan@mintzandgold.com

-and-

Karim Sabbidine, Esq.
THOMPSON HINE LLP
335 Madison Avenue, 12th Fl.
New York, New York 10017
Phone: (212) 344-3921
Fax:     (212) 344-6101
karim.sabbidine@thompsonhine.com

-and-

Alain M. Baudry, Esq.
Saul Ewing Arnstein & Lehr LLP
33 South Sixth Street, Suite 4750
Minneapolis, Minnesota 55402
Phone: (612) 225-2800
Alain.Baudry@Saul.com

*Attorneys for Plaintiff /Counterclaim Defendant
Navidea Biopharmaceuticals, Inc. and
Third-Party Defendant
Macrophage Therapeutics, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 23, 2020, I caused to be served on counsel of record, electronically via the Court's electronic filing system, a true and correct copy of **Plaintiff/Counterclaim-Defendant Navidea Biopharmaceuticals, Inc.'s Objections to the July 9, 2020 Report and Recommendation of Magistrate Judge Freeman**.

_____

Barry M. Kazan

27