MEMO ENDORSED

**MINTZ & GOLD LLP**
ATTORNEYS AT LAW

600 THIRD AVENUE
25TH FLOOR
NEW YORK, NEW YORK 10016

TELEPHONE (212) 696-4848
FACSIMILE (212) 696-1231
www.mintzandgold.com

July 28, 2020

*Via ECF*

Honorable Valerie Caproni, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Room 443
New York, New York 10007

RE:  *In re Navidea Biopharmaceuticals Litigation, Case No. 19-cv-01578–VEC*

Dear Judge Caproni:

We represent Plaintiff Navidea Biopharmaceuticals, Inc. ("Navidea") and Third-Party Defendant Macrophage Therapeutics, Inc. ("Macrophage") in the above-referenced matter. Per Your Honor's communications from Chambers, we are submitting this letter jointly with Defendant Dr. Michael M. Goldberg ("Dr. Goldberg") in advance of the pretrial conference scheduled for July 31, 2020, at 10:00 a.m. The parties anticipate requesting an additional extension of the current discovery deadlines, instituting a protocol by which the parties can raise document production disputes with the Court, and finalizing a deposition schedule and protocol so that fact discovery in this matter can be brought to a conclusion.

As Your Honor is aware, the parties also have been coordinating discovery with *Macrophage Therapeutics, Inc. v. Goldberg, C.A.* No. 2019-0137-JRS (the "Delaware Action"), which is presently scheduled for trial in December 2020. On May 12, 2020, in response to the

MINTZ & GOLD LLP
ATTORNEYS AT LAW

Honorable Valerie E. Caproni
July 28, 2020
Page 2

disruptions caused by COVID-19, Your Honor entered an order which extended the time to complete depositions in this matter until July 31, 2020. In that order, Your Honor stated:

> Application GRANTED. The deadline for fact discovery is extended to **July 31, 2020**. If travel is still restricted in affected states by July 31, 2020, the parties must consider alternatives to in-person depositions. The pretrial conference scheduled for June 19, 2020 is adjourned to **July 31, 2020 at 10:00 a.m**.

Witnesses in this action reside in New York, New Jersey, Pennsylvania, Minnesota, and Colorado, and counsel, in this case, reside in New York, New Jersey, and Minnesota. As the situation with COVID-19 has been fluid in terms of travel restrictions and limitations on in-person gatherings (with prohibitions being imposed, modified, and/or lifted and reinstated in various states), the parties have expressed the preference to take these depositions in person. To that end, we have discussed with court reporting services the ability to do so as well as contingent plans to conduct them partially - or fully-remote in the event that COVID-19 restrictions continue to prevent or limit in-person depositions. As of the date of this submission, some non-party witnesses have expressed their preferences to do fully-remote depositions, and others have indicated their ability to conduct depositions in-person (with appropriate safety precautions being implemented to accomplish those tasks). To that end, tentative dates and locations have been proposed for the majority of the witnesses. The exception to this has been an inability to confirm the depositions of (1) Alec Goldberg; (2) John K. Scott; and (3) Dr. Nai Fong Wang. As Your Honor may recall, substitute service was ordered and complied with for Alec Goldberg and John K. Scott, but neither have responded to the service as of this date. Akin to the Stipulation Regarding Depositions entered on March 6, 2020, counsel for Navidea and Macrophage will request that a similar stipulation be entered and so-ordered confirming all dates and times of the depositions.

**MINTZ & GOLD LLP**
ATTORNEYS AT LAW

Honorable Valerie E. Caproni
July 28, 2020
Page 3

      With respect to document discovery, the parties have exchanged letters and spent several hours meeting and conferring by telephone over what they view to be missing or incomplete productions. This process has resulted in the narrowing of the initial disputes, clarifying each parties' responses, and/or supplementing productions. Even as of this writing, the parties continue to try and narrow those disputes, but anticipate needing the Court's intervention. The Court's protocol is to resolve these issues solely by conference call, however, to the extent the Court believes that written submissions in advance of a conference call would help expedite resolution of the issues, the parties stand ready to provide such submissions. All parties, however, would ask to expedite this process as the parties are not in agreement as to whether this should prevent depositions from going forward while any disputes about documents may remain.

      In light of the above, we would ask that the Court advise the parties on how to present the remaining discovery issues to the Court (which could be presented during the July 31, 2020 court conference if Your Honor has the time to do so). Because of the above, the parties will also jointly request an extension of time to accomplish the remaining tasks and permit the Court the opportunity to address discovery disputes and the parties to promptly comply with any Court orders regarding the same. To that end, the parties have not yet agreed upon an appropriate end date for discovery and believe their positions will be crystallized following guidance from the Court.

      Thank you for your attention to this matter.

**MINTZ & GOLD LLP**
ATTORNEYS AT LAW

Honorable Valerie E. Caproni
July 28, 2020
Page 4

Respectfully submitted,

*/s/ Barry M. Kazan*

Barry M. Kazan

cc: Alain Baudry, Esq. (via ECF)
    Karim Sabbidine, Esq. (via ECF)
    Gregory Zimmer, Esq. (via ECF)

> The pretrial conference scheduled for **July 31, 2020 at 10:00 a.m.** is canceled.   All discovery disputes are referred to Magistrate Judge Freeman.  The parties are directed to submit a status report to this Court no later than ten days after the close of discovery.

SO ORDERED.

*[signature: Valerie Caproni]*

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

7/29/2020