UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: NAVIDEA BIOPHARMACEUTICALS LITIGATION | Case No.: 1:19-cv-01578-VEC<br><br>ECF Case |

## NOTICE OF FILING

**PLEASE TAKE NOTICE** that, pursuant to the request of the Honorable Debra Freeman, Plaintiff /Counterclaim Defendant Navidea Biopharmaceuticals, Inc. and Third-Party Defendant Macrophage Therapeutics, Inc. attach the November 21, 2018 Board of Director Meeting Minutes for Macrophage Therapeutics, Inc.

Date:   August 7, 2020
        New York, New York

Respectfully submitted,

_____
Barry M. Kazan, Esq.
Mintz & Gold LLP
600 Third Avenue, 25th Floor
New York, New York 10016
Phone: (212) 696-4848
Fax:    (212) 696-1231
kazan@mintzandgold.com

-and-

Karim Sabbidine, Esq.
THOMPSON HINE LLP
335 Madison Avenue, 12th Fl.
New York, New York 10017
Phone: (212) 344-3921
Fax:    (212) 344-6101
karim.sabbidine@thompsonhine.com

-and-

Alain M. Baudry, Esq.
Saul Ewing Arnstein & Lehr LLP
33 South Sixth Street, Suite 4750
Minneapolis, Minnesota 55402
Phone: (612) 225-2800
Alain.Baudry@Saul.com

*Attorneys for Plaintiff /Counterclaim Defendant*
*Navidea Biopharmaceuticals, Inc. and*
*Third-Party Defendant*
*Macrophage Therapeutics, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 7, 2020, I caused to be served on counsel of record, electronically via the Court's electronic filing system, a true and correct copy of **Notice of Filing**.

_____
Barry M. Kazan

 Gmail

# See letter and draft Board minutes.

1 message

**Michael Goldberg** <MGoldberg@macrophagetx.com>  To: "greenemarkirwin@gmail.com" <greenemarkirwin@gmail.com>, Alec Goldberg <alecmgoldberg@gmail.com>

Mark and Alec,

**mark greene <greenemarkirwin@gmail.com>**

Mon, Dec 3, 2018 at 9:41 AM

Board Minutes Wednesday November 21, 2018
Telephonic M Goldberg (MMG), M Greene (MIG), Alec Goldberg (AG) joined as an observer until voted on to the BOD
All parties waived written notice

MMG called the meeting to order and provided an update on discussions with Navidea. MMG indicated that MT was in a difficult position as Navidea has refused to close the separation agreement between Navidea and MMG and MT unless all contemplated transactions are closed at once. This has created a delay of over 3 months in advancing MT. Most recently Navidea has refused to negotiate directly with MMG and insisted MMG retain separate counsel from MT to continue discussions. MMG approached Navidea's counsel with a request to have Navidea waive a potential conflict for the hiring of David Greene and Navidea refused. As a result creating yet more delay in closing the transactions.

MMG reviewed the issues relating to the damage caused by the delay specifically the approaching end of life for the UCSD patents exclusively licensed to MT and the need for new IP to enable VC and commercial partnership interest. MMG informed the board that he has sold his relevant IP to a partnership of his 4 children who have each individually assigned certain IP rights to the partnership as well. AG is managing member of the partnership and has offered to license on an exclusive basis all relevant IP to MT for specific therapeutic indications in return for 20% of the equity in MT and 10% of all end product sales and any license fees, milestones and non- direct expense reimbursements generated by MT or any of its affiliates. Areas covered are Auto-immune diseases, OA, neuroinflammation, including MS, Parkinson's and Alzheimer's, lipid storage diseases, Cancer and Ocular diseases (wet and dry AMD and uveitis). MT will license its IP to the Partnership for all therapeutic areas not covered by the license from the partnership to MT. The partnership will pay a 3-5% royalty on all its revenues from products that use MT exclusive IP (formulations, manufacturing, composition of matter, etc.)

MMG reviewed the clause in the preferred stock purchase agreement that enables the board of MT to out license any and all assets to a third party including an affiliate. A discussion ensued regarding the pros and cons of that approach vs the cross license with the Partnership. After further discussion MIG (MMG recused himself from the vote) approved the terms of the cross license.

MMG then proposed that the board consider other necessary actions to enable MT to progress. MMG highlighted the limitation that the Preferred stock agreement placed on MT's ability to raise urgently required funding. He highlighted that the Preferred stock agreement had a mechanism to change certain provisions but that required a vote of the majority of the Preferred stock holders. Currently Platinum held 60 % and MMG held 40% of the voting rights. As part of the Navidea separation agreement Navidea and MMG agreed to exchange MMG's preferred share holdings for 5% of MT. This valued MT at $5.6 million as the preferred shares were acquired for $280,000. MMG proposed that MT issue MIG $240,000 in preferred shares in exchange for his accrued but unpaid SAB fees of $6,000/month (this compensation plan was approved by Platinum and the MT board in February 2015 and payments to MIG were ended

MG-00027

due to cash constraints at MT in late 2015. ) MMG further proposed that MMG and MIG agree to convert all economic interest in their preferred shares into 5% (each), MMG super voting common equity (as per the MMG, MT, Navidea August 14, 2018 agreement). They will retain voting rights to make the necessary changes in the Preferred stock agreement to enable the required financings to occur.

As the majority holders of the Preferred stock MMG and MIG voted to change the provisions of the preferred stock agreement relating to the BOD of MT to where the current Board of MT has the sole discretion on the election of or any other changes to the board of MT. MT's board with the support of the majority of the preferred shares outstanding will work with MT's lawyers to draft changes to the financing rules in the current agreement to enable MT to fund further developments.

MMG then proposed an award of his fully diluted Navidea holdings into MT shares in exchange for giving up any future rights to MT shares should Navidea distribute their MT shares to Navidea investors. MMG as the founder, financier and inventor of most of MT's products has managed the business since its inception in 2014. MMG has not received and compensation for his contributions other than an option award of $5 million in equity rights at the valuation of the first $10 million of outside capital which carries with it 100% warrant coverage at the same price. The board discussed the potential difficulty that such an equity instrument would create for future investors. MMG indicated that based on his 6 million currently owned NAVB shares, 5 million NAVB phantom shares awarded as his sole equity compensation for assuming the Navidea CEO position and the 23.5 million shares granted in exchange for his debt and bonuses due and payable he had ~ 18% of NAVB shares on August 14, 2018 (6+5+23.5 = 34.5 divided by 162 +23.5+5=190.5 = 18.1%). MMG further proposed that these shares be given to the Partnership owned by his children. MIG approved the issuance of shares as proposed (MMG recused himself from the vote)

MMG then proposed that MT fill the open board seat at MT with Alec Goldberg who is the managing member of the Partnership that now owns 38% of MT (20 % +18%). MMG and MIG voted, effective immediately, to add AG to MT's board.

MMG then provided the board with plans for establishing compensation for existing and future MT employees, SAB members and board members. MMG indicated that MT had acquired a detailed report on VC backed and early start-up companies (close to 1,000 companies included in the survey). MMG will share the reports with the board and make recommendations for cash and equity compensation plans for existing and planned hires.

1.4

MT Cap structure as of close of MT's 11/21/18 BOD meeting

Preferred stock

| | |
|---|---|
| Platinum | 8.4 shares |
| MMG | 5.6 shares |
| MIG | 4.8 shares |

Common Stock

| | |
|---|---|
| Navidea | 52% |
| MMG | 5% (20X voting) |
| Partnership | 38% |
| MIG | 5% |

MG-00029