UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: NAVIDEA BIOPHARMACEUTICALS LITIGATION | Case No.: 1:19-cv-01578-VEC<br><br>ECF Case |

## <u>SO-ORDERED STIPULATION</u>

WHEREAS, Navidea Biopharmaceuticals, Inc. ("Navidea"), Macrophage Therapeutics, Inc. ("Macrophage"), and Dr. Michael M. Goldberg ("Dr. Goldberg") filed a joint letter on July 28, 2020, requesting, *inter alia*, an additional extension of the current discovery deadline, the institution of a protocol by which the parties can raise document production disputes with the Court, and the finalization of a deposition schedule and protocol so that fact discovery in this matter can be brought to a conclusion [ECF No. 125];

WHEREAS, counsel for the parties appeared telephonically before Magistrate Judge Debra Freeman on August 6, 2020, and August 7, 2020, to address the matters raised in the joint letter;

WHEREAS, the Court addressed the parties' discovery disputes, made certain rulings which are part of the record, and advised the parties to continue their meet and confer efforts regarding any remaining disputes in light of the Court's rulings and other guidance;

WHEREAS, the Court directed the parties to provide the Court with, *inter alia*, a stipulated schedule of discovery deadlines, and that such stipulation includes a schedule of depositions;

WHEREAS, the parties represent that they have met and conferred following the telephonic court conferences with the Magistrate Judge regarding this proposed stipulation;

WHEREAS, Navidea and Macrophage have represented that they made efforts to, but have been unable to confirm the depositions of non-parties Alec Goldberg and Dr. Nai Fong Wang;

WHEREAS, Dr. Goldberg has represented that he has made efforts to, but has been unable to confirm the deposition of non-party John K. Scott.

IT IS HEREBY STIPULATED AND AGREED by and between the undersigned counsel for the parties, and subject to the Court's approval, that:

1.      From the date of entry of this So-Ordered Stipulation, the parties shall submit a joint letter every ten (10) days updating the Magistrate Judge on the status of discovery;

2.      Depositions of all parties and non-party fact witnesses shall be completed by September 17, 2020; and

3.      The fact-discovery deadline in this matter shall be extended to September 17, 2020.

IT IS FURTHER STIPULATED AND AGREED, by and between the undersigned counsel for the parties, that:

### Documents Requested by Navidea and Macrophage

1.      With respect to Navidea and Macrophage's request for documents related to the draft November 21, 2018 Board of Director Meeting Minutes for Macrophage (the "Nov. 21, 2018 Minutes") including, but not limited to, the "detailed report on VC backed and early start-up companies," and Dr. Goldberg's sale of "his relevant IP to a partnership of his 4 children" [ECF No. 131]:

   a)      By August 12, 2020, Dr. Goldberg shall disclose whether he has documents within his possession, custody, or control regarding his sale of intellectual property, as stated in the Nov. 21, 2018 Minutes or the licensing arrangement between Macrophage and a partnership controlled by Dr. Goldberg's children as discussed in the Nov. 21, 2018 Minutes.

b)      By August 12, 2020, Dr. Goldberg shall inform Navidea and Macrophage whether he has possession of the report discussed in the Nov. 21, 2018 Minutes and the transactions referenced in Section (a) of this paragraph;

c)      The Court instructed Dr. Goldberg that to the extent such documents are within the possession of third parties who are willing to provide them to him or who he can compel to do so, those documents are within his possession, custody or control; and

d)      To the extent the above documents are within Dr. Goldberg's possession, custody, or control, he shall produce copies of the documents by August 21, 2020.

2.      If Dr. Goldberg is aware of a specific document comprising a "business plan" for Navidea or Macrophage, he shall sufficiently identify such document(s) on or before August 17, 2020.  Counsel for Navidea is to confer with Navidea to determine as to whether there are document(s), if any, that are considered "business plans" for Navidea and Macrophage internally at Navidea and Macrophage.  If Navidea and Macrophage object to producing a "business plan," the parties are directed to meet and confer no later than August 18, 2020, and if unable to resolve their dispute, the parties shall promptly contact the Court to arrange a conference call.

