USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__8/24/2020__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X
                                                     :
IN RE: NAVIDEA BIOPHARMACEUTICALS         :
LITIGATION                                           :
                                                     :
-------------------------------------------------------------X

19-CV-1578 (VEC)

OPINION AND ORDER

VALERIE CAPRONI, United States District Judge:

Plaintiff Navidea Biopharmaceuticals, Inc. ("Navidea") sued Michael Goldberg

("Goldberg") for breach of contract, breach of the covenant of good faith and fair dealing, breach

of fiduciary duty, and for a declaratory judgment establishing the contractual rights and

obligations of the parties. *See* Am. Compl., Dkt. 15. Goldberg asserted counterclaims against

Navidea and third-party claims against Macrophage Therapeutics, Inc. ("Macrophage"), a

subsidiary of Navidea. Dkt. 31. Goldberg also moved to dismiss Plaintiff's breach of fiduciary

duty claim and sought advancement of attorneys' fees in connection with defending against that

claim. Dkt. 32. On December 26, 2019, the Undersigned granted Goldberg's motion to dismiss

the breach of fiduciary duty claim and determined that he was entitled to attorneys' fees with

respect to the defense of that claim. Dkt. 61. The Court directed the parties to meet and confer

regarding an appropriate amount of attorneys' fees; on February 20, 2020, Goldberg informed

the Court that the parties were unable to reach an agreement on an amount. Dkt. 78. Goldberg

also filed a separate motion for advancement of attorneys' fees incurred in defending against

Navidea's remaining claims in the instant case as well as against Macrophage's claims in an

entirely separate action pending in the Delaware Chancery Court, *Macrophage Therapeutics,*

*Inc. v. Goldberg*, C.A. No. 2019-0137-JRS. *See* Dkt. 64.

On February 20, 2020, the Undersigned referred two matters to Magistrate Judge
Freeman for a report and recommendation: (i) the amount of fees that should be awarded to
Goldberg in connection with his defense of the breach of fiduciary duty claim; and (ii) the
motion for the advancement of attorneys' fees incurred in defending against Navidea's claims
pending in this court and Macrophage's claims pending in Delaware.   Dkt. 80.  On July 9, 2020,
Magistrate Judge Freeman issued a Report and Recommendation ("R&R") recommending that:
(i) the Court decline to exercise ancillary jurisdiction over Goldberg's application for
advancement of attorneys' fees in connection with his defense of the Delaware Action; (ii) the
Court find that Goldberg is entitled to indemnification for attorneys' fees reasonably incurred in
defending the breach of fiduciary duty claim; (iii) the Court find that Goldberg is entitled to
advancement of attorneys' fees reasonably incurred to date in defending against Navidea's
remaining claims in this action; (iv) the Court decline to award Goldberg any specific amount of
fees until he makes properly supported fee applications to support his requests for
indemnification and advancement; and (v) the Court adopt a protocol by which the parties will
handle the advancement of fees going forward.  *See* R&R, Dkt. 119.  On July 23, 2020, the
parties submitted objections to the R&R.  Dkts. 122, 124.  For the following reasons, the Court
ADOPTS the R&R in full.

## DISCUSSION

In reviewing a report and recommendation, a district court "may accept, reject, or
modify, in whole or in part, the findings or recommendations made by the magistrate judge."
28 U.S.C. § 636(b)(1)(C).  To accept those portions of the report to which no timely objection
has been made, "a district court need only satisfy itself that there is no clear error on the face of

the record." *King v. Greiner*, No. 02-CV-5810, 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009) (citation omitted); *see also Wilds v. United Parcel Serv. Inc.,* 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).  When specific objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).  Objections, however, "may not be 'conclusory or general,' and parties may not simply regurgitate the original briefs to the magistrate judge."  *Hernandez v. City of New York*, No. 11-CV-6644, 2015 WL 321830, at *2 (S.D.N.Y. Jan. 23, 2015) (internal citation omitted).  To the extent that "the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the [R&R] strictly for clear error."  *IndyMac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, No. 07-CV-6865, 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008); *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition.") (internal quotations omitted).

