**MINTZ & GOLD LLP**
ATTORNEYS AT LAW

600 THIRD AVENUE
25TH FLOOR
NEW YORK, NEW YORK 10016

TELEPHONE (212) 696-4848
FACSIMILE (212) 696-1231

www.mintzandgold.com

August 28, 2020

*Via ECF*

Honorable Debra Freeman, U.S. Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 17A
New York, New York 10007

RE:  *In re Navidea Biopharmaceuticals Litigation, Case No. 19-cv-01578–VEC*

Dear Judge Freeman:

      We represent Plaintiff Navidea Biopharmaceuticals, Inc. ("Navidea") and Third-Party Defendant Macrophage Therapeutics, Inc. ("Macrophage") in the above-referenced matter. Pursuant to the So-Ordered Stipulation dated August 14, 2020, we submit this letter jointly with Defendant/Third-Party Plaintiff Dr. Michael M. Goldberg ("Dr. Goldberg") to inform the Court as to the status of discovery in this matter.

      As Your Honor is aware, per the So-Ordered Stipulation, the parties were meant to, *inter alia* (1) comply with several discovery requests and (2) meet and confer regarding (a) objections to either party's discovery responses, (b) deposition dates, and (c) a remote-deposition protocol. Regarding the discovery requests, on August 24 and 27, 2020, in response to Dr. Goldberg's discovery requests agreed to in the So-Ordered Stipulation, Navidea and Macrophage produced an additional 116 documents equating to 970 pages. Regarding Navidea and Macrophage's discovery requests agreed to in the So-Ordered Stipulation, as directed by the Court, Dr. Goldberg has informed Navidea and Macrophage that no additional responsive documents exist. The parties have had some communications with one another and have substantially complied with the various deadlines agreed to in the So-Ordered Stipulation. As such, the parties have complied with the So-Ordered Stipulation to the following extent:

    1.    On August 14, 2020, by agreement of the parties to extend the deadline set forth in Paragraph 1 of the So-Ordered Stipulation, Dr. Goldberg informed Navidea and Macrophage that he believes no documents exist: (a) evidencing any sale of his intellectual property to an entity controlled by his children or (b) related to any licensing arrangement between Macrophage and any such entity as referenced in



Honorable Debra Freeman
August 28, 2020
Page 2

      the draft November 21, 2018 Board of Director Meeting Minutes for Macrophage (the "Nov. 21, 2018 Minutes"). Furthermore, Dr. Goldberg stated that he does not have possession of the "detailed report on VC backed and early start-up companies" referenced in the Nov. 21, 2018 Minutes.

2. On August 17, 2020, in compliance with Paragraph 2 of the So-Ordered Stipulation, Dr. Goldberg informed Navidea and Macrophage as to what he believes is a document that would comprise Navidea's "business plan."

3. On August 24, 2020, by agreement of the parties to extend the deadline set forth in Paragraph 3 of the So-Ordered Stipulation, Navidea and Macrophage produced to Dr. Goldberg documents and communications located within Karen Canterbury's e-mails concerning the Proprietary Information Agreement executed by Dr. Goldberg.

4. On August 17, 2020, in compliance with Paragraph 4 of the So-Ordered Stipulation, Navidea and Macrophage informed Dr. Goldberg that, other than attorney work-product and privileged documents, documents and communications relating to drafts and/or negotiations of the August Agreement were not withheld.

5. On August 24 and 27, 2020, by agreement of the parties to extend the deadline set forth in Paragraph 5 of the So-Ordered Stipulation, Navidea and Macrophage produced to Dr. Goldberg, to the extent they had not already been produced, communications with the NYSE regarding the potential delisting of Navidea by NYSE American, for the period of June 1, 2018, through December 31, 2018.

6. On August 24, 2020, by agreement of the parties to extend the deadline set forth in Paragraph 6 of the So-Ordered Stipulation, Navidea and Macrophage produced to Dr. Goldberg: (i) the settlement agreement which Navidea represents modified the interest rate applicable to the debt owed to Platinum Partners by Navidea; (ii) accounting notes or memoranda discussing the rationale for applying that interest rate to Dr. Goldberg's claimed portion of the Platinum Note; and (iii) documents sufficient to show Navidea's accounting for Dr. Goldberg's claimed portion of the debt in the books and records of Navidea.

7. On August 24, 2020, by agreement of the parties to extend the deadline set forth in Paragraph 7 of the So-Ordered Stipulation, Navidea and Macrophage produced to Dr. Goldberg, to the extent they had not already been produced, documents and communications relating to and leading up to Navidea's decision to terminate the Sublicense Agreement.



Honorable Debra Freeman
August 28, 2020
Page 3

8. On August 24, 2020, by agreement of the parties to extend the deadline set forth in Paragraph 8 of the So-Ordered Stipulation, Navidea and Macrophage provided Dr. Goldberg with the requested information related to: (a) patent applications; (b) new research agreements; and (c) new joint venture agreements.

