# MINTZ & GOLD LLP
### ATTORNEYS AT LAW

600 THIRD AVENUE
25TH FLOOR
NEW YORK, NEW YORK 10016

TELEPHONE (212) 696-4848
FACSIMILE (212) 696-1231

www.mintzandgold.com

September 11, 2020

*Via ECF*

Honorable Debra Freeman, U.S. Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 17A
New York, New York 10007

RE:  *In re Navidea Biopharmaceuticals Litigation, Case No. 19-cv-01578–VEC*

Dear Judge Freeman:

     We represent Navidea Biopharmaceuticals, Inc. ("Navidea") and Macrophage Therapeutics, Inc. ("Macrophage") (collectively, the "Plaintiffs") in the above-referenced matter. Pursuant to Local Civil Rule 37.2, we write to request an informal conference with the Court in anticipation of filing a motion for a protective order pursuant to Federal Rules of Civil Procedure 26(c) and 30(d)(3) and related relief.

     Plaintiffs intend to move this Court for an order: (1) terminating the deposition of Jed Latkin; (2) controlling the manner and conduct of counsel for Defendant Dr. Michael M. Goldberg ("Defendant" or "Dr. Goldberg") for the remaining depositions in this matter; and (3) granting costs and sanctions against Defendant's counsel Nathaniel Weisbrot, Esq. and the Law Office of N. Ari Weisbrot LLC under Local Civil Rule 26.4, and Rule 37(a)(5). The basis for this request is that Mr. Weisbrot's conduct in conducting depositions has subjected multiple deponents to annoyance, embarrassment, and oppression. The specific factual issues are summarized below and would be more fully set forth in a formal motion before the Court.

## FACTUAL BACKGROUND

<u>The Mower Deposition</u>

     On September 4, 2020, Gregory Zimmer, another attorney representing Dr. Goldberg, took the lead on deposing counsel for Navidea, Mr. William Mower. Mr. Weisbrot was also present at the deposition. Throughout the deposition, Mr. Weisbrot continually disrupted the deposition, interrupted the deponent's answering of questions, and engaged in combative and argumentative



Honorable Debra Freeman
September 11, 2020
Page 2

behavior with the counsel for the witness. While the full transcript will be provided to the Court, the main aspects of the behavior complained of include Mr. Weisbrot's disruption of the deposition, shouting in the middle of questions, and annoying, oppressing, and embarrassing the witness. Of particular note, Mr. Weisbrot called Mr. Mower an "idiot," accused him of malpractice, and demanded the name of his malpractice carrier even though Dr. Goldberg was never represented by Mr. Mower and furthermore, mocked what Mr. Weisbrot perceived as a speech impediment: "Mr. Mower, do you have a stutter or is your stutter an indication of dishonesty." Mr. Weisbrot's offensive comments and questions began shortly after the commencement of the deposition and continued throughout the remainder of the deposition, even after multiple requests by counsel for Mr. Mower for Mr. Weisbrot to cease the offensive conduct. We respectfully submit that this conduct should not be condoned or tolerated.

The Latkin Deposition

On September 8, 2020, Mr. Weisbrot, with Mr. Zimmer in attendance, deposed Jed Latkin, the CEO of Navidea. During the course of the deposition, Mr. Weisbrot threatened and insulted the deponent, and engaged in intimidating, combative behavior by repeatedly yelling at the witness and interrupting his answers. The transcript reflects the undersigned counsel requesting that Mr. Weisbrot cease yelling at the witness on at least nine (9) occasions, and the deposition transcript is replete with Mr. Weisbrot constantly interrupting the witness during his answers. In addition, Mr. Weisbrot accused the witness of committing perjury, stated that the witness "had admitted to securities fraud," and suggested that the witness consider invoking his Fifth Amendment right to self-incrimination. In fact, Mr. Weisbrot spent a significant time testifying on his own, adding colloquy before and after questions such that the questions for which answers were sought were buried in Mr. Weisbrot's speeches. Faced with this behavior, the undersigned counsel expressed on numerous occasions that if the yelling and the interrupting did not stop, we would terminate the deposition pursuant to Fed. R. Civ. P. Rule 30(d)(3) and seek a protective order. After approximately six hours of this behavior, the conduct did not cease, and we terminated the deposition.

The Kaufman Deposition

On September 9, 2020, Mr. Zimmer deposed Joel Kaufman, an employee of Navidea. Mr. Weisbrot appeared on the zoom deposition but did not ask any questions nor make any interruptions. The deposition proceeded orderly, efficiently, and without any confrontation.

Yesterday, counsel for Navidea sought to engage in a meet and confer with Mr. Zimmer to obtain assurance that Mr. Weisbrot would discontinue his abusive conduct. Mr. Zimmer was unable and unwilling to give any assurances that the offensive conduct would cease. Indeed, Mr. Zimmer went so far as to dispute our characterization of Mr. Weisbrot's conduct: "Obviously we disagree with your characterizations…" But as a review of the transcripts will make clear, the inappropriateness of Mr. Weisbrot's conduct is not debatable.



