# MINTZ & GOLD LLP
### ATTORNEYS AT LAW

600 THIRD AVENUE
25TH FLOOR
NEW YORK, NEW YORK 10016

TELEPHONE (212) 696-4848
FACSIMILE (212) 696-1231
www.mintzandgold.com

September 25, 2020

*Via ECF*

Honorable Debra Freeman, U.S. Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 17A
New York, New York 10007

RE:  *In re Navidea Biopharmaceuticals Litigation, Case No. 19-cv-01578–VEC*

Dear Judge Freeman:

      We represent Plaintiff Navidea Biopharmaceuticals, Inc. ("Navidea") and Third-Party Defendant Macrophage Therapeutics, Inc. ("Macrophage") (collectively, the "Plaintiffs") in the above-referenced matter. Pursuant to the So-Ordered Stipulation dated August 14, 2020, we submit this letter jointly with Defendant/Third-Party Plaintiff Dr. Michael M. Goldberg ("Dr. Goldberg") to inform the Court as to the status of discovery in this matter and request the Court schedule a conference to address the issues identified below.

      As Your Honor is aware, according to the So-Ordered Stipulation, the parties were to, *inter alia*, (1) comply with several discovery requests and (2) schedule and conduct all depositions which were to be completed by September 17, 2020. [ECF No. 133]. Regarding the discovery requests, the parties have substantially complied with the majority of the discovery requests agreed to in the So-Ordered Stipulation.

      With respect to depositions, there have been some unexpected circumstances and issues that arose during the depositions, which require the parties to seek an extension of the September 17, 2020 cutoff to finish additional depositions. As set forth below, Plaintiffs also believe that certain specific issues arising during depositions warrant applications to the Court. Dr. Goldberg's position is that the parties have to date been able to work through all significant issues that have arisen (with the exception of Plaintiffs' unilateral termination of the deposition of Jed Latkin) and that Plaintiffs are asserting many of the issues below to complicate and extend discovery and increase its cost because Plaintiffs have been unhappy with the testimony provided by their witnesses to date. Specifically, Dr. Goldberg contends that Jed Latkin, Claudine Bruck, and

Barry M. Kazan | kazan@mintzandgold.com | Tel: 212.696.4848 | Fax: 212.696.1231 | Cell: 917.991.9839

MINTZ & GOLD LLP
ATTORNEYS AT LAW

Honorable Debra Freeman
September 25, 2020
Page 2

Michael Rice, the only Navidea witnesses to date who had any involvement in the issues giving rise to this action and the Delaware Action, have been unable to identify any breaches by Dr. Goldberg of the agreement giving rise to this litigation and have identified multiple breaches by Plaintiffs.  Dr. Goldberg further contends that the witnesses have not identified any misconduct by Dr. Goldberg or damages to Macrophage arising from the facts that Macrophage's Delaware Action is purportedly based on.  It is Dr. Goldberg's position that the issues raised below by Plaintiffs (both during individual depositions and now in this letter) are designed to muddle and delay completion of depositions, rather than to facilitate the timely completion of discovery that the Court has already acknowledged is necessary.  Plaintiffs dispute Dr. Goldberg's characterization of the testimony and its impact on the instant action and dispute Dr. Goldberg's characterization of Plaintiffs' motives

### Status of Depositions

On September 4, 8, 9, 11, 14, 16, and 17, 2020, the parties conducted the depositions of William Mower, Jed Latkin, Joel Kaufman, Dr. Claudine Bruck, Michael Rice, Dr. Michael Goldberg, and Dr. Mark Greene, respectively.  Each of these depositions were scheduled and conducted pursuant to the So-Ordered Stipulation.

Several issues arose in connection with those depositions: (1) a privilege issue during Mr. Latkin's deposition on September 8, 2020; (2) Plaintiffs' termination of the deposition of Mr. Latkin under Rule 30(d)(3)(A); (3) an unanticipated building closure that forced the parties to suspend the deposition of Dr. Bruck; (4) an objection by Dr. Goldberg to the attendance of Mr. Latkin, Navidea's party representative, at Mr. Rice's deposition; (5) Plaintiff's failure to designate any of their scheduled witnesses as 30(b)(6) witnesses; and (6) counsel's instructions to Dr. Goldberg not to answer questions at his deposition on grounds other than privilege.

