# Gregory Zimmer, Esq.

GZimmer@GZimmerLegal.com
O:  (914) 402-5683
M:  (516) 991-1116

November 5, 2020

**VIA ECF**

Honorable Debra Freeman, U.S. Magistrate Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:  *In re Navidea Biopharmaceuticals Litigation, Case No. 19-cv-01578–VEC*

Dear Judge Freeman:

      As the Court is aware, we represent Defendant/Counterclaim Plaintiff/Third-Party Complaint Plaintiff Michael M. Goldberg, M.D. ("Dr. Goldberg") in the above-referenced action.  We write to request a telephonic conference concerning the 30(b)(6) depositions of Navidea Biopharmaceuticals, Inc. ("Navidea") and Macrophage Therapeutics, Inc. ("Macrophage").

      As the Court was informed, Navidea and Macrophage elected to produce the same individual, Jed Latkin, as the 30(b)(6) witness for both depositions.  Rr. Latkin was also designated as the witness in response to Dr. Goldberg's Del. Ch. Rule 30(b)(6) deposition of Macrophage in the Delaware Action that the Court is aware of and with which discovery has been coordinated in this action.  The deposition session intended to satisfy both Navidea's and Macrophage's 30(b)(6) depositions in this action and Macrophage's 30(b)96) deposition in the Delaware Action commenced at approximately 10:00 AM on October 26, 2020 and ended at approximately 8:00 PM.  Earlier in the evening the court reporter had indicated that he was fatigued and would prefer to end the deposition at approximately 6:00 PM and Dr. Goldberg's counsel informed Navidea's and Macrophage's counsel that there was a significant amount of time left in the deposition and suggested that the parties adjourn the deposition, but counsel for Navidea and Macrophage refused to adjourn the deposition for the day and agree to continue it.  At 8:00 PM the court reporter was forced to terminate the deposition due to fatigue without the consent of Navidea's and Macrophage's counsel, who stated they would prefer to continue the

Honorable Debra Freeman, U.S. Magistrate Judge
November 5, 2020
Page 2

deposition even though Dr. Goldberg's counsel informed that there were hours of questioning remaining.

When Dr. Goldberg's counsel requested availability to continue the deposition Navidea and Macrophage refused to provide availability unless we provided the "topics" that we intended to question the witness on.  The 30(b)(6) notices in this action (which the Court has noted Navidea and Macrophage did not object to) set forth the extensive topics of the depositions, and the deposition notice in the Delaware Action (which Macrophage also did not object to) set forth the topics in that action.  The partial deposition on October 26, 2020 consisted of less than 9 hours of questioning and included repeated conduct by the witness that unnecessarily prolonged the examination.  Under the Federal Rules, there is presumptively an additional 5 hours of examination permitted, even without allowing any time to examine the witness in his capacity as Macrophage's 30(b)(6) witness in the Delaware Action.  There is no basis for Navidea or Macrophage to require Dr. Goldberg to disclose in advance the lines of questioning that will be pursued (and/or continued/completed) beyond the unobjected-to 30(b)(6) notices already served on Navidea and Macrophage.

Accordingly, we respectfully request that the Court either order Navidea and Macrophage to produce their 30(b)(6) witness for the continued depositions or schedule a telephonic conference to address this issue.

Thank for your attention to this matter.

Respectfully submitted,

/s/ Gregory Zimmer, Esq.