# MINTZ & GOLD LLP
### ATTORNEYS AT LAW

600 THIRD AVENUE
25TH FLOOR
NEW YORK, NEW YORK 10016

TELEPHONE (212) 696-4848
FACSIMILE (212) 696-1231

www.mintzandgold.com

November 5, 2020

*Via ECF*

Honorable Debra Freeman, U.S. Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 17A
New York, New York 10007

RE:  *In re Navidea Biopharmaceuticals Litigation, Case No. 19-cv-01578–VEC*

Dear Judge Freeman:

      We represent Navidea Biopharmaceuticals, Inc. ("Navidea") and Macrophage Therapeutics, Inc. ("Macrophage") (collectively, the "Plaintiffs") in the above-referenced matter. We write in response to Defendant Dr. Michael M. Goldberg's ("Dr. Goldberg") November 5, 2020 submission [ECF No. 151].

      As Your Honor is aware, the issues in this case have been significantly limited by the Orders of Judge Caproni dated: (i) December 26, 2019 [ECF No. 61], which dismissed claims made by Navidea and Dr. Goldberg, and (ii) April 1, 2020 [ECF No. 108], which denied Dr. Goldberg's motion for leave to amend. The 30(b)(6) deposition notices in this action requested testimony related to: (a) unspecified "issues set forth in the First Amended Complaint and the Answer, Counterclaims and Third-Party Complaint," and (b) a discrete list of seven topics attached as an Exhibit to the deposition notice (see attached Exhibit A (pleadings omitted)). These deposition notices were served on or about January 9, 2020, during the time that Dr. Goldberg was permitted to seek leave to amend, but before leave to amend was denied. Thus, the issues in this case are significantly limited from the original pleadings attached to the 30(b)(6) deposition notices.

      Dr. Goldberg has been afforded a substantial amount of time to take depositions. On September 8, 2020, Dr. Goldberg spent approximately six (6) hours deposing Jed Latkin, Navidea and Macrophage's CEO, in his individual capacity, which undersigned counsel terminated pursuant to FRCP 30(d)(3). Then, on September 30, 2020, after a conference with Your Honor, Mr. Latkin was produced for examination by Dr. Goldberg for an additional five (5) hours, deposing Mr. Latkin in his individual capacity. Finally, on October 26, 2020, Dr. Goldberg spent

Honorable Debra Freeman
November 5, 2020
Page 2

over nine (9) hours deposing Mr. Latkin in his capacity as Navidea and Macrophage's 30(b)(6) witness. Altogether, Dr. Goldberg has spent approximately twenty (20) hours deposing Mr. Latkin. Not only has Dr. Goldberg deposed Mr. Latkin, Dr. Goldberg has spent over twenty-five (25) hours deposing four (4) other witnesses in this action, including (a) Dr. Claudine Bruck (406 pages), (b) Mr. Michael Rice (411 pages), (c) Joel Kaufman (308 pages), and (d) William Mower (365 pages).

Other than stating that he is entitled to fourteen (14) hours of additional testimony from Mr. Latkin as the designated 30(b)(6) witness, Dr. Goldberg has proffered no reason why in the course of approximately twenty (20) hours of deposing Mr. Latkin (and an additional twenty-five (25) hours deposing other witnesses), he could not: (i) gather information related to the "issues" remaining in this case, and (ii) solicit information regarding the seven discrete topics listed on the 30(b)(6) deposition notice.

While Dr. Goldberg attributes the length of these depositions to the conduct of witnesses, Navidea and Macrophage submit that these depositions are unnecessarily lengthened by: (1) the unprofessional conduct that was the subject of prior correspondence with the Court; (2) the fact that witness requests to review documents are objected to by Dr. Goldberg's counsel; and (3) the fact that the questions asked by Dr. Goldberg's counsel are comprised of speeches rather than direct questions. By way of one example, this is the type of question asked of Mr. Latkin during his 30(b)(6) deposition:

> Q. Now you're going a little far a field. I'm only interrupting you because now you're stating something not only that you've said before and we've dealt with but that fell into the category of didn't do things that he was supposed to do. So the question is what did he do that he was prohibited from doing? And so far what I've heard you say effectively is that he was prohibited by the agreement from stating what his opinion of the agreement was? In other words, did he come in with a gun and make you pay him more? Did he come in with a gun and tell you that you had to do anything? What did he do? Not what did he say he thought the agreement meant; oh, I thought there was still interest something. I don't see any prohibitions in the agreement, correct me if I'm wrong when you reviewed it, that said you can't explain to our attorney what you think the intent of the agreement was. So what are the things he did, not said, thought, asked for, and didn't get, what are things he did that he was prohibited from doing?

Following the conclusion of the October 26, 2020 deposition, on November 2, 2020, Dr. Goldberg's counsel requested that Navidea and Macrophage again produce their 30(b)(6) witness for additional testimony. The undersigned inquired what additional topics Dr. Goldberg believed were outstanding so as to warrant the continuation of the 30(b)(6) deposition and, if necessary, to assist in preparing the witness. Counsel's response was, "If you are not willing to produce the witness for further examination we will reach out to the New York and Delaware courts. We are



Honorable Debra Freeman
November 5, 2020
Page 3

so far within the time we are entitled to there is no argument that we need to justify additional time."

    Plaintiffs submit that Dr. Goldberg has had an ample, if not an extraordinary, amount of time to question the various witnesses on the limited remaining issues in this action. Plaintiffs' position is that in light of the substantial discovery to date, the narrow scope of issues that Judge Caproni has indicated this case will encompass [ECF No. 61, 108], and the conduct of Dr. Goldberg's counsel at several depositions identified in Plaintiffs' prior application [ECF No. 136], Dr. Goldberg has had substantial time to complete the depositions and gather the necessary information to defend himself in this action. As such, if Dr. Goldberg cannot provide the specific topics he intends to question Plaintiffs 30(b)(6) witness on, Plaintiffs submit that they should not have to produce a witness for additional time.

Respectfully submitted,

Barry M. Kazan

cc:  Gregg Zimmer, Esq. (via ECF)
      Ari Weisbrot, Esq. (via ECF)
      Alain Baudry, Esq. (via ECF)
      Karim Sabbidine, Esq. (via ECF)