**MINTZ & GOLD LLP**
ATTORNEYS AT LAW

600 THIRD AVENUE
25TH FLOOR
NEW YORK, NEW YORK 10016

TELEPHONE (212) 696-4848
FACSIMILE (212) 696-1231

www.mintzandgold.com

November 10, 2020

*Via ECF*

Honorable Debra Freeman, U.S. Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 17A
New York, New York 10007

RE: *In re Navidea Biopharmaceuticals Litigation, Case No. 19-cv-01578–VEC*

Dear Judge Freeman:

  We represent Plaintiff Navidea Biopharmaceuticals, Inc. ("Navidea") in the above-referenced matter. We write in response to Defendant Dr. Michael M. Goldberg's ("Dr. Goldberg") October 30, 2020, and November 9, 2020 submissions [ECF Nos. 147, 158] and Your Honor's November 2, 2020, and November 5, 2020, minute orders [ECF Nos. 148, 150].

  Your Honor's first requirement was for Navidea to state whether it objects to the hourly billing rates that Dr. Goldberg's counsel has proposed in the three (3) declarations submitted in support of Dr. Goldberg's fee application (the "Application"). *Id.* While Navidea does not object to the base billing rate for legal work performed by two of the three firms (the third having earlier withdrawn), Navidea has objected to those billing rates to the extent that they are applied to work that could have been done by junior attorneys, paralegals, or clerical staff. *See* Navidea's Memorandum of Law in Opposition ("Opp'n") to Goldberg's Fee Application at 21 – 22, 28 – 29 [ECF No. 155].

  In light of that objection, Your Honor's orders state that Your Honor was "prepared to address the hourly rate issue first (after the fee motion is fully submitted)" and "will ultimately be making a report and recommendation to Judge Caproni with respect to the amount that should be awarded on any claim for fees, and with respect to how those fees should be calculated." [ECF No. 148]. In addition, in response to Navidea's request for clarification, Your Honor reiterated that if "Navidea does object, in whole or in part, to those billing rates, then it should explain this, with appropriate support, in its opposition to the fee application, and this Court will not act on Dr. Goldberg's proposed order until after it has reviewed the fee application, Navidea's opposition to



Honorable Debra Freeman
November 10, 2020
Page 2

that application, and any reply." [ECF No. 150]. Based on the foregoing, Navidea's position is that the Court must first address the hourly rate issues, among others, in Dr. Goldberg's Application.

To the extent that Your Honor's orders still require that Navidea inform this Court as to whether it objects to any other aspect of Dr. Goldberg's Proposed Order, then Navidea objects to the Proposed Order as follows:

<u>THE PROPOSED ORDER SEEKS TO MODIFY THE ADVANCEMENT PROTOCOL</u>

First, the Proposed Order improperly attempts to modify the Report and Recommendation ("R&R") and Opinion and Order adopting the R&R (the "Opinion & Order") in terms of sequencing. The protocol put forth by Your Honor in the R&R filed on July 9, 2020, and adopted by Judge Caproni on August 24, 2020 (the "Advancement Protocol"), states, *inter alia*, that:

> "**after the Court determines the lodestar for fees incurred up to the date of a proper fee application** – the parties proceed forward by engaging the following [protocol]." (emphasis added).

(R&R at 42). Specifically, Navidea has challenged whether a proper fee application has been submitted in the first instance in that the Application fails in material respects to comply with this Court's prior orders. (Opp'n at 2-4; R&R at 4, 41-42; O&O at 6-7, 7 n.6, 11, 12 n.10). In addition to the submission of a proper fee application, the advancement protocol is premature because the Court has not yet determined the lodestar for fees incurred up to the date of a proper fee application. [R&R at 42]. The R&R provides that: "[I]n determining reasonable attorney's fees, courts begin by using the 'lodestar method' to calculate a 'presumptively reasonable fee.' The lodestar is 'the product of a reasonable hourly rate and the reasonable number of hours required by the case.'" [R&R at 40] (internal citations omitted). Here, while Your Honor has made a threshold question of the hourly rate, the lodestar also requires that Navidea be in a certain position to evaluate "the reasonable number of hours" spent on a particular task. [R&R at 40; O&O at 6]. Dr. Goldberg's submissions make this impracticable because he applies an across the board percentage to the hourly rate multiplied by the time spent rather than deal with tasks individually.

