Gregory Zimmer, Esq.
360 Lexington Avenue, Suite 1502
New York, NY 10017
Tel:  (914) 402-5683
GZimmer@GZimmerLegal.com

N. Ari Weisbrot, Esq. (NW-6029)
LAW OFFICE OF N. ARI WEISBROT LLC
1099 Allessandrini Avenue
New Milford, New Jersey 07646
Tel: (201) 788.6146
Email:  aweisbrot@weisbrotlaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re Navidea Biopharmaceuticals Litigation | Case No.: 1:19-cv-01578-VEC |

**MEMORANDUM OF LAW OF MICHAEL M. GOLDBERG IN SUPPORT OF
MOTION FOR INDEMNIFICATION AND ADVANCEMENT OF ATTORNEYS' FEES
<u>IN CONNECTION WITH COUNTERCLAIMS AND THIRD PARTY CLAIMS</u>**

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................................ ii

PRELIMINARY STATEMENT ......................................................................................................... 1

ARGUMENT ........................................................................................................................................ 2

I    DR. GOLDBERG IS ENTITLED TO ADVANCEMENT OF HIS ATTORNEYS' FEES AND COSTS IN CONNECTION WITH HIS COUNTERCLAIMS AND THIRD PARTY CLAIMS IN THIS ACTION ...................... 2

II    ALL OF THE COUNTERCLAIMS AND THIRD-PARTY CLAIMS ASSERTED BY DR. GOLDBERG IN THIS ACTION ARE PART OF THE SAME DISPUTE AND WERE ADVANCED TO DEFEAT OR OFFSET THE CLAIMS ASSERTED AGAINST HIM BY NAVIDEA ........................................................................................... 3

CONCLUSION .................................................................................................................................... 5

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Citadel Holding Corp. v. Roven*,
   603 A.2d 818 (Del. 1992) ............................................................................................... 2, 5

**Statutes**

Fed. R. Civ. P. 13............................................................................................................................ 2
8 Del. C. § 145 ................................................................................................................................ 1

Defendant/Counterclaim Plaintiff/Third-Party Plaintiff Dr. Michael M. Goldberg M.D. ("Dr. Goldberg") respectfully submits this Memorandum of Law in support of Dr. Goldberg's motion (the "Motion") pursuant to the Bylaws of Plaintiff/Counterclaim Defendant Navidea Biopharmaceuticals, Inc. ("Navidea") and 8 Del. C. § 145 for an order (i) ordering Navidea to advance Dr. Goldberg his attorneys' fees and other costs in connection with the prosecution of his counterclaims against Navidea and his third-party claims against Macrophage Therapeutics, Inc. ("Macrophage") in this action and (ii) granting Dr. Goldberg such other and further relief as the Court deems just and proper.

## PRELIMINARY STATEMENT

This Court has already considered the issue of advancement in the context of Navidea's claims against Dr. Goldberg in this action and ruled that Navidea's Bylaws require Navidea to advance Dr. Goldberg's attorneys' fees and costs in connection with this action. Although Dr. Goldberg sought advancement of all of his fees and expenses in connection with this action through his prior motion, and although Navidea never objected to advancement of fees and expenses relating to Dr. Goldberg's counterclaims and third-party claims, in its final Opinion and Order the Court denied Dr. Goldberg advancement of his fees and expenses in connection with his counterclaims and third-party claims without prejudice and instructed that if he sought such advancement Dr. Goldberg would be required to make a separate motion to the Court. This is that motion.

The plain language of Navidea's Bylaws does not limit the issue of advancement to claims arising from matters relating to Navidea but, in this case, it make no difference because the counterclaims and third-party claims asserted by Dr. Goldberg all arise by reason of Dr. Goldberg's work with, or issues relating to his work as a director, officer, employee or agent of

1

Navidea, and/or of Third-Party Defendant Macrophage Therapeutics, Inc. ("Macrophage") at Navidea's request, and all of the counterclaims and third-party claims are necessarily part of the same dispute and were asserted to defeat or offset Navidea's claims against Dr. Goldberg in this action. Thus, because the Court has already ruled on the underlying obligation for advancement, this motion is fairly straightforward.

