**MINTZ & GOLD LLP**
ATTORNEYS AT LAW

600 THIRD AVENUE
25TH FLOOR
NEW YORK, NEW YORK 10016

TELEPHONE (212) 696-4848
FACSIMILE (212) 696-1231

www.mintzandgold.com

November 24, 2020

*Via ECF*
Honorable Debra Freeman, U.S. Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 17A
New York, New York 10007

  RE: ***In re Navidea Biopharmaceuticals Litigation, Case No. 19-cv-01578–VEC***

Dear Judge Freeman:

  We represent Navidea Biopharmaceuticals, Inc. ("Navidea") in the above-referenced matter. We respectfully request that the Court strike Defendant Michael M. Goldberg, M.D.'s ("Dr. Goldberg") Motion for Indemnification and Advancement of Attorney's Fees in Connection with Counterclaims and Third Party Claims (the "Motion") filed on November 13, 2020 [ECF No. 165]. The basis for this request is that the Motion (1) fails to comply with the procedures established by Your Honor and Judge Caproni and (2) seeks relief that has already been denied by Your Honor and Judge Caproni. In the alternative, we would request that the time to respond to the Motion be extended until December 14, 2020, due to the upcoming trial in the Delaware Chancery Court action captioned, *Macrophage Therapeutics, Inc. v. Dr. Michael Goldberg* (the "Delaware Action") scheduled to commence on December 1, 2020.

  This Court is familiar with Dr. Goldberg's arduous briefing and prior non-compliance with the Court's orders, which is fully recounted in both Your Honor's Report and Recommendation ("R&R") [ECF No. 119], and Judge Caproni's adoption of the R&R (the "Opinion & Order") [ECF No. 134]. The Motion is yet another example of the intransigence of Dr. Goldberg and his unwillingness to comply with the Court's express orders.

  In the Opinion and Order, Judge Caproni required that if Dr. Goldberg were to seek advancement on his counterclaims against Navidea, then he was required by September 30, 2020[1] to submit, *inter alia*:

> "billing records [specifying] which time entries correspond to time spent prosecuting *each* counterclaim."

Opinion & Order at 12 n.10 (emphasis in original).

---
[1] The Court subsequently extended the date to October 7, 2020.

**MINTZ & GOLD LLP**
ATTORNEYS AT LAW

Honorable Debra Freeman
November 24, 2020
Page 2

On October 2, 2020, and October 7, 2020, rather than comply with the above order, Dr. Goldberg submitted three (3) declarations in support of his fee application (the "Fee Application") that did not attach "billing records [specifying] which time entries correspond to time spent prosecuting *each* counterclaim." [ECF Nos. 142, 143]. In accordance with Your Honor's October 9, 2020 minute order, on November 6, 2020, Navidea submitted its Memorandum of Law in Opposition to Dr. Goldberg's Fee Application [ECF No. 155] and specifically argued, *inter alia*, that the Fee Application was non-compliant with the Opinion & Order. On November 13, 2020, Dr. Goldberg submitted his Memorandum of Law in Further Support of his Fee Application. [ECF No. 164].

Surprisingly, also on November 13, 2020, Dr. Goldberg submitted the present Motion (a) despite the above-mentioned guidance provided by the Court and (b) without leave from the Court. Furthermore, Dr. Goldberg incorrectly argues that the Motion is being filed in accordance with the Opinion & Order. Specifically, Dr. Goldberg states:

> "in its final Opinion and Order the Court denied Dr. Goldberg advancement of his fees and expenses in connection with his counterclaims and third-party claims without prejudice and instructed that if he sought such advancement Dr. Goldberg would be required to make a separate motion to the Court. This is that motion."

[ECF No. 166 at 1]. The time for Dr. Goldberg to submit a motion for advancement of attorneys' fees regarding his counterclaims expired on September 30, 2020. Furthermore, the Opinion & Order facially only granted Dr. Goldberg leave to argue for advancement concerning his counterclaims, not the third-party claims. Opinion & Order at 12 n.10. Indeed, Dr. Goldberg's Notice of Motion itself makes no mention of the third-party claims ("Michael M. Goldberg … will move this Court … for an Order ordering Navidea to advance to Dr. Goldberg his attorneys' fees in connection with the counterclaims asserted by him against Navidea…"). [ECF No. 165]. Instead, Dr. Goldberg's Memorandum of Law in Support of the Motion includes the disallowed request for advancement of his attorneys' fees in connection with his third-party claims. [ECF No. 166]. Thus, rather than require a response or pursue other remedies, Navidea respectfully requests that striking the Motion is the appropriate remedy.

