# Gregory Zimmer, Esq.

GZimmer@GZimmerLegal.com
O:  (914) 402-5683
M:  (516) 991-1116

November 27, 2020

**VIA ECF**

Honorable Debra Freeman, U.S. Magistrate Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:  *In re Navidea Biopharmaceuticals Litigation, Case No. 19-cv-01578–VEC*

Dear Judge Freeman:

As the Court is aware, we represent Defendant/Counterclaim Plaintiff/Third-Party Complaint Plaintiff Michael M. Goldberg, M.D. ("Dr. Goldberg") in the above-referenced action. We write in response to the letter of Barry Kazan dated November 24, 2020 in which, under the guise of an improper request for an extension of time to respond to Dr. Goldberg's pending motion for advancement of attorneys' fees and costs with respect to his counterclaims and third-party claims in this action, Plaintiff/Counterclaim Defendant Navidea Biopharmaceuticals, Inc. ("Navidea") improperly presents argument in opposition to the motion.

Dr. Goldberg filed his motion in response to the Opinion and Order of Judge Caproni dated August 24, 2020 in which Judge Caproni adopted in full Your Honor's Report and Recommendation concerning Dr. Goldberg's earlier motion for advancement of all his attorneys' fees and expenses in connection with this action.  The motion was filed on November 13, 2020, making Navidea's opposition due on November 27, 2020.

Under the guise of a "motion" for an extension of time to file Navidea's opposition, Mr. Kazan filed a letter that is nothing more than a transparent effort to prejudice the Court with respect to the motion before the Court has had the opportunity to read the moving papers which actually asks Your Honor to strike the motion.  It is apparent that Mr. Kazan's letter was not a serious or proper request for an extension because it was filed only days before Navidea's opposition was due and Mr. Kazan did not contact Dr. Goldberg's counsel to seek consent to the requested extension.

Honorable Debra Freeman, U.S. Magistrate Judge
November 27, 2020
Page 2

Moreover, rather than simply make his improper "motion" for an extension of time, Mr. Kazan spends the vast majority of his four-page letter improperly arguing the merits of the motion and asking the Court to strike the motion. Mr. Kazan incorrectly argues that the Court instructed Dr. Goldberg to submit time records supporting his request for advancement of attorneys' fees and expenses in connection with counterclaims and third-party claims along with his application for advancement of attorneys' fees and expenses in connection with defending against Navidea's claims against him in this action.

This is obviously wrong. In fact, in the Opinion and Order, Judge Caproni specifically stated that "[b]ecause the issue of whether Goldberg is entitled to advancement of fees incurred in prosecuting his counterclaims was not properly argued before Magistrate Judge Freeman, the Court will refrain from ruling on that issue. Goldberg may further address that issue in his *motion* for advancement of attorneys' fees, focusing specifically on whether his counterclaims constitute compulsory counterclaims "advanced to defeat, or offset" Navidea's claims, as contemplated by the court in Citadel and subsequent case law." (Opinion and Order n. 4 (emphasis added).) This is exactly what Dr. Goldberg did in is pending motion.

Significantly, this or any other type of argument in opposition to the motion is properly presented to the Court only through the briefing process. It is clear that notwithstanding Mr. Kazan's representation that Navidea was not prepared to oppose Dr. Goldberg's motion, it has had sufficient time to develop arguments against the motion and has now presented them to the Court. Moreover, it has done so in a way violative of the applicable rules and in a way clearly calculated to place Navidea's arguments against the motion before the Court in advance of the Court's review of Dr. Goldberg's moving papers. This improper effort to gain an unfair advantage in the motion process should be rejected by the Court and Navidea should not be permitted to benefit from "two bites at the apple" with respect to its opposition to the motion.

Because Navidea did not request consent from Dr. Goldberg for the extension it is seeking, because it has clearly had sufficient time to develop and submit arguments in opposition to the motion, and because it has improperly submitted those arguments under the guise of a letter addressing a procedural, timing issue, Dr. Goldberg respectfully requests that the Court deny Navidea's requested extension and deem its letter dated November 24, 2020 its opposition to Dr. Goldberg's motion.

Thank for your attention to this matter.

Respectfully submitted,

/s/ Gregory Zimmer, Esq.