**MINTZ & GOLD LLP**
ATTORNEYS AT LAW

600 THIRD AVENUE
25TH FLOOR
NEW YORK, NEW YORK 10016

TELEPHONE (212) 696-4848
FACSIMILE (212) 696-1231

www.mintzandgold.com

January 26, 2021

*Via ECF*
Honorable Debra Freeman, U.S. Magistrate Judge
United States District Court
Southern District of New York
500 Peal Street, Room 17A
New York, New York 10007

      RE:    ***In re Navidea Biopharmaceuticals Litigation, Case No. 19-cv-01578–VEC***

Dear Judge Freeman:

      We represent Plaintiff Navidea Biopharmaceuticals, Inc. ("Navidea") in the above-referenced matter. We write in response to Defendant Dr. Michael M. Goldberg's ("Dr. Goldberg") January 26, 2021 letter to the Court [ECF No. 181].

      Dr. Goldberg's latest submission is another instance of his counsel's unwillingness to comply with the Court's orders. During the Court's telephonic conference held on January 20, 2021, Your Honor stated, *inter alia,* that: (1) the burden is on Dr. Goldberg – who is the one seeking advancement of fees – to be able to support and justify his application for those fees; (2) the percentage approach applied by Dr. Goldberg to his advancement requests "is a problem" as there is no way to verify that Dr. Goldberg's percentage estimates are reasonable; and (3) Dr. Goldberg is to break out his time and explain, when asked, why certain time entries are labeled the way they are. Additionally, Your Honor instructed the parties to meet-and-confer "fully and in good faith about a way to move forward."

      On Friday, January 22, Dr. Goldberg's counsel requested a meet and confer without offering a specific date and time, despite being asked. Following a back and forth, Navidea provided five (5) different meeting times for this Thursday, January 28, or Friday, January 29. Nonetheless, Dr. Goldberg's counsel rejected Navidea's proposed times and stated that: "[y]ou make clear that you are going to play games and object to 100% based on percentages BEFORE paying and escrowing and that is not compliant with the protocol. So we are not going to work that out without court intervention." Dr. Goldberg's letter to the Court was then filed.

      Navidea is not playing games. Both Your Honor and Judge Caproni have written that straight across-the-board percentages without any added justification are improper. Therefore, the advancement requests are in a form that deprives Navidea of the ability to understand, verify, and determine the reasonableness of Dr. Goldberg's time entries.

**MINTZ & GOLD LLP**
ATTORNEYS AT LAW

Honorable Debra Freeman
January 26, 2021
Page 2

While we disagree that the protocol has been triggered for reasons previously stated in our briefs, none of Dr. Goldberg's advancement requests provide Navidea with a cohesive set of information to determine what amounts should be advanced and what amounts should be disputed in accordance with this Court's orders. In his September, October, November, and December advancement requests, Dr. Goldberg's counsel again do not break out the tasks that apply to the various claims being prosecuted or defended by Dr. Goldberg's attorneys to which one can determine the hourly rate and multiply it by a reasonable amount of time spent on a task. Instead, the advancement requests provide several percentage apportionments that Dr. Goldberg's counsel applies to various tasks without any explanation or guidance as to why or how these percentage apportionments were determined. Navidea asked Dr. Goldberg that this information be provided or justification as to why it cannot be, so as to enable a meaningful meet and confer.

Notably, after requesting that Dr. Goldberg comply with the above and offering a time to meet and confer, Navidea was met with the following response:

> "Let me know your availability for a call with the court. If you cannot make yourself available before Thursday let me know and I will ask the Court to order a call before then."

As stated in its communications with Dr. Goldberg, Navidea stands ready to comply with the Court's most recent directive to try and move this forward and meet and confer on the issue of the advancement of fees. Rather than conduct another teleconference, we ask that the Court require Dr. Goldberg's counsel to provide the information, or at a minimum, to meet and confer on the issue during one of the times proposed by Navidea or at another mutually convenient time.

Respectfully submitted,

Barry M. Kazan

cc: Alain Baudry, Esq. (via ECF)
Karim Sabbidine, Esq. (via ECF)
Gregory Zimmer, Esq. (via ECF)
N. Ari Weisbrot, Esq. (via ECF)