# Gregory Zimmer, Esq.

GZimmer@GZimmerLegal.com
O:  (914) 402-5683
M:  (516) 991-1116

January 27, 2021

**VIA ECF**

Honorable Debra Freeman, U.S. Magistrate Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:  *In re Navidea Biopharmaceuticals Litigation, Case No. 19-cv-01578–VEC*

Dear Judge Freeman:

As the Court is aware, I represent Defendant/Counterclaim Plaintiff/Third-Party Complaint Plaintiff Michael M. Goldberg, M.D. ("Dr. Goldberg") in the above-referenced action. We wrote to the Court yesterday asking for yet another conference in an attempt to have Navidea comply with its obligations under the going-forward advancement protocol adopted by the Court on August 24, 2020, now more than five (5) months ago. The protocol sets for a very clear series of events that must occur with respect to each month:

    1. **Monthly demand for advancement by Goldberg.** By the 5th day of each month, Goldberg's counsel should email to Navidea's counsel Goldberg's invoices for attorneys' fees and expenses incurred during the previous month that, in Goldberg's view, would be subject to advancement pursuant to the Court's order. Such invoices should reflect the hourly rates for counsel that, by that point (i.e., through a lodestar analysis), the Court has deemed reasonable.

    2. **Response by Navidea.** By the 15th day of the month, Navidea should pay that portion of the requested amount that is undisputed. To the extent Navidea disputes specific time entries or expenses, Navidea's counsel should respond to Goldberg's counsel in writing, identifying each specific time entry or expense to which Navidea objects and explaining the nature of its objection. If Navidea disputes more than 50 percent of the amount sought in any advancement demand, then it should pay 50 percent of the amount sought, and Goldberg's

counsel should hold the amount exceeding the undisputed amount in escrow pending resolution of the dispute as to that portion.

**3. Mandatory meet-and-confer by counsel.** Before the last day of the month, counsel for both parties should meet and confer regarding any disputed amounts for the relevant period. Any additional advancement that results from the meet-and-confer session should be paid with the next month's payment of undisputed amounts.

**4. Applications to the Court regarding any unresolved disputes.** Not more frequently than quarterly, Goldberg should be permitted to file an application with the Court seeking a ruling on any disputed amounts. The application should be directed, in the first instance, to the undersigned. The parties should not, however, be permitted to raise any new arguments that were not previously raised with the other side in the applicable demand, response, or meet-and-confer session. Except in connection with a successful application, Plaintiff should not seek or receive advancement for time spent preparing invoices or conferring regarding advancement requests.

As we have informed the Court in numerous letters starting in October, 2020, Dr. Goldberg has diligently performed his obligation with respect to the **first step** of the protocol. Dr. Goldberg has submitted complete billing records as well as specific calculations showing which portions of the work reflected on the complete billing records related to advanceable subjects. He has not sought advancement of any time attributable solely to non-advanceable matters. Where work has related to both advanceable and non-advanceable matters he has made his best effort to allocate the time between advanceable matters and non-advanceable matters. As we have repeatedly told the Court, where work such as preparing for and conducting depositions that relate to both Dr. Goldberg's defense of Navidea's claims and prosecution of his counterclaims and third-party claims (and, if applicable, to the action pending in Delaware Chancery Court) the work is often indivisible, in that every hour spent and every question asked relates to highly interrelated facts that cannot be broken down further. In those instances Dr. Goldberg has allocated percentages of the time to his defense of Navidea's claims and has sought advancement of those amounts.

The **second step** of the protocol is that *by the 15th day of each month*, **Navidea** is required to (i) determine which portions of the request it does not dispute and pay those amounts, (ii) if it disputes more than 50% of the amounts sought, escrow the difference between the amount paid and 50% of the amount sought, and (iii) provide Dr. Goldberg in writing detailed objections to any time entry or portion thereof to which it objects. Navidea has *never* done this with respect to *any* submission by Dr. Goldberg event though Dr. Goldberg has timely provided his complete billing records and advancement requests every month starting with October 2020. If Navidea believes that an allocation of time by Dr. Goldberg is inappropriate, it can provide a detailed objection in writing and the parties can confer regarding the objection as required by the third step of the protocol. However, before that occurs Navidea is required to pay all undisputed amounts and escrow the balance up to 50% of the amount requested. It is Dr. Goldberg's position that if Navidea believes that some other percentage or method of allocating time for indivisible work is required, it must pay the portion it believes should be allocated to advanceable work and explain its position

Honorable Debra Freeman, U.S. Magistrate Judge
January 27, 2021
Page 3

so that the parties can meet and confer on the subject. Navidea is free to allocate any portion of the work it believes in good faith is appropriate and pay only that amount to Dr. Goldberg by the 15th of each month. Should Navidea argue that 0% of the time spent, for example, conducting depositions in this case, should be attributed to defense of its claims, Dr. Goldberg trusts the Court will address that type of conduct appropriately. Dr. Goldberg has thoroughly explained his rationale for the percentages he has attributed to various work and is willing to meet and confer in good faith once he receives a counterproposal from Navidea *in the context of compliance with the protocol*. Any remaining disputes can be referred to the Court per the fourth step of the protocol.

For many months now Dr. Goldberg has simply been asking the Court to require Navidea to comply with the protocol as adopted by the Court. Any proposed modification requested by the parties through the process of objecting to Your Honor's Report and Recommendation were rejected by Judge Caproni, made only one change to the protocol recommended by Your Honor – that the parties confer for at least one hour every month regarding the written objections presented to Dr. Goldberg by the 15th of each month. We request again that the Court direct Navidea to comply with its obligations under the protocol.

Thank for your attention to this matter.

Respectfully submitted,

/s/ Gregory Zimmer, Esq.