Gregory Zimmer, Esq.
360 Lexington Avenue, Suite 1502
New York, NY 10017
Tel: (914) 402-5683
GZimmer@GZimmerLegal.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| In Re Navidea Biopharmaceuticals Litigation | Case No.: 1:19-cv-01578-VEC |
|---|---|

**MEMORANDUM OF LAW OF DR. MICHAEL M. GOLDBERG MD
IN SUPPORT OF MOTION FOR CONTEMPT**

Defendant/Counterclaim Plaintiff/Third-Party Plaintiff Dr. Michael M. Goldberg M.D. ("Dr. Goldberg") respectfully submits this Memorandum of Law and the Declaration of Gregory Zimmer, Esq. dated February 1, 2021 (the "Zimmer Decl."), with exhibit, in support Dr. Goldberg's motion (the "Motion") for contempt against Plaintiff/Counterclaim Defendant Navidea Biopharmaceuticals, Inc. ("Navidea") pursuant to the Opinion and Order entered August 24, 2021 (the "Order") establishing a going-forward advancement protocol in this action (the "Protocol") and Local Civil Rule 83.6(a), for an Order (i) finding Plaintiff/Counterclaim Defendant Navidea Biopharmaceuticals, Inc. ("Navidea") in contempt of the Order for failing to comply with the terms of the Protocol, (ii) precluding Navidea from objecting to fees for which advancement was requested during periods in which Navidea failed to comply with the Order and Protocol, (iii) modifying the Order to provide for interest to Dr. Goldberg on any amounts objected to by Navidea in the future which are ultimately awarded to Dr. Goldberg pursuant to the Protocol, (iv) awarding Dr. Goldberg his costs, including attorneys' fees, in connection with this motion, and (v) granting Dr. Goldberg such other and further relief as the Court deems just and proper.

## PROCEDURAL AND FACTUAL BACKGROUND

In its Opinion and Order entered August 24, 2021 (the "Order") the Court adopted the going-forward advancement protocol (the "Protocol") recommended by Hon. Magistrate Judge Debra H. Freeman in her Report and Recommendation dated July 9, 2020 (the "R&R"), with the single modification that after Navidea complied with the second step of the protocol the parties were required to meet and confer for at least one hour regarding any disputed amounts for the relevant period. (*See* Zimmer Decl. ¶¶ 1-2, Ex. A at 43, Ex. B at 12.)

Pursuant to the Order and the Protocol, by the 5th day of each month, Goldberg's counsel is to email to Navidea's counsel Goldberg's invoices for attorneys' fees and expenses incurred during the previous month that, in Goldberg's view, would be subject to advancement pursuant to the Order and the Protocol, which invoices should reflect the hourly rates for counsel that, by that point (i.e., through a lodestar analysis), the Court has deemed reasonable. (*See* Zimmer Decl. ¶ 3, Ex. A 43, Ex. B at 12.) Navidea confirmed in its submission responding to Dr. Goldberg's initial fee application on November 6, 2020 [Dkt. No. 155] that it does not object to those rates.

On October 5, 2020, Dr. Goldberg's counsel e-mailed to Navidea's counsel complete invoices/billing records for the month of September 2020 along with calculation sheets showing the exact time entries or portions thereof and other expenses that, in Dr. Goldberg's view, would be subject to advancement pursuant to the Order and the Protocol. Both the invoices/billing records and the calculations sheets reflected the hourly rates for counsel. (*See* Zimmer Decl. ¶ 4, Ex. C.)

On November 6, 2020, Dr. Goldberg's counsel e-mailed to Navidea's counsel complete invoices/billing records for the month of October 2020 along with calculation sheets showing the exact time entries or portions thereof and other expenses that, in Dr. Goldberg's view, would be subject to advancement pursuant to the Order and the Protocol. Both the invoices/billing records and the calculations sheets reflected the hourly rates for counsel. These materials were e-mailed to Navidea's counsel at 1:09 AM on November 6, 2020 due to logistical and technical issues experienced by Dr. Goldberg's counsel during the process of assembling and transmitting the materials. (*See* Zimmer Decl. ¶ 5, Ex. D.)

On December 7, 2020, Dr. Goldberg's counsel e-mailed to Navidea's counsel complete invoices/billing records for the month of November 2020 along with calculation sheets showing

the exact time entries or portions thereof and other expenses that, in Dr. Goldberg's view, would be subject to advancement pursuant to the Order and the Protocol. Both the invoices/billing records and the calculations sheets reflected the hourly rates for counsel. These materials were e-mailed to Navidea's counsel December 7, 2020 because December 5, 2020 was a Saturday. (*See* Zimmer Decl. ¶ 6, Ex. E.)

