UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE: NAVIDEA BIOPHARMACEUTICALS LITIGATION

Case No.: 1:19-cv-01578-VEC

ECF Case

# NAVIDEA BIOPHARMACEUTICALS, INC.'S RESPONSE TO ORDER TO SHOW CAUSE DATED FEBRUARY 5, 2021

# **TABLE OF CONTENTS**

RESPONSE TO ORDER TO SHOW CAUSE ............................................................................. 1

A.     Navidea Has Not Made Payments To Dr. Goldberg, In Part, Because of His Refusal To Meet and Confer ................................................................................................... 3

B.     The Contemplated Relief Would Violate the Advancement Protocol .......................... 5

       1.     The Advancement Protocol Has Not Been Triggered ........................................... 5

C.     The Advancement Requests Violate the Court's Prior Orders ...................................... 8

       1.     Dr. Goldberg Employs The Percentage Approach Rejected By The Court. .......... 8

       2.     Dr. Goldberg May Not Seek Fees For Time On Advancement ........................... 10

D.     The Payment of 50% Would Violate the Court's Prior Orders ..................................... 11

CONCLUSION ............................................................................................................................. 12

Plaintiff/Counterclaim Defendant Navidea Biopharmaceuticals, Inc. ("Navidea") submits this memorandum of law in response to the Court's February 5, 2021 Order to Show Cause. For the reasons set forth below, and as will be more fully set forth in its opposition to the Motion to Compel/Contempt by Defendant/Counterclaim Plaintiff/Third-Party Plaintiff Michael M. Goldberg, M.D.'s ("Dr. Goldberg"), the Court should not order the relief suggested in its Order to Show Cause.

## RESPONSE TO ORDER TO SHOW CAUSE

On January 20, 2021, the Court conducted a teleconference ("Jan. 20 Tr.") with respect to the advancement of fees. During that call, the Court directed the parties to meet and confer no fewer than five (5) times and stated the various issues that the Court expected to be discussed. Specifically, the Court stated:

- "And I haven't heard anything on this call yet from Navidea. *I expect that you will proceed with the protocol at this point with good-faith conference* [sic] and with, you know, minimal need for further applications to the Court with respect to the ongoing process." Jan. 20 Tr. at 11:22-12:2 (emphasis added) [ECF No. 187].

- "*Here's what we're going to do. You're going to confer fully in good faith about a way to move forward.* The way to move forward, in my book, means that Navidea will start making some payments to Dr. Goldberg. They may be less than what Dr. Goldberg thinks he's entitled to. There may be more put in escrow than he thinks is appropriate." *Id.* at 18:18-23 (emphasis added).

- "*But you're going to confer,* you're going to try on Dr. Goldberg's side to break out the time as best as you can and explain what you're doing and why on as granular a basis as you can when asked. And I don't expect Navidea to continue to sit there and not pay a dime. *You're going to confer, you're going to work out something, you're going to start making payments*." *Id.* at 19:3-9 (emphasis added).

- "That's it. *I expect conference*, I expect some monies paid, I expect good faith to see that some monies are paid." *Id.* at 20:13-15 (emphasis added).

On January 26, 2021, after failing to receive a definite day and time to meet and confer from Dr. Goldberg's counsel, Navidea's counsel e-mailed Dr. Goldberg's counsel offering up five (5) slots of availability on January 28 and 29, 2021. *See* Declaration of Barry M. Kazan, Ex. A. Rather than schedule the Court ordered meet and confer, Dr. Goldberg wrote to the Court and requested an immediate conference [ECF No. 181] and followed up on February 1, 2021, with a motion to compel and motion for contempt against Navidea. [ECF Nos. 184-185]. As of this writing, no meet and confer has occurred.

Rather, on February 5, 2021, this Court entered an Order to Show Cause addressing two issues. [ECF No. 186]. First, the Court directed Navidea to show cause:

> [W]hy [Navidea] has still not made any advancements of attorneys' fees to Dr. Goldberg, despite having been informed by this Court, at the conference held on 1/20/2021, that the Court expected it to start making such payments. *Id.*

Second, the Court directed Navidea to show cause:

> [W]hy (regardless of the outcome of Dr. Goldberg's recently filed motion to compel and for contempt), this Court should not compel Navidea to pay, immediately, at least 50 percent of the advancement amounts requested by Dr. Goldberg to date, in accordance with the protocol previously dictated by the Court.

