UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: NAVIDEA BIOPHARMACEUTICALS LITIGATION | Case No.: 1:19-cv-01578-VEC |
| | ECF Case |

**PLAINTIFF/COUNTERCLAIM-DEFENDANT NAVIDEA BIOPHARMACEUTICALS, INC.'S MEMORANDUM OF LAW IN OPPOSITION TO MICHAEL M. GOLDBERG'S <u>MOTION FOR CONTEMPT</u>**

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................. 1

ARGUMENT ....................................................................................... 2

I.    APPLICABLE LEGAL STANDARD ........................................... 2

II.   DR.   GOLDBERG   FAILS   TO   CLEARLY   AND   CONVINCINGLY
      DEMONSTRATE THAT NAVIDEA DID NOT COMPLY WITH THE ORDER ......... 4

      A.    The Advancement Protocol Has Not Been Triggered ............................. 4

      B.    The Court's January 20, 2021 Order Has Not Been Violated ................. 8

      C.    Dr. Goldberg's Arguments, If Accepted, Demonstrate That The Order Is
            Not Clear And Unambiguous ............................................................. 9

      D.    Dr. Goldberg Has Produced No Proof of Non-Compliance .................... 10

            1.    Dr. Goldberg's Use Of The Percentage Approach Rejected By The Court
                  Precludes Finding The Advancement Is Required ..................... 12

            2.    Dr. Goldberg Has Refused To Meet And Confer ..................... 16

      E.    Navidea Has Diligently Attempted To Comply With The Order In A
            Reasonable Manner ....................................................................... 17

III.  DR. GOLDBERG CANNOT MODIFY THE ADVANCEMENT PROTOCOL TO
      PROVIDE FOR INTEREST ................................................................. 18

IV.   DR. GOLDBERG CANNOT MODIFY THE ADVANCEMENT PROTOCOL BY
      PRECLUDING NAVIDEA FROM OBJECTING TO FEES ......................... 19

V.    DR. GOLDBERG IS NOT ENTITLED TO FEES ..................................... 20

CONCLUSION .................................................................................... 20

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*A.P. Moller-Maersk A/S v. Comercializadora De Calidad S.A.*,
    429 F. App'x 25 (2d Cir. 2011) ...............................................................................19

*BeautyBank, Inc. v. Harvey Prince LLP*,
    811 F. Supp. 2d 949 (S.D.N.Y. 2011)............................................. *passim*

*Chao v. Gotham Registry, Inc.*,
    514 F.3d 280 (2d Cir. 2008)....................................................... *passim*

*Doe v. Townes*,
    No. 19-CV-8034 (ALC) (OTW), 2020 U.S. Dist. LEXIS 131599 (S.D.N.Y.
    July 21, 2020)........................................................................19

*E.E.O.C. v. Local 638*,
    81 F.3d 1162 (2d Cir. 1996)............................................................4

*Hart Schaffner & Marx v. Alexander's Dep't Stores*,
    341 F.2d 101 (2d Cir. 1965).............................................................3

*Hess v. N.J. Transit Rail Operations, Inc.*,
    846 F.2d 114 (2d Cir. 1988)........................................................9, 10

*King v. Allied Vision, Ltd.*,
    65 F.3d 1051 (2d Cir. 1995)..........................................................2, 3

*Latino Officers Ass'n City of N.Y., Inc. v. City of N.Y.*,
    558 F.3d 159 (2d Cir. 2009)......................................................3, 4, 10

*Levin v. Tiber Holding Corp.*,
    277 F.3d 243 (2d Cir. 2002)...........................................................4

*Manhattan Indus. v. Sweater Bee by Banff, Ltd.*,
    885 F.2d 1 (2d Cir 1989)............................................................20

*Nimkoff Rosenfeld & Schechter, LLP v RKO Props.*,
    No. 07 Civ. 7983 (DAB) (HBP), 2018 U.S. Dist. LEXIS 159365 (S.D.N.Y.
    Sept. 14, 2018) ......................................................................19

*O'Hearn v. Bodyonics, Ltd.*,
    56 F. Supp. 2d 302 (E.D.N.Y. 1999) ...................................................17

*Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys. Info. Techs., Inc.*,
    369 F.3d 645 (2d Cir. 2004)........................................................3, 19

*Perez v. Danbury Hosp.*,
  347 F.3d 419 (2d Cir. 2003)................................................................................3, 4, 9

*Ryu v. Hope Bancorp, Inc.*,
  No. 18-cv-1236 (JSR) (KHP), 2018 U.S. Dist. LEXIS 148513 (S.D.N.Y. Aug.
  29, 2018), *report and recommendation adopted*, 2018 U.S. Dist. LEXIS
  169660 (S.D.N.Y. Sept. 27, 2018).......................................................................5, 6

*Sacco v. Burke*,
  764 F. Supp. 918 (S.D.N.Y. 1991), *aff'd*, 953 F.2d 636 (2d Cir. 1991)...................4

*Schmitz v. St. Regis Paper Co.*,
  758 F. Supp. 922 (S.D.N.Y. 1991) .......................................................................17

The Court's
  January 20, 2021 Order Has Not Been Violated.....................................................8

*Town of Islip v. E. Air Lines, Inc.*,
  793 F.2d 79 (2d Cir. 1986)..................................................................................10

*In re Weiss*,
  703 F.2d 653 (2d Cir. 1983).................................................................................3

*Weitzman v. Stein*,
  98 F.3d 717 (2d Cir. 1996)..................................................................................20

Plaintiff/Counterclaim Defendant Navidea Biopharmaceuticals, Inc. ("Navidea") submits this memorandum of law in opposition to Defendant/Counterclaim Plaintiff/Third-Party Plaintiff Michael M. Goldberg, M.D.'s ("Dr. Goldberg") Motion for Contempt (the "Motion") for violating the Opinion & Order by District Judge Valerie Caproni, dated August 24, 2020 (the "Order") [ECF No. 134], adopting the Report and Recommendation by Magistrate Judge Debra Freeman, filed on July 9, 2020 (the "R&R") [ECF No. 119].

