# EXHIBIT 1

**From:** Gregory Zimmer <gzimmer@gzimmerlegal.com>
**Sent:** Tuesday, January 26, 2021 12:48 PM
**To:** Barry Kazan <kazan@mintzandgold.com>
**Subject:** RE: Meet and Confer

To get the court to give meaning to her guidance last week.  The time to raise objections is at meet-and-confer sessions after you pay undisputed amounts and escrow the balance of 50% of the amount requested, and if they are not resolved then through quarterly applications by us.  You make clear that you are going to play games and object to 100% based on percentages BEFORE paying and escrowing and that is not compliant with the protocol.  So we are not going to work that out without court intervention.  As I said I am not going to wait until Thursday since she told you a week ago to "start paying."  I will request that the Court order an immediate call.  If you want to tell her you are not available until Thursday you can do so in response to my letter request.

Gregg

**From:** Barry Kazan <kazan@mintzandgold.com>
**Sent:** Tuesday, January 26, 2021 12:44 PM
**To:** Gregory Zimmer <gzimmer@gzimmerlegal.com>
**Subject:** RE: Meet and Confer

Gregg –

To discuss what?  You can use those times I gave you as for our availability.

*Stay safe, stay healthy and stay vigilant!*

Barry M. Kazan, Esq.
Mintz & Gold LLP
600 Third Ave., 25th Floor
New York, NY 10016
Tel: 212.696.4848
Cel: 917.991.9839
Fax: 212.696.1231
kazan@mintzandgold.com


**From:** Gregory Zimmer <gzimmer@gzimmerlegal.com>
**Sent:** Tuesday, January 26, 2021 12:40 PM
**To:** Barry Kazan <kazan@mintzandgold.com>
**Subject:** RE: Meet and Confer

Let me know your availability for a call with the court. If you cannot make yourself available before Thursday let me know and I will ask the Court to order a call before then.

Thanks.

Gregg

---

**From:** Barry Kazan <kazan@mintzandgold.com>
**Sent:** Tuesday, January 26, 2021 12:26 PM
**To:** Gregory Zimmer <gzimmer@gzimmerlegal.com>
**Subject:** RE: Meet and Confer

Gregg –

If you read my e-mail from Friday, I asked, "let me know a time" - which you did not do. I asked for a time to make sure that I can have Karim on the call and that I have an opportunity to prepare. In the interim, I had several meetings come up, which filled my schedule. In any event, Magistrate Judge Freeman directed us to meet and confer "fully and in good faith about a way to move forward." We are prepared to do that. However, with respect to the below, we are not in agreement to modify the protocol in the fashion you suggest.

Contrary to your statement to Judge Freeman during our call, Navidea has been consistent in its objection (which is also consistent with both the decisions issued by Judge Freeman and Judge Caproni) that you cannot simply assign an across-the-board percentage to the time entries. This is what you and Ari have done for Dr. Goldberg's advancement requests for September, October, November, December, and January. As we have stated previously, Navidea objects to the advancement requests without being provided with the reasoning and back-up to support your estimates. As Judge Freeman further stated, the burden is on Dr. Goldberg to support and justify the advancement requests for those fees.

Navidea's threshold question is whether Dr. Goldberg plans on remaining with the 80% and 76.4% multipliers applied to the majority of your time entries? As Judge Freeman stated during our call, the advancement requests are essentially asking Navidea to accept that the allocations made - based on your and Ari's estimates - are appropriate without providing justification or support for those calculations. Navidea requests that the time entries are corrected in a way that will allow it to understand, verify, and determine the reasonableness of those time entries. If certain entries cannot be parsed, please indicate which ones and explain why. This should be done in advance of the meet and confer.

We have also raised questions regarding certain tasks. By way of example, Navidea has flagged your document review tasks at $300/hr as being insufficiently detailed to determine what the review was and whether $300/hr is the appropriate amount. Ideally, you would clarify that issue in advance of a meet and confer, but if it needs to be during the meet and confer, we can deal with it then.

We are available to meet and confer. In the interim, please provide the above-requested support for your previous advancement requests. For any future requests, we expect, in accordance with Judge Freeman's orders, that you will make an effort to break out your time entries in a way that is easily understandable and reasonable.

Karim and I are available to meet Thursday 12 PM – 1 PM, 1 PM – 2 PM, or Friday 10 AM -11 AM, 11 AM – 12 PM, or 12 PM – 1 PM. Let us know if any of these times work, and we'll send out an invite.

