UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE: NAVIDEA BIOPHARMACEUTICALS
LITIGATION

Case No.:  1:19-cv-01578-VEC

ECF Case

**PLAINTIFF/COUNTERCLAIM-DEFENDANT NAVIDEA BIOPHARMACEUTICALS,
INC.'S RESPONSE TO DR. MICHAEL M. GOLDBERG'S OBJECTIONS TO THE
APRIL 21, 2021 REPORT AND RECOMMENDATION OF
<u>MAGISTRATE JUDGE FREEMAN</u>**

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ............................................................................. 1

ARGUMENT ..................................................................................................... 2

I.   THE MAGISTRATE JUDGE'S FINDINGS THAT DR. GOLDBERG DID NOT
     JUSTIFY THE ALLOCATIONS OF HIS ATTORNEYS' FEES AND COSTS
     FOR INDEMNIFIABLE AND ADVANCEABLE CLAIMS SHOULD BE
     ADOPTED ............................................................................................... 2

II.  THE MAGISTRATE JUDGE'S RECOMMENDATION FOR AN ACROSS-
     THE-BOARD REDUCTION OF MR. ZIMMER'S TIME SHOULD BE
     ADOPTED ............................................................................................. 13

III. THE MAGISTRATE JUDGE'S RECOMMENDATION WITH RESPECT TO
     INDEMNIFICATION OF FEES AND EXPENSES INCURRED BY DR.
     GOLDBERG IN DEFENDING AGAINST NAVIDEA'S FOURTH CAUSE OF
     ACTION SHOULD BE ADOPTED ............................................................ 15

     A.   The Goldstein Firm ..................................................................... 15

     B.   Dr. Goldberg's Allocations of Time to Indemnifiable and Advanceable
          Work Are Not Supported .............................................................. 18

          1.   Block-Billing ...................................................................... 18

          2.   Entries That Fail To Comply With Mr. Zimmer's Stated Methodology .. 18

IV.  THE MAGISTRATE JUDGE'S RECOMMENDATION WITH RESPECT TO
     ADVANCEMENT OF FEES AND EXPENSES INCURRED BY DR.
     GOLDBERG IN DEFENDING AGAINST NAVIDEA'S REMAINING
     CLAIMS SHOULD BE ADOPTED ............................................................ 19

V.   THE MAGISTRATE JUDGE'S RECOMMENDATION THAT THE COURT
     FIND DR. GOLDBERG NOT ENTITLED TO ADVANCEMENT IN
     CONNECTION WITH HIS COUNTERCLAIMS AND THIRD-PARTY
     CLAIMS SHOULD BE ADOPTED ............................................................ 21

VI.  THE MAGISTRATE JUDGE'S RECOMMENDATION THAT THE COURT
     DENY DR. GOLDBERG'S MOTION TO COMPEL NAVIDEA TO COMPLY
     WITH THE ONGOING ADVANCEMENT PROTOCOL SHOULD BE
     ADOPTED ............................................................................................. 24

CONCLUSION ................................................................................................ 25

# TABLE OF AUTHORITIES

**Cases**                                                           **Page(s)**

*Bumble and Bumble, LLC v. Pro's Choice Beauty Care, Inc.*,
    No. 14-cv-6911 (VEC)(JLC), 2016 U.S. Dist. LEXIS 19329
    (S.D.N.Y. Feb. 17, 2016), *report and recommendation adopted by*,
    2016 U.S. Dist. LEXIS 56543 (S.D.N.Y. Apr. 27, 2016).......................................................10

*Ethelberth v. Choice Sec. Co.*,
    No. 12 Civ. 4856 (PKC) (VMS), 2016 U.S. Dist. LEXIS 104417
    (E.D.N.Y. Aug. 5, 2016), *adopted by*, 2016 U.S. Dist. LEXIS 114131
    (E.D.N.Y. Aug. 23, 2016).........................................................................................................15

*H.B. Automotive Group, Inc. v. Kia Motors America, Inc.*,
    No. 13-cv-4441 (VEC) (DF) 2018 U.S. Dist. LEXIS 125548
    (S.D.N.Y. Jul. 25, 2018), *report and recommendation adopted*,
    2018 U.S. Dist. LEXIS 142893 (S.D.N.Y. Aug. 22, 2018)....................................................14

*Hensley v. Eckerhart*,
    461 U.S. 424 (1983)..................................................................................................... *passim*

*Hitachi Data Sys. Credit Corp. v. Precision Discovery, Inc.*,
    No. 17-cv-6851 (SHS), 2020 U.S. Dist. LEXIS 175752
    (S.D.N.Y. Sept. 24, 2020)........................................................................................................14

*HTV Indus., Inc. v. Agarwal*,
    317 F. Supp. 3d 707 (S.D.N.Y. 2018)..............................................................................14, 15

*Marache v. Akzo Nobel Coatings, Inc.*,
    No. 08-cv-11049 (SHS), 2010 U.S. Dist. LEXIS 92665
    (S.D.N.Y. Sept. 7, 2010)............................................................................................................5

*N.Y. State Ass'n for Retarded Children, Inc. v. Carey*,
    711 F.2d 1136 (2d Cir. 1983)....................................................................................... *passim*

*Paterson Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*,
    840 F.2d 985 (1st Cir. 1988).....................................................................................................5

*Sery v. Medina*,
    No. 13-cv-165 (RLE), 2016 U.S. Dist. LEXIS 75962 (S.D.N.Y. Jun. 10, 2016).............16, 17

*United States v. Raddatz*,
    447 U.S. 667 (1980)................................................................................................................21

*Vitale v. Abbott Labs.*,
    No. 02 Civ. 4623 (JBW) (JMA), 2007 U.S. Dist. LEXIS 82332
    (E.D.N.Y. Nov. 6, 2007)..........................................................................................................15

*Waksman v. IBM Separation Allowance Plan*,
  2004 WL 1944207 (S.D.N.Y. 2004), *report and recommendation adopted*,
  2018 U.S. Dist. LEXIS 142893 (S.D.N.Y. Aug. 22, 2018) ....................................................21

*Watson v. Geithner*,
  355 F. App'x 482 (2d Cir. 2009) ..........................................................................................23

*Williams v. N.Y. City Hous. Auth.*,
  975 F. Supp. 317 (S.D.N.Y. 1997) ..........................................................................................4

**Rules**

Fed. R. Civ. P. 13(a)(1).............................................................................................................23

## PRELIMINARY STATEMENT

On April 21, 2021, Magistrate Judge Debra Freeman issued a painstakingly detailed 51-page Report and Recommendation (the "R&R") regarding four issues advanced by Dr. Michael M. Goldberg ("Dr. Goldberg"): (1) how much in attorneys' fees and costs sought for indemnification in defense of Navidea Biopharmaceuticals, Inc.'s ("Navidea") breach of fiduciary duty claim were properly supported by the numerous submissions made by Dr. Goldberg; (2) how much in attorneys' fees and costs sought for advancement under Navidea's by-laws in defense of Navidea's remaining claims were properly supported by the numerous submissions made by Dr. Goldberg; (3) whether Dr. Goldberg is entitled to advancement incurred in pursuit of his counterclaims against Navidea and third-party claims against Macrophage Therapeutics, Inc. ("Macrophage"); and (4) whether Navidea should be compelled to advance fees and costs, or be held in contempt, for its alleged failure to follow this Court's advancement protocol.  Overall, the R&R recommends that the attorneys' fees and costs be substantially reduced and that the balance of the relief sought be denied.

On May 5, 2021, Dr. Goldberg filed his objections to the R&R (the "Objections"), arguing, *inter alia*, that the R&R is draconian and punitive, and blames the Magistrate Judge for Dr. Goldberg's failings to heed the numerous prior directives, requests, and specific orders, which resulted in reductions to his claims for attorneys' fees and costs.  Thereafter, Dr. Goldberg argues that certain previously denied requests should now be granted and requests that this Court "take control of this process and re-focus it" because of his dissatisfaction with the R&R.

As explained in more detail below, Dr. Goldberg lacks grounds to complain when he himself, and the attorneys representing him, have consistently failed to follow the guidelines set forth by both this Court and the Magistrate Judge as well as applicable case law.  Indeed, his grievance-filled objections: (a) lack virtually any citations to the record below; (b) fail to address

the bulk of the criticism raised in the R&R; (c) misrepresent Navidea's position and the history of this case; and (d) end with a plea to be given yet another chance to make submissions to the Court on these issues.  Navidea respectfully submits that enough is enough.  The R&R should be adopted in its entirety, and the Court should advance to resolving the merits of this case.

## **ARGUMENT**

## I.   **THE MAGISTRATE JUDGE'S FINDINGS THAT DR. GOLDBERG DID NOT JUSTIFY THE ALLOCATIONS OF HIS ATTORNEYS' FEES AND COSTS FOR INDEMNIFIABLE AND ADVANCEABLE CLAIMS SHOULD BE ADOPTED**

Dr. Goldberg's first objection is that the Magistrate Judge should have blindly accepted Dr. Goldberg's "good faith allocations of time to indemnifiable and advanceable work" because it was "well-supported" and "proper under applicable precedent."[1]  (Objections at 5).  In contrast, the Magistrate Judge, after an exhaustive review of the records submitted, found the opposite:

> Unfortunately, having examined counsel's time records closely, this Court is left with the distinct impression that the allocation percentages being proposed by counsel are based less on the reality of the work that they performed at any given time, than on their desire to push the maximum amount of time possible into those categories of work for which indemnification and advancement have been held to be available, so as to obtain the greatest possible awards for their client.

(R&R at 4).  The Magistrate Judge's recommendation is clearly supported by the numerous examples of the Magistrate Judge considering and consequently rejecting the supposed "good faith" allocations as neither "well supported" nor consistent with applicable precedent.  (R&R at 20 n.3, 29, 31-33, 36-37, 40-44, 46-47).

In his objections, Dr. Goldberg misstates the R&R and argues, *inter alia*, that "criticism of [his] fee application presumes that each and every moment of an attorney's work is attributable to one and only one claim or defense" (Objections at 5), "the R&R recommends that because specific

---

[1] Notably, the only "precedent" Dr. Goldberg cites is *Hensley v. Eckerhart*, 461 U.S. 424 (1983) (Objections at 4-6, 21), which as explained in further detail below, purports to affirm the recommendations in the R&R.

correspondence cannot be divided on a claim-by-claim basis, it cannot be indemnified or advanced despite the good faith allocations submitted by Dr. Goldberg's counsel," (*id.* at 9) and "the R&R fails and/or refuses to acknowledge that there are significant portions of the work performed in this litigation that cannot be directly attributed on a claim-by-claim basis." (*Id.* at 11). However, none of these objections have any merit and lack citation to either the R&R, applicable case law, or the record below. The reason for this is simple. They are untrue.

Contrary to Dr. Goldberg's claims, the Magistrate Judge specifically stated that "[t]his Court does understand that, in certain circumstances, it would have been difficult, if not impossible, for counsel to have parsed their work precisely on this case." (R&R at 3). The R&R continues:

> For this reason, this Court would have been willing, in some situations, to accept reasonable allocation estimates — such as, for example, by attributing one-ninth of counsel's time at a general case-management conference to each of the nine claims extant in the action at the time of the conference. In most instances where an allocation of time would be needed, however, this Court would have expected counsel to rely on some type of task-specific measure to justify the allocation made.

(*Id.*). The R&R also stated that counsel for Dr. Goldberg "should have endeavored to allocate their time to particular claims based on some demonstrable logic from which the Court could conclude that each allocation was appropriate."[2] (*Id.* at 4). They do not, and the R&R explicitly found that Dr. Goldberg's counsel "has made absolutely *no effort* to provide this Court with any basis for accepting" his allocations as reasonable. (*Id.* at 31 (emphasis in original), *see id.* at 32, 37, 43 ("this Court can find no reasonable, non-speculative foundation on which to base … any blanket percentage estimate…"; *see id.* at 48 ("It is difficult to understand how, despite the Court's

---

[2] Importantly, the Magistrate Judge also stated that "it should have been abundantly clear to Goldberg's counsel, from the get-go, that, should their client wish to seek advancement (and, eventually, indemnification) of his attorneys' fees in this case, he would have to be able to segregate the time spent by counsel in defending each of the different claims brought by Navidea." (R&R at 2).

clear and repeated admonitions to Goldberg's counsel that requests for advancement must be supported by specific time records, rather than blanket estimates of time spent working on different aspects of this case, counsel could still be taking the position that Goldberg should simply be advanced 80% of his attorneys' fees");[3] *see also Williams v. N.Y. City Hous. Auth.*, 975 F. Supp. 317, 327 (S.D.N.Y. 1997) ("[i]t is not the court's job to decipher time entries and guess how much time each activity took . . . . It is the responsibility of the applicant to make separate time entries for each activity.") (internal quotation marks and citation omitted)).

In fact, this Court has warned Dr. Goldberg on several occasions that failure to demonstrate the reasonableness of his fee requests would result in a finding akin to the recommendations found in the R&R.  (Original R&R at 3, 16, 21-22, 41; ECF Nos. 153 (9:9-16), 187 (5:17-6:7, 13:17-23, 14:8-22)).  As the Court noted, Dr. Goldberg's counsel's failure to "maintain[] appropriate records," hindering the Court's ability to assess whether particular work was, or was not, covered, would necessarily "redound to the detriment of their client, not Navidea." (Opinion and Order dated August 24, 2020 ("O&O), at 7 n.6 [ECF No. 134].).  In response to the R&R, Dr. Goldberg does not cite to the record below where he demonstrated the basis for each of his, Gregory Zimmer's, and Ari Weisbrot's allocations; rather, Mr. Zimmer submits a new declaration for the first time in support of the Objections in an attempt for a post-hoc justification for his own

---

[3] Oddly, Dr. Goldberg suggests that some of this information can be derived from "daily time sheets" he chose not to submit to the Magistrate Judge for review because they are privileged.  This is not the first time Dr. Goldberg has brought forth assertions of privilege.  Specifically, on March 23, 2020, "both Zimmer and Weisbrot offered to submit their time records for *in camera* review, stating that they had not publicly filed their records so as to protect any attorney-client privileged information that they contained." (*See* Report and Recommendation dated July 9, 2020 ("Original R&R") at 18 [ECF No. 119]).  However, during a June 4, 2020 teleconference, the "Court informed Goldberg of its understanding that attorney time records rarely convey privileged communications, but it nonetheless instructed him that, if he believed any particular time records revealed requests for legal advice, the substance of advice given, or attorney work-product, then he could redact those particular entries on privilege grounds." (Original R&R at 22 [ECF No. 119]).  Rather than heed the Court's advice, Dr. Goldberg chose not to produce them at all.  Whether they are privileged is not the issue.  The fact that the bases for his allocations allegedly exist and he chose not to provide them to the Magistrate Judge strengthens the findings that Dr. Goldberg did not provide sufficient information to the Magistrate Judge.

allocations.  (*See* Declaration of Gregory Zimmer ("Zimmer Obj. Decl."), dated May 5, 2021, ¶¶ 2-11).  It is important to note that the only support Dr. Goldberg provides in his Objections is the Zimmer Declaration (the 12th declaration in a long line of improper submissions).  However, Dr. Goldberg has had over ten months to provide additional support for his fee application and to bring up additional justification for his convoluted methodology this late in the game and after the R&R issued is improper.

Nonetheless, putting aside the impropriety of raising these issues for the first time here (*Marache v. Akzo Nobel Coatings, Inc.*, No. 08-cv-11049 (SHS), 2010 U.S. Dist. LEXIS 92665, at *3 (S.D.N.Y. Sept. 7, 2010) (A District Court need not consider objections which could have, but were not, raised to the Magistrate because '"an unsuccessful party is not entitled as of right to a *de novo* review by the judge of an argument never seasonably raised before the magistrate'") (quoting *Paterson Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990–91 (1st Cir. 1988)), Dr. Goldberg's demonstrated justification does not refute the Magistrate Judge's finding for the reasons otherwise set forth herein.

As one example of Dr. Goldberg's attempt to add a post-hoc justification for the straight across-the-board 80% allocation, Dr. Goldberg focuses on his analysis of discovery by attaching new materials suggesting that his 80% allocation derives from his characterization of the documents produced in this case.[4]  (Objections at 7-8).  Predictably, Dr. Goldberg suggests that it was the way that Navidea and Macrophage produced documents that created the problem and made it an "impossibility" to properly allocate time entries.  (Objections at 8).  Of course, by doing so,

---

[4] Navidea has already briefed and advised the Court, on several instances, regarding the illogical nature of Dr. Goldberg's percentage-based methodology.  (ECF Nos. 153 at 7:16-8:11, 155 at 2-4, 7, 189 at 8-10, 191 at 12-16).

Dr. Goldberg effectively concedes that his attorneys did not reasonably allocate their time because it was "impossible."

Even if this were a valid excuse, it should be rejected here because the way in which documents were produced was an issue that Dr. Goldberg could have – and in fact, did – raise with this Court, but ultimately, withdrew his objections in this Court.  (ECF No. 63).  Moreover, Dr. Goldberg fails to acknowledge that after this Court provided a procedure for resolution (which he abandoned) (ECF No. 63), he filed an amended motion to compel (the "Motion to Compel") in the Delaware action based on the exact same arguments in which he sought cost-shifting for his review from Macrophage.  (*See* Declaration of Barry M. Kazan dated May 19, 2021 ("Kazan Decl.") Ex. 1, ¶¶ 3-14).  In fact, despite having the Motion to Compel pending since January 20, 2020, Dr. Goldberg failed to prosecute it and it was denied shortly before the December 1, 2020 trial commenced in Delaware.  (Kazan Decl. Ex. 2).  Dr. Goldberg's strategic decision to file the Motion to Compel in Delaware and then not prosecute it after this Court ruled on the advancement requests support the Magistrate Judge's findings that the fee applications in this case appear to be strategic attempts to move buckets of time into the advancement protocol rather than provide substantiated allocations between attorneys' fees and costs subject to advancement under Navidea's by-laws.  (R&R at 4 ("this Court is left with the distinct impression that the allocation percentages being proposed by counsel are based less on the reality of the work that they performed at any given time, than on their desire to push the maximum amount of time possible into those categories of work for which indemnification and advancement have been held to be available, so as to obtain the greatest awards for their client."); R&R at 44 ("The most likely reason, it seems to this Court, is that Zimmer has artificially sought advancement for most of his work, regardless of whether Goldberg is fairly entitled to the full amounts sought."))

Moreover, while the Court may recall that the documents that both Navidea and Macrophage produced were fully searchable and provided with appropriate metadata (01/15/2020 telephonic conference [ECF No. 63])[5], Dr. Goldberg's counsel nonetheless attaches a chart to his declaration apportioning those documents based on so-called "issue codes" to support the 80% allocation. (*See* Zimmer Obj. Decl. Ex. A). Paragraph 5 of the Zimmer Declaration submitted in support of the Objections annexed, for the first time, a table allegedly "identifying the issue codes applied to documents produced by Navidea and Macrophage in this action and the number of documents and pages to which the issue codes were applied." (Zimmer Obj. Decl. ¶ 5). Mr. Zimmer's declaration gives the false impression, perhaps unintentionally, that these issue codes were somehow attributed to Navidea and/or Macrophage. As the accompanying declaration of Barry M. Kazan makes clear, these "issue codes" were not something provided by Navidea, Macrophage, or its counsel and Navidea has no way to confirm who created these issue codes, what facts were used to code a particular document, and what facts determined if the document referred to the defense or "offense" of a claim. (*See* Kazan Decl. ¶ 2). More importantly, there is no explanation given as to why this was not provided to the Magistrate Judge during any one of the several occasions in which Dr. Goldberg was afforded the opportunity to supplement his application (Original R&R at 16, 21-23; O&O at 5-7, 11-12; R&R at 10, 48 ("*It is difficult to understand how, despite the Court's clear and repeated admonitions to Goldberg's counsel that requests for advancement must be supported by specific time records…*") (emphasis added)), and,

---

[5] In addition to the 01/15/2020 telephonic conference, Macrophage's Opposition to Dr. Goldberg's Motion to Compel in the Delaware Action (*see* Kazan Decl. Ex. 3 at 11 n.4) highlights the metadata of the documents ("Additionally, sorting the emails' metadata by date (as Goldberg can do) yields thousands of more emails in those relevant date ranges"), and Navidea has provided various letters to Dr. Goldberg explaining the searchability of the production. (*See* Kazan Decl. Ex. 4, Dec. 23, 2019 Letter to Zimmer) ("Additionally, simply sorting the produced documents using the metadata provided demonstrates that documents within the time frame you identified are within the production set."); (Kazan Decl. Ex. 5, July 2, 2020 Letter to Zimmer) ("Navidea and Macrophage have produced substantial materials in a searchable format and with correlating metadata, such that Dr. Goldberg should have sufficient documentation to assist in his review of the claims that are pertinent to the litigations.")

in fact, did supplement his application. (ECF Nos. 113, 117, 141, 142, 164).  Further, as an illustration of why this chart adds no value to this Court's analysis is the reference to "Meitar" (*see* Zimmer Obj. Decl. Ex. A)[6], which Mr. Zimmer attributes to this action when he knows full well that the trial in Delaware also dealt with damages being sought for Dr. Goldberg's use of Meitar for personal use and as evidence for Dr. Goldberg's breach of fiduciary duty.  (Kazan Decl. Ex. 7 at 32 and 52).

Finally, Dr. Goldberg claims that "[e]ven Navidea did not argue that Dr. Goldberg should be denied any indemnification or advancement for" the time expended to discovery review. (Objections at 11).  However, in its Opposition to Michael M. Goldberg's Application Filed In Support of His Motion for Indemnification and Advancement of Attorneys' Fees ("Opp. to Fee Application"), Navidea unequivocally stated that Dr. Goldberg's "deficiencies, coupled with numerous instances of block billing, vagueness, excessiveness, charging full rates for ministerial tasks, and others set forth below, warrant substantial reductions in the application, *if not the wholesale denial of the application as a possible sanction or waiver raised in the Opinion & Order*."  (ECF No. 155 at 1) (emphasis added).

In response to these deficiencies noted above and detailed throughout the R&R, and the lack of any substantial explanation for his failure to comply with the Court's prior directives (Original R&R at 3, 16, 21-22, 41; O&O at 7, 11; ECF Nos. 153 (9:9-16) and 187 (5:17-6:7, 13:17-23, 14:8-22) and case law (*see generally* R&R at 12-15), Dr. Goldberg again asks this Court to adopt a *per se* reasonableness inquiry and pull a number out of thin air (*i.e.*, set a floor for the amount of his attorneys' fees and costs that should be advanced or reimbursed), another argument

---

[6] "Meitar" refers to Meitar Liquornik Geva Leshem Tal, an Israeli law firm retained by Dr. Goldberg, in his capacity as Macrophage's CEO and President, who represented Macrophage from June 2018 through February 2019.  (Kazan Decl. Ex. 6, Delaware Trial Tr. 485:10-12 (Goldberg).

previously considered and rejected by this Court.  (Original R&R at 3, 21-22, 42 ("As the Court's pulling of 'some percentage' out of the air would not, to any degree of certainty, result in Goldberg's being awarded the amounts to which he is legitimately entitled, I recommend that the Court not engage in the speculative exercise that Goldberg has proposed"); O&O at 6-7, 12 ("Goldberg's suggestion that the Court simply direct Navidea to pay him 'an initial amount representing some percentage of the amount reflected on [the billing] records,' … is not only contrary to the lodestar method, but directly and inexcusably contravenes Magistrate Judge Freeman's instructions to provide billing records specifically detailing the time spent…"); ECF Nos. 153 at 9:9-16 and 187 at 5:17-6:7, 13:17-23, 14:8-22).   Indeed, Dr. Goldberg goes back to the well to argue that the reasonableness standard should not even apply in the first instance. (Objections at 12 n.3).  Again, this Court has already rejected Dr. Goldberg's "contention that there is no need for the Court to assess whether the fees incurred in defending the breach of fiduciary duty claim were 'reasonable.'" (O&O at 6 n.5).  Explicitly, this Court stated that "[d]espite Goldberg's nonsensical suggestion that there is no need for this Court to assess whether the fees incurred in defending this action have been 'reasonable' before ordering advancement, . . . courts in this district consistently examine the reasonableness of any proposed advancement of attorneys' fees, even in the absence of an express requirement that the advanced fees or costs be reasonable." (O&O at 7).

> Dr. Goldberg further states that:
>
> The R&R's recommendation that Dr. Goldberg be denied the vast majority of the amount for which he is entitled to indemnification and effectively denied advancement completely simply cannot be squared with applicable case law, the facts of this case , or any concept of equity, fairness or justice.

(Objections at 11). However, Dr. Goldberg's claim that the R&R "cannot be squared with applicable case law" is incorrect.  (*Id.*).  Rather, there is ample case law justifying the wholesale

rejection of a fee application.  (*See* R&R at 34-35) (quoting *Bumble and Bumble, LLC v. Pro's Choice Beauty Care, Inc.*, No. 14-cv-6911 (VEC)(JLC), 2016 U.S. Dist. LEXIS 19329, at *31 (S.D.N.Y. Feb. 17, 2016) (the Court is '"constrain[ed]… from recommending any fee award' … where counsel had merely estimated the percentages of their time that were related to their work on the relevant claims, without explaining the specific bases for their estimates."), *report and recommendation adopted by*, 2016 U.S. Dist. LEXIS 56543 (S.D.N.Y. Apr. 27, 2016)).   In addition, the R&R states, referencing *Bumble*, that "[i]ndeed, *claimed hours may be disallowed entirely*, where an attorney's presented time records mix the time spent on tasks for which the recovery of fees would be permissible, with time spent on tasks for which recovery would be impermissible, thereby preventing meaningful review by the Court." (R&R at 16).

Further, Dr. Goldberg's reliance on *Hensley* is misplaced. (Objections at 4-6, 21).  In his Objections, Dr. Goldberg states that *Hensley* "expressly recognized in the context of fee applications that in many cases, as here, 'the plaintiff's claims for relief will involve a common core of facts or will be based on related legal theories.  Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expensed on a claim-by-claim basis." (Objections at 4) (quoting *Hensley*, 461 U.S. at 435).  Dr. Goldberg further goes on to state that "in the face of the exact situation described in *Hensley*," he submitted sworn declarations explaining "the basis for good faith allocations of the time for which he seeks indemnification and advancement based on (in the case of attorneys Zimmer and Weisbrot) contemporaneous, detailed time records." (Objections at 4).

Besides the fact that at no point has Dr. Goldberg ever submitted copies of his "contemporaneous, detailed time records" (*see supra* n.3), *Hensley* goes on to support the numerous requests by this Court and Navidea for a reasonableness analysis of Dr. Goldberg's fees

and the recommendations provided in the R&R.  First, the District Court in *Hensley* "reduced the number of hours claimed by one attorney by 30 percent to account for his inexperience and failure to keep contemporaneous records," which the Supreme Court deemed was proper.  *Hensley*, 461 U.S. at 429 and 439 n.13.  Second, the Supreme Court held that a "party seeking an award of fees should submit evidence supporting the hours worked and rates claimed.  Where the documentation of hours is inadequate, the district court may reduce the award accordingly."  *Id.* at 433.  Third, the Supreme Court held that "[w]here settlement is not possible, the fee applicant bears the burden of ... documenting the appropriate hours expended and hourly rates ... and should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims."  *Id.* at 437.

Although Dr. Goldberg would have the Court view his fees dispute with Navidea as "the exact situation described in *Hensley*" (Objections at 4), in reality, *Hensley* purports to affirm the recommendations in the R&R.  Specifically, the Magistrate Judge reduced Mr. Zimmer's hours due to, *inter alia*, his failure to provide contemporaneous time records (R&R at n.7) and reduced the fee award due to inadequate documentation of hours.  (R&R at 49).  Additionally, consistent with *Hensley*, Dr. Goldberg failed to "maintain billing time records in a manner that will enable a reviewing court to identify [the] distinct claims" and failed to "identify the general subject matter of [their] expenditures."  (R&R at 2-3, 20-22, 29-31, 34-35, 41).

In addition to his misplaced reliance on *Hensley*, Dr. Goldberg attempts to distinguish the Magistrate Judge's reliance on *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136 (2d Cir. 1983).  Specifically, Dr. Goldberg states that contrary to *Carey*, in which the defendants in that case "submitted an extensive memorandum and included a detailed appendix responding to each of the hourly estimates presented by plaintiff's attorneys," "Navidea *did not* submit specific objections to the vast majority of the individual time entries."  (Objections at 12)

11

(emphasis in original).  To this point, Dr. Goldberg states that in *Carey*, the court engaged in an analysis of the reasonableness of the requested fees "[o]nly after being presented with specific objections to each time entry."  (Objections at 12).  He further states, *inter alia*, that, unlike his counsel, the attorneys in *Carey* "estimated the majority of their time by reconstruction" and "that 'all estimated at least a portion of their time without reference to' any applicable documentation." (*Id.*).

At the outset, Dr. Goldberg's claim that "Navidea did not submit specific objections to the vast majority of the individual time entries" mischaracterizes the record.  Specifically, on November 6, 2020, in support of its extensive Opposition to Fee Application, Navidea submitted a comprehensive declaration (encompassing five exhibits) objecting to approximately all of Dr. Goldberg's time entries.  *See* Declaration of Karim Sabbidine in support of Navidea's Opposition to Goldberg's Application Filed in support of his Motion for Indemnification and Advancement of Attorneys' Fees ("Sabbidine Decl.") [ECF No. 157-3].  Therefore, Dr. Goldberg's assertion that Navidea "complained *generally* that Dr. Goldberg should not be permitted to allocate portions of time applicable generally to those for which he is entitled to indemnification and advancement" (*see* Goldberg Obj. at 12) is without merit and Navidea specifically stated that a "substantial across-the-board percentage reduction in fees" was warranted.   (ECF No. 155 at 7).  Further, just like in *Carey*, the Magistrate Judge "engaged in an analysis of the reasonableness of the requested fees" after being presented with specific objections from Navidea.  Moreover, the Magistrate Judge is independently empowered to assess reasonableness of fees irrespective of Navidea's specific objections.  *Hensley*, 461 U.S. at 437 ("We reemphasize that the district court has discretion in determining the amount of a fee award.").

12

Nonetheless, Dr. Goldberg's attempt to distinguish *Carey* are also similarly misplaced.  Importantly, the court in *Carey* stated, *inter alia*, that: (a) plaintiff's "affidavits … gave only cursory accounts of the manner in which … hours were expended" (*Carey*, 711 F.2d at 1142); (b) plaintiff's "applications suffered from a particularly serious lack of specificity" (*id.*); (c) "[w]ithout a detailed record of how plaintiffs' attorneys spent their time, we have little choice but to show considerable deference to the District Court's conclusion as to how many hours were reasonable compensable" (*id.* at 1147); and (d) "[t]here is no excuse for the sparse documentation that accompanied at least portions of plaintiffs' original application for attorney's fees."  *Id.*  As is repeatedly stated throughout this brief and in several of the Court's submissions, Dr. Goldberg has consistently failed to adequately explain how his hours were expended, provide any specificity to support his logic, or provide any valid excuse for his failure to provide necessary documentation.  (Original R&R at 3, 16, 21-22, 41; O&O at 7, 11; ECF Nos. 153 (9:9-16) and Nos. 187 (5:17-6:7, 13:17-23, 14:8-22).

In sum, faced with full knowledge of what was required to be provided to the Magistrate Judge, Dr. Goldberg failed to make the necessary and required submissions and has failed to justify that failure through his Objections.

## II. THE MAGISTRATE JUDGE'S RECOMMENDATION FOR AN ACROSS-THE-BOARD REDUCTION OF MR. ZIMMER'S TIME SHOULD BE ADOPTED

In the R&R, the Magistrate Judge recommended that "in order to account for the fact that Zimmer apparently spent a fair amount of his time engaged in work that could have been performed by more junior attorneys or staff," Mr. Zimmer's billed rate of $450 or $400 per hour "generally be adjusted to $375 per hour."  (R&R at 25).

In his Objections, Dr. Goldberg states that the "recommended reduction, even with respect to specific time entries is not justified."  (Goldberg Obj. 14).  Specifically, Dr. Goldberg argues,

*inter alia*, that "[i]in the case of attorney Zimmer, a solo practitioner, Dr. Goldberg essentially agreed to pay a blended rate for attorney Zimmer's work which, over the course of the litigation, has significantly reduced his costs versus engagement of a large firm."  (Goldberg Obj. 15). Further, Dr. Goldberg states that Mr. Zimmer "typically does not bill for ministerial work that would normally be passed through to clients."  (*Id.*).

Dr. Goldberg again misstates the record and his own invoices.  Specifically, the R&R stated that a review of Mr. Zimmer's "time records reveals that, having no associates and seemingly no paralegals on his team, [Mr. Zimmer] was apparently tasked with performing a *substantial amount* of the lower-level work on the case."  (R&R at 23) (emphasis added).  The R&R listed a myriad of tasks "that could have been … billed at a lower rate, but were not."  (*see generally*, R&R at 23-24).

Importantly, "'Courts frequently reduce fee requests where work that could have been handled by more junior lawyers was instead performed by a senior partner,'" *Hitachi Data Sys. Credit Corp. v. Precision Discovery, Inc.*, No. 17-cv-6851 (SHS), 2020 U.S. Dist. LEXIS 175752, at *6 (S.D.N.Y. Sept. 24, 2020) (quoting *HTV Indus., Inc. v. Agarwal*, 317 F. Supp. 3d 707, 721 (S.D.N.Y. 2018)), either by reducing a partner rate otherwise found to be reasonable, in specific instances where that partner performed associate-level tasks, *see, e.g., H.B. Automotive Group, Inc. v. Kia Motors America, Inc.*, No. 13-cv-4441 (VEC) (DF), 2018 U.S. Dist. LEXIS 125548, at *21-23 (S.D.N.Y. Jul. 25, 2018) (reducing attorney's hourly rate for specific time spent on junior-level tasks), *report and recommendation adopted*, 2018 U.S. Dist. LEXIS 142893 (S.D.N.Y. Aug. 22, 2018), or, where parsing through the time records for this purpose would be impractical, *by reducing the partner's rate in general or applying an overall percentage reduction to the fees sought*.  *See*, *e.g.*, *HTV Indus.*, 317 F. Supp. 3d at 725  (reducing total fee award by 25% where

14

senior counsel performed a substantial number of tasks that could have been performed by a more junior attorney) (emphasis added).

Here, the Magistrate Judge's adjustment of Mr. Zimmer's rate is entirely proper.  The numerous instances of ministerial tasks cited by Navidea (ECF Nos. 155 at 29; 157-1, 157-2, 157-4, 157-5) and the Magistrate Judge (R&R at 24) are "not ordinarily recoverable at an attorney's rate."  *Ethelberth v. Choice Sec. Co.*, No. 12 Civ. 4856 (PKC) (VMS), 2016 U.S. Dist. LEXIS 104417, at *36-37 (E.D.N.Y. Aug. 5, 2016), *adopted by*, 2016 U.S. Dist. LEXIS 114131 (E.D.N.Y. Aug. 23, 2016); *see Vitale v. Abbott Labs.*, No. 02 Civ. 4623 (JBW) (JMA), 2007 U.S. Dist. LEXIS 82332, at *6 (E.D.N.Y. Nov. 6, 2007) (clients do not recover attorney hourly rates for services that may be performed with less expense by a paralegal).

## III.   THE MAGISTRATE JUDGE'S RECOMMENDATION WITH RESPECT TO INDEMNIFICATION OF FEES AND EXPENSES INCURRED BY DR. GOLDBERG IN DEFENDING AGAINST NAVIDEA'S FOURTH CAUSE OF ACTION SHOULD BE ADOPTED

For the reasons set forth above, the R&R should be adopted with respect to the recommended indemnification for Dr. Goldberg's defense of the breach of fiduciary duty claim. However, with respect to the specific examples cited in the Objections concerning Goldstein Law Partners, LLC (the "Goldstein Firm"), block billing, and inconsistent allocations, Navidea submits that those objections should be overruled.

### A.   The Goldstein Firm

In the R&R, the Magistrate Judge recommended that Dr. Goldberg "be awarded no portion of the attorneys' fees incurred by the Goldstein Firm as advancement or indemnification for his defense of Navidea's claims."  (R&R at 21).  Specifically, the Magistrate Judge stated that "Goldberg has not submitted any contemporaneous time records from the Goldstein Firm, as a basis for this Court to check the reasonableness of the flat rate that was charged" and that "[i]n

these circumstances, Goldberg is simply not entitled to advancement or indemnification for any of the attorneys' fees that he paid to the Goldstein Firm."  (R&R at 19-20).

In his Objections, Dr. Goldberg argues, incorrectly, that the "R&R simply recommends that indemnification for the Goldstein firm's work be denied because Dr. Goldberg entered into a flat-fee arrangement with it."  (Objections at 18).  Dr. Goldberg also states that "[n]either the analysis nor the authority employed in the R&R justify a complete denial of indemnification for the work performed by the Goldstein firm in connection with the Fourth Cause of Action." (Objections at 18).

Dr. Goldberg seems to completely ignore the Magistrate Judge's prior admonishments regarding his failure to provide documents[7] and the R&R's legal analysis, citing *Carey*, that "a party seeking an award of fees is required to provide contemporaneous time records, and, where such records are not submitted, the application 'should normally be disallowed.'"  (R&R at 20) (citing *Carey*, 711 F.2d at 1154).  The R&R states, in pertinent part, that Dr. Goldberg:

> has not even suggested that the Goldstein Firm maintained any contemporaneous records for its work on this case, much less that such records were destroyed or rendered irretrievable through no fault of counsel.  *Moreover, as seasoned practitioners in this Circuit, Goldberg's attorneys should have been well aware of the Circuit's strict requirements for fee applications, and this should have known from the time of their retention that the maintenance of contemporaneous time records would be required to protect their client's ability to obtain advancement of fees or any other fee award.*

(R&R at 20-21) (citation omitted) (emphasis added).  Further, under *Carey's* "strict rule," a judicial award of attorneys' fees should be denied where an attorney has charged a client a "flat fee" <u>and</u> not kept contemporaneous time records, given that counsel "bears the responsibility of making

---

[7] Original R&R at 3 ("Despite this Court's repeated requests to Goldberg for documentation from which it could discern (a) the amounts incurred by Goldstein's counsel in connection with defending against the breach-of-fiduciary-duty claim, (b) the amounts expended by Goldstein to defend against the other claims asserted in this case (as opposed to amounts expended in connection with the prosecution of Goldberg's counterclaims and third-party claims, and amounts expended in connection with the Delaware Action), and (c) the reasonableness of the amounts as to which indemnification and/or advancement would be due, Goldberg has failed to provide the information requested.")

sure that records in support of fee requests comport with the requirements of the Circuit," and that "[t]his obligation exists even when the attorney has been paid by his client throughout the litigation." *Sery v. Medina*, No. 13-cv-165 (RLE), 2016 U.S. Dist. LEXIS 75962, at *7 (S.D.N.Y. Jun. 10, 2016).

The Opinion & Order explicitly held that that "Goldberg must submit copies of his attorneys' billing records that specifically" detail: (i) "the time each attorney spent defending the breach of fiduciary duty claim and explaining the nature of the work done" (O&O at 7) and (ii) "the amount of time spent defending against each of Navidea's remaining claims in this case to date." (*Id.* at 11). Dr. Goldberg has provided no information whatsoever in compliance with the Opinion & Order as it relates to the Goldstein Firm. Notably, the Court previously held that Dr. Goldberg's "failure to comply with [the O&O] will likely result in the Court finding that Goldberg has withdrawn with prejudice his request for indemnification as a sanction for his failure to comply with this and previous court orders." (*Id.* at 7). Further, there is nothing in the record to suggest the Goldstein Firm did not in fact keep contemporaneous records; only that Dr. Goldberg does not have them.

Finally, in his Objections, Dr. Goldberg states that the "R&R does not take into account that Dr. Goldberg paid the Delaware firm $70,000 to handle the lion's share of Delaware work." (Objections at 18). This argument appears to be that if the "Delaware firm" was paid $70,000, that means that the Goldstein Firm's fees should be less for the Delaware Action. Putting aside the fact that this is not the only conclusion reachable by whatever amounts were spent on other attorneys, there is simply nothing in the record below to compel a finding that Dr. Goldberg's allocation to the Goldstein Firm is justified based on the amount he spent on other attorneys in the same action. In fact, Dr. Goldberg failed to produce either the fixed fee arrangement or the

invoices so the Magistrate Judge would be able to discern some amount attributable to the Goldstein Firm.[8]  As such, it was appropriate for the Magistrate Judge to recommend denying those fees as indemnifiable or subject to advancement.

### B.   Dr. Goldberg's Allocations of Time to Indemnifiable and Advanceable Work Are Not Supported

#### 1.   Block-Billing

In the R&R, the Magistrate Judge recommended that the time reflected in Mr. Zimmer's block billed entries be reduced by 5%.  (R&R at 31).  Specifically, the Magistrate Judge stated that for time entities that were block-billed, "to account for the vagueness inherent in block-billing, and for the fact that, in the absence of the time sheets that Zimmer has referenced, this Court cannot independently confirm the breakdowns provided."  (R&R at 31).

In his Objections, Dr. Goldberg states that "for unexplained reasons," the R&R "recommends a 5% reduction for these entries."  (Objections at 18).  As clearly stated above, the reason the Court reduced the block-billed entries was by 5% was to account for the fact that the Court could not "independently confirm the breakdowns provided."  (R&R at 31).

#### 2.   Entries That Fail To Comply With Mr. Zimmer's Stated Methodology

While having issues with Dr. Goldberg's methodology, which were extensively explained in the R&R (R&R at 29) and on several prior occasions by the Magistrate Judge (ECF Nos. 153 (9:9-16); No. 185 (5:17-6:7) (13:17-23) (14:8-22)), the Magistrate Judge recommended that the time for entries that failed to follow Mr. Zimmer's proposed methodology "be excluded from any indemnification award."  (R&R at 29-30).  Specifically, the Court went through the detailed analysis to determine Mr. Zimmer's methodology used in order to estimate the hours spent

---

[8] Importantly, in a March 23, 2020 Declaration, Dr. Goldberg himself had "offered to provide the Court with 'documentation evidencing [his] payments,'" and yet, over one year later, has not provided any such documentation to the Court. (ECF No. 107-3, ¶ 6; Original R&R at 18).

working on the defense of Navidea's breach of fiduciary duty claim.  (R&R 27-29).  Once that

methodology was identified, the Magistrate Judge found that:

> a handful of the time entries submitted by Zimmer in connection with Goldberg's
> indemnification request have not been presented in a manner consistent with
> Zimmer's stated methodology, in that either a portion of a time entry has been
> highlighted, and yet the time calculation appears to be based on the entirety of the
> entry (*see id.* at ECF 4, 9 (time entries for 6/13/19, 1/7/20)), or, conversely, the
> entire entry has been highlighted, and yet the time calculation appears to be based
> only on an unidentified portion (*see id.*, at ECF 2, 4, 9 (time entries for 5/1/19,
> 6/12/19, 12/30/19)). *This renders it difficult, if not impossible, to discern Zimmer's
> logic*.

(R&R at 29) (emphasis added).

In his Objections, Dr. Goldberg argues that "[w]hile these entries do reflect ambiguities or

inadvertent inclusions or omissions, the R&R's characterization of them as 'the result of

carelessness or errors' and the R&R's suggestion that the presentation intended that the Court

should 'guess' at the entries is belied by the extensive, detailed and almost completely accurate

records that were conscientiously presented in support of Dr. Goldberg's application." (Objections

at 19).

As demonstrated in Navidea's Opposition to Fee Application, Dr. Goldberg's suggestion

that the records are "almost completely accurate" is without basis.  Specifically, Navidea

demonstrated that substantially all of the entries relied upon to support Dr. Goldberg's stated

methodology were problematic.  (ECF Nos. 155 at 2; 157 (Sabbidine Decl.) Exs. 1-5).  The

Magistrate Judge apparently agreed.  (R&R at 29).

## IV.   THE MAGISTRATE JUDGE'S RECOMMENDATION WITH RESPECT TO ADVANCEMENT OF FEES AND EXPENSES INCURRED BY DR. GOLDBERG IN DEFENDING AGAINST NAVIDEA'S REMAINING CLAIMS SHOULD BE ADOPTED

In the R&R, the Magistrate Judge recommended "that no further advancement be awarded

for Zimmer's time" related to the defense of Navidea's remaining claims.  (R&R at 44).

Specifically, the Magistrate Judge stated that "Zimmer's proposed allocations, … are not broken out for each of the claims at issue, are based entirely on across-the-board percentage estimates, and appear, without support, to shift most of counsel's time to the portions of this case for which advancement would be available."  (R&R at 44).

In his Objections, Dr. Goldberg states that "the principal [sic] basis for rejection of Dr. Goldberg's fee application with respect to advancement for his defense of Navidea's claims against him other than the Fourth Cause of Action is the R&R recommendation that all of the entries be denied as 'block billed.'"  (Objections at 21).  Again, Dr. Goldberg seems to ignore, *inter alia*, the five (5) distinct issues detailed in the R&R, including, in pertinent part, the fact that:

> (1) "this Court can think of no reason why Zimmer could not have kept track of his time separately for the two distinct cases that were initially commenced in this District, and his conclusory assertion that he split his time 50-50 on the two cases, before they were consolidated, is wholly unsupported" (R&R at 41);

> (2) "this Court has been given no reason to accept that after the cases were consolidated, Zimmer then suddenly switched from spending half of his time on Goldberg's affirmative claims (i.e., in the companion case) to devoting only 20% of his time to the identical claims (in the consolidated case)" (R&R at 41);

> (3) "this Court does not find it credible that, for the vast majority of the period in question, Zimmer spent so little his 'general' time (only 15%) engaged in the prosecution of Goldberg's counterclaims" (R&R at 41-42);

> (4) "this Court questions the assumption that, once the fiduciary-duty claim was dismissed (the claim that, according to Zimmer, 'dwarfed' all of Navidea's other claims in the case), Zimmer suddenly put all of the time that would have been spent on that claim into defending Navidea's other claims, and none into the prosecution of Goldberg's counterclaims or third-party claims" (R&R at 42-43);

> (5) "this Court finds particularly troubling Zimmer's proposed time allocations regarding document review" and the fact that the "Court cannot merely accept Zimmer's bare statement that 95.5 % of the document review that he apparently conducted jointly in this action and in the Delaware Action should be allocated to this case." (R&R at 43).

Faced with these issues that impinged on Mr. Zimmer's credibility, Mr. Zimmer's only response is that he acted in good faith.  (Objections at 8-9, 11, 13, 19).  Whether Mr. Zimmer acted in good faith, however, is not the issue.  The issue is that the Magistrate Judge found that she could not

reconcile the proffered methodology with the actual submissions to adopt the methodology. This finding should be given deference by the Court. *Waksman v. IBM Separation Allowance Plan*, 2004 WL 1944207, at *1 (S.D.N.Y. 2004) (a district judge may, in his or her sound discretion, afford a degree of deference to the Magistrate Judge's Report and Recommendation (citing *United States v. Raddatz*, 447 U.S. 667, 676 (1980)), *aff'd*, 138 F. App'x 370 (2d Cir. 2005).

## V.     THE MAGISTRATE JUDGE'S RECOMMENDATION THAT THE COURT FIND DR. GOLDBERG NOT ENTITLED TO ADVANCEMENT IN CONNECTION WITH HIS COUNTERCLAIMS AND THIRD-PARTY CLAIMS SHOULD BE ADOPTED

In the R&R, the Magistrate Judge recommended that Dr. Goldberg's motion seeking advancement of the fees and costs incurred in the prosecution of his counterclaims and third-party claims against Macrophage be denied in its entirety as untimely and meritless. (R&R at 16). Specifically, the Magistrate Judge stated, *inter alia*, that "Judge Caproni could not have been more clear that the Court was affording Goldberg one last chance to make an adequately supported fee application, and that this application needed to be filed by September 30, 2020." (R&R at 16). Nonetheless, the Magistrate Judge also held that regarding Dr. Goldberg's "supposed entitlement to advancement of fees for the prosecution of his counterclaims," Dr. Goldberg's request again fails to provide adequate support and "relies solely on *Citadel*, which, standing alone, does not demonstrate his entitlement to the fees sought here." (R&R at 17-18). Regarding Dr. Goldberg's claimed entitlement to advancement of fees for the prosecution of his third-party claims, the Magistrate Judge stated that "[i]n any event, the motion has no merit" as under the law of the case (O&O at 12 n.10), "the Court[] [found] that Goldberg is not entitled to the advancement of such fees…" (R&R at 17).

In his Objections, Dr. Goldberg argues that, with respect to the timing of the motion, Footnote 10 in the Opinion and Order "does not contain any time limit for filing such motion and

no other part of the Opinion and Order discussed this issue or placed any time limit on Dr. Goldberg's filing of the motion for advancement in connection with his counterclaims that clearly was necessitated by this ruling." (Objections at 25). Further, Dr. Goldberg states that "[r]espectfully, no objective reading of the provisions, together or individually, could reasonably be read to impose such a deadline on a motion for advancement of fees and expenses in connection with counterclaims" and that "[g]iven these facts, it would be manifestly unjust to accept the R&R's recommendation that the Court deny Dr. Goldberg's motion as untimely." (*Id.*). Dr. Goldberg's misguided assertion that "no objective reading of the provisions … could reasonably be read to impose such a deadline" is similarly illogical. In the Opinion & Order, this Court explicitly stated that Dr. Goldberg had until September 30, 2020, "to make properly supported fee applications to support his requests for indemnification and advancement" and recognized that the deadline included the claim for advancement on the counterclaims. (O&O at 12 n.10, 13). The Court's recognition of this deadline is highlighted by the Opinion and Order's: (a) footnote addressing Dr. Goldberg's counterclaims that directed Dr. Goldberg to "submit copies of his attorneys' billing records specifically detailing the amount of time spent defending against each of Navidea's remaining claims in this case to date" by September 30, 2020 (O&O at 11); and (b) conclusion stating, generally, that "[as] noted *supra*, no later than *September 30, 2020*, Defendant is directed to make properly supported fee applications to support his requests for indemnification and advancement." (O&O at 13) (emphasis in original). Given the numerous opportunities the Court has granted Dr. Goldberg to pursue his advancement, there should be no confusion of the September 30, 2020 deadline and Dr. Goldberg's absurd reading of the provisions should be given no weight. Dr. Goldberg's motion was filed on November 13, 2020 [ECF No. 165], more than one month after the Court's deadline and, as such, was properly found to be

untimely by the Magistrate Judge.  As Navidea has previously stated, this Court is empowered to reject untimely papers.  [ECF Nos. 168 at 2, 173 at 4-5); *Watson v. Geithner*, 355 F. App'x 482, 483 (2d Cir. 2009) (finding no abuse of discretion where district court declined to consider plaintiff's untimely opposition to summary judgment where plaintiff had not only requested and received an extension of time, but was also warned about the consequence of missing that deadline).

Further, with respect to the merits of the motion, Dr. Goldberg argues that "it is clear from a reading of Dr. Goldberg's allegation in support of the Counterclaims and Third-Party Claims [ECF No. 31] that each and every one of them arise from Dr. Goldberg's dispute with Navidea (and in the case of the third-party claims, Macrophage) concerning implementation of the August 14th Agreement, which is the basis of the claims against him by Navidea."  (Objections at 26). Additionally, Dr. Goldberg claims that the "counterclaims are clearly compulsory counterclaims within the meaning of Fed. R. Civ. P. 13(a)(1) and both the counterclaims and the third-party claims are intended to defend and/or offset against Navidea's claims in this action."  (Objections at 27).

Although Dr. Goldberg claims that his counterclaims and third-party claims "are intended to defend and/or offset against Navidea's claims," the Magistrate Judge found that "it is evident … that Goldberg seeks to accomplish considerably more than 'defeating or offsetting' Navidea's claims."  (R&R at 19).  In addition to the explanation put forth in the R&R (R&R at 16-19), such finding is well documented in the records.  Specifically, Navidea respectfully refers the Court to: (a) Section I(b) of Navidea's Response to Dr. Goldberg's Objections to the July 9, 2020 Report and Recommendation of Magistrate Judge Freeman, dated August 6, 2020 (ECF No. 127 at 3-7); (b) Footnote 10 of the Opinion and Order, dated August 24, 2020 (O&O at 11-12); (c) Section

II(D) and Section (IV)(D) of Navidea's Opposition [ECF No. 155 at 12-17, 20-21], dated November 6, 2020; (d) Navidea's letter to the Court, dated November 24, 2020 [ECF No. 168]; and (e) the entirety of its Memorandum of Law in Opposition to Michael M. Goldberg's Motion for Indemnification and Advancement of Attorneys' Fees in Connection with Counterclaims and Third-Party Claims, dated December 14, 2020 [ECF No. 173].

## VI. THE MAGISTRATE JUDGE'S RECOMMENDATION THAT THE COURT DENY DR. GOLDBERG'S MOTION TO COMPEL NAVIDEA TO COMPLY WITH THE ONGOING ADVANCEMENT PROTOCOL SHOULD BE ADOPTED

In the R&R, the Magistrate Judge recommended that "Navidea not be required to make any further advancement of fees until Goldberg's counsel stops basing their advancement requests on the same broad, conclusory, percentage estimates that they used in connection within Goldberg's fee application." (R&R at 48). Specifically, the Magistrate Judge stated:

> It is difficult to understand how, despite the Court's clear and repeated admonitions to Goldberg's counsel that requests for advancement must be supported by specific time records, rather than blanket estimates of time spent working on different aspects of this case, counsel could still be taking the position that Goldberg should simply be advanced 80% of his attorneys' fees, regardless of whether that estimate has been shown to have any concrete foundation in the particular tasks performed. Yet that is exactly what Goldberg's monthly submissions to Navidea have apparently proposed.

(R&R at 48). Consequently, the Magistrate Judge recommended, "that Navidea be relieved of its obligation to comply with the [advancement] protocol until Goldberg's counsel present it with time records that separately record counsel's time for each of the claims for which advancement is being sought, and that counsel is able to justify on some kind of demonstrable, task-specific basis." (R&R at 49).

In his Objections, Dr. Goldberg argues that the above recommendation "is based on the same rationale as the R&R's recommendations regarding time allocated by Dr. Goldberg's counsel to defense of Navidea's claims against him in the pending fee application" and that "Navidea

should be required to comply with respect to advancement requests already sent by Dr. Goldberg and future requests using" Mr. Zimmer's methodology. (Objections at 28). Dr. Goldberg's objections should be overruled. As the Court is aware, the proposed methodology was based on a protocol with an extensive analysis of how fee applications should be submitted. (Original R&R at 40, 42-43). Navidea submitted the basis for why it believed that Dr. Goldberg's advancement requests were premature (ECF Nos. 190, Kazan Decl. Ex. C (October 15, 2020 e-mail to Mr. Zimmer) and 153 at 7:16-8:11), why it was not subject to contempt (ECF No. 191), and why it should not be compelled to immediately pay certain amounts (ECF Nos. 189 at 5-12 and 191 at 18-20). Each of these positions were assessed by the Magistrate Judge, and the Magistrate Judge has recommended that no adverse action be taken against Navidea as a result. (R&R at 49). In response, Dr. Goldberg merely glosses over the facts of how the dispute occurred and, perhaps more importantly, how Dr. Goldberg refused to meet and confer *as ordered by the Magistrate Judge* to move the advancement protocol forward. (ECF Nos. 189 at 3 -5 and 191 at 16-17). It is the height of hypocrisy to now complain to this Court that the advancement protocol must be followed without Dr. Goldberg submitting proper support for his advancement requests in the first instance.

## CONCLUSION

For the foregoing reasons, Navidea respectfully requests that the Court (i) overrule each of Dr. Goldberg's objections and (ii) adopt the Report and Recommendation in full.

Date:   May 19, 2021
        New York, New York

Respectfully submitted,

_____
Barry M. Kazan, Esq.
Mintz & Gold LLP
600 Third Avenue, 25th Floor
New York, New York 10016

Phone: (212) 696-4848
Fax:     (212) 696-1231
kazan@mintzandgold.com

-and-

Karim Sabbidine, Esq.
THOMPSON HINE LLP
335 Madison Avenue, 12th Fl.
New York, New York 10017
Phone: (212) 344-3921
Fax:     (212) 344-6101
karim.sabbidine@thompsonhine.com

-and-

Alain M. Baudry, Esq.
Saul Ewing Arnstein & Lehr LLP
33 South Sixth Street, Suite 4750
Minneapolis, Minnesota 55402
Phone: (612) 225-2800
Alain.Baudry@Saul.com

*Attorneys for Plaintiff /Counterclaim Defendant*
*Navidea Biopharmaceuticals, Inc. and*
*Third-Party Defendant*
*Macrophage Therapeutics, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 19, 2021, I caused to be served on counsel of record, electronically via the Court's electronic filing system, a true and correct copy of **Plaintiff/Counterclaim-Defendant Navidea Biopharmaceuticals, Inc.'s Response to Dr. Goldberg's Objections to the April 21, 2021 Report and Recommendation of Magistrate Judge Freeman**.

_____
  Barry M. Kazan