Gregory Zimmer, Esq.
360 Lexington Avenue, Suite 1502
New York, NY 10017
Tel:  (914) 402-5683
GZimmer@GZimmerLegal.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re Navidea Biopharmaceuticals Litigation | Case No.: 1:19-cv-01578-VEC |

**MEMORANDUM OF LAW IN SUPPORT OF DR. MICHAEL M. GOLDBERG'S MOTION TO STRIKE THE IMPROPER "RESPONSE" FILED BY PLAINTIFF/COUNTERCLAIM DEFENDANT NAVIDEA BIOPHARMACEUTICALS, INC. TO THE OBJECTIONS OF DR. GOLDBERG TO REPORT AND RECOMMENDATION OF HON. DEBRA FREEMAN
DATED APRIL 21, 2021**

Defendant/Counterclaim Plaintiff/Third-Party Plaintiff Dr. Michael M. Goldberg M.D. ("Dr. Goldberg") respectfully submits this memorandum of law in support of his motion (the "Motion") to strike the purported "Response" and accompanying attorney declaration with exhibits [Dkt. Nos. 201 and 202] improperly filed by Plaintiff/Counterclaim Defendant Navidea Biopharmaceuticals, Inc. ("Navidea") with respect to Dr. Goldberg's objections (the "Objections") to the Report and Recommendation of Hon. Debra Freeman dated April 21, 2021 (the "R&R") [Dkt. No. 198].

## PRELIMINARY STATEMENT

The submission made by Navidea in response to Dr. Goldberg's Objections was improper and contrary to the Federal Rules of Civil Procedure, which provide for responses to objections to Magistrate Judge reports and recommendations only with respect to dispositive motions and prisoner applications. There is *no* authorization in either the Federal Rules, the Local Rules of the Southern and Eastern Districts of New York (the "Local Rules") or in the individual practices of this Court (the "Individual Practices") permitting any party to respond to the objections of another party regarding a Magistrate Judge report and recommendation with respect to any matter other than dispositive motions or prisoner applications. This Court has not authorized any such submission by Navidea in this case – nor has Navidea sought leave to do so or even attempted to justify such a procedure. Accordingly, Navidea's "Response" should be stricken and disregarded by the Court

## ARGUMENT

**I.      NAVIDEA'S IMPROPER SUBMISSION SHOULD BE
         STRUCK BY THE COURT**

Fed. R. Civ. P. governs Magistrate Judges in civil actions in the Federal District Courts. Fed. R. Civ. P. 72. Fed. R. Civ. P. 72(a) applies to "Nondispositive Matters" and provides that

1

any party may submit objections within fourteen (14) days of being served with a copy of the Magistrate Judge's order. It makes no mention of any right by other parties to respond to objections.

Fed. R. Civ. P. 72(b) applies only to "Dispositive Motions and Prisoner Petitions." Fed. R. Civ. P. 72(b). It defines "dispositive motions" as "a pretrial matter dispositive of a claim or defense." *Id.* Fed. R. Civ. P. 72(b) specifically permits a party to respond to an objection within fourteen (14) days of being served with a copy of the objection.

Courts have recognized this and struck proposed "Responses" to objections to Magistrate Judge Reports & Recommendations on non-dispositive matters. *See*, *e.g.*, *Emw Women's Surgical Ctr. v. Bevin*, 2018 U.S. Dist. LEXIS 208843 (W.D. Ky. 2018) ("Because neither Fed. R. Civ. P. 72(a) nor LR 72.2 provides for the filing of a response to an objection to a Magistrate Judge's non-dispositive ruling and Planned Parenthood did not seek leave of the Court before filing its response, the motion will be granted.)  This Court should do the same and strike Navidea's attempted "Response."

Navidea did not seek leave to file its "Response" and did not even attempt to justify any need to file such a response.

II.     IF THE COURT IS INCLINED TO MODIFY THE RULES TO PERMIT NAVIDEA A RIGHT TO FILE A "RESPONSE" THEN IT SHOULD GRANT DR. GOLDBERG LEAVE TO FILE A REPLY TO THE RESPONSE

As set forth above, Fed. R. Civ. P. 72(a) sets forth a clear and finite procedure for objecting to a Magistrate Judge's Report and Recommendation with respect to non-dispositive matters. Navidea did not seek leave to vary that procedure, nor did it provide any justification for the Court doing so. Rather, Navidea attempted to unilaterally convert the clear and streamlined procedure embodied in Fed. R. Civ. P. 72 into a standard briefing procedure used for motions and other submissions where responses to initial submissions are permitted. While Dr.

2

Goldberg strongly opposes any such modification, should the Court be inclined to consider Navidea's "Response," fairness dictates that the Court permit Dr. Goldberg the right to file a reply as is the standard practice where opposition to an initial submission is permitted.

## **CONCLUSION**

For the foregoing reasons, the Court should grant Dr. Goldberg's Motion and should grant Dr. Goldberg such other and further relief as the Court deems just and proper.

Dated: Westchester, New York
        May 26, 2021

                                     Respectfully submitted,

                                       /s/ Gregory Zimmer
                                       Gregory Zimmer, Esq.
                                       360 Lexington Avenue, Suite 1502
                                       New York, NY 10017
                                       Phone: 914.402.5683
                                       Fax: 914.402.5683
                                       Email: GZimmer@GZimmerLegal.com