### Documents Requested by Dr. Goldberg

3.      By August 21, 2020, Navidea and Macrophage shall produce documents and communications, to the extent they have not already been produced, located within Karen Canterbury's e-mails concerning the Proprietary Information Agreement allegedly executed by Dr. Goldberg.

4.      By August 17, 2020, Navidea and Macrophage shall identify whether documents and communications relating to drafts and/or negotiations of the August Agreement were withheld. Navidea and Macrophage shall produce non-privileged documents by August 21, 2020.  To the

extent that documents and communications were withheld on a basis other than privilege, Navidea and Macrophage shall inform Dr. Goldberg of the basis for withholding by August 17, 2020.  If Dr. Goldberg objects to Navidea and Macrophage's privilege assertions, the parties shall meet and confer no later than August 18, 2020, and if unable to resolve their dispute, the parties shall promptly contact the Court to arrange a conference call.

5.      By August 21, 2020, Navidea and Macrophage shall produce communications with the NYSE, to the extent they have not already been produced, regarding potential delisting of Navidea by NYSE American, for the period of June 1, 2018, through December 31, 2018.

6.      By August 21, 2020, Navidea and Macrophage shall produce the following documents and communications, if any and to the extent they have not already been produced: (i) the settlement agreement discussed during the telephonic court conference with the Magistrate Judge which Navidea represents modified the interest rate applicable to the debt owed to Platinum Partners by Navidea; (ii) accounting notes or memoranda discussing the rationale for applying that interest rate to Dr. Goldberg's claimed portion of the Platinum Note; and (iii) documents sufficient to show Navidea's accounting for Dr. Goldberg's claimed portion of the debt in the books and records of Navidea.

7.      By August 21, 2020, Navidea and Macrophage shall produce documents and communications, to the extent they have not already been produced, relating to and leading up to Navidea's decision to terminate the Sublicense Agreement.

8.      By August 21, 2020, Navidea and Macrophage shall provide the following information to Dr. Goldberg: whether within ninety (90) days following the termination of the Sublicense Agreement on March 1, 2019:

a)      Navidea filed patent applications, if any, incorporating the intellectual property licensed under the Sublicense Agreement or for which persons associated with Macrophage are the inventors and the filing dates of the first three (3) applications within the time period detailed above;

b)      Navidea entered into new research agreements, if any, incorporating Macrophage's intellectual property or the intellectual property licensed under the Sublicense and the names of the parties to such agreements;

c)      Navidea entered into new joint venture agreements, if any, incorporating Macrophage's intellectual property or the intellectual property licensed under the Sublicense Agreement and the names of the parties to such agreements.

9.      By August 21, 2020, Navidea and Macrophage shall identify whether any research work being performed for Macrophage at New York Medical College by Align Bioscience, at the University of Pennsylvania, or at the University of Connecticut as of February 20, 2019, was terminated by Navidea or Macrophage, and, if so, the dates on which they were terminated.

10.     By August 17, 2020, Navidea and Macrophage shall identify whether any minutes of the board of director meetings for the period January 1, 2018, to April 1, 2019, were withheld. To the extent that documents and communications were withheld on a basis other than privilege, Navidea and Macrophage shall inform Dr. Goldberg of the basis for withholding by August 17, 2020.  If Dr. Goldberg objects to Navidea and Macrophage's response, the parties are directed to meet and confer no later than August 18, 2020, and if unable to resolve their dispute, the parties shall promptly contact the Court to arrange a conference call.  Furthermore, Navidea was directed to produce to Dr. Goldberg minutes, resolutions and other board of directors' documents concerning the August Agreement, the potential delisting of Navidea by NYSE American and, for

the period after August 14, 2018, concerning Macrophage and Dr. Goldberg, any actual or proposed modification or termination of the Sublicense Agreement and therapeutics. The Court instructed Navidea and Macrophage that to the extent board minutes contained materials otherwise responsive to the other categories dealt with herein, they are to be produced, but that Navidea and Macrophage may redact non-responsive or privileged portions of such minutes.

11.     The Court instructed Navidea and Macrophage that to the extent there were discussions regarding a plan to remove Dr. Goldberg from Navidea and/or Macrophage, terminate the Sublicense Agreement and for Navidea to commence work in therapeutics, including but not limited to minutes or resolutions of the boards of directors, Navidea and Macrophage are to produce those documents.

12.     To the extent that Dr. Goldberg is still pursuing his request for a "business plan," Navidea and Macrophage shall identify what they believe "business plan" to mean on or before August 17, 2020. If Navidea and Macrophage object to producing a "business plan," the parties are directed to meet and confer no later than August 18, 2020, and if unable to resolve their dispute, the parties shall promptly contact the Court to arrange a conference call.

## **Deposition Schedule**

IT IS FURTHER STIPULATED AND AGREED, by and between the undersigned counsel for the parties, that:

1.     By August 17, 2020, the parties shall meet and confer to determine a protocol for conducting depositions in this matter as to whether the depositions will be conducted in-person or by remote means. To the extent that the parties cannot agree, the parties shall promptly contact the Court to arrange a conference call.

2.      The Court advises the parties that to the extent that any participant in a deposition is uncomfortable with appearing in-person, the Court is unlikely to compel such attendance except in extraordinary circumstances.

3.      The parties have tentatively scheduled depositions for the following dates, which are to be completed on or before September 17, 2020.  To the extent that any date is left blank, the parties shall agree on dates no later than August 17, 2020.

      a.   William Mower shall appear for a deposition on September 3, 2020.

      b.   Dr. Mark Greene shall appear for a deposition on August/September __, 2020.

      c.   Michael Rice shall appear for a deposition on August/September __, 2020.

      d.   Dr. Michael M. Goldberg shall appear for a deposition on September 16, 2020.

      e.   Jed Latkin shall appear for a deposition on August/September __, 2020.

      f.   Joel Kaufman shall appear for a deposition on August/September __, 2020.

      g.   Claudine Bruck shall appear for a deposition on September 11, 2020.

      h.   Any non-party fact depositions shall be scheduled to occur on or before September 17, 2020.

4.      In the event that the deposition schedule requires modification, the parties are permitted to modify the deposition dates contained in this stipulation without the Court's consent provided that the depositions of the parties and non-party fact witnesses occur no later than September 17, 2020.  In the event that a dispute arises, or the parties are unable to agree on any rescheduled date, the parties shall promptly contact the Court to arrange a conference call.

5.      The Court is advised that the parties have met and conferred regarding their remaining discovery disputes not covered in this So-Ordered Stipulation.  To the extent that the

parties are in a disagreement over the results of their meet and confer, the parties shall promptly

contact the Court to arrange for a conference call.

      6.      To the extent that the parties have any additional disputes in complying with or

adhering to this So-Ordered Stipulation, the parties are instructed to meet and confer and promptly

raise any such issues with the Court.

Dated: New York, New York
         August 11, 2020

_____
Barry M. Kazan
Mintz & Gold LLP
600 Third Avenue, 25th Floor
New York, New York 10016
Tel.: (212) 696-4848
Fax: (212) 696-1231
Kazan@mintzandgold.com

-and-

Karim Sabbidine
Thompson Hine LLP
335 Madison Avenue, 12th Floor
New York, New York 10017-4611
Tel.: (212) 344-5680
Fax: (212) 344-6101
Karim.Sabbidine@thompsonhine.com

-and-

Alain M. Baudry
Saul Ewing Arnstein & Lehr LLP
33 South Sixth Street, Suite 4750
Minneapolis, MN 55402
Tel.: (612) 225-2800
Alain.Baudry@Saul.com

*Attorneys for Plaintiff / Counterclaim Defendant*

Gregory Zimmer
360 Lexington Avenue, Suite 1502
New York, New York 10017
Tel.: (914) 402-5683
Fax: (914) 402-5683
GZimmer@GZimmerLegal.com

-and-

N. Ari Weisbrot
Law Office of N. Ari Weisbrot LLC
1099 Allessandrini Avenue
New Milford, New Jersey 07646
Tel.: (201) 788-6146
aweisbrot@weisbrotlaw.com

*Attorneys for Defendant / Counterclaim Plaintiff /*
*Third-Party Plaintiff*
*Michael M. Goldberg M.D.*

*Navidea Biopharmaceuticals, Inc. and*
*Third-Party Defendant*
*Macrophage Therapeutics, Inc.*

SO ORDERED:

Date: _____         _____

                                MAGISTRATE JUDGE DEBRA C. FREEMAN