### A. The Court Will Not Exercise Ancillary Jurisdiction Over Goldberg's Application for Advancement of Legal Fees Incurred in the Delaware Action

It is within this Court's discretion whether to exercise ancillary jurisdiction over collateral matters, including fee disputes.  *See Tancredi v. Metro. Life Ins. Co.,* 378 F.3d 220, 225 (2d Cir. 2004); *Chesley v. Union Carbide Corp.,* 927 F.2d 60, 66 (2d Cir. 1991).  In determining whether to exercise ancillary jurisdiction over Goldberg's application for advancement of attorneys' fees incurred in defending against Macrophage's claims in the Delaware Action, the Court considers: (i) whether the dispute is "sufficiently related" to the

instant action such that the Court *may* exercise ancillary jurisdiction; and (ii) whether "judicial economy, convenience and fairness to litigants" suggest that the Court *should*, in its discretion, choose to exercise ancillary jurisdiction. *Chelsey,* 927 F.2d at 64, 66; *Asensio v. Difiore,* No. 18-CV-10933, 2019 WL 2917989, at *1-2 (S.D.N.Y. July 8, 2019); *Maliarakis v. New York City Dep't of Educ.,* No. 14-CV-6088, 2019 WL 2269857, at *1-2 (S.D.N.Y. May 28, 2019).

The Court agrees with Magistrate Judge Freeman's recommendation and declines to exercise ancillary jurisdiction. At the outset, the Court is not convinced that the two actions are "sufficiently related" so that the Court may exercise jurisdiction. Not only is Navidea not a party to the Delaware Action,[1] but the two cases present different types of claims stemming from different conduct. In this case, Navidea asserts contract-related claims against Goldberg stemming from the alleged breach of the August Agreement, whereas in the Delaware action, Macrophage asserts conversion and breach of fiduciary duty claims against Goldberg based on Goldberg's purportedly unilateral transfer of Macrophage's intellectual property rights to a new corporation. *See* Dkt. 82-1. In other words, contrary to Goldberg's contention, the claims asserted against him in the Delaware Action are not "identical to those that this Court" has already reviewed. *See* Goldberg Obj., Dkt. 124 at 7.

Even if the two actions were "sufficiently related" for this Court to exercise ancillary jurisdiction, doing so would serve neither judicial economy nor the interests of convenience. The Court is entirely unfamiliar with the procedural history and posture of the Delaware Action as well as the nature, extent, and quality of the work performed by Goldberg's counsel in that

---

[1] Goldberg seems to suggest that, because Navidea is not a party to the Delaware action, he cannot raise the issue of Navidea's purported advancement obligations in that case. Goldberg Obj., Dkt. 124 at 7-8. The Court disagrees. Goldberg offers no explanation why he cannot assert a third-party claim against Navidea in that action in order to assert an advancement or indemnification claim.

case.[2]  That being the case, the Court is not in a position to evaluate counsel's billing records or

to determine a reasonable amount of fees incurred in defending that action, particularly in the

context of the Delaware legal market.  In sum, exercising ancillary jurisdiction over Goldberg's

application for the advancement of attorneys' fees incurred in the Delaware action would

significantly burden this Court.

      In short, even if the Court could exercise ancillary jurisdiction over this claim, the Court

agrees with the Magistrate Judge that it should not do so.

### B.  Goldberg is Entitled to Indemnification for Attorneys' Fees Reasonably Incurred in Defending Against the Breach of Fiduciary Duty Claim

      The Court agrees with Magistrate Judge Freeman that Goldberg is entitled to

indemnification for attorneys' fees and costs he actually and reasonably incurred in connection

with his successful defense of the breach of fiduciary duty claim.  *See* R&R at 30-31.  Navidea

does not object to the Court making this finding.  *See* Navidea Obj., Dkt. 122 at 8 n.2.

Nevertheless, the Court will not award Goldberg any fees or costs at this time.  The Court will

give him one (and only one) more opportunity to make a properly supported fee application.  If

he fails to do so, the Court will likely deem his motion for indemnification to have been

withdrawn with prejudice.

      In assessing requests for attorneys' fees, courts routinely use the "lodestar method" to

calculate a "presumptively reasonable fee."  *Millea v. Metro-N. R. Co*., 658 F.3d 154, 166 (2d

---

[2]     Goldberg's suggestion that the Court's determination of the advancement motion would merely require the Undersigned to "review the face of the Delaware action complaint," *see* Goldberg Obj. at 6, is entirely incorrect and entirely consistent with his cavalier view of the Court's responsibility when acting on fee shifting applications.  *See* notes 5-6 and accompanying text, *infra*.  There are over 200 docket entries in the Delaware Action, including substantial motion practice.  *See* Kazan Decl., Dkt. 128, Ex. C.  It is simply not efficient for this Court to become sufficiently familiar with the litigation in that action to be able to fairly determine the amount of reasonable fees.

Cir. 2011) (citation omitted). The lodestar is "the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Id.* The party seeking attorneys' fees bears the burden of demonstrating that his requested fees are reasonable. *See Blum v. Stenson*, 465 U.S. 886, 897-98 (1984). To meet this burden, the party must provide the Court with contemporaneous time records that "specify, for each attorney, the date, the hours expended, and the nature of the work done." *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983).

Here, Goldberg has twice been ordered to provide his attorneys' time records and to explain specifically which of the entries relate to the defense of the breach of fiduciary duty claim and which relate either to the defense of Navidea's other claims or to the litigation of Goldberg's own counterclaims and third-party claims.[3] Although Goldberg has finally produced copies of his attorneys' billing records, he provided no explanation of which time entries relate to the defense of which claims.[4] *See* Dkt. 117. Without this information, the Court is entirely unable to assess the reasonableness of Goldberg's requested attorneys' fees.[5] Goldberg's

---

[3] On March 10, 2020, during a telephone conference with counsel, Magistrate Judge Freeman directed Goldberg to submit documentation that would allow her to ascertain the amount of fees that should be advanced with respect to the breach of fiduciary duty claim. *See* R&R at 16. Rather than complying with the Magistrate Judge's order and submitting his attorneys' time records, Goldberg submitted declarations from two of his attorneys that merely *estimated* the amount each had spent working on the breach of fiduciary duty claim. *Id.* at 16-18*;* Dkt. 107, Exs. 1-3. After a second teleconference with the parties on June 4, 2020, Judge Freeman ordered Goldberg to file "without delay" his attorneys' time records and to provide an explanation as to which time entries specifically related to the defense of the breach of fiduciary duty claim. Dkt. 116. Nearly three weeks later, Goldberg submitted his attorneys' billing records for all fees incurred in this action and in the Delaware action. *See* Dkt. 117. There is no excuse for Goldberg's failure to comply fully with Judge Freeman's orders. *See* R&R at 3, 16, 21-22, 41.

[4] Although certain time entries reference the "fiduciary claim," it is entirely unclear whether those entries reflect only time dedicated to the defense of the breach of fiduciary duty claim or whether those entries also encompass work done in connection with the defense of Navidea or Macrophage's other claims.

[5] The Court rejects Goldberg's contention that there is no need for the Court to assess whether the fees incurred in defending the breach of fiduciary duty claim were "reasonable." *See* R&R at 20. First, the Navidea bylaws expressly state that Goldberg "shall be indemnified against expenses (including attorneys' fees) actually and *reasonably* incurred by him." Dkt. 66, Ex. B. ("Navidea Bylaws"), Art. V, § 1(b) (emphasis added). Even if the

suggestion that the Court simply direct Navidea to pay him "an initial amount representing some percentage of the amount reflected on [the billing] records," R&R at 24-25, is not only contrary to the lodestar method, but directly and inexcusably contravenes Magistrate Judge Freeman's instructions to provide billing records specifically detailing the time spent defending the fiduciary duty claim.[6]  *See Millea*, 658 F.3d at 166 (explaining that the lodestar's "presumptive reasonability means that, absent extraordinary circumstances, failing to calculate it as a starting point is legal error.").

No later than **September 30, 2020**, Goldberg is ordered to make a properly supported fee application in support of his indemnification claim.  Goldberg must submit copies of his attorneys' billing records that specifically detail the time each attorney spent defending the breach of fiduciary duty claim and explaining the nature of the work done.  The Court warns Goldberg that failure to comply with this order will likely result in the Court finding that Goldberg has withdrawn with prejudice his request for indemnification as a sanction for his failure to comply with this and previous court orders.  *See Rice v. NBCUniversal Media LLC*,

---

Bylaws did not limit him to indemnification for reasonable fees, courts routinely perform a reasonableness analysis of requested fees, even when the applicable contract provides for reimbursement of "all" or "actual" attorneys' fees. *See, e.g., Weiwei Gao v. Sidhu*, No. 11-CV-2711, 2013 WL 2896995, at *5 (S.D.N.Y. June 13, 2013); *Union Cent. Life Ins. Co. v. Berger*, No. 10-CV-8408, 2013 WL 6571079, at *2 (S.D.N.Y. Dec. 13, 2013); *Sidley Holding Corp. v. Ruderman*, No. 08-CV-2513, 2009 WL 6047187, at *16 (S.D.N.Y. Dec. 30, 2009) (citing *Bobrow Palumbo Sales, Inc. v. Broan-Nutone, LLC*, 549 F. Supp. 2d 274, 278 (E.D.N.Y. 2008) (collecting cases)), *report and recommendation adopted*, 2010 WL 963416 (S.D.N.Y. Mar. 15, 2010).

[6]     Goldberg's "proposal" that the Court should refrain from ordering any specific award until it determines the scope of his advancement and indemnification rights misses the mark.  *See* R&R at 24.  Although the Court does find that Goldberg is entitled to advancement of attorneys' fees incurred in defending against Navidea's remaining claims, the Court must still assess the reasonableness of those requested fees (fees that Goldberg could ultimately be required to repay) separate and apart from the reasonableness of the attorneys' fees incurred in defending the breach fiduciary duty claim (for which Goldberg is entitled to be indemnified).  Moreover, because the Court finds that Goldberg is *not* entitled to advancement of the fees incurred in connection with prosecuting his own third-party claims, the Court must ensure that none of those fees is included in the amount Navidea is required to advance.   To the extent Goldberg's attorneys have not maintained appropriate records to permit the Court to comply with its responsibilities, their failure to do so will redound to the detriment of their client, not Navidea.

No. 19-CV-447, 2019 WL 3000808, at *3 (S.D.N.Y. July 10, 2019) (district court may impose sanctions under Federal Rule of Civil Procedure 16(f) when there is "clear and convincing evidence that counsel disregarded a clear and unambiguous … pretrial order."); 6A Charles Alan Wright et al., Federal Practice and Procedure § 1531 (3d ed. 2010) ("the fact that a pretrial order was violated is sufficient to allow some sanction.").  If Goldberg finds the process of submitting a properly supported fee application to be too onerous, the parties are free to meet and confer to reach an agreement on an appropriate amount of attorneys' fees or Goldberg can abandon his request for indemnification.

### C. Goldberg is Entitled to Advancement of the Attorneys' Fees and Costs Reasonably Incurred in Defending Against Plaintiff's Remaining Claims

The Court agrees that Goldberg is entitled to advancement of attorneys' fees and costs incurred to date in defending against Navidea's remaining claims, provided that Goldberg tenders the necessary undertaking to repay the advancement if it is ultimately determined that he is not entitled to indemnification under the Navidea bylaws.  *See* Navidea Bylaws, Dkt. 66 Ex. B, Art. V, § 3; R&R at 31-38.  The undertaking does not need to be secured; nothing in the advancement provision requires that the undertaking be secured, and there is no reason to believe that Goldberg will be unable to repay Navidea if he is ultimately found not to be entitled to indemnification.  *See id.*; R&R at 37-38.

The advancement provision of the Navidea Bylaws states that:

> expenses (including attorneys' fees) incurred by an officer or director in defending any civil . . . action, suit or proceeding shall be paid by the corporation in advance of the final disposition of such action, suit or proceeding upon receipt of an undertaking by or on behalf of such director or officer to repay such amount if it shall ultimately be determined that he is not entitled to be indemnified by the corporation as authorized in this Article V.

Navidea Bylaws, Art. V. § 3.  The advancement provision does not explicitly state that a former

Navidea officer or director, such as Goldberg, must have been serving in that role at the time of

the events that gave rise to the suit for which advancement is sought.  In the context of this case,

the advancement provision does not expressly require Goldberg to have been serving as an

officer of Navidea when he allegedly breached the August Agreement in order to be entitled to

advancement.[7]  The advancement provision does, however, require that any advancement must

be repaid if it is later determined that Goldberg is not entitled to indemnification; accordingly,

the Court considers whether Goldberg might be entitled to indemnification such that he is

entitled to advancement.

As applicable to this case, the Navidea Bylaws provide that Goldberg will be entitled to

indemnification if Navidea is seeking to "procure a judgment in [Navidea's] favor by reason of

the fact that [Goldberg] is or was a director, officer, employee, or agent of the corporation, or is

or was serving at the request of [Navidea] as a director or officer, employee or agent of another

corporation . . ."  Navidea Bylaws, Art. V. § 1(b).  Navidea argues that its contract-related claims

against Goldberg do not arise "by reason of the fact" that Goldberg was formerly an officer and

director of Navidea but, rather, stem from actions taken by Goldberg in his individual capacity.

*See* Navidea Obj. at 10-13.  Even assuming that is true, the Court agrees with Judge Freeman that

Navidea's claims could be read to arise, at least in part, "by reason of the fact" that Goldberg was

---

[7]     Navidea argues that Magistrate Judge Freeman referenced Article V, Section 7 of the Navidea bylaws but
did not cite the relevant language that states that Goldberg's rights are limited to "obligations then existing with
respect to any state of facts then or theretofore existing . . .  based in whole or in part upon such state of facts."
Navidea Obj., Dkt. 122 at 11.  Navidea takes this quotation out of context; that portion of Section 7 is in the context
of "any repeal or modification" of the bylaws.  Article V, Section 7 expressly states that Article V "shall, unless
otherwise provided when authorized or ratified, continue as to a person who has ceased to be a director, officer,
employee or agent . . . "  *See* R&R at 9; Dkt. 66, Ex. B.

serving as an agent of Macrophage at Navidea's request.  *See* R&R at 36-37.   It is clear from the complaint that the parties "anticipated that Goldberg would remain engaged in Navidea's subsidiary Macrophage."  Am. Compl. ¶ 44; *id.* ¶ 45 ("Goldberg agreed to focus his energy full time on creating value at Macorphage").[8]  Although the parties dispute whether Goldberg continued to work for Macrophage "at Navidea's request," *compare* Navidea Mem. of Law, Dkt. 81 at 19-20 *with* Goldberg Mem. of Law, Dkt. 93 at 6-7, the Court need not decide that issue at this point; for purposes of Goldberg's motion for advancement of attorneys' fees, it is sufficient that Goldberg *may* be able to prevail on that argument.[9]  *See* R&R at 36-37.

Nevertheless, for the reasons explained *supra*, the Court will not award Goldberg advancement of any attorneys' fees incurred to date absent a properly supported fee application. Despite Goldberg's nonsensical suggestion that there is no need for this Court to assess whether the fees incurred in defending this action have been "reasonable" before ordering advancement, *see* R&R at 19-21 39-40, courts in this district consistently examine the reasonableness of any proposed advancement of attorneys' fees, *even in* the absence of an express requirement that the

---

[8]      Navidea's argument that Goldberg is not entitled to advancement because "his involvement with Macrophage pre-dated the August Agreement," *see* Navidea Obj. at 18, is irrelevant.  The amended complaint makes clear that the parties intended Goldberg to continue his involvement at Macrophage.  The question for purposes of advancement is whether his continued involvement was "at the request" of Navidea.

[9]      Navidea's amended complaint alleges, *inter alia,* that: (i) "Goldberg agreed to focus his energy full time on creating value at Macrophage"; (ii) that Goldberg "refused to engage in activities necessary for the success of Macrophage because he views resolution of his demands for his additional compensation under the August Agreement as a precondition to undertaking such actions"; and (iii) that "when entering into the August Agreement, it was the intention of the parties that Goldberg would immediately start taking actions to advance the business of Macrophage."  Am. Compl. ¶¶ 45-46, 106.  Based on these allegations, it is at least plausible that the claims asserted by Navidea are "by reason of the fact" that, at the time of the events in question, Goldberg was acting as an agent of Macrophage at Navidea's request and subsequently abused his authority in that role by failing to act in Navidea's interests.

        To be clear, this opinion should be read only to find that Goldberg is entitled to advancement of attorneys' fees incurred to date, subject to the proper undertaking and a properly supported fee application.  This opinion does not hold that Goldberg is or ultimately will be entitled to indemnification for the attorneys' fees incurred in defending Navidea's remaining claims.

advanced fees or costs be reasonable.  *See, e.g., Empire Merchants, LLC v. Merinoff,* No. 16-CV-9590, 2018 WL 4062674, at *3 (S.D.N.Y. Aug. 27, 2018) (considering reasonableness of fees to be advanced); *Suk Joon Ryu v. Hope Bancrop, Inc.,* No. 18-CV-1236, 2018 WL 4278353, at *8 (S.D.N.Y. Aug. 29, 2018) (evaluating reasonableness of advancement of fees incurred to date), *report and recommendation adopted,* 2018 WL 4759774 at *8 (S.D.N.Y. Sept. 28, 2018). Because the billing records submitted by Goldberg fail to detail the amount of time spent defending each remaining claim (as opposed to the time spent defending the breach of fiduciary duty claim, defending the claims in the Delaware Action, and prosecuting Goldberg's own counterclaims and third-party claims), the Court is unable to assess the reasonableness of any attorneys' fees and costs incurred to date.

No later than **September 30, 2020**, Goldberg is directed to make a properly supported fee application in support of his claim for advancement.  Goldberg must submit copies of his attorneys' billing records specifically detailing the amount of time spent defending against each of Navidea's remaining claims in this case to date.[10]  As with the fees associated with the breach

---

[10]     The R&R notes that in telephone conferences with Judge Freeman, Goldberg conceded that he was not entitled to advancement of fees incurred in prosecuting his counterclaims and third-party claims.  R&R at 41 n.6. Nevertheless, in a subsequent written submission to Judge Freeman, Goldberg suggested that prosecuting his counterclaims would fall within the scope of Navidea' advancement provision.  *Id.*  In his objections to the R&R, despite acknowledging that this issue "was not specifically addressed by the parties in their initial briefing," Goldberg invokes *Citadel Holdings Corp. v. Roven,* 603 A.2d 818 (Del. 1992), to argue that he is entitled to advancement of attorneys' fees in connection with his counterclaims and third-party claims.  Goldberg Obj. at 2 n.1, 4.

In *Citadel*, the Delaware Supreme Court held that a contractual advancement provision for defense costs should be construed to include the defendant's cost of pursing compulsory counterclaims that arose out of the same transaction underlying plaintiff's claims and were "advanced to defeat, or offset" those claims.  603 A.2d at 824. Because the issue of whether Goldberg is entitled to advancement of fees incurred in prosecuting his counterclaims was not properly argued before Magistrate Judge Freeman, the Court will refrain from ruling on that issue.  *See Robinson v. Keane,* No. 92-CV-6090, 1999 WL 459811 at *4 (S.D.N.Y. June 29, 1999) ("These issues were not raised before the Magistrate Judge and therefore were not addressed by [her]; accordingly, they may not properly be deemed 'objections' to any finding or recommendation made").  Goldberg may further address that issue in his motion for advancement of attorneys' fees, focusing specifically on whether his counterclaims constitute compulsory counterclaims "advanced to defeat, or offset" Navidea's claims, as contemplated by the court in *Citadel*

of fiduciary duty claim, failure to comply with this Order will likely result in the Court determining that Goldberg has withdrawn his motion for advancement of fees with prejudice as a sanction for failure to comply with court orders.

### D.   The Court Adopts the Proposed Protocol for the Advancement of Fees

The Court adopts Magistrate Judge Freeman's proposed protocol regarding the future advancement of attorneys' fees and adds one additional requirement; the parties must meet-and-confer for *at least one hour* regarding any disputed amounts for the relevant period.  The Court disagrees with Goldberg's argument that Judge Freeman's proposed protocol will "cause unfair delay" and "incentivize[] Navidea to raise improper objections."  Goldberg Obj. at 8-9.  It is Goldberg himself who has caused significant delay by failing to comply with Judge Freeman's orders regarding production of his attorneys' billing records.  *See* R&R at 3, 16, 21-22, 41.  Moreover, Goldberg's suggestion that he be "permitted to make applications to the Court monthly," Goldberg Obj. at 9, would only cause additional delay and needless expense.  Finally, Goldberg's proposed modifications that: (i) he be allowed to remove any undisputed amount "from any escrowed funds resulting from provision 2, with any balance owed to be paid immediately"; and (ii) Navidea be required to pay Goldberg "interest at the statutory rate on any and all amounts awarded to [him] as a result of his having to make an application to the Court

---

and subsequent case law.  Should Goldberg choose to seek advancement of attorneys' fees incurred in connection with his counterclaims, Goldberg's billing records must specify which time entries correspond to time spent prosecuting *each* counterclaim.

Goldberg cites no authority for the proposition that he is entitled to advancement of attorneys' fees incurred in prosecuting his third-party claims against Macrophage; *Citadel* did not involve third-party claims.  Moreover, Goldberg's conclusory statement that his "third-party claims against Macrophage [were] necessary to defend against and offset Navidea's claims," Goldberg Obj. at 5, is wholly unsupported.  As such, Goldberg is not entitled to advancement of attorneys' fees incurred in connection with those claims.  *See Sun-Times Media Grp., Inc. v. Black,* 954 A.2d 380, 407 (Del. Ch. 2008) (noting that permissive counterclaims and third-party claims are "offensive as opposed to defensive actions.").

12

after the meet and confer process is completed," *see id.,* are unwarranted and unnecessary. Navidea is already required to advance fees once a month and Goldberg provides no authority for the proposition that he is entitled to statutory interest.

## CONCLUSION

For the foregoing reasons, the Court adopts Magistrate Judge Freeman's R&R in its entirety. Defendant's various applications for advancement or indemnification of attorneys' fees and expenses, *see* Dkts. 64, 107, 117, are granted in part and denied in part. As noted *supra*, no later than **September 30, 2020**, Defendant is directed to make properly supported fee applications to support his requests for indemnification and advancement. These fee applications are referred to Magistrate Judge Freeman for a report and recommendation consistent with the referral order at docket entry 80.

The Clerk of Court is respectfully directed to terminate the motion at docket entry 64.

**SO ORDERED.**

Date:  **August 24, 2020**                    **VALERIE CAPRONI**
          **New York, NY**                         **United States District Judge**

13