9. On August 24, 2020, by agreement of the parties to extend the deadline set forth in Paragraph 9 of the So-Ordered Stipulation, Navidea and Macrophage provided Dr. Goldberg with the requested information related to the termination of any research work being performed for Macrophage at (i) the New York Medical College by Align Bioscience, (ii) the University of Pennsylvania, and (iii) the University of Connecticut.

10. On August 24, 2020, by agreement of the parties to extend the deadline set forth in Paragraph 10 of the So-Ordered Stipulation, Navidea and Macrophage produced to Dr. Goldberg, to the extent they are relevant, any remaining minutes for the board of director meetings.

11. On August 24, 2020, in compliance with Paragraph 11 of the So-Ordered Stipulation, Navidea and Macrophage informed Dr. Goldberg that no additional documents would be produced in response to his specific request as there was no plan "to remove Dr. Goldberg from Navidea and/or Macrophage, terminate the Sublicense Agreement and for Navidea to commence work in therapeutics."

12. On August 17, 2020, in compliance with Paragraph 12 of the So-Ordered Stipulation, Navidea and Macrophage identified to Dr. Goldberg a document they believe to be a "business plan."

Moreover, on August 6, 2020, the parties conducted a teleconference before Your Honor, during which Your Honor instructed Dr. Goldberg's counsel, by end-of-day on August 6, 2020, to release the requested text-messages detailed in the two excel files sent to Dr. Goldberg on January 31, 2020. By agreement of the parties, Dr. Goldberg will produce those text-messages by August 31, 2020.

With respect to any objections Dr. Goldberg may have to Navidea and Macrophage's discovery responses, Navidea and Macrophage completed its production yesterday, August 27, 2020. To the extent Dr. Goldberg has concerns regarding Navidea and Macrophage's supplemental production, the parties will meet and confer by Monday, August 31, 2020. To the extent that Navidea and Macrophage have concerns regarding Dr. Goldberg's representations regarding no additional responsive documents, the parties will meet and confer by Monday, August 31, 2020.



Honorable Debra Freeman
August 28, 2020
Page 4

The parties tentatively have agreed that all depositions will be conducted remotely. With respect to the remote-deposition protocol, counsel for Navidea and Macrophage have drafted a protocol and submitted it to Dr. Goldberg's counsel for review. If the parties are unable to agree to a specific protocol, they will contact the Court as soon as practicable.

With respect to deposition dates, the parties have agreed to the following depositions dates (some of which were contained in the So-Ordered Stipulation):

    i.    William Mower shall appear for a deposition on September 3, 2020;
    ii.    Jed Latkin shall appear for a deposition on September 8, 2020;
    iii.    Joel Kaufman shall appear for a deposition on September 9, 2020;
    iv.    Dr. Claudine Bruck shall appear for a deposition on September 11, 2020;
    v.    Michael Rice shall appear for a deposition on September 14, 2020;
    vi.    Dr. Goldberg shall appear for a deposition on September 16, 2020;
    vii.    Dr. Mark Greene shall appear for a deposition on September 17, 2020;

As permitted by the So-Ordered Stipulation, the parties reserve their right to agree to changes to the deposition schedule provided that the depositions of the parties and non-party fact witnesses occur no later than September 17, 2020.

With respect to Alec Goldberg, although Navidea and Macrophage had properly served Mr. Goldberg, they had received no response from him. Consequently, counsel for Navidea and Macrophage endeavored to communicate with Mr. Goldberg through other means and successfully connected with him through LinkedIn. Mr. Goldberg has refused to confirm that he will appear for a deposition. As such, Navidea and Macrophage intend to file an application to hold Mr. Goldberg in contempt and respectfully seeks the Court's guidance on how to specifically present that issue in light of the fact that Mr. Goldberg has not appeared and has not further responded to counsel for Navidea and Macrophage.

With respect to Dr. Nai Fong Wang, counsel for Navidea and Macrophage has reached out to Dr. Wang and informed him of the discovery deadline and requested that he appear for a deposition. Dr. Wang has asked that Navidea and Macrophage contact him in September. At this time, we do not have reason to believe Dr. Wang will not appear for a deposition

As provided in the So-Ordered Stipulation, the parties will update the Court in 14 days.

MINTZ & GOLD LLP
ATTORNEYS AT LAW

Honorable Debra Freeman
August 28, 2020
Page 5

Respectfully submitted,

*/s/ Barry M. Kazan*

Barry M. Kazan

cc: Alain Baudry, Esq. (via ECF)
    Karim Sabbidine, Esq. (via ECF)
    Gregory Zimmer, Esq. (via ECF)