Honorable Debra Freeman
September 11, 2020
Page 3

# **RELIEF REQUESTED**

Rule 26(c) of the Federal Rules of Civil Procedure permits the Court to limit discovery as appropriate "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Further, the district court has "broad discretion...to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). Courts are entrusted with "broad authority under the Federal Rules of Civil Procedure to regulate or preclude discovery" where appropriate. *Hyundai Merch. Marine Co. v. United States*, 159 F.R.D. 424, 429 (S.D.N.Y. 1995). "With this authority at hand, judges should not hesitate to exercise appropriate control over the discovery process." *Id.* (internal quotations marks and citation omitted). According to Fed. R. Civ. P. 30(d)(3)(A) and 30(d)(3)(B):

> (A) *Grounds*. At any time during a deposition, the deponent or a party may move to terminate or limit it on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party. The motion may be filed in the court where the action is pending or the deposition is being taken. If the objecting deponent or party so demands, the deposition must be suspended for the time necessary to obtain an order.
>
> (B) *Order*. The court may order that the deposition be terminated or may limit its scope and manner as provided in Rule 26(c). If terminated, the deposition may be resumed only by order of the court where the action is pending.

Fed. R. Civ. P. 30(d)(3)(A)-(B). Thus, this Court has the authority to control the manner and conduct of the depositions conducted by Defendant's counsel in this matter.

As agreed to in the So-Ordered Stipulation dated August 11, 2020, both parties have several additional depositions to conduct, which are scheduled for September 11, 14, 16, and 17, 2020. [ECF No. 133]. As detailed above, the conduct of Defendant's counsel, and specifically Mr. Weisbrot, at the depositions of Mr. Mower and Mr. Latkin was abusive, in bad faith, and was conducted in such a matter as to unreasonably annoy, embarrass, or oppress the deponents. Respectfully, we believe Mr. Weisbrot's conduct was completely outside the bounds of acceptable and reasonable behavior and should be prevented in future depositions.

By motion, Plaintiff will request that the Court issue an order (a) barring Mr. Weisbrot from conducting future depositions, or (b) requiring that any questions Mr. Weisbrot may have during the upcoming depositions be submitted in a written format, and not orally. Such an order would allow the forthcoming deponents to not be unreasonably annoyed, embarrassed, or oppressed by Mr. Weisbrot's outrageous conduct. In addition, Plaintiffs request that the Court



Honorable Debra Freeman
September 11, 2020
Page 4

issue an order requiring Defendant's counsel to refrain from: (1) yelling at any deponent or counsel; (2) threatening any deponent; and (3) insulting, belittling, or attempting to embarrass any deponent or counsel.

Furthermore, Plaintiffs request that sanctions be imposed upon Mr. Weisbrot for his behavior during both depositions. A motion for sanctions may be granted when an attorney "impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2); *see also Unique Concepts, Inc. v. Brown,* 115 F.R.D. 292, 293 (S.D.N.Y. 1987) (awarding sanctions after finding that counsel's conduct "was harassing, wasteful, vexatious, and ruined the usefulness of the . . . deposition. It was a sad and embarrassing display of unprofessionalism.")

Specifically, in *Ramos v. Sears*, your Honor granted sanctions under Fed. R. Civ. P. 30(d)(2) for counsel's disruption of a deposition by virtue of his yelling at opposing counsel and the interpreter. No. 08 Civ. 4969 (DF), 2010 U.S. Dist. LEXIS 95570, at *22-23 (S.D.N.Y. Sept. 13, 2010). Specifically, Your Honor stated that "counsel plainly engaged in conduct that was uncivil and unprofessional, including repeatedly yelling" at both the opposing counsel and the interpreter. *Id.* at *20. As such, Your Honor directed that based on the disruption caused, counsel was "directed to pay … half of all reasonable expenses incurred … in the taking of that deposition, including the cost of the court reporter, interpreters, and transcript." *Id.* at *23.

In the instant case, counsel's behavior is more egregious since it was directed not at opposing counsel but to the witnesses themselves. Defendant's counsel has consistently exceeded the boundaries of acceptable behavior and should, therefore, be sanctioned. Mr. Weisbrot's conduct at the depositions of both Mr. Mower and Mr. Latkin, as detailed above, was to say the very least, "uncivil and unprofessional." *Ramos,* 2010 U.S. Dist. LEXIS 95570, at *20. Mr. Weisbrot continuously disrupted the deposition by virtue of his verbal abuse, threatening and belittling the deponent. This unprofessional behavior is almost identical to the behavior exhibited in *Unique Concepts, Inc*.

The undersigned certifies that the transcript, to be provided upon request, will demonstrate Plaintiffs counsel's good faith attempts to allow the depositions of Mr. Mower and Mr. Latkin to continue within the parameters of discovery permitted by Fed. R. Civ. P. Rule 26(c) and that despite best efforts, Mr. Weisbrot insisted on conducting the depositions in a manner not permitted by the Fed. R. Civ. P. Further, Mr. Zimmer's inability to assure that such behavior will not reoccur and refusal to acknowledge the problem, unfortunately, necessitates this letter.

In light of Mr. Weisbrot's continued improper conduct, Plaintiffs respectfully request that the Court issue an Order: (1) terminating the deposition of Jed Latkin; (2) controlling the manner and conduct of Defendant's counsel for the remaining depositions in the matter; and (3) imposing sanctions on Mr. Weisbrot, including reasonable expenses and attorney's fees, together with such other and further relief that this Court deems just and proper.



Honorable Debra Freeman
September 11, 2020
Page 5

Respectfully submitted,

Barry M. Kazan

cc: Gregg Zimmer, Esq. (via ECF)
    Ari Weisbrot, Esq. (via ECF)
    Alain Baudry, Esq. (via ECF)
    Karim Sabbidine, Esq. (via ECF)