### Applications to the Court

Privilege Question.  On September 8, 2020, counsel for the parties participated in a conference call with Your Honor to resolve the issue of an instruction by Navidea's counsel to the witness, Jed Latkin, not to answer on the grounds of privilege.  Your Honor issued guidance regarding the invocation of privilege, the deposition continued, and there were additional instructions not to answer based on privilege.  Dr. Goldberg reserves his right to raise issues with respect to the invocation of privilege once the transcript of the September 8, 2020 deposition becomes available, which is expected to occur within the next couple of days.  Navidea has stated that Mr. Latkin will be available to complete his deposition on September 30, 2020.

Protective Order.  On September 8, 2020, Plaintiffs terminated the deposition of Mr. Latkin and asserted their right to do so under Rule 30(d)(3)(A).  On September 11, 2020, Plaintiffs submitted a letter [ECF No. 135] seeking an informal conference in anticipation of a motion for a protective order.  On September 14, 2020, Your Honor convened a conference to briefly address

MINTZ & GOLD LLP
ATTORNEYS AT LAW

Honorable Debra Freeman
September 25, 2020
Page 3

the issue and instructed the parties to confer on how they wish the issues be addressed. The Court's initial guidance was that it was unlikely to grant the termination of the deposition. Plaintiffs' position is that despite the Court's admonitions on September 14, 2020, counsel for Dr. Goldberg's behavior persisted, which warrants a protective order before Mr. Latkin's deposition should be continued. Dr. Goldberg's counsel disagree that improper conduct occurred, and strongly disagree that any such conduct occurred after the telephonic conference with the Court on September 14, 2020. Plaintiffs have proposed resumption of the deposition on September 30, 2020, and would ask the Court to enter a protective order limiting the conduct of counsel and limiting the time for the conclusion of Mr. Latkin's deposition. Dr. Goldberg's counsel strongly oppose any such protective order, especially to the extent Plaintiffs seek prior restraint on the speech or conduct of Dr. Goldberg's counsel. To the extent Plaintiffs wish to make an application on this subject, Dr. Goldberg respectfully requests that the Court set a briefing schedule for the application and require Plaintiffs to identify the specific conduct following the September 14, 2020 conference on which its application is based. Plaintiffs are amenable to a briefing schedule but will provide the Court with all the appropriate transcripts on which its concerns were based, including the Mower and Latkin depositions.

Dr. Bruck's Deposition. On September 11, 2020, the deposition of Dr. Claudine Bruck was conducted with the witness physically present at Veritext Court Reporting in Philadelphia, PA. A few minutes before 6:00 p.m., the building advised that the occupants needed to vacate (due to COVID-19 restrictions). The parties agreed that they would reconvene to conclude the deposition of Dr. Bruck. Defendants have requested up to an additional four (4) hours of deposition, including based on certain delays and interruptions that occurred during the deposition. Plaintiffs submit that the continued deposition should take no more than two (2) additional hours, especially given that Plaintiffs' counsel voluntarily concluded Dr. Goldberg's deposition at approximately 8:00 p.m. in response to Dr. Goldberg's counsel's statements that Plaintiffs had far exceeded their 7-hour time limit and had engaged in conduct that unreasonably delayed and prolonged the deposition. The parties have re-scheduled the deposition of Dr. Bruck for September 29, 2020, at 9:00 a.m., with each party reserving their rights with respect to the time remaining in the deposition.

Exclusion of Navidea's Party Representative. On September 14, 2020, the deposition of Mr. Rice, the Chairman of the Board of Directors of Navidea, was conducted. From approximately 10:00 a.m. until 4:00 p.m., Navidea's party representative, Jed Latkin, was present via Zoom. Counsel for Dr. Goldberg indicated that they were not aware that Mr. Latkin had been present during the deposition and asked that he be sequestered. Your Honor had convened a call during that deposition to address the September 11, 2020 protective order application and Dr. Goldberg's counsel raised the sequestration issue at that time and the Court suggested the parties meet and confer. The deposition of Mr. Rice continued and was concluded at approximately 8:45 p.m. Mr. Latkin did not rejoin the deposition after the telephonic conference. Dr. Goldberg contends this decision was reached by Plaintiffs because the Court recognized that fact witnesses are regularly sequestered during testimony of other fact witnesses testifying on the same subject matter in the

trial context, as the Court recognized on the call. Plaintiffs contend that rather than address the issue then, Plaintiffs voluntarily chose to have Mr. Latkin not rejoin the call so as not to interrupt the deposition. Plaintiffs have now had an opportunity to review the Federal Rules of Procedural, the Federal Rules of Evidence and the case law and believe that the exclusion of Mr. Latkin was inappropriate. Dr. Goldberg did not object to Mr. Latkin's attendance at the deposition of Dr. Goldberg. Plaintiffs' position is that Mr. Latkin should be permitted to attend any subsequent depositions in this case. As stated on the telephonic conference, Dr. Goldberg's concern is that Mr. Latkin, whose deposition has not been completed (and who Navidea and Macrophage's counsel have indicated will be their 30(b)(6) designees), is not an appropriate client representative of Navidea or Macrophage at the depositions of witnesses who are testifying directly about events, facts, circumstances and conversations to which Mr. Latkin was personally a party due to the potential for him to modify his individual testimony based on what he has heard at those depositions. Navidea does not believe that the case law supports the exclusion of its designated corporate representative from any deposition, particularly given the need to educate Mr. Latkin so he can provide the best possible testimony on behalf of the companies. As a professional courtesy to Goldberg's counsel, after the call, Mr. Latkin did not attend the continued deposition of Michael Rice, who is a board member of both Navidea and Macrophage and was directly involved in the events giving rise to this action, including events to which Mr. Latkin was personally a party. Dr. Goldberg's position is that the only remaining deposition of a comparable witness that has not been completed is the deposition of Dr. Claudine Bruck, which is scheduled to be completed on September 29, 2020. Although Dr. Goldberg's counsel suggested that Mr. Latkin complete his individual deposition before that date to render this issue moot, counsel for Navidea and Macrophage have indicated that Mr. Latkin is not available to complete his individual deposition before that date. Dr. Goldberg's position is that Mr. Latkin should be excluded from the balance of Dr. Bruck's deposition to avoid the possibility of his coordinating or changing his testimony at his continued deposition. Dr. Goldberg does not object to Navidea and/or Macrophage having any other individual attend the continued deposition of Dr. Bruck as their party representative. Similarly, Dr. Goldberg did not object to Mr. Latkin attending his deposition as Navidea's and Macrophage's party representative because the same concerns regarding coordinating testimony with fellow witnesses for Navidea and Macrophage are not present.

FRCP 30(b)(6) Designation. On September 11, 2020, the Court conducted a conference on the parties' inability to agree on whether Navidea and Macrophage were required to designate witnesses in response to 30(b)(6) notices of deposition seeking corporate testimony on certain topics. When Dr. Goldberg's counsel asked Navidea's and Macrophage's counsel after the September 8, 2020 deposition of Jed Latkin had started whether he was appearing solely in his individual capacity or also as a 30(b)(6) witness for one or both of the companies, Plaintiffs' counsel stated that he was only appearing in his individual capacity and objected to producing 30(b)(6) witnesses for either company. Dr. Goldberg's counsel raised this issue during the telephonic conference conducted by the Court during Dr. Bruck'sdeposition, and Your Honor directed that Navidea and Macrophage would be required to produce 30(b)(6) witnesses. Your Honor also recognized that Navidea and Macrophage could not retroactively designate a prior

MINTZ & GOLD LLP
ATTORNEYS AT LAW

Honorable Debra Freeman
September 25, 2020
Page 5

witness as their 30(b)(6) representative. After they terminated Mr. Latkin's deposition before it was completed on September 8, 2020, Plaintiffs informed Dr. Goldberg's counsel that Mr. Latkin would be designated as both Navidea's and Macrophage's 30(b)(6) witness to testify to the topics identified in the notices. Plaintiffs' position is that in light of the substantial discovery to date, the narrow scope of issues that Judge Caproni has indicated this case will encompass [ECF No. 61], and the conduct of Dr. Goldberg's counsel at several depositions identified in Plaintiffs' prior application [ECF No. 136], the deposition of Mr. Latkin should be limited to one additional day in all capacities. Dr. Goldberg's position is that, as recognized by the Court on the September 11, 2020 telephonic conference, he is entitled to take full 30(b)(6) depositions of both companies with foreknowledge that the deponents will be testifying in that capacity and with the ability to prepare for the depositions and ask questions accordingly. Mr. Latkin's individual deposition was terminated in the late afternoon, and he had already answered questions about many of the issues in this case in his individual capacity. Dr. Goldberg respectfully submits that requiring him to ask those same questions directed at Mr. Latkin in a 30(b)(6) capacity during his continued individual deposition would not only be unmanageable (including potential "asked and answered" objections) but would deprive Dr. Goldberg of a meaningful opportunity to conduct orderly 30(b)(6) depositions of the corporate parties in this case. Dr. Goldberg believes that Navidea and Macrophage, who elected to produce Mr. Latkin solely in his individual capacity for his initial deposition, and refused to designate him as their 30(b)(6) deponent when the question was raised at that deposition, are obligated to separately produce their 30(b)(6) witness(es) for deposition as required by the Federal Rules. If they choose to identify a single individual as the 30(b)(6) designee for both companies at a single deposition, then that fact must also be taken into account with respect to the length of the deposition, since Dr. Goldberg position is that he is entitled to a full 7 hours with each party's 30(b)(6) witness, if necessary, under the applicable rules.

Alec Goldberg. At the deposition of Dr. Goldberg on September 16, 2020, Dr. Goldberg testified that his son, Alec Goldberg, was aware of the subpoena sent to him by Plaintiffs. Plaintiffs will be filing a separate application seeking to hold Alec Goldberg in contempt. Dr. Goldberg reserves his right to oppose the application if he deems that appropriate once he has reviewed the application.

Instructions Not To Answer. At the deposition of Dr. Goldberg on September 16, 2020, Dr. Goldberg was instructed not to answer questions, among others, regarding (1) personal information concerning his son, Alec Goldberg on subjects that Dr. Goldberg's counsel indicated were not relevant to this action; and (2) Dr. Goldberg's claimed damages in this action on the ground that the questions sought information that was beyond the knowledge of a lay witness and required expert witness expertise and testimony. Plaintiffs intend to make an application to recall Dr. Goldberg to answer those questions. It is Plaintiffs' position that Dr. Goldberg's counsel instructed him not to answer any questions concerning alleged damages and that the instruction was not proper. Dr. Goldberg's position is that he was instructed not to answer questions asking for specific dollar amounts of damages on issues that are necessarily the subject of expert opinions and testimony and which he, as a lay witness, could not possibly know or opine on. Plaintiffs do

**MINTZ & GOLD LLP**
ATTORNEYS AT LAW

Honorable Debra Freeman
September 25, 2020
Page 6

not believe a further meet and confer is necessary since the conduct deprived Plaintiffs of their right to question Dr. Goldberg concerning his damage claims. Dr. Goldberg's position is that a meet and confer is appropriate once the deposition transcript becomes available since Plaintiffs' counsel's recollection of the circumstances of the instructions are different from those of Dr. Goldberg's counsel. Dr. Goldberg's position is that any application by Plaintiffs must include a copy of the transcript of the deposition. Dr. Goldberg's counsel is, of course, willing to meet and confer with Plaintiff's counsel on this subject once the transcript of Dr. Goldberg's deposition becomes available, and the parties can have a meaningful discussion of the actual issues presented at the deposition. If Plaintiffs wish to pursue an application after the parties have had a meaningful opportunity to confer following a review of the transcript, Dr. Goldberg reserves his right to oppose any such application.

Expert Discovery. Dr. Goldberg has requested that the Court schedule deadlines for expert discovery in this matter, including on the issue of damages. Specifically, Dr. Goldberg has claimed as one form of damages in this case the difference between the value of certain securities of Navidea and Macrophage that were to be issued in specific forms on specific dates pursuant to the agreement that is the basis for this action, on the one hand, and the value of (i) certain securities that were issued at different times and in different forms than those required and (ii) certain securities that to date have not yet been issued, on the other hand. Dr. Goldberg respectfully submits that determining the values of each form of security on specific dates is precisely the form of evidence that is routinely the subject of expert testimony, and that precluding expert discovery in this case would be far outside the norm and completely inappropriate. While Plaintiffs do not believe that expert discovery will aid the factfinder in this action, they recognize that the Court can best address the admissibility of proposed expert testimony through appropriate motion practice. Consequently, the parties have agreed to: (1) provide each other with the names and curriculum vitae of any proposed experts whose testimony they propose to introduce within thirty (30) days of the close of fact discovery; (2) provide expert reports within thirty (30) days thereafter; and (3) that each party has the right to issue any rebuttal reports no later than sixty (60) days of receiving the name and curriculum vitae of the other party's proposed expert(s).

In light of the above, we would ask that the Court extend fact discovery until October 6, 2020, so that the parties can complete the above depositions with any guidance provided by the Court. We would also ask that the Court provide guidance on the various issues that have been raised herein.

Respectfully submitted,

*/s/ Barry M. Kazan*

Barry M. Kazan

cc: Alain Baudry, Esq. (via ECF)

MINTZ & GOLD LLP
ATTORNEYS AT LAW

Honorable Debra Freeman
September 25, 2020
Page 7

      Karim Sabbidine, Esq. (via ECF)
      Gregory Zimmer, Esq. (via ECF)
      N. Ari Weisbrot, Esq. (via ECF)