The above issues, among others, were discussed with the Court during the telephonic conference held on October 20, 2020 (the "Advancement Conference"). [ECF No. 153]. During the Advancement Conference, Navidea explained that the Application makes what is supposed to be a relatively straightforward calculation into a far more complicated process that cannot be accomplished prior to Your Honor's review and consideration of the Application and ultimate rulings anticipated in the Opinion & Order.

Specifically, while the Opinion & Order (and the guidance Your Honor subsequently provided at the Advancement Conference) requires that Dr. Goldberg specify which tasks are



Honorable Debra Freeman
November 10, 2020
Page 3

being undertaken for the defense of Navidea's claims and which amounts are being sought for *each* counterclaim, Dr. Goldberg collapses the two (i.e., Dr. Goldberg does not distinguish between the defense of Navidea's claims and the prosecution of Dr. Goldberg's counterclaims other than damages) and then applies a percentage to account for the work that is being done for the other cases.  As one example, Dr. Goldberg applies across the board percentages for advancement as to each deposition (without explanation) even though the utility of each deposition differs from claim to claim and case to case. Thus, Dr. Goldberg does not break out the tasks on the September and October billings that apply to the various claims being prosecuted or defended by Dr. Goldberg's attorneys to which one can determine the hourly rate and multiply it by a reasonable amount of time spent on a task.

<u>THE COURT SHOULD RULE ON LODESTAR AND NAVIDEA'S OBJECTIONS</u>

Second, and as noted in Navidea's opposition to the Application submitted on November 6, 2020 (the "Opposition"), Navidea is not in a position to evaluate the unnecessarily complicated apportionments Dr. Goldberg's counsel has allocated to the numerous tasks completed in this action because Dr. Goldberg's counsel's advancement requests entirely contradict this Court's ruling as to how a lodestar amount should be calculated.

Specifically, during the Advancement Conference, Your Honor stated, *inter alia,* in determining the lodestar amount, that: (a) "there shouldn't be an apportionment," and (b) "there shouldn't be some global … 80% percent of your work is on this or 75 percent of your work is on the other thing." [ECF No. 153 at 9].  However, that is precisely what Dr. Goldberg is doing in his advancement requests.  Attached hereto as Exhibit A is an exemplar of the advancement requests that were submitted to Navidea.

With respect to ongoing matters, Dr. Goldberg's counsel is pursuing the following activities, some of which are subject to advancement and some of which are not:  (1) the defense of Navidea's remaining claims; (2) prosecution of Dr. Goldberg's compulsory counterclaims "advanced to defeat, or offset' Navidea's claims"; (3) prosecution of Dr. Goldberg's other counterclaims; (4) prosecution of Dr. Goldberg's third-party claims against Macrophage; (5) defense of the Delaware Action; and (6) prosecution of Dr. Goldberg's derivative complaint.  As a threshold matter, Your Honor is required to determine whether the second item above is even subject to advancement, and if so, how those amounts should be calculated before Navidea is in a position to dispute or not dispute those items.

Neither the Application nor the September and October advancement requests provide Navidea with a cohesive set of information to determine what amounts should be advanced and what amounts should be disputed in accordance with the Opinion & Order.  Instead, the Application provides several percentage apportionments – provided without any support - that Dr. Goldberg's counsel applies to various tasks.  For example, Dr. Goldberg's counsel apply: (A) to their billing rates (i) a 30% multiplier to the defense of the breach of fiduciary duty claim and (ii)



Honorable Debra Freeman
November 10, 2020
Page 4

four (4) different multipliers to the defense of Navidea's remaining claims including (1) 50%, (2) 46.4%, (3) 76.4%, and (4) 80%; (B) four (4) different hourly rates including (1) $450.00 (2) $425.00 (3) $400.00 and (4) $300.00; and (C) allocations of 80%, 15%, and 5% to the defense of Navidea's claims and prosecution of certain counterclaims, the prosecution of Dr. Goldberg's counterclaims which are not subject to advancement, and the prosecution of Dr. Goldberg's third-party claims which are also not subject to advancement, respectively.

Due to the convoluted, non-compliant, and non-transparent methodology in the Application (which the Court suggested was inappropriate during the Advancement Conference), Navidea cannot assess which entries the Court will find appropriate for advancement and which ones it will not and whether percentages can and should be applied. Until that is determined, Navidea cannot comply with the Advancement Protocol.

### THE PROPOSED ORDER CHANGES THE TERMS AND TIMING OF PAYMENT

Third, the Proposed Order seeks to change the timing of the Advancement Protocol, which states that Navidea shall have until the 15th day of each month Dr. Goldberg's attorneys' fees are submitted to either: (a) "pay that portion of the requested amount that is undisputed," or (b) dispute the requested amount that is submitted. The Proposed Order modifies this by, *inter alia*, demanding that Navidea, "within three (3) business days after the earlier of the Notice Date or the Objection Date"[1] pay Dr. Goldberg the undisputed amounts. Dr. Goldberg's Proposed Order effectively requires Navidea to pay all of Dr. Goldberg's September and October billing and Future Billing[2] within three (3) days instead of the ten (10) days provided. Furthermore, the Proposed Order states:

> If Navidea objects to the billing rates of Weisbrot and/or Zimmer in the Objections, the Court shall issue a decision regarding reasonable billing rates for the attorney(s) whose rates have been objected to as soon as practicable, separate and in advance of a ruling on the full Application (the "Billing Rate Order") and within three (3) business days of the Billing Rate Order Navidea shall pay to Dr. Goldberg all undisputed amounts as provided in the Protocol and escrow any additional amount(s) required by the Protocol.

[ECF No. 147-1]. In proposing this paragraph, Dr. Goldberg: (a) ignores the issue that his counsel's billing rates are not the sole factor in determining the appropriate lodestar in light of his

---

[1] Dr. Goldberg defines: (i) "Objection Date" as the November 6, 2020 deadline Navidea was required to file its Opposition to the Application, and (ii) "Notice Date" as the date "Navidea determines that it will not contest the billing rates of N. Ari Weisbrot, Esq. and/or Gregory Zimmer, Esq. prior to the Objection Date."

[2] Dr. Goldberg defines "Future Billing" as "requests for advancement of fees and expenses incurred in months subsequent to September 2020." With some irony, Dr. Goldberg reiterates that his future billings will be due on the 5th of each month but did not provide his October billing to Navidea until November 6th.



**MINTZ & GOLD LLP**
ATTORNEYS AT LAW

Honorable Debra Freeman
November 10, 2020
Page 5

percentage apportionments, and (b) seeks to modify the Advancement Protocol by demanding that Navidea provide payment of undisputed amounts within three (3) business days of a Billing Rate Order.

   Based on the foregoing, Navidea objects to the Proposed Order as an improper attempt to modify the Advancement Protocol adopted in the Opinion & Order, and the Court should decline to enter it.  If Dr. Goldberg does seek such a modification, it should be put forth by a proper motion and decided upon through a Report and Recommendation to either be adopted or denied by Judge Caproni.

Respectfully submitted,

Barry M. Kazan

cc: Alain Baudry, Esq. (via ECF)
   Karim Sabbidine, Esq. (via ECF)
   Gregory Zimmer, Esq. (via ECF)
   N. Ari Weisbrot, Esq. (via ECF)