## ARGUMENT

### I. DR. GOLDBERG IS ENTITLED TO ADVANCEMENT OF HIS ATTORNEYS' FEES AND COSTS IN CONNECTION WITH HIS COUNTERCLAIMS AND THIRD PARTY CLAIMS IN THIS ACTION

Courts have repeatedly recognized that where a corporate executive is sued in an action asserting claims against him for which he is entitled to advancement and he asserts counterclaims arising from the same set of facts, he is also entitled to advancement for his counterclaims. As the Delaware Supreme Court held in a nearly identical context:

> Technically, of course, [counterclaims] represent separate causes of action. But under the Federal Rules of Civil Procedure . . . [c]ounterclaims arising from the same transaction as the original complaint must be asserted or be thereafter barred. Fed. R. Civ. P. 13(a). Thus, in the federal action at least, any counterclaims asserted by [the defendant] are necessarily part of the same dispute and were advanced to defeat, or offset, [the plaintiff's] . . . claim. We therefore believe the Agreement[1] covers [the defendant's] costs incurred in pursuing the counterclaims he asserted in the federal action as well. The fact that certain defenses may have been stricken in the federal action does not foreclose the question of their reasonableness. As a tactical matter, the assertion of such defenses may be justified even if later found to be without merit and there was no determination in the federal action that such defenses were asserted in bad faith.

*Citadel Holding Corp. v. Roven*, 603 A.2d 818, 824 (Del. 1992). The counterclaims asserted by Dr. Goldberg against Navidea in this action arose out of and are based on the August 14th

---

[1] The Agreement in *Citadel* was narrower than the one at issue here. The agreement in *Citadel* required advancement only of "reasonable expenses (including court costs and attorney's fees) incurred by an Indemnitee who was or is a witness or was or is threatened to be made a named defendant or respondent in a Proceeding," whereas Navidea's Bylaws require Navidea to advance "[e]xpenses (including attorneys' fees) incurred by an officer or director in defending *any* civil, criminal, administrative, or investigative action, suit or proceeding." (Emphasis added.)

2

Agreement and its implementation (or lack thereof) by Navidea – the same agreement and set of facts and circumstances giving rise to Navidea's claims. They were asserted in this action to preserve Dr. Goldberg's claims arising from the August 14th Agreement and to defend against claims for rescission or termination of the agreement asserted by Navidea, to offset damages claims asserted by Navidea and to recover additional damages amounts in excess of any that might be awarded to Navidea. Thus, they are subject to advancement.

Likewise, Dr. Goldberg's third-party claims against Macrophage, a subsidiary of Navidea the common stock of which was 100% owned by Navidea before the August Agreement was executed (and which Navidea's witnesses have suggested it believes is still 100% owned by Navidea), arise from the same set of facts and circumstances and assert misconduct against Navidea in that Navidea prevented Macrophage from performing under the August Agreement, improperly commandeered Macrophage's board of directors in breach of the August Agreement, directed Macrophage's actions in a manner that harmed Dr. Goldberg, and ultimately stripped Macrophage of its assets, and/or caused Macrophage to breach its obligations to Dr. Goldberg under the August 14th Agreement. Thus, the third-party claims against Macrophage are also necessary to defend against and offset Navidea's claims against Dr. Goldberg and he is entitled to advancement of his attorneys' fees and costs incurred in connection with those claims.

**II.   ALL OF THE COUNTERCLAIMS AND THIRD-PARTY CLAIMS ASSERTED BY DR. GOLDBERG IN THIS ACTION ARE PART OF THE SAME DISPUTE AND WERE ADVANCED TO DEFEAT OR OFFSET THE CLAIMS ASSERTED AGAINST HIM BY NAVIDEA**

As is clear from a reading of Dr. Goldberg's allegations in support of the Counterclaims and Third-Party Claims [Dkt. No. 31], each and every one of them arise from Dr. Goldberg's dispute with Navidea concerning implementation of the agreement dated as of August 14, 2018 between Dr. Goldberg, Navidea and Macrophage (the "August Agreement") which is the basis of

the claims against him by Navidea. The August Agreement required Dr. Goldberg to resign as Navidea's CEO and release certain claims against Navidea, including in excess of $3,000,000 owed to Dr. Goldberg by Navidea. In exchange, Navidea was required to issue to Dr. Goldberg 23.5 million shares of Navidea common stock pursuant to Regulation D of the Securities Act of 1933. In addition, the August Agreement was executed, among other reasons, to separate Macrophage (which had been 99.9% owned by Navidea) from Navidea and to provide Dr. Goldberg with voting, board and operational control over Macrophage going forward. The Agreement granted Dr. Goldberg Super Voting Common Stock of Macrophage sufficient to give him voting control of Macrophage. The Agreement restricted Navidea's participation in appointments to the board of Macrophage to a single, non, voting observer. And the intent and wish of Navidea and Macrophage was that Dr. Goldberg would act as CEO of Macrophage and direct its scientific operations as well as its fundraising efforts.

Navidea's claims in this action (other than the Fourth Cause of Action for breach of fiduciary duty) seek rulings from the Court on the meaning of the August Agreement and ask the Court to relieve Navidea from certain of its obligations under the August Agreement. The Counterclaims likewise seek resolution of the meaning of, and implementation of, the provisions of the August Agreement and damages caused Navidea's breaches of the August Agreement.

Similarly, the third-party claims asserted against Macrophage seek to force Macrophage, a party to the August Agreement, a wholly-owned subsidiary of Navidea (at least prior to the execution of the August Agreement) and an entity that Navidea purported to retake control over even after executing the August Agreement, to perform it obligations under the August Agreement and seek damages based on Macrophage's failure (at Navidea's direction) to timely comply with its obligations under the August Agreement. The Counterclaims and Third-Party claims make

clear that it was Navidea's actions after the August Agreement was executed, which Dr. Goldberg alleges constituted breaches of the August Agreement, that prevented Macrophage from performing its obligations under the August Agreement. The counterclaims also sought damages based on conduct of Macrophage undertaken at the direction of the Macrophage directors purportedly appointed to the Macrophage board after the August Agreement was executed, which appointments are alleged in the counterclaims and the third-party claims to have been made in violation of the August Agreement.

There can be no doubt that each and every one of the counterclaims and third-party claims "are necessarily part of the same dispute and were advanced to defeat, or offset, [Navidea's] . . . claim[s]." *Citadel Holding Corp.*, 603 A.2d at 824. Accordingly, under the clear holding of *Citadel Holding Corp.* the attorneys' fees and expenses incurred by Dr. Goldberg in connection with their prosecution should be advanced by Navidea.

## CONCLUSION

For the foregoing reasons, Goldberg's Motion should be granted in its entirety and the Court should enter an order (i) ordering Navidea to advance Dr. Goldberg his attorneys' fees and other costs in connection with the counterclaims and third-party claims asserted by him in this action and (ii) grant Dr. Goldberg such other and further relief as the Court deems just and proper.

Dated: Westchester, New York
November 13, 2020

Respectfully submitted,

/s/ Gregory Zimmer
Gregory Zimmer, Esq.
360 Lexington Avenue, Suite 1502
New York, NY 10017
Phone: 914.402.5683

5

Fax: 914.402.5683
Email: GZimmer@GZimmerLegal.com

LAW OFFICE OF N. ARI WEISBROT LLC

N. Ari Weisbrot, Esq.
1099 Allessandrini Avenue
New Milford, New Jersey 07646
Tel: (201) 788.6146
Email:  aweisbrot@weisbrotlaw.com

*Attorneys for Defendant/Counterclaim Plaintiff/Third-Party Plaintiff Michael M. Goldberg, M.D.*