First, this Court is empowered to reject untimely papers. *Watson v. Geithner*, 355 F. App'x 482, 483 (2d Cir. 2009). In the Opinion & Order, Judge Caproni explicitly stated that Dr. Goldberg had until September 30, 2020, "to make properly supported fee applications to support his requests for indemnification and advancement" and recognized that the deadline included the claim for advancement on the counterclaims. Opinion & Order at 12 n.10, 13. Dr. Goldberg's Motion was filed on November 13, 2020, more than one month after the Court's deadlines and, as such, should be stricken.

Second, this Court should strike the Motion because it violates the Opinion & Order's clear and explicit instructions to Dr. Goldberg to "specify which time entries correspond to time spent

MINTZ & GOLD LLP
ATTORNEYS AT LAW

Honorable Debra Freeman
November 24, 2020
Page 3

prosecuting *each* counterclaim." Opinion & Order at 12 n.10. (emphasis in original). Dr. Goldberg's Motion (again) ignores the Opinion & Order's directions as Dr. Goldberg has failed to include any billing records supporting the time his counsel spent prosecuting the counterclaims. The Opinion & Order explicitly stated that "failure to comply with this Order will likely result in the Court determining that Goldberg has withdrawn his motion for advancement of fees with prejudice as a sanction for failure to comply with court orders." Opinion & Order at 11-12. Consequently, Dr. Goldberg's most recent failure to comply with this Court's orders should result in a determination that Dr. Goldberg "has withdrawn his motion for advancement of fees with prejudice as a sanction for failure to comply with court orders." *Id*.

Furthermore, this Court should strike the Motion because it seeks, in apparent disregard of the Opinion & Order, the advancement of fees on third party claims. The Opinion & Order explicitly states:

> "Goldberg cites no authority for the proposition that he is entitled to advancement of attorneys' fees incurred in prosecuting his third-party claims against Macrophage; *Citadel* did not involve third-party claims. Moreover, Goldberg's conclusory statement that his 'third-party claims against Macrophage [were] necessary to defend against and offset Navidea's claims,' Goldberg Obj. at 5, is wholly unsupported. As such, **Goldberg is not entitled to advancement of attorneys' fees incurred in connection with those claims**. *See Sun-Times Media Grp., Inc. v. Black*, 954 A.2d 380, 407 (Del. Ch. 2008) (noting that permissive counterclaims and third-party claims are 'offensive as opposed to defensive actions.')."

Opinion & Order at 12 n.10 (emphasis added). Even assuming that the Opinion & Order provided Dr. Goldberg with the opportunity to seek fees for his third-party claims (which it does not), he again "cites no authority for the proposition that he is entitled to advancement of attorneys' fees incurred in prosecuting his third-party claims against Macrophage." *Id.* Rather, the only case cited by Dr. Goldberg in his entire Motion is *Citadel Holding Corp. v. Roven,* 603 A.2d 818 (Del. 1992), which this Court has exclusively stated "did not involve third-party claims." *Id.* This is yet just another reason why Your Honor should strike the Motion.

Based on the foregoing, Dr. Goldberg's Motion should be stricken as another improper and untimely attempt to circumnavigate this Court's orders and to force the Court and Navidea to address issues in a piecemeal fashion. To the extent the Court wishes to entertain Dr. Goldberg's Motion, Navidea respectfully requests that it's time to reply to Dr. Goldberg's Motion be extended from November 30, 2020, to December 14, 2020. As stated previously, the undersigned counsel for Navidea is also counsel for Macrophage Therapeutics, Inc. in the Delaware Action. Between December 1 and December 3, 2020, the Delaware Action is expected to commence its trial, and Navidea respectfully requests the proposed extension to accommodate for the trial.

MINTZ & GOLD LLP
ATTORNEYS AT LAW

Honorable Debra Freeman
November 24, 2020
Page 4

                                                          Respectfully submitted,

                                                          Barry M. Kazan

cc:   Alain Baudry, Esq. (via ECF)
       Karim Sabbidine, Esq. (via ECF)
       Gregory Zimmer, Esq. (via ECF)
       N. Ari Weisbrot, Esq. (via ECF)