On January 5, 2021, Dr. Goldberg's counsel e-mailed to Navidea's counsel complete invoices/billing records for the month of December 2020 along with calculation sheets showing the exact time entries or portions thereof and other expenses that, in Dr. Goldberg's view, would be subject to advancement pursuant to the Order and the Protocol. Both the invoices/billing records and the calculations sheets reflected the hourly rates for counsel. (*See* Zimmer Decl. ¶ 7, Ex. F.

The Protocol requires that by the 15th day of the month, Navidea should pay that portion of the requested amount that is undisputed. To the extent Navidea disputes specific time entries or expenses, Navidea's counsel should respond to Goldberg's counsel in writing, identifying each specific time entry or expense to which Navidea objects and explaining the nature of its objection. If Navidea disputes more than 50 percent of the amount sought in any advancement demand, then it should pay 50 percent of the amount sought, and Goldberg's counsel should hold the amount exceeding the undisputed amount in escrow pending resolution of the dispute as to that portion. (*See* Zimmer Decl. ¶ 8, Ex. A at 43.)

On a telephonic conference conducted by Hon. Magistrate Freeman, Magistrate Freeman instructed Navidea, in sum and substance, to "start paying" under the Protocol. (*See* Zimmer Decl. ¶ 9.)

Navidea has never paid any amount to Dr. Goldberg with respect to the September, October, November or December 2020 advancement requests submitted to Navidea. (*See* Zimmer Decl. ¶ 10.)

Navidea has never responded to Dr. Goldberg's September, October, November or December 2020 advancement requests in writing, nor has it ever identified any specific time entry or expense to which Navidea objects. (*See* Zimmer Decl. ¶ 11.)

Navidea has, to the best of Dr. Goldberg's and his counsel's knowledge, never escrowed any amount with respect to the September, October, November or December 2020 advancement requests submitted to Navidea. (*See* Zimmer Decl. ¶ 12.)

## ARGUMENT

"A [party] may be held in civil contempt for failing to comply with an order of the Court . . . where the plaintiff establishes (1) that the order was 'clear and unambiguous,' and (2) 'the proof of non-compliance is clear and convincing.'" *Chao v. Gotham Registry, Inc.*, 514 F.3d 280, 291 (2d Cir. 2008) (citation omitted). Further, '[a]lthough the defendant's conduct need not be willful, a plaintiff must also prove that (3) the defendant has not been reasonably diligent and energetic in attempting to comply.' Id. (citations omitted)." *GMA Accessories, Inc. v. Eminent, Inc.*, 2008 U.S. Dist. LEXIS 55107, *6-9, 2008 WL 2355826 (S.D.N.Y. May 29, 2008, Freeman, M.J.).

As set forth above, the Order and Protocol clearly and unambiguously required Navidea to pay or escrow certain amounts and provide specific written objections to Dr. Goldberg's advancement requests by the fifteenth day of each of the months of October, November and December 2020 and January 2021. The Zimmer Decl. makes clear that Navidea did not take any of the required actions. Moreover, the docket in this action makes clear that Dr. Goldberg has taken extensive actions and made extensive submissions seeking Navidea's compliance but

4

Navidea has not been reasonably diligent and energetic in attempting to comply. Rather, Navidea has repeatedly submitted implausible excuses for its failure to comply. Finally, Magistrate Judge Freeman directed Navidea, in sum and substance, to "start paying" Dr. Goldberg during a telephonic conference held on January 20, 2021.

## CONCLUSION

For the foregoing reasons, Dr. Goldberg's motion should be granted in its entirety and the Court should enter an Order (i) finding Plaintiff/Counterclaim Defendant Navidea Biopharmaceuticals, Inc. ("Navidea") in contempt of the Order for failing to comply with the terms of the Protocol, (ii) precluding Navidea from objecting to fees for which advancement was requested during periods in which Navidea failed to comply with the Order and Protocol, (iii) modifying the Order to provide for interest to Dr. Goldberg on any amounts objected to by Navidea in the future which are ultimately awarded to Dr. Goldberg pursuant to the Protocol, (iv) awarding Dr. Goldberg his costs, including attorneys' fees, in connection with this motion, and (v) granting Dr. Goldberg such other and further relief as the Court deems just and proper.

Dated: Westchester, New York
February 1, 2021

                Respectfully submitted,

                /s/ Gregory Zimmer
                Gregory Zimmer, Esq.
                360 Lexington Avenue, Suite 1502
                New York, NY 10017
                Phone: 914.402.5683
                Fax: 914.402.5683
                Email: GZimmer@GZimmerLegal.com

                *Attorneys for Defendant/Counterclaim Plaintiff/Third-Party Plaintiff Michael M. Goldberg, M.D.*