*Id.* While the simplest answer to these two questions should be that Dr. Goldberg refused to participate in a meet and confer and violated the Court's directive "to confer fully in good faith about a way to move forward," the gravity of the order to show cause requires a further explanation of Navidea's position.

The Order to Show Cause concerns an advancement protocol that was the subject of Magistrate Judge Debra Freeman in her Report and Recommendation ("R&R") [ECF No. 119] (the "Advancement Protocol") and additional guidance provided by District Judge Valerie Caproni in adopting the R&R (the "O&O") [ECF No. 134]. The Advancement Protocol, as written, and

2

Dr. Goldberg's conduct to date, has created a situation where the Court is admittedly attempting to implement the "spirit of the ruling" of the Advancement Protocol (Jan. 20 Tr. at 19:21); however, Dr. Goldberg's monthly advancement requests violate both the language and the spirit of the Advancement Protocol.  Dr. Goldberg's submissions, coupled with his refusal to meet and confer, has now apparently created a situation where an order to show cause was deemed necessary by the Court.  For the reasons set forth below, the Court should not order any relief contemplated by the Order to Show Cause.

### A. Navidea Has Not Made Payments To Dr. Goldberg, In Part, Because of His Refusal To Meet and Confer

This Court's Order to Show Cause appears to be a response to Dr. Goldberg's January 26, 2021 letter in which he blatantly mischaracterized the January 20, 2021 conference.  [ECF No. 181].  During that conference, Magistrate Freeman certainly indicated that the Court believed that Navidea should start making payments.  (Jan. 20 Tr. at 18: 19-21, 19:8-9).  However, Magistrate Freeman also required that the parties meet and confer first and reiterated this numerous times:

- "And I haven't heard anything on this call yet from Navidea. *I expect that you will proceed with the protocol at this point with good-faith conference* [sic] and with, you know, minimal need for further applications to the Court with respect to the ongoing process." Jan. 20 Tr. at 11:22-12:2 (emphasis added) [ECF No. 187].

- "*Here's what we're going to do. You're going to confer fully in good faith about a way to move forward.* The way to move forward, in my book, means that Navidea will start making some payments to Dr. Goldberg.  They may be less than what Dr. Goldberg thinks he's entitled to.  There may be more put in escrow than he thinks is appropriate." *Id.* at 18:18-23 (emphasis added).

- "*But you're going to confer,* you're going to try on Dr. Goldberg's side to break out the time as best as you can and explain what you're doing and why on as granular a basis as you can when asked.  And I don't expect Navidea to continue to sit there and not pay a dime. *You're going to confer, you're going to work out something, you're going to start making payments*." *Id.* at 19:3-9 (emphasis added).

3

- "That's it. *I expect conference*, I expect some monies paid, I expect good faith to see that some monies are paid." *Id.* at 20:13-15 (emphasis added).

Thus, this was not the case where the Court directed that Navidea make a payment. On five (5) occasions, the Court said that the parties were to meet and confer first, with an expectation that Navidea would start making payments. *Id.* at 11:22-12:2, 18:18-23, 19:3-9, 20:13-15. This is precisely what Navidea attempted to do.

Dr. Goldberg acknowledged this Court's requirement to meet and confer when on January 22, 2021, he sent an e-mail asking Navidea to meet and confer. *See* Kazan Decl. Ex. B. Navidea responded with a request for a specific time, which was not promptly provided. *Id.* Ex. A. Then, Navidea tried again and offered specific times to meet and confer. *Id.* Again, Dr. Goldberg declined. *Id.* Not only did he decline to comply with this Court's order, he then wrote the Court demanding Court intervention and filed a motion for sanctions. [ECF Nos. 181, 184-185]. All without first meeting and conferring as required by the Court.

Navidea's reading of the Advancement Protocol, which the Court has confirmed on several occasions (ECF Nos. 145, 154, 187 and Minute Entry dated 9/8/20), is that it has not even been triggered because Judge Caproni has yet to "determine[] the lodestar fees incurred up to the date of a proper fee application." (R&R at 42-43). Navidea has set this out in its prior submissions to the Court. [ECF No. 161, 182]. In fact, Magistrate Freeman also recognized that the submissions made by Dr. Goldberg do not permit a lodestar calculation. (Jan. 20 Tr. at 5:17-6:7). Nonetheless, Navidea understood that notwithstanding its own reading of the Advancement Protocol, the Court, on January 20, 2021, directed Navidea and Dr. Goldberg to meet and confer with the understanding that the Court expected Navidea to start paying under the Advancement Protocol. (*Id.* at 11:22-12:2, 18:18-23, 19:3-9, 20:13-15). However, because Dr. Goldberg refused to meet and confer, and because Dr. Goldberg failed "to break

4

out the time as best as [he] can and explain what [he's] doing and why on as granular a basis as [he] can when asked[,]" Navidea did not have an obligation to start making payments. (*Id.* at 19:4-6). For these reasons, as well as those set forth in Navidea's prior filings, Navidea has not yet made any advancements of attorneys' fees to Dr. Goldberg.

### B. The Contemplated Relief Would Violate the Advancement Protocol

The second prong of the Order to show cause states as follows:

> [W]hy (regardless of the outcome of Dr. Goldberg's recently filed motion to compel and for contempt), this Court should not compel Navidea to pay, immediately, at least 50 percent of the advancement amounts requested by Dr. Goldberg to date, in accordance with the protocol previously dictated by the Court.

[ECF No. 186]. The Court should not compel "Navidea to pay, immediately, at least 50 percent of the advancement amounts requested by Dr. Goldberg to date" because it would violate the Advancement Protocol. Moreover, the relief that the Court is contemplating would award to Dr. Goldberg the relief that the Court previously denied in establishing the Advancement Protocol in the first instance.

#### 1. The Advancement Protocol Has Not Been Triggered

As this Court is aware, the Court modeled the Advancement Protocol based on the protocol adopted in *Ryu v. Hope Bancorp, Inc.*, No. 18-cv-1236 (JSR)(KHP), 2018 U.S. Dist. LEXIS 148513 (S.D.N.Y. Aug. 29, 2018), *adopted by, Motion granted by, in part*, 2018 U.S. Dist. LEXIS 169660 (S.D.N.Y. Sept. 27, 2018), *aff'd*, 786 F. App'x 271 (2d Cir. 2019). In *Ryu*, unlike here, both the report and recommendation and the order approving the report and recommendation had included an extensive analysis of the "[r]easonableness of ... [b]ase hourly rates (*id.* at *15), a proposed rate multiplier (*id.* at *18-20), an analysis of the hours billed (*id.* at *20-23), and costs (*id.* at *24). Therefore, in that case, unlike in this case, the parties were operating under extensive guidance from the Magistrate Judge and the District Judge as to how fees were to be addressed.

5

In this case, unlike in *Ryu*, neither Magistrate Freeman nor Judge Caproni had the ability to opine on the rates and time entries. This unfortunate circumstance was due to the fact that Dr. Goldberg had consistently failed to follow the Court's instructions when submitting the fee application.[1] Therefore, in this case, Magistrate Freeman modified the protocol from *Ryu* to state as follows:

> if the Court agrees with the within recommendation that Goldberg be found entitled to advancement of his reasonable attorneys' fees and costs for the defense of Navidea's three remaining claims in this case, then I further recommend that a protocol be put in place to address the advancement of additional attorneys' fees going forward, as this case progresses. In this regard, I recommend that, ***once the Court has determined the lodestar for already-incurred fees, the parties be directed to proceed forward, from that point …***

(R&R at 42) (emphasis added). Based on the R&R, a reasonable interpretation is that a pre-condition to the Advancement Protocol being implemented was that the Court, in this instance, Judge Caproni, needed to first determine the lodestar for already-incurred fees. Because that has not occurred – even as of yet – the Advancement Protocol has not yet been triggered. In fact, on November 2, 2020, Magistrate Freeman confirmed this reading when entering a minute order that stated in part:

> Both parties should be aware, however, that while, in an effort to expedite the parties' ability to move forward with the ongoing advancement of fees, this Court is prepared to address the hourly rate issue first (after the fee motion is fully submitted), this Court will ultimately be making a report and recommendation to Judge Caproni with respect to the amount that should be awarded on any claim for fees, and with respect to how those fees should be calculated. (Dkt #148)

[ECF No. 148]. Following this order, Dr. Goldberg wrote several letters to the Court and a letter motion seeking to modify the Advancement Protocol, thereby conceding that the Advancement Protocol as written had not been triggered. [ECF Nos. 147, 158, 163, 169 and 176]. On January 10, 2021, Magistrate Freeman wrote the following:

---

[1] (R&R at 41, O&O at 6- 7, 11, n.10).

6

> Apart from these applications, the parties are supposed to be following a defined protocol for Navidea's ongoing advancement of Dr. Goldberg's attorneys' fees, on a forward-looking basis. (See Dkt. 134, at 12-13.) So as to facilitate the parties' ability to comply with the protocol set by the Court for that ongoing advancement of fees, this Court informed counsel that, even in advance of a full report and recommendation to Judge Caproni regarding the pending fee applications, this Court would attempt to provide guidance to the parties regarding the reasonableness of the hourly rates charged by Dr. Goldberg's attorneys. ***The parties should be aware that Judge Caproni, and not this Court, will ultimately determine the appropriateness of Dr. Goldberg's fee applications (including the reasonableness of counsel's billing rates)***, but -- solely to aid the process going forward -- this Court hereby informs the parties that it is prepared to recommend to Judge Caproni that the billing rates requested by Dr. Goldberg for attorneys Zimmer and Weisbrot fall within a reasonable range, in this market, for attorneys with their reported levels of experience in commercial litigation. (ECF No. 177) (emphasis added).

Again, while Magistrate Freeman recognized that the goal was to facilitate the Advancement Protocol moving forward, Magistrate Freeman again confirmed that the Advancement Protocol, as written and as adopted by the Court, requires that Judge Caproni take certain actions before the Advancement Protocol is triggered. Even as late as January 20, 2021, Magistrate Freeman recognized that Dr. Goldberg had failed to provide billing records in a form in which the lodestar could be determined. (Jan. 20 Tr. at 5:17-6:7). Therefore, the pre-conditions to triggering the Advancement Protocol have not occurred. Indeed, when Dr. Goldberg submitted his first so-called request under the Advancement Protocol, Navidea, although not obligated to, informed Dr. Goldberg that it viewed the submission as premature. *See* Kazan Decl. Ex. C (October 15, 2020 e-mail to Mr. Zimmer). To the extent that the pre-conditions for triggering the Advancement Protocol have occurred, then at best, the date from which the parties are to move forward is January 10, 2021. Therefore, the first advancement request that arguably is subject to the Advancement Protocol is February 5, 2021, and Navidea's time to respond has not yet occurred. Although Navidea disagrees with that analysis, it was and remains prepared to fully comply with Magistrate Freeman's direction to meet and confer in good faith about "a way to move forward" guided by the Court's expectation that Navidea would begin making payments. (Jan. 20 Tr. 18:19).

7

### C. The Advancement Requests Violate the Court's Prior Orders

In addition to failing to meet and confer to address the issues raised in the Order to Show Cause, the direction to immediately pay 50% of the requested invoices should not be ordered because the advancement requests for September, October, November, December, and January do not comply with the Court's orders. [ECF Nos. 184-4 – 184-7; Kazan Decl. Ex. D.]. The Court admittedly has not reviewed these submissions, but has already stated that the approach that Dr. Goldberg has undertaken is not in compliance with this Court's prior orders. (Jan. 20 Tr. at 5:17-6:7). Putting aside other infirmities that may exist (*e.g.,* whether Dr. Goldberg in fact seeks advancement for defense costs or if he seeks advancement for work not covered by the O&O), the Advancement Requests have two glaring flaws: (1) they apply across the board percentages, a practice that this Court has already said is inappropriate on numerous occasions; and (2) they seek advancement for time spent preparing invoices or conferring regarding advancement requests. [ECF Nos. 184-4 – 184-7; Kazan Decl. Ex. D.]. Due to these flaws, the advancement requests from September to January overstate the amounts that would be subject to the Advancement Protocol, and applying a 50% threshold would require Navidea to escrow more than it otherwise would be required to under the Advancement Protocol.

#### 1. Dr. Goldberg Employs The Percentage Approach Rejected By The Court.

Navidea's challenge with determining how much should be advanced is that Dr. Goldberg has ignored the Court's order that across the board percentages are prohibited. In both the R&R and the Order, the Court gave express guidance that this was not appropriate. (R&R at 3, O&O at 12).

8

In a November 10, 2020 letter, Navidea identified the problem with the approach that Dr. Goldberg had taken both to Dr. Goldberg and the Court.[2]  Specifically, Navidea wrote:

> Neither the Application nor the September and October advancement requests provide Navidea with a cohesive set of information to determine what amounts should be advanced and what amounts should be disputed in accordance with the Opinion & Order.  Instead, the Application provides several percentage apportionments – provided without any support – that Dr. Goldberg's counsel applies to various tasks.  For example, Dr. Goldberg's counsel apply: (A) to their billing rates (i) a 30% multiplier to the defense of the breach of fiduciary duty claim and (ii) four (4) different multipliers to the defense of Navidea's remaining claims including (1) 50%, (2) 46.4%, (3) 76.4%, and (4) 80%; (B) four (4) different hourly rates including (1) $450.00 (2) $425.00 (3) $400.00 and (4) $300.00; and (C) allocations of 80%, 15%, and 5% to the defense of Navidea's claims and prosecution of certain counterclaims, the prosecution of Dr. Goldberg's counterclaims not subject to advancement, and the prosecution of Dr. Goldberg's third-party claims, respectively.

[ECF No. 162].  Rather than correct his defects, Dr. Goldberg continued to pursue this method of computation of his fees in September, October, November, and December and made no effort to go back and recompute his fees.  In fact, during the conference call that is the subject of the Order to Show Cause, Magistrate Freeman repeatedly stated that this methodology was inappropriate:

> I also want to add that the submission that I got with respect to past amounts shows that the work was not segregated in a way where it could be allocated to the different aspects of the case for purposes of these fee applications.  And it seems to me very clear that the reason that it wasn't done in a way that there could be a lodestar calculation and wasn't done and wasn't done is because it could not be done. And so the application I have is essentially asking me to accept that the allocations that are being made based on counsel's estimates of the percentage of time spent on this and the percentage of time spent on that, that those are appropriate because counsel has told me that they are.  And that causes a problem, and I will deal with it as I wade through and write a recommendation on the application that I have.
>
> \*\*\*
>
> Mr. Zimmer, it's a problem.  The percentages approach is a problem if there's no way to try to verify that these estimates are reasonable. It's a problem for me. If it's a problem for me, I don't know why it wouldn't be a problem for

---

[2] Dr. Goldberg's counsel had the audacity to falsely say that January 20, 2021 was "the first communication we've received from Navidea about" its objections to the percentage based approach.  (Jan. 20 Tr. at 14:25-15:2).

9

> Mr. Kazan. And across the board, certainly -- certainly, across the board is problematic.
>
> \*\*\*
>
> And if it's a particular thing where it cannot be parsed because it relates to the case as a whole, then you need to explain, "These entries cannot be parsed because they relate to the case as a whole. These entries can be parsed, and they have been." And if you have -- you know, at least on a sample basis to provide backup of why you are making the estimates you are instead of because it came out of the lawyer's head and he said so.
>
> \*\*\*
>
> It's not obvious to me that questioning on a counterclaim, for example, would be 10%, 20%, 30, 50, 80% of the work, without taking a look at what exactly are the counterclaims, what exactly are the questions, what exactly is the work that's being done.

(Jan. 20 Tr. 5:17-6:7; 13:17-23; 14:8-16, 18-22). In sum, Dr. Goldberg has been on notice that the percentage approach was inappropriate, but chose to continue to submit his advancement requests in that form. Forcing Navidea to try and reconcile these issues to determine the lodestar amount is something the Court has expressly recognized is a "problem" necessitating a meet and confer, and Dr. Goldberg's purposeful violation of the Court's orders should not be rewarded.

### 2. Dr. Goldberg May Not Seek Fees For Time On Advancement

Dr. Goldberg's submissions also violate the Advancement Protocol's provision, which expressly stated: "Except in connection with a successful application, Plaintiff should not seek or receive advancement for time spent preparing invoices or conferring regarding advancement requests." (R&R at 43). Here, the January request is entirely "time spent preparing invoices or conferring regarding advancement requests." (*Id.*). As the Advancement Protocol provides, this time is not subject to advancement "except in connection with a successful application." (*Id.*). Plaintiff is in direct violation of the Advancement Protocol by seeking the same. Again, there is

10

simply no excuse for Dr. Goldberg's intentional and flagrant disregard of the Court's orders, and Navidea should not be compelled to advance amounts that this Court explicitly carved out

Since November 16, 2020, there has been no substantive work done in this action except for Dr. Goldberg's numerous filings on the advancement issue. On November 16, 2020, the Court entered an order directing Dr. Goldberg "to inform opposing counsel as to the specific Rule 30(b)(6) topics on which testimony is still required." [ECF No. 167]. Dr. Goldberg, again, has refused to comply with the Court's order. In the interim, a three-day trial was held in the Delaware Action (to which no advancement applies), and the parties have filed and will be filing post-trial briefs with an argument to be heard on March 16, 2021. Therefore, unless Dr. Goldberg decides to comply with this Court's order, any future advancement appears to be related to the Advancement Protocol.

### D. The Payment of 50% Would Violate the Court's Prior Orders

The Order to Show Cause states that Navidea show cause as to why it should not be required to pay immediately at least 50 percent of the advancement amounts requested by Dr. Goldberg to date. [ECF No. 186]. Respectfully, the simple answer is that there has been no meaningful meet and confer and no attempt by Dr. Goldberg to cure the deficiencies in his requests previously identified by the Court.

In addition, this percentage advancement process has been rejected by the Court. Dr. Goldberg requested it in a letter on June 22, 2020, in which Dr. Goldberg "respectfully requests that when the Court determines the scope of advancement the Court also order Navidea to pay an initial amount representing some percentage of the amount reflected on the submitted billing records …" [ECF No. 117 at 3]. In response, Magistrate Freeman stated: "As the Court's pulling of 'some percentage' out of the air would not, to any degree of certainty, result in Goldberg's being awarded the amounts to which he is legitimately entitled, I recommend that the Court not engage

11

in the speculative exercise that Goldberg has proposed." (R&R at 42). Following that recommendation, and after noting that Dr. Goldberg provided no explanation of which time entries relate to the defense of which claims, Judge Caproni expressly rejected this approach and wrote: "***Goldberg's suggestion that the Court simply direct Navidea to pay him 'an initial amount representing some percentage of the amounted reflected on [the billing] records … is not only contrary to the lodestar method***, but directly and inexcusably contravenes Magistrate Judge Freeman's instructions to provide billing records detailing the time defending the fiduciary duty claim." (Advancement Protocol at 6-7). Thus, for this Court to now order a percentage basis approach would contravene both the R&R and the Order adopting it.

## CONCLUSION

Dr. Goldberg eschewed the Court-ordered meet and confer process and refused to even attempt to correct numerous deficiencies in his advancement requests identified by the Court. It would be wholly inappropriate to penalize Navidea for conduct that, on its face, violates the Court's prior orders and directives. For all the foregoing reasons, Navidea respectfully requests that the Court refrain from granting additional relief to Dr. Goldberg and require him to comply with its prior orders and directives, including, without limitation, a direction to meet and confer with Navidea to find a way forward.

Date: February 9, 2021  
      New York, New York

Respectfully submitted,

_____  
Barry M. Kazan, Esq.  
Mintz & Gold LLP  
600 Third Avenue, 25th Floor  
New York, New York 10016  
Phone: (212) 696-4848  
Fax: (212) 696-1231  
kazan@mintzandgold.com

-and-

Karim Sabbidine, Esq.
THOMPSON HINE LLP
335 Madison Avenue, 12th Fl.
New York, New York 10017
Phone: (212) 344-3921
Fax:     (212) 344-6101
karim.sabbidine@thompsonhine.com

-and-

Alain M. Baudry, Esq.
Saul Ewing Arnstein & Lehr LLP
33 South Sixth Street, Suite 4750
Minneapolis, Minnesota 55402
Phone: (612) 225-2800
Alain.Baudry@Saul.com

*Attorneys for Plaintiff /Counterclaim Defendant Navidea Biopharmaceuticals, Inc. and Third-Party Defendant Macrophage Therapeutics, Inc.*