## PRELIMINARY STATEMENT

Dr. Goldberg's motion for contempt is yet another misguided filing with respect to the Order entered by the Court on August 24, 2020, related to an advancement protocol that has been proven difficult to implement due to Dr. Goldberg's failure to observe the clear and unambiguous: (a) language regarding the timing of the protocol; and (b) direction to Dr. Goldberg about what constitutes a proper fee submission to trigger advancement. When finally directed by Magistrate Freeman to meet and confer no less than five (5) times during a conference about a "path forward," Dr. Goldberg refused, and the instant motion followed. The contempt motion is meritless and should be denied.

The standard for a finding of civil contempt is clear: (1) the order the party allegedly failed to comply with is clear and unambiguous; (2) the proof of noncompliance is clear and convincing; and (3) the party has not diligently attempted in a reasonable manner to comply. Dr. Goldberg's motion fails on all three prongs. First, while Navidea submits that the Order is clear and unambiguous with respect to the timing of when the advancement protocol is triggered (it has not been), Dr. Goldberg's monthly fee submissions violate the requirements contained in the Order due to the fact that he cannot: (i) submit across the board percentages in his advancement requests; and (ii) seek advancement for fees in connection with the advancement protocol except through a successful motion for fees. Because the Order is clear and unambiguous on these three items, Dr.

Goldberg resorts to misreading and mischaracterizing the Order in an attempt to hold Navidea in contempt.  Simply stated, the Order does not say what Dr. Goldberg says it does, and he makes no effort to address the arguments that Navidea has advanced since October 2020.

Second, Dr. Goldberg fails to present any evidence, let alone clear and convincing evidence, to demonstrate that Navidea failed to comply with any aspect of the Order.  Indeed, Dr. Goldberg falsely stated that "Navidea has never responded to Dr. Goldberg's … advancement requests in writing," and Navidea has never "identified any specific time entry or expense to which Navidea objects."  [ECF No. 185 at 5].  A review of the docket and Navidea's filings will prove that these assertions are flatly false as Navidea has at all times communicated its view, and Dr. Goldberg spent several months unsuccessfully seeking a modification of the advancement protocol before resorting to filing the instant motion.

Finally, Dr. Goldberg omits all efforts by Navidea to seek compliance by Dr. Goldberg and clarifications from the Court regarding the Order to enable Navidea to comply, including, most recently, an attempt to meet and confer, which was ordered by Magistrate Freeman and to which Dr. Goldberg refused.  For these reasons, and as more detailed below, Dr. Goldberg's motion for contempt is without merit and should be denied.

## ARGUMENT

## I.    APPLICABLE LEGAL STANDARD

The Second Circuit has consistently held that a contempt order "is a 'potent weapon' to which courts should not resort 'where there is a fair ground of doubt as to the wrongfulness of the defendant's conduct.'"  *King v. Allied Vision, Ltd.*, 65 F.3d 1051, 1058 (2d Cir. 1995) (citations omitted).  A court's inherent power to hold a party in civil contempt may be exercised only when (1) the order the party allegedly failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the party has not diligently attempted in a

reasonable manner to comply.  *Chao v. Gotham Registry, Inc.*, 514 F.3d 280, 291 (2d Cir. 2008); *Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys. Info. Techs., Inc.*, 369 F.3d 645, 655 (2d Cir. 2004) (quoting *King v. Allied Vision, Ltd.*, 65 F.3d 1051, 1058 (2d Cir. 1995)).  The movant bears the burden of establishing that all three requirements are satisfied.  *Latino Officers Ass'n City of N.Y., Inc. v. City of N.Y.*, 558 F.3d 159, 164 (2d Cir. 2009).

Given this allocation of the burden, the "relevant inquiry" for the court is "not whether [the alleged contemnor has] adequately rebutted [the moving party's] evidence," but rather whether the moving party's evidence "alone [is] adequate to establish" the satisfaction of the necessary elements of contempt.  *Id.*  In other words, "[a] contempt order is warranted only where the moving party establishes by clear and convincing evidence that the alleged contemnor violated the district court's edict."  *King*, 65 F.3d at 1058.  "[A] bare preponderance of the evidence will not suffice."  *In re Weiss*, 703 F.2d 653, 662 (2d Cir. 1983) (quoting *Hart Schaffner & Marx v. Alexander's Dep't Stores*, 341 F.2d 101, 102 (2d Cir. 1965) (per curium))

Regarding the first prong, "[a] clear and unambiguous order is one that leaves 'no uncertainty in the minds of those to whom it is addressed,' who 'must be able to ascertain from the four corners of the order precisely what acts are forbidden.'"  *King*, 65 F.3d at 1058 (citations omitted); *see also Chao*, 514 F.3d at 292 ("[T]he decree underlying contempt must be sufficiently clear to allow the party to whom it is addressed to ascertain precisely what it can and cannot do."). The party seeking contempt has the burden of demonstrating not that the order is "clear and unambiguous" in the abstract, but that "the order is 'clear and unambiguous' with reference to the conduct in question."  *Perez v. Danbury Hosp.*, 347 F.3d 419, 424 (2d Cir. 2003). "The proper measure of clarity ... is not whether the decree is clear in some general sense, but whether it unambiguously proscribes the challenged conduct."  *Chao*, 514 F.3d at 292.  In defense to an allegation of civil contempt, the alleged contemnor may endeavor to show that the moving party

has not met its burden because "the order claimed to be violated is vague and indefinite." *Sacco v. Burke*, 764 F. Supp. 918, 921 (S.D.N.Y. 1991), *aff'd*, 953 F.2d 636 (2d Cir. 1991).

Regarding the second prong, the moving party must demonstrate that the alleged contemptor "did not, in fact, comply with the order (and the evidence of the noncompliance must be clear and convincing)." *Latino Officers Ass' n*, 558 F.3d at 164. "In the context of civil contempt, the clear and convincing standard requires a quantum of proof adequate to demonstrate a 'reasonable certainty' that a violation occurred." *BeautyBank, Inc. v. Harvey Prince LLP*, 811 F. Supp. 2d 949, 956 (S.D.N.Y. 2011) (quoting *Levin v. Tiber Holding Corp.*, 277 F.3d 243, 250 (2d Cir. 2002)), *report and recommendation approved by, adopted by, sanctions disallowed*, 811 F. Supp. 2d 949 (S.D.N.Y. 2011). A contempt order "is inappropriate 'if there is a fair ground of doubt as to the wrongfulness of the defendant's conduct.'" *Latino Officers Ass'n*, 558 F.3d at 164 (citation omitted). As such, the "clear and convincing" evidentiary standard is higher than the preponderance of the evidence standard normally applicable to civil cases. *E.E.O.C. v. Local 638*, 81 F.3d 1162, 1174 (2d Cir. 1996).

In regard to the third prong, "[a]lthough the [alleged contemptor's] conduct need not be willful, a [moving party] must also prove that (3) the [alleged contemptor] has not been reasonably diligent and energetic in attempting to comply." *Chao*, 514 F.3d at 291; *accord Perez*, 347 F.3d at 425.

## II.   DR. GOLDBERG FAILS TO CLEARLY AND CONVINCINGLY DEMONSTRATE THAT NAVIDEA DID NOT COMPLY WITH THE ORDER

### A.   The Advancement Protocol Has Not Been Triggered

In his Motion, Dr. Goldberg seeks an order finding Navidea in contempt "for failing to comply with the terms of the Protocol." [ECF No. 185 at 2]. At no point has Navidea failed to comply with any of this Court's orders. In the R&R, Magistrate Freeman recommended that,

regarding Dr. Goldberg's continued right of advancement going forward, a procedure be put in place (the "Advancement Protocol") akin to the procedure that was recommended in *Ryu v. Hope Bancorp, Inc.,* No. 18-cv-1236 (JSR) (KHP), 2018 U.S. Dist. LEXIS 148513 (S.D.N.Y. Aug. 29, 2018), *report and recommendation adopted*, 2018 U.S. Dist. LEXIS 169660 (S.D.N.Y. Sept. 27, 2018). (R&R at 4). Specifically, Magistrate Freeman recommended, and Judge Caproni adopted the protocol which provides that "after the Court determines the lodestar ['the product of a reasonable hourly rate and the reasonable number of hours required by the case'] for fees incurred up to the date of a proper fee application – the parties proceed forward by engaging in the following steps." R&R at 40, 42-43. As of this filing, no lodestar determination has occurred. Once that pre-condition has been met, the protocol to be implemented is as follows:

1. **Monthly demand for advancement by Goldberg**. By the 5th day of each month, Goldberg's counsel should e-mail to Navidea's counsel Goldberg's invoices for attorneys' fees and expenses incurred during the previous month that, in Goldberg's view, would be subject to advancement pursuant to the Court's order. Such invoices should reflect the hourly rates for counsel that, by that point (*i.e.*, through a lodestar analysis), the Court has deemed reasonable.

2. **Response by Navidea**. By the 15th day of the month, Navidea should pay that portion of the requested amount that is undisputed. To the extent Navidea disputes specific time entries or expenses, Navidea's counsel should respond to Goldberg's counsel in writing, identifying each specific time entry or expense to which Navidea objects and explaining the nature of its objection. If Navidea disputes more than 50 percent of the amount sought in any advancement demand, then it should pay 50 percent of the amount sought, and Goldberg's counsel should hold the amount exceeding the undisputed amount in escrow pending resolution of the dispute as to that portion.

3. **Mandatory meet-and-confer by counsel**. Before the last day of the month, counsel for both parties should meet and confer regarding any disputed amounts for the relevant period. Any additional advancement that results from the meet-and-confer session should be paid with the next month's payment of undisputed amounts.

4. **Applications to the Court regarding any unresolved disputes**. Not more frequently than quarterly, Goldberg should be permitted to file an application with the Court seeking a ruling on any disputed amounts. The application should be directed, in the first instance, to the undersigned. The parties should not, however,

be permitted to raise any new arguments that were not previously raised with the other side in the applicable demand, response, or meet-and-confer session.  Except in connection with a successful application, Plaintiff should not seek or receive advancement for time spent preparing invoices or conferring regarding advancement requests.

(R&R at 43).

As this Court is aware, the Court modeled the Advancement Protocol based on the protocol adopted in *Ryu v. Hope Bancorp, Inc.*, No. 18-cv-1236 (JSR)(KHP), 2018 U.S. Dist. LEXIS 148513 (S.D.N.Y. Aug. 29, 2018), *adopted by, motion granted by, in part*, 2018 U.S. Dist. LEXIS 169660 (S.D.N.Y. Sept. 27, 2018), *aff'd*, 786 F. App'x 271 (2d Cir. 2019).  In *Ryu*, unlike here, both the report and recommendation and the order approving the report and recommendation had included an extensive analysis of the "[r]easonableness of ... [b]ase hourly rates (*id.* at *15), a proposed rate multiplier (*id.* at *18-20), an analysis of the hours billed (*id.* at *20-23), and costs (*id.* at *24).  Therefore, in that case, unlike in this case, the parties were operating under extensive guidance from the Magistrate Judge and the District Judge as to how fees were to be addressed on a going-forward basis.

In this case, unlike in *Ryu*, neither Magistrate Freeman nor Judge Caproni had the ability to opine on the rates and time entries.  This unfortunate circumstance was due to the fact that Dr. Goldberg had consistently failed to follow the Court's instructions when submitting his fee applications.[1]  Therefore, in this case, Magistrate Freeman modified the protocol from *Ryu* to state as follows:

if the Court agrees with the within recommendation that Goldberg be found entitled to advancement of his reasonable attorneys' fees and costs for the defense of Navidea's three remaining claims in this case, then I further recommend that a protocol be put in place to address the advancement of additional attorneys' fees going forward, as this case progresses.  In this regard, I recommend that, ***once the Court has determined the lodestar for already-incurred fees, the parties be directed to proceed forward, from that point …***

---

[1] (R&R at 41, Order at 6- 7, 11, n.10).

(R&R at 42) (emphasis added).  Based on the R&R, there is no ambiguity that a pre-condition to the Advancement Protocol being implemented was that the Court—in this instance, Judge Caproni—needed to first determine the lodestar for already-incurred fees.

With respect to the timing and implementation of the Advancement Protocol, Navidea first raised this issue with Magistrate Freeman during an October 20, 2020 teleconference in which counsel for Navidea stated: "Your protocol makes clear that once the Court has determined the lodestar for already incurred fees, **then the parties would undertake this protocol**."  [ECF No. 153, 7:13-15] (emphasis added).

On November 2, 2020, Magistrate Freeman confirmed this reading when entering a minute order that stated in part:

> Both parties should be aware, however, that while, in an effort to expedite the parties' ability to move forward with the ongoing advancement of fees, this Court is prepared to address the hourly rate issue first (after the fee motion is fully submitted), this Court will ultimately be making a report and recommendation to Judge Caproni with respect to the amount that should be awarded on any claim for fees, and with respect to how those fees should be calculated.

[ECF No. 148].  Following this order, Dr. Goldberg wrote several letters to the Court and a letter motion seeking to modify the Advancement Protocol, thereby conceding that the Advancement Protocol as written had not yet been triggered.  [ECF Nos. 147, 158, 163, 169 and 176].  On January 10, 2021, Magistrate Freeman wrote the following:

> Apart from these applications, the parties are supposed to be following a defined protocol for Navidea's ongoing advancement of Dr. Goldberg's attorneys' fees, on a forward-looking basis. (See Dkt. 134, at 12-13.) So as to facilitate the parties' ability to comply with the protocol set by the Court for that ongoing advancement of fees, this Court informed counsel that, even in advance of a full report and recommendation to Judge Caproni regarding the pending fee applications, this Court would attempt to provide guidance to the parties regarding the reasonableness of the hourly rates charged by Dr. Goldberg's attorneys. ***The parties should be aware that Judge Caproni, and not this Court, will ultimately determine the appropriateness of Dr. Goldberg's fee applications (including the reasonableness of counsel's billing rates)***, but -- solely to aid the process going forward -- this

> Court hereby informs the parties that it is prepared to recommend to Judge Caproni that the billing rates requested by Dr. Goldberg for attorneys Zimmer and Weisbrot fall within a reasonable range, in this market, for attorneys with their reported levels of experience in commercial litigation.

[ECF No. 177] (emphasis added). Again, while Magistrate Freeman recognized that the goal was to facilitate the Advancement Protocol moving forward, Magistrate Freeman again confirmed that the Advancement Protocol, as written and as adopted by the Court, requires that Judge Caproni take certain actions before the Advancement Protocol goes into effect. (R&R at 42-43, ECF Nos. 145, 154, 187, and Minute Entry dated 9/8/20). Even as late as January 20, 2021, Magistrate Freeman suggested that Dr. Goldberg had failed to provide billing records in a form in which the lodestar could be determined. (Jan. 20 Tr. [ECF No. 187] at 5:17-6:7). Therefore, the pre-conditions for the Advancement Protocol have not occurred, and consequently, Navidea cannot be in contempt of an order that has unsatisfied pre-conditions.

### B. The Court's January 20, 2021 Order Has Not Been Violated

In his Motion, Dr. Goldberg states that during a January 20, 2021 teleconference with the Court, Magistrate Freeman "instructed Navidea, in sum and substance, to 'start paying' under the Protocol." [ECF No. 185 at 4]. Dr. Goldberg again misstates the record. Magistrate Freeman directed, prior to Navidea making any payments, that the parties are to meet and confer. Specifically, Magistrate Freeman stated:

- "And I haven't heard anything on this call yet from Navidea. ***I expect that you will proceed with the protocol at this point with good-faith conference*** [sic] and with, you know, minimal need for further applications to the Court with respect to the ongoing process." Jan. 20 Tr. at 11:22-12:2 (emphasis added).

- "***Here's what we're going to do. You're going to confer fully in good faith about a way to move forward.*** The way to move forward, in my book, means that Navidea will start making some payments to Dr. Goldberg. They may be less than what Dr. Goldberg thinks he's entitled to. There may be more put in escrow than he thinks is appropriate." *Id.* at 18:18-23 (emphasis added).

- "***But you're going to confer,*** you're going to try on Dr. Goldberg's side to break out the time as best as you can and explain what you're doing and why on as granular a basis as you can when asked.  And I don't expect Navidea to continue to sit there and not pay a dime. ***You're going to confer, you're going to work out something, you're going to start making payments***." *Id.* at 19:3-9 (emphasis added).

- "That's it. ***I expect conference***, I expect some monies paid, I expect good faith to see that some monies are paid." *Id.* at 20:13-15 (emphasis added).

Thus, the Court did not instruct Navidea "in sum and substance, to 'start paying' under the Protocol."  [ECF No. 185 at 4].  Rather on five (5) occasions, the Court said that the parties were to meet and confer first, with an expectation that after such a meet and confer, Navidea would start making payments.  *Id.* at 11:22-12:2, 18:18-23, 19:3-9, 20:13-15.  Dr. Goldberg has not argued, because he cannot, that Navidea has failed to meet and confer because to date, Dr. Goldberg has refused to meet and confer in accordance with Magistrate Freeman's direction at the January 20, 2021 teleconference.

### C.     Dr. Goldberg's Arguments, If Accepted, Demonstrate That The Order Is Not Clear And Unambiguous

In his Motion, Dr. Goldberg argues that the Order and Advancement Protocol are "clear[] and unambiguous[]."  [ECF No. 185 at 5].  In the event the Court accepts Dr. Goldberg's interpretation, it is evident now that the Order was unclear and ambiguous.  In fact, the numerous filings and conferences by the parties with the Court as well as orders from Magistrate Freeman and Judge Caproni, regarding the Advancement Protocol, reinforces Navidea's belief that the Order, if read as Dr. Goldberg does, is far from clear and unambiguous.  *See Hess v. N.J. Transit Rail Operations, Inc.*, 846 F.2d 114, 116 (2d Cir. 1988) (an unambiguous order allows for "no uncertainty in the minds of those to whom it is addressed"); *Perez*, 347 F.3d at 424-25 (same).

The fact that Navidea has questioned, on several occasions, whether the Advancement Protocol has been triggered demonstrates, at a minimum, that Navidea's interpretation of the

Advancement Protocol was not unreasonable.  *See, e.g.*, *Town of Islip v. E. Air Lines, Inc.*, 793 F.2d 79, 83-84 (2d Cir. 1986) (vacating contempt judgment where the defendant's interpretation of the underlying order was "not unreasonable").  This Court has repeatedly held that contempt should not be imposed under such circumstances.  *Latino Officers Ass'n*, 558 F.3d at 164 (A contempt order "is inappropriate 'if there is a fair ground of doubt as to the wrongfulness of the defendant's conduct.'") (citation omitted); *Chao*, 514 F.3d at 292 (holding that good-faith disputes concerning the scope of a court order should not be resolved through contempt proceedings).

Considering the fact that there has been no fewer than eighteen (18) submissions by the parties and eight (8) orders by the Court regarding the Advancement Protocol, it is clear that there is a significant amount of "uncertainty in the minds" of both the parties as to the implementation of the Advancement Protocol.  *See Hess*, 846 F.2d at 116.  Accordingly, based on the language in the R&R, Navidea cannot be held in contempt because: (a) it is waiting for the Advancement Protocol to be triggered; or alternatively, (b) the Advancement Protocol is unclear and ambiguous.

### D.     Dr. Goldberg Has Produced No Proof of Non-Compliance

Dr. Goldberg has provided no evidence of Navidea's non-compliance.  *BeautyBank, Inc.*, 811 F. Supp. 2d at 956 ("In the context of civil contempt, the clear and convincing standard requires a quantum of proof adequate to demonstrate a 'reasonable certainty' that a violation occurred.").  The only basis for non-compliance advanced by Dr. Goldberg is that his reading of the Order requires Navidea to engage in the Advancement Protocol for his earlier requests.  Even assuming that the Court were to find that the Advancement Protocol is now operative, Dr. Goldberg's requests are non-compliant with the Order.

In his Motion, Dr. Goldberg provides his deficient September, October, November, and December requests for advancement (the "Advancement Requests") which fail to comply with the

Court's orders.[2]  [ECF No. 185 at 3-4].  Specifically, the Advancement Requests: (1) apply across the board percentages—a practice that this Court has already said is inappropriate on numerous occasions—without providing any justification or reasoning explaining the percentage apportionments; and (2) seek advancement for time spent preparing invoices or conferring regarding advancement requests.[3]  [ECF Nos. 184-4 – 184-7 & 190-4].  Due to these flaws, the Advancement Requests, *inter alia*, overstate the amounts that would be subject to the Advancement Protocol in the first instance.

In fact, the evidence put forth by Navidea in responding to this Motion shows that Dr. Goldberg himself is in violation of the orders he seeks to enforce because: (1) both the R&R and Order make clear and unambiguous that Dr. Goldberg's percentage-based approach is inappropriate (R&R at 3, Order at 6-7); (2) proof of Dr. Goldberg's continued use of the percentage-based approach is "clear and convincing" (*Beauty Bank, Inc.*, 811 F. Supp. 2d at 956); *see also* Section II(D)(1), *infra*; and (3) even after statements by Navidea and the Court that he rectify his Advancement Requests to reflect proper time entries, Dr. Goldberg has refused to be "reasonably diligent and energetic in attempting to comply" with the Court's orders.  *Chao*, 514 F.3d at 291.

With respect to the second order: (i) Magistrate Freeman's orders during the January 20 teleconference are clear and unambiguous in that the parties were to meet and confer (Jan.

---

[2] Additionally, on February 5, 2021, Dr. Goldberg submitted an additional deficient request for advancement related to January 2021.

[3] The Advancement Requests are riddled with entries relating to "time spent preparing invoices or conferring regarding advancement requests." (R&R at 43).  For example, Dr. Goldberg demands for his advancement request in: (i) October 2020, approximately $960 representing 2.5 hours' worth of work related to advancement issues [ECF No. 184-5 at 6-7]; (ii) November 2020, approximately $3,710 representing 8.9 hours' worth of work related to advancement issues [ECF No. 184-6 at 7-8]; (iii) December 2020, approximately $1,750 representing 3.5 hours' worth of work related to "Prepare reply in further support of motion for advancement of attorneys' fees and expenses i/c/w NY counterclaims and third-party claim" [ECF No. 184-7 at 6]; and (iv) January 2021, approximately $2,320 representing 5.8 hours entirely related to "time spent preparing invoices or conferring regarding advancement requests." (R&R at 43); [ECF No. 190-4 at 6].

20 Tr. at 11:22-12:2, 18:18-23, 19:3-9, 20:13-15); (ii) proof of Dr. Goldberg's noncompliance with Magistrate Freeman's orders by refusing to meet and confer is "clear and convincing" (*Beauty Bank, Inc.*, 811 F. Supp. 2d at 956); *see also* Section II(D)(1), *infra*; and (iii) rather than be "reasonably diligent" and "attempt[] to comply" (*Chao*, 514 F.3d at 291) with Magistrate Freeman's orders to meet and confer, Dr. Goldberg filed this Motion. Navidea remains prepared to comply with Magistrate Freeman's direction to meet and confer in good faith about "a way to move forward" guided by the Court's expectation that Navidea would begin making payments. (Jan. 20 Tr. 18:19).

### 1.  Dr. Goldberg's Use Of The Percentage Approach Rejected By The Court Precludes Finding The Advancement Is Required

The Order states that Dr. Goldberg's "suggestion that the Court simply direct Navidea to pay him 'an initial amount representing some percentage of the amount on [the billing] records, … is … contrary to the lodestar method..." Order at 6- 7. Dr. Goldberg's Advancement Requests fail to comply with these directions in both the R&R and the Order.

Throughout the Advancement Requests, Dr. Goldberg's attorneys continue to apply two different multipliers across four (4) different billing rates. [ECF No. 184-4 at 7-10, 13; ECF No. 184-5 at 6-7, 12; ECF No. 184-6 at 7; ECF No. 184-7 at 6]. The reason Dr. Goldberg's attorneys have submitted their Advancement Requests in this manner is apparent: they have made no effort to detail their time appropriately. Due to their failure to properly and adequately record the time spent in this action, Dr. Goldberg's attorneys, in turn, are effectively demanding that Navidea adopt their seemingly random apportionments provided without any support because no support exists. Navidea's challenge with determining how much should be advanced is that Dr. Goldberg has ignored the Court's order that across-the-board percentages are prohibited. In both the R&R

and the Order, the Court gave express guidance that this was not appropriate.  (R&R at 3, Order at 6-7).

In his Motion, Dr. Goldberg falsely claims that "Navidea has never responded to Dr. Goldberg's September, October, November or December 2020 advancement requests in writing, nor has it ever identified any specific time entry or expense to which Navidea objects." [ECF No. 185 at 5].[4]  Since October 2020 (when Dr. Goldberg submitted his first request for advancement), Navidea has objected to the entire methodology detailed in the Advancement Requests.  At the outset, shortly after submitting his first so-called request under the Advancement Protocol, Navidea, although not obligated to, informed Dr. Goldberg that it viewed the submission as premature.  [ECF No. 190-3].  Furthermore, on October 20, 2020, during a teleconference with the Court, counsel for Navidea stated:

> On October 5 Mr. Zimmer sent me something over containing fee applications and entries and basically saying that 80 percent of what he is doing is for certain things and 74 percent point is for other things.  That's the lodestar calculation.  The lodestar calculation is going to be this issue as to what's appropriately the apportionment between the various claims, the defense of the breach of fiduciary duty claim which has been the indemnification piece which is not part of his going forward protocol (indiscernible) that we agreed we would indemnify and it's a question of replying to his brief.
>
> As to the other aspects of this, as to whether 80 percent of his fee is the right number or 74.6 percent is the right number, you've given us until November 6 to respond to that issue.  And what he's really asking me to do is to basically take a position early on what I think might be the right numbers and the right ways to calculate the apportionment of the various tasks.  And the clear language of your order, Your Honor, was that this wasn't supposed to happen until you did the initial analysis.

[ECF No. 153 at 7:16-8:11].  During that call, Magistrate Freeman further stated that "there shouldn't be some global … 80 percent of your work is on this or 75 percent of your work is on

---

[4] In addition, Mr. Zimmer, counsel for Dr. Goldberg, "declares under penalty pf perjury" that "Navidea has never responded to Dr. Goldberg's September, October, November, or December 2020 advancement requests in writing, nor has it ever identified any specific time entry or expense to which Navidea objects."  [ECF No. 184-1 ¶ 11].

the other thing." *Id*. at 9:14-16.  Additionally, in its opposition to Dr. Goldberg's application filed in support of his motion for indemnification and advancement of attorneys' fees, dated November 6, 2020, Navidea stated, *inter alia,* that "Dr. Goldberg's counsel still continues to seek fees without justification, specification, or substantial clarity as to how lodestar percentages are being formulated and applied."  [ECF No. 155 at 7].

In a November 10, 2020 letter, Navidea further specified the problem with the approach that Dr. Goldberg had taken.  [ECF No. 162].  Navidea wrote:

> Neither the Application nor the September and October advancement requests provide Navidea with a cohesive set of information to determine what amounts should be advanced and what amounts should be disputed in accordance with the Opinion & Order.   Instead, the Application provides several percentage apportionments – provided without any support – that Dr. Goldberg's counsel applies to various tasks.  For example, Dr. Goldberg's counsel apply: (A) to their billing rates (i) a 30% multiplier to the defense of the breach of fiduciary duty claim and (ii) four (4) different multipliers to the defense of Navidea's remaining claims including (1) 50%, (2) 46.4%, (3) 76.4%, and (4) 80%; (B) four (4) different hourly rates including (1) $450.00 (2) $425.00 (3) $400.00 and (4) $300.00; and (C) allocations of 80%, 15%, and 5% to the defense of Navidea's claims and prosecution of certain counterclaims, the prosecution of Dr. Goldberg's counterclaims not subject to advancement, and the prosecution of Dr. Goldberg's third-party claims, respectively.

*Id.* at 3-4.  In fact, during the January 20, 2021 teleconference with the Court, Magistrate Freeman repeatedly stated that this methodology was inappropriate:

> I also want to add that the submission that I got with respect to past amounts shows that the work was not segregated in a way where it could be allocated to the different aspects of the case for purposes of these fee applications.  And it seems to me very clear that the reason that it wasn't done in a way that there could be a lodestar calculation and wasn't done and wasn't done is because it could not be done.  **And so the application I have is essentially asking me to accept that the allocations that are being made based on counsel's estimates of the percentage of time spent on this and the percentage of time spent on that, that those are appropriate because counsel has told me that they are.  And that causes a problem**, and I will deal with it as I wade through and write a recommendation on the application that I have.
>
> ***

**Mr. Zimmer, it's a problem.  The percentages approach is a problem if there's no way to try to verify that these estimates are reasonable**. It's a problem for me. If it's a problem for me, I don't know why it wouldn't be a problem for Mr. Kazan. **And across the board, certainly -- certainly, across the board is problematic.**

\*\*\*

And if it's a particular thing where it cannot be parsed because it relates to the case as a whole, then you need to explain, "These entries cannot be parsed because they relate to the case as a whole.  These entries can be parsed, and they have been." And if you have -- you know, at least on a sample basis to provide backup of why you are making the estimates you are instead of because it came out of the lawyer's head and he said so.

\*\*\*

**It's not obvious to me that questioning on a counterclaim, for example, would be 10%, 20%, 30, 50, 80% of the work, without taking a look at what exactly are the counterclaims, what exactly are the questions, what exactly is the work that's being done.**

(Jan. 20 Tr. at 5:17-6:7; 13:17-23; 14:8-16, 18-22) (emphases added).  As evidenced above, Dr. Goldberg's claim that "Navidea has never responded" to the Advancement Requests is categorically false.[5]

While the Order (and the guidance Magistrate Freeman subsequently provided during the teleconference with the Court on October 20, 2020) requires that Dr. Goldberg specify which tasks are being undertaken for the defense of Navidea's claims and which amounts are being sought for *each* counterclaim, Dr. Goldberg collapses the two (i.e., Dr. Goldberg does not distinguish between the defense of Navidea's claims and the prosecution of Dr. Goldberg's counterclaims other than damages) and then applies a percentage to account for the work that is being done for the other cases.  As one example, Dr. Goldberg applies across the board percentages for advancement as to

---

[5] Also, during the January 20, 2021 teleconference with the Court, Dr. Goldberg's counsel had the audacity to falsely say that January 20, 2021 was "the first communication we've received from Navidea about" its objections to the percentage-based approach.  (Jan. 20 Tr. at 14:25-15:2).

each deposition (without explanation) even though the utility of each deposition differs from claim to claim and case to case. [ECF No. 184-4 at 7-10]. Thus, Dr. Goldberg does not break out the tasks on the Advancement Requests that apply to the various claims being prosecuted or defended by Dr. Goldberg's attorneys to which one can determine the hourly rate and multiply it by a reasonable amount of time spent on a task. Additionally, Dr. Goldberg's attorneys apply both an 80% and 76.4% multiplier to entries relating to depositions, conferences, and document review. *See* [ECF No. 184-4 at 7-10, 13]. For example, in Mr. Weisbrot's advancement calculation for September 2020, he first applies an 80% multiplier to an entry on September 3, 2020 titled: "Participate in deposition of W. Mower." [ECF No. 184-4 at 13]. However, his immediate next entry, on September 8, 2020, applies a 76.4% multiplier to: "Prepare for and take deposition of J. Latkin." *Id.* How Dr. Goldberg's attorneys determined these multipliers and apportionments remains a mystery. By suggesting that certain items be granted certain multipliers without any support, Dr. Goldberg is again requesting "an initial amount representing some percentage of the amount on [the billing] records," which this Court has held is "contrary to the lodestar method." Order at 6-7.

Dr. Goldberg has been on notice since October 2020 (if not before) that the percentage approach was inappropriate for his Advancement Requests but chose to continue to submit them in that form. Consequently, Navidea cannot be held in contempt for not advancing fees related to Dr. Goldberg's deficient Advancement Requests.

### 2.    Dr. Goldberg Has Refused To Meet And Confer

At no point in his Motion does Dr. Goldberg address Navidea's attempts to meet and confer to comply with the Court's orders. Dr. Goldberg acknowledged this Court's requirement to meet and confer when on January 22, 2021, he sent an e-mail asking Navidea to meet and confer in accordance with Magistrate Freeman's instruction. Declaration of Barry M. Kazan

in Opposition to Motion for Contempt Ex. 1.  Navidea responded with a request for a specific time, which was not promptly provided.  *Id*.  Then, Navidea tried again and offered specific times to meet and confer.  *Id*.  Again, Dr. Goldberg declined.  *Id*.  Not only did he decline to comply with this Court's order, he then wrote the Court demanding Court intervention and filed this Motion.  [ECF Nos. 181, 184-185].

In no way shape or form has Dr. Goldberg shown "by clear and convincing evidence" that Navidea has failed to comply with the Court's order to meet and confer.  *Beauty Bank, Inc.*, 811 F. Supp. 2d at 956.  Navidea understood that the Court, on January 20, 2021, directed Navidea and Dr. Goldberg to meet and confer with the understanding that the Court expected Navidea to start paying under the Advancement Protocol.  (Jan. 20 Tr. at 11:22-12:2, 18:18-23, 19:3-9, 20:13-15).  However, because Dr. Goldberg refused to meet and confer, and because Dr. Goldberg failed "to break out the time as best as [he] can and explain what [he's] doing and why on as granular a basis as [he] can when asked[,]" Navidea does not, at this time, have an obligation to start making payments.  (*Id.* at 19:4-6).

### E.    Navidea Has Diligently Attempted To Comply With The Order In A Reasonable Manner

Finally, contempt is not warranted because the evidence demonstrates that Navidea made diligent attempts to comply with the Order.  "Although the [alleged contemptor's] conduct need not be willful, a [moving party] must also prove that ... the [alleged contemptor] has not been reasonably diligent and energetic in attempting to comply."  *Chao*, 514 F.3d at 291; *see also O'Hearn v. Bodyonics, Ltd.*, 56 F. Supp. 2d 302, 312-13 (E.D.N.Y. 1999) (denying contempt motion, even though plaintiffs presented clear and convincing evidence of noncompliance with unambiguous order, because "the actions of the defendants were based on 'a good faith and

reasonable interpretation of the court order'") (quoting *Schmitz v. St. Regis Paper Co.*, 758 F. Supp. 922, 927 (S.D.N.Y. 1991)).

In his Motion, Dr. Goldberg claims, *inter alia*, that "Navidea did not take any of the required actions" under the Advancement Protocol, and "Navidea has repeatedly submitted implausible excuses for its failure to comply."  [ECF No. 185 at 5-6].  At no point has Navidea: (a) not taken any of the required actions under the Order; or (b) "submitted implausible excuses for its failure to comply."

As detailed above, Navidea has raised to Dr. Goldberg and the Court: (a) since October 2020, (i) its belief that the Advancement Protocol has not been triggered (*see* Section II(A), *supra*), and (ii) the improper percentage approach employed by Dr. Goldberg  (*see* Section II(D)(1), *supra*); and (b) the fact that it has attempted, to no avail, to meet and confer with Dr. Goldberg to resolve these issues (*see* Section II(D)(2), *supra*).  *Chao*, 514 F.3d at 291 (to obtain a finding of contempt, "plaintiff must also prove that (3) the defendant has not been reasonably diligent and energetic in attempting to comply").  Navidea has raised these items not, as Dr. Goldberg falsely claims, as "implausible excuses," [ECF No. 185 at 6] but rather, based on actual language contained in the Orders that require certain actions by Dr. Goldberg so as not to improperly shift the burden of Dr. Goldberg's compliance to produce appropriate time records to Navidea.

Consequently, even if the Court finds that Navidea violated the Order, it should not hold Navidea in contempt because Navidea has consistently engaged with the Court and Dr. Goldberg to resolve the allegations in the Motion.

## III. DR. GOLDBERG CANNOT MODIFY THE ADVANCEMENT PROTOCOL TO PROVIDE FOR INTEREST

In his Motion, Dr. Goldberg also requests that the Court "modify[] the Order to provide for interest to Dr. Goldberg on any amounts objected to by Navidea in the future which are ultimately

awarded to Dr. Goldberg pursuant to the Protocol." [ECF No. 185 at 2]. This request should be rejected. Again, Dr. Goldberg cites no authority for the position that he is entitled to statutory interest on advancement. Furthermore, this Court has previously held that Dr. Goldberg's "proposed modifications that: …. (ii) Navidea be required to pay Goldberg's 'interest at the statutory rate on any and all amounts awarded to [him] as a result of his having to make an application to the Court after the meet and confer process is completed,' are unwarranted and unnecessary." Order at 12-13. For these reasons, the Court should reject Dr. Goldberg's request that Navidea pay interest on any amounts objected by it in the future, which might ultimately be awarded to Dr. Goldberg.

## IV.     DR. GOLDBERG CANNOT MODIFY THE ADVANCEMENT PROTOCOL BY PRECLUDING NAVIDEA FROM OBJECTING TO FEES

In his Motion, Dr. Goldberg requests that the Court "preclude[] Navidea from objecting to fees for which advancement was requested during periods in which Navidea failed to comply with the Order and Protocol." [ECF No 185 at 2]. However, this type of punitive relief is not appropriate on a motion for contempt, and Dr. Goldberg cites no authority to support his request. *A.P. Moller-Maersk A/S v. Comercializadora De Calidad S.A.*, 429 F. App'x 25, 30 (2d Cir. 2011) ("Although a civil contempt sanction may 'serve dual purposes' of 'secur[ing] future compliance with court orders' and 'compensat[ing] the party that has been wronged,' such sanction may not be 'purely punitive.'") (quoting *Paramedics Electromedicina Comercial, Ltda*, 369 F.3d at 657-58); *Nimkoff Rosenfeld & Schechter, LLP v RKO Props.*, No. 07 Civ. 7983 (DAB) (HBP), 2018 U.S. Dist. LEXIS 159365, at *11 (S.D.N.Y. Sept. 14, 2018) ("even upon a finding of civil contempt, a court is limited to coercive and compensatory remedies; a punitive sanction is not available."); *Doe v. Townes*, No. 19-CV-8034 (ALC) (OTW), 2020 U.S. Dist. LEXIS 131599, at

*12 n.12 (S.D.N.Y. July 21, 2020) ("Civil contempt sanctions, unlike criminal contempt sanctions, are not intended to be punitive.").

## V.   DR. GOLDBERG IS NOT ENTITLED TO FEES

In his Motion, Dr. Goldberg requests that the Court award "Dr. Goldberg his costs, including attorneys' fees, in connection with this motion." [ECF No. 185 at 2]. First, Dr. Goldberg's Motion should be denied, and he would thus obviously not be entitled to fees. Any application for fees should be rejected regardless. "Courts in this Circuit generally 'award the reasonable costs of prosecuting the contempt, including attorney's fees,' **only** where violation of a court order is found to have been willful." *Manhattan Indus. v. Sweater Bee by Banff, Ltd.*, 885 F.2d 1, 8 (2d Cir 1989) (emphasis added). "When deciding whether to award fees [to a party who prevails on a contempt motion], courts have focused on the willfulness of the contemnor's misconduct." *Weitzman v. Stein*, 98 F.3d 717, 719 (2d Cir. 1996). Dr. Goldberg, at a bare minimum, fails to meet his burden of showing that the conduct of Navidea was sufficiently willful to justify an award of fees here.

## CONCLUSION

For the reasons set forth herein, Dr. Goldberg has not met his burden of establishing by clear and convincing evidence that Navidea violated the Court's Order. Consequently, the Court should deny Dr. Goldberg's Motion for Contempt.

Date: February 16, 2021                    Respectfully submitted,
        New York, New York

                                           _____
                                           Barry M. Kazan, Esq.
                                           Mintz & Gold LLP
                                           600 Third Avenue, 25th Floor
                                           New York, New York 10016
                                           Phone: (212) 696-4848
                                           Fax:     (212) 696-1231
                                           kazan@mintzandgold.com

                                           -and-

                                           Karim Sabbidine, Esq.
                                           THOMPSON HINE LLP
                                           335 Madison Avenue, 12th Fl.
                                           New York, New York 10017
                                           Phone: (212) 344-3921
                                           Fax:     (212) 344-6101
                                           karim.sabbidine@thompsonhine.com

                                           -and-

                                           Alain M. Baudry, Esq.
                                           Saul Ewing Arnstein & Lehr LLP
                                           33 South Sixth Street, Suite 4750
                                           Minneapolis, Minnesota 55402
                                           Phone: (612) 225-2800
                                           Alain.Baudry@Saul.com

                                           *Attorneys for Plaintiff /Counterclaim Defendant*
                                           *Navidea Biopharmaceuticals, Inc. and*
                                           *Third-Party Defendant*
                                           *Macrophage Therapeutics, Inc.*