*Stay safe, stay healthy and stay vigilant!*

Barry M. Kazan, Esq.
Mintz & Gold LLP
600 Third Avenue, 25th Floor
New York, NY 10016

Tel: 212.696.4848
Cel: 917.991.9839
Fax: 212.696.1231
kazan@mintzandgold.com


From: Gregory Zimmer <gzimmer@gzimmerlegal.com>
Sent: Monday, January 25, 2021 5:25 PM
To: Barry Kazan <kazan@mintzandgold.com>
Subject: RE: Meet and Confer

Barry, I was hoping we could speak by phone today to agree on details of moving forward with Navidea's advancement obligation under the protocol. However, despite the fact that you told me Friday that you were generally available today, I did not receive a response to either of my e-mails suggesting times to speak. I therefore propose the following procedure for moving forward with the advancement protocol with respect to our submissions for September, October, November and December 2020.

The protocol provides for our submitting our invoices to Navidea by the fifth day of the month following the months in which the fees and expenses were incurred. We did so in October, November and December 2020 and January 2021. It then requires that within ten days Navidea pay that portion of the requested amount that is undisputed, identify in writing each specific time entry or expense to which Navidea objects, explaining the nature of its objection and, (iii) if Navidea disputes more than 50% of the requested amount, then Navidea should escrow the difference between (x) 50% of the amount requested and (y) the undisputed amount actually paid. The protocol then requires that to the extent Navidea objects to any of the requested advancement for any given month, the parties meet and confer for a minimum of one hour and any additional amounts agreed to during the meet-and-confer be paid with the next month's payment of undisputed amounts.

Given that more than 10 days have passed since the latest submission by us on January 5, 2021 we propose that Navidea comply with its payment, written objection and escrow obligations with respect to the September, October, November and December 2020 billing within 10 days of our call with the Court last week (i.e., by February 1, 2021) and that, to the extent Navidea does not pay 100% of the requested amount for any month, the parties thereafter meet and confer for the required one hour for each month during the week of February 1, 2021 and that any additional amounts agreed to during those meet-and-confer discussions be paid with Navidea's payment of undisputed amounts on February 15, 2021.

Please provide either your agreement to the above proposal or a written counter-proposal by noon tomorrow or we will contact the court once again to attempt to hold Navidea to its advancement obligations.

Thanks.

Gregg

From: Gregory Zimmer <mailto:gzimmer@gzimmerlegal.com>
Sent: Monday, January 25, 2021 12:01 PM
To: Barry Kazan <mailto:kazan@mintzandgold.com>
Subject: RE: Meet and Confer

Barry, let me know when you can talk after 2:00 today.

Thanks.

Gregg

From: Gregory Zimmer
Sent: Monday, January 25, 2021 11:10 AM
To: Barry Kazan <mailto:kazan@mintzandgold.com>
Subject: RE: Meet and Confer

Barry, can you talk now?

From: Barry Kazan <mailto:kazan@mintzandgold.com>
Sent: Friday, January 22, 2021 11:24 AM
To: Gregory Zimmer <mailto:gzimmer@gzimmerlegal.com>
Subject: RE: Meet and Confer

Gregg –

I do not have a window today.  I am generally available on Monday.  Let me know a time.


Stay safe, stay healthy and stay vigilant!

Barry M. Kazan, Esq.
Mintz & Gold LLP
600 Third Avenue, 25th Floor
New York, NY 10016
Tel: 212.696.4848
Cel: 917.991.9839
Fax: 212.696.1231
mailto:kazan@mintzandgold.com



From: Gregory Zimmer <mailto:gzimmer@gzimmerlegal.com>
Sent: Friday, January 22, 2021 11:18 AM
To: Barry Kazan <mailto:kazan@mintzandgold.com>
Subject: Meet and Confer

Barry, let me know your availability today to meet and confer about advancement under the protocol.

Gregory Zimmer, Esq.
360 Lexington Avenue, Suite 1502
New York, New York 10017
mailto:GZimmer@GZimmerLegal.com
O:  (914) 402-5683
M: (516) 991-1116
F:  (914) 402-5683
GZimmerLegal.com

This message is intended only for the addressee named above. If you are not the intended recipient of this message, you are hereby notified that you must not use, disseminate or copy it in any form or take any action in reliance on it. If you have received this message in error, please delete it and any copies of it from your e-mail system and reply immediately

to the sender at the address shown above. This message may contain confidential, proprietary or legally privileged information. Neither confidentiality nor any privilege is intended to be waived or lost by any error in transmission.

U.S. Treasury Circular 230 Notice:  Any U.S. federal tax advice included in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding U.S. federal tax-related penalties or (ii) promoting, marketing or recommending to another party any tax-related matter addressed herein.