```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  5/27/2021
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
                                 :

IN RE: NAVIDEA BIOPHARMACEUTICALS  :
LITIGATION                              :
                                 :

------------------------------------------------------------X

19-CV-1578 (VEC)

OPINION AND ORDER

VALERIE CAPRONI, United States District Judge:

Navidea Biopharmaceuticals, Inc. ("Navidea") sued Michael Goldberg ("Goldberg") for breach of contract, breach of the covenant of good faith and fair dealing, breach of fiduciary duty, and for a declaratory judgment establishing the contractual rights and obligations of the parties. *See* Am. Compl., Dkt. 15. Goldberg asserted counterclaims against Navidea and third-party claims against Macrophage Therapeutics, Inc. ("Macrophage"), a subsidiary of Navidea. Dkt. 31. Goldberg moved to dismiss Plaintiff's breach of fiduciary duty claim and sought attorneys' fees in connection with defending against that claim. Dkt. 32. On December 26, 2019, the Undersigned granted Goldberg's motion to dismiss the breach of fiduciary duty claim and determined that he was entitled to attorneys' fees with respect to his defense of that claim. Dkt. 61. The Court directed the parties to meet and confer regarding an appropriate amount of attorneys' fees; on February 20, 2020, Goldberg informed the Court that the parties were unable to reach an agreement on an amount. Dkt. 78. Goldberg also filed a separate motion for advancement of attorneys' fees incurred in defending against Navidea's remaining claims and fees incurred in defending claims brought by Macrophage against him in an entirely separate proceeding in Delaware Chancery Court. *See* Dkt. 64. On February 20, 2020, the Undersigned referred the motions to Magistrate Judge Freeman for a report and recommendation. Dkt. 119.

On July 9, 2020, Magistrate Judge Freeman issued a Report and Recommendation ("R&R") recommending, *inter alia,* that: (i) the Court find that Goldberg is entitled to indemnification for attorneys' fees reasonably incurred in defending the breach of fiduciary duty claim; (ii) the Court find that Goldberg is entitled to advancement of attorneys' fees reasonably incurred to date in defending against Navidea's remaining claims; (iii) the Court decline to award Goldberg any specific amount of fees until he makes properly supported fee applications to support his requests for indemnification and advancement; and (iv) the Court adopt a protocol by which the parties will handle the advancement of fees going forward. Dkt. 119.

On August 24, 2020, this Court adopted Magistrate Judge Freeman's R&R in its entirety. Dkt. 134. Specifically, the Court held that Goldberg is entitled to indemnification for attorneys' fees reasonably incurred in defending against the breach of fiduciary duty claim and to advancement of attorneys' fees reasonably incurred in defending against Navidea's remaining claims, provided he tenders the necessary undertaking to repay the advancement if it is ultimately determined that he is not entitled to indemnification under Navidea's bylaws. *Id*. at 5-9. Nevertheless, the Court declined to award any fees because Goldberg had not made a properly supported fee application. *Id*. at 7-8, 11. The Court ordered Goldberg to make a properly supported fee application in support of his indemnification and advancement claims by September 30, 2020; the Court explicitly directed Goldberg to submit copies of his attorneys' billing records that specifically detail the time each attorney spent working on each of Navidea's claims and explaining the nature of the work performed. *Id*. at 7, 11, 13. The Court warned Goldberg that failure to comply with its order would likely result in the Court finding that Goldberg has "withdrawn with prejudice his request for indemnification [and advancement] as a

sanction for his failure to comply with this and previous court orders." *Id*. at 7-8, 12 (citing *Rice v. NBCUniversal Media LLC*, No. 19-CV-447, 2019 WL 3000808, at *3 (S.D.N.Y. July 10, 2019) (district court may impose sanctions under Federal Rule of Civil Procedure 16(f) when there is "clear and convincing evidence that counsel disregarded a clear and unambiguous … pretrial order.")).  The Court declined to decide whether Goldberg was entitled to advancement for fees and costs incurred in prosecuting his counterclaims against Navidea because the issue had not been properly raised before Magistrate Judge Freeman. *Id.* at 11 n.10.  The Court explained that Goldberg could renew his request for advancement related to his counterclaims in his subsequent fee application but cautioned him that should he "choose to seek advancement of attorneys' fees incurred in connection with his counterclaims," he must submit billing records that "specify which time entries correspond to time spent prosecuting *each* counterclaim." *Id*. at 11 n.10 (emphasis in original).  Finally, the Court held that Goldberg was not entitled to advancement of fees and costs related to the prosecution of his third-party claims against Macrophage. *Id.* at 7 n.6, 11 n.10

On October 2, 2020[1], Goldberg filed a letter motion seeking indemnification or advancement of attorneys' fees, supported by, *inter alia*, Declarations of Gregory Zimmer, Esq. and Michael Goldberg, and exhibits thereto.  Dkt. 141.  On October 7, 2021, with Magistrate Judge Freeman's permission, Goldberg supplemented the application with a Declaration of N. Ari Weistbrot, Esq. and exhibits thereto.  Dkt. 142.  Goldberg did not file a memorandum of law in support of his renewed application for indemnification and advancement of fees.  Inexplicably, on November 13, 2020, Goldberg filed another fee application, this one seeking

---

[1]      Magistrate Judge Freeman granted Goldberg an extension from the September 30, 2020 deadline to file the fee application.  Dkt. 139.

advancement of fees incurred in connection with the prosecution of his counterclaims against Navidea and his third-party claims against Macrophage.  Dkt. 165.  Navidea opposed both fee applications.  Dkts. 155, 173.  Then, on February 1, 2021, Goldberg filed a motion to compel Navidea to comply with the ongoing advancement protocol established by this Court in its prior opinion, *see* Dkt. 134 at 12-13, and to hold Navidea in contempt for failing to comply up until that point.  Dkt. 184.

On April 21, 2021, Magistrate Judge Freeman issued a thorough and excellent fifty-one-page R&R recommending that Goldberg's fee applications be granted in part and denied in part. *See* R&R, Dkt. 198.  Specifically, Magistrate Judge Freeman recommends that: (i) the Court award Goldberg $14,955.00 as indemnification for the fees his attorneys have shown were reasonably incurred in defending against the breach of fiduciary duty claim; (ii) the Court award Goldberg $1,237.50 as advancement for the fees his attorneys have shown were reasonably incurred in defending against Navidea's remaining claims; (iii) the Court decline to award Goldberg any attorneys' fees related to the prosecution of his counterclaims and third-party claims; (iv) the Court decline to award Goldberg any advancement of litigation costs incurred to date; and (v) the Court deny Goldberg's motion to compel Navidea to comply with the advancement protocol and to hold Navidea in contempt for its prior failure to do so. *Id*.  On May 5, 2021, Goldberg submitted objections to the R&R.  Dkt. 199.  For the following reasons, the Court ADOPTS the R&R in full.

## DISCUSSION

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."

4

28 U.S.C. § 636(b)(1)(C).  To accept those portions of the report to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record."  *King v. Greiner*, No. 02-CV-5810, 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009) (citation omitted); *see also Wilds v. United Parcel Serv. Inc.,* 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).  When specific objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).  Objections, however, "may not be 'conclusory or general,' and parties may not simply regurgitate the original briefs to the magistrate judge."  *Hernandez v. City of New York*, No. 11-CV-6644, 2015 WL 321830, at *2 (S.D.N.Y. Jan. 23, 2015) (internal citation omitted).  To the extent that "the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the [R&R] strictly for clear error."  *IndyMac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, No. 07-CV-6865, 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008); *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition.") (internal quotations omitted).

It is well-settled law that before the Court may award a party attorneys' fees and costs, including indemnification or advancement pursuant to a contract or corporate bylaws, it must assess the requested fees and costs for reasonableness.  *See, e.g., Weiwei Gao v. Sidhu*, No. 11-CV-2711, 2013 WL 2896995, at *5 (S.D.N.Y. June 13, 2013); *Union Cent. Life Ins. Co. v. Berger*, No. 10-CV-8408, 2013 WL 6571079, at *2 (S.D.N.Y. Dec. 13, 2013); *Sidley Holding*

*Corp. v. Ruderman*, No. 08-CV-2513, 2009 WL 6047187, at *16 (S.D.N.Y. Dec. 30, 2009)

(collecting cases), *report and recommendation adopted*, 2010 WL 963416 (S.D.N.Y. Mar. 15,

2010).  In assessing requests for attorneys' fees, courts routinely use the "lodestar method" to

calculate a "presumptively reasonable fee."  *Millea v. Metro-N. R. Co.*, 658 F.3d 154, 166 (2d

Cir. 2011) (citation omitted).  The lodestar is "the product of a reasonable hourly rate and the

reasonable number of hours required by the case."  *Id*.  The party seeking attorneys' fees bears

the burden of demonstrating that his requested fees are reasonable.  *See Blum v. Stenson*, 465

U.S. 886, 897-98 (1984).

It is also well-settled law that to meet this burden, the party must provide the Court with

contemporaneous time records that "specify, for each attorney, the date, the hours expended, and

the nature of the work done."  *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d

1136, 1148, 1154 (2d Cir. 1983) (holding that all attorneys' fees applications "for any work done

after the date of this opinion should normally be disallowed unless accompanied by

contemporaneous time records indicating, for each attorney, the date, the hours expended, and

the nature of the work done.").  In the almost four decades since *Carey* was decided, the Second

Circuit has made clear that contemporaneous time records are a "mandatory requirement" and

that *Carey* established a "strict rule from which attorneys may deviate only in the rarest of

cases," such as when "records were consumed by fire or rendered irretrievable by a computer

malfunction."  *Scott v. City of New York*, 626 F.3d 130, 133-34 (2d Cir. 2010); *see also Sery v.

Medina*, 13-CV-165, 2016 WL 3282491, at *3 (S.D.N.Y. June 10, 2016) (noting that counsel

"bears the responsibility of making sure that records in support of fee requests comport with the

requirements of the Circuit" and holding that a fee application should be denied where an attorney has not kept contemporaneous time records).

At the outset, the Court notes that both the Undersigned and Magistrate Judge Freeman have spent an inordinate amount of time reviewing Goldberg's deficient fee applications. Goldberg has repeatedly disregarded the Court's orders to provide copies of his attorneys' detailed billing records so that the Court is able to assess the reasonableness of any attorneys' fees and costs incurred to date. Instead, Goldberg has dug in his heels and petulantly insisted that the billing records he provided are sufficient and that the Court should simply accept his purportedly good faith estimates as to the amount of time each of his attorneys has spent on each claim in this case. As the Court previously stated, the apparent failure of Goldberg's attorneys to maintain appropriate records that would permit the Court to comply with its responsibilities to review fee requests for reasonableness will "redound to the detriment of their client, not Navidea." Dkt. 134 at 7 n.6.

**A. Goldberg is Entitled to $14,955.00 as Indemnification for Attorneys' Fees Reasonably Incurred in Defending Against the Breach of Fiduciary Duty Claim**

The Court agrees with Magistrate Judge Freeman that Goldberg is entitled to $14,955.00 as indemnification for attorneys' fees he reasonably incurred in defending the breach of fiduciary duty claim. *See* R&R at 23-35.

**i. Gregory Zimmer Attorneys' Fees**

Magistrate Judge Freeman recommends that the Court award Goldberg $10,095.00 in attorneys' fees to account for work done by Mr. Zimmer in defense of the fiduciary duty claim. R&R at 40. Specifically, the R&R recommends that the Court award attorneys' fees for 26.92 hours of work at a billing rate of $375/hour. *Id.* at 35-38. The Court agrees entirely with

7

Magistrate Judge Freeman's analysis and recommendation and will not repeat it.  *See* R&R at 23-35.

Unsurprisingly, Goldberg objects to the R&R.  First, Goldberg objects to the recommendation that Mr. Zimmer's hourly rate be reduced from $450 or $400 per hour to $375 per hour "to account for the fact that Zimmer apparently spent a fair amount of his time engaged in work that could have been performed by more junior attorneys or staff."  R&R at 25. Goldberg argues that the recommended reduction is "not justified" because Goldberg "agreed to pay a blended rate for [] Zimmer's work which, over the course of the litigation has significantly reduced his costs versus engagement of a large firm."  Goldberg Obj., Dkt. 199 at 14-15. Goldberg's argument is unpersuasive.   As Magistrate Judge Freeman explained, although Mr. Zimmer voluntarily reduced his rate to $300 per hour for document review, Mr. Zimmer also engaged in other tasks, such as legal research, preliminary drafting, filing of court submissions, and preparation of courtesy copies, that could have similarly been billed at a lower rate (because they are the sort of tasks typically handled by junior attorneys or paralegals) but were not. Accordingly, the Court agrees that Mr. Zimmer's hourly rate must be reduced to $375 per hour. *See e.g., HTV Indus., Inc. v. Agarwal*, 317 F. Supp. 3d 707, 721 (S.D.N.Y. 2018) ("Courts frequently reduce fee requests where work that could have been handled by more junior lawyers was instead performed by a senior partner.") (quoting *Union Cent. Life Ins. Co.*, 2013 WL 6571079, at *6); *H.B. Automotive Group, Inc. v. Kia Motors America, Inc.*, 13-CV-4441, 2018 WL 4017698, at *7 (S.D.N.Y. Jul. 25, 2018) (reducing attorney's hourly rate for specific time spent on junior-level tasks), *report and recommendation adopted*, 2018 WL 4007636 (S.D.N.Y. Aug. 22, 2018); *Lane Crawford LLC v. Kelex Trading (CA) Inc*., No. 12-CV-9190, 2013 WL

6481354, at *10 (S.D.N.Y. Dec. 3, 2013) (finding 15% fee reduction to be warranted where, *inter alia*, attorney billed at $350 per hour for work such as drafting standard forms of service and reviewing judge's rules), *report and recommendation adopted*, 2014 WL 1338065 (S.D.N.Y. Apr. 3, 2014).

Next, Goldberg objects to Magistrate Judge Freeman's recommendation that the Court award him attorneys' fees for only 26.92 hours of work done by Mr. Zimmer due to Mr. Zimmer's failure to maintain appropriate billing records.  Specifically, Goldberg argues that the "R&R fails and/or refuses to acknowledge that there are significant portions of the work performed in this litigation that cannot be directly attributed on a claim-by-claim basis." Goldberg Obj., Dkt. 199 at 11; *see also id.* at 5 (arguing that the R&R "presumes that each and every moment of an attorney's work is attributable to one and only one claim or defense.").

Goldberg's argument is based on a faulty premise: Magistrate Judge Freeman expressly acknowledged that "in certain circumstances, it would have been difficult, if not impossible, for counsel to have parsed their work precisely on this case."  R&R at 3.  Magistrate Judge Freeman explained that, for that reason, she would have been willing to "accept reasonable allocation estimates," had Mr. Zimmer relied on "some type of task-specific measure to justify the allocation made."  *Id.*  Instead, Mr. Zimmer failed to allocate time to particular claims based on any "demonstrable logic from which the Court could conclude that each allocation was appropriate."  *Id.* at 4.  Magistrate Judge Freeman explained at length why Mr. Zimmer's billing records are deficient and prevent the Court from conducting the required independent review for reasonableness.[2]  *Id.* at 27-35, 38-44;  *Williams v. N.Y. City Hous. Auth.*, 975 F. Supp. 317, 327

---

[2]    Goldberg's reliance on *Hensley v. Eckerhart,* 461 U.S. 424 (1984), is misplaced.  Goldberg Obj., Dkt. 199 at 4-6, 21.  At the outset, Goldberg would be well-advised to pay attention to the holding in *Hensley* that the party

(S.D.N.Y. 1997) ("It is not the court's job to decipher time entries and guess how much time each activity took . . . It is the responsibility of the applicant to make separate time entries for each activity.") (internal quotation marks and citation omitted).

Similarly, the Court rejects Goldberg's argument that Magistrate Judge Freeman recommended a 5% reduction for certain entries that were block-billed, *see* R&R at 30-31, for "unexplained reasons." Goldberg Obj., Dkt. 199 at 18. Although Goldberg may disagree with her conclusion, Magistrate Judge Freeman adequately explained that the modest 5% recommended reduction is warranted; Zimmer stated that he used his "time sheets" to break out the time for each of the tasks described, but he never submitted the time sheets for independent review and verification by the Court. R&R at 30-31.

Finally, Goldberg repeatedly characterizes Magistrate Judge Freeman's recommendation as "punitive," "draconian," and contrary to "any concept of equity, fairness or justice." Goldberg Obj., Dkt. 199 at 1, 4, 5, 11, 14, 19, 20. Goldberg's outrage is baffling and unpersuasive. As noted *supra*, the law governing requests for attorney's fees is well-settled and, consistent with that well-settled law, this Court and Magistrate Judge Freeman have repeatedly ordered Goldberg to produce billing records that specifically detail the time spent defending and prosecuting each claim in this case so that the Court can assess the reasonableness of the

---

"seeking an award of fees should submit evidence supporting the hours worked and rates claimed," and that "[w]here the documentation of hours is inadequate, the district court may reduce the award accordingly." 461 U.S. at 433. Moreover, although Goldberg makes much of the Court's acknowledgement that, in some cases, "the plaintiff's claims for relief will involve a common core of facts or will be based on related legal theories," so that "[m]uch of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim by-claim basis," *Hensley*, 461 U.S. at 435, he chooses to ignore the fact that Magistrate Judge Freeman recognized as much and provided several examples of how Goldberg could have implemented some type of task-specific measure to justify reasonable allocation estimates. R&R at 3.

requested attorneys' fees.[3]  Dkt. 134 at 7.  This Court could not have been clearer when it wrote

last summer that it would give Goldberg "one (and only one) more opportunity to make a

properly supported fee application." *Id.* at 5.  It is therefore difficult to understand how, despite

this Court's clear and repeated instructions, Goldberg continues to argue that the Court should

approve his deficient fee applications.[4]

### ii.     N. Ari Weisbrot

Magistrate Judge Freeman recommends that the Court award Goldberg $4,860.00 in

attorneys' fees to account for work done by Mr. Weisbrot to defend against the breach of

fiduciary duty claim.  Specifically, the R&R recommends that the Court award attorneys' fees

for 10.8 hours of work at a billing rate of $450/hour.  The Court agrees entirely with Magistrate

Judge Freeman's analysis and recommendation and will not repeat it.  *See* R&R at 36-38, 26-27.

---

[3]      Dr. Goldberg submitted a declaration in connection with his Objections to the R&R that purportedly justifies some of his time allocations.  Dkt. 200.  Because the declaration was not produced to Magistrate Judge Freeman, the Court will not consider the arguments contained therein.  *See Robinson v. Keane*, No. 92-CV-6090, 1999 WL 459811 at *4 (S.D.N.Y. June 29, 1999) ("These issues were not raised before the Magistrate Judge and therefore were not addressed by [her]; accordingly, they may not properly be deemed 'objections' to any finding or recommendation made").

[4]      Goldberg renews many of the same misguided arguments in his objections that this Court has already rejected.  Specifically, Goldberg reiterates his contention that that there is no need for the Court to assess whether the fees incurred in defending the breach of fiduciary duty claim were "reasonable" because "the Navidea Bylaws do not require that fees be 'reasonable.'"  Goldberg Obj., Dkt. 199 at 12 n.3.  At the outset, the Navidea bylaws do in fact expressly state that Goldberg "shall be indemnified against expenses (including attorneys' fees) actually and *reasonably* incurred by him."  Dkt. 66, Ex. B. ("Navidea Bylaws"), Art. V, § 1(b) (emphasis added).  Moreover, as this Court previously held, even if the bylaws did not limit him to indemnification or advancement for reasonable fees, courts routinely perform a reasonableness analysis of requested fees, even when the applicable contract provides for reimbursement of "all" or "actual" attorneys' fees.  *See, e.g., Weiwei Gao v. Sidhu*, No. 11-CV-2711, 2013 WL 2896995, at *5 (S.D.N.Y. June 13, 2013); *Sidley Holding Corp. v. Ruderman*, No. 08-CV-2513, 2009 WL 6047187, at *16 (S.D.N.Y. Dec. 30, 2009) (collecting cases).  Goldberg has once again ignored this Court's prior holdings and orders only to later feign outrage at the Court's consistent findings.

### iii.     Goldstein Law Partners, LLC

Magistrate Judge Freeman recommends that the Court award no attorneys' fees with respect to work performed by Goldstein Law Partners, LLC.  In addition to the attorneys' fees paid to Messrs. Zimmer and Weisbrot, Goldberg also paid the Goldstein Firm a flat fee for its work on this case.  Goldberg has not submitted *any* contemporaneous time records from the Goldstein Firm that would allow the Court to assess the reasonableness of the flat fee.  As such, Goldberg is not entitled to indemnification for any of the attorneys' fees paid to the Goldstein Firm.[5]  *Carey*, 711 F.2d at 1148 ("All applications for attorney's fees . . . should normally be disallowed unless accompanied by contemporaneous time records indicating, for each attorney, the date, the hours expended, and the nature of the work done."); *see* R&R at 20-21.

 In sum, the Court concurs with Magistrate Judge Freeman's recommendation that the Court find that Goldberg has satisfied his burden of proof only as to his entitlement to $14,955.00 as indemnification for attorneys' fees he reasonably incurred in defending the breach of fiduciary duty claim.

---

[5]      Goldberg argues that the R&R "simply recommends that indemnification for the Goldstein firm's work be denied because Dr. Goldberg entered into a flat-fee arrangement with it."  Goldberg Obj, Dkt. 199 at 18.  Once again, Goldberg mischaracterizes the R&R.  Magistrate Judge Freeman's recommendation is based on the Goldstein Firm's failure to submit *any* contemporaneous time records from the Goldstein firm that would allow the Court to assess the reasonableness of the amount paid for the work done.  *See* R&R at 20.  Neither Magistrate Judge Freeman nor the Undersigned has any quarrel with a flat fee arrangement *per se*.   But whether fees are paid on an hourly basis or as a flat fee, in order to be reimbursable by the other side pursuant to an indemnification obligation, the party seeking reimbursement must demonstrate that the fees paid were reasonable for the work performed.

**B. Goldberg is Entitled to $1,237.50 as Advancement of the Attorneys' Fees Reasonably Incurred Through the Date of the Fee Application in Defending Against Plaintiff's Remaining Claims**

The Court agrees with Magistrate Judge Freeman that Goldberg is entitled to $1,237.50 as advancement for attorneys' fees reasonably incurred in connection with his defense of Navidea's remaining claims.  *See* R&R at 38-45.

**i. Gregory Zimmer**

Magistrate Judge Freeman recommends that the Court award advancement of attorneys' fees for 3.3 hours of work performed by Mr. Zimmer at a billing rate of $375/hour.  *Id.* at 41, 45. The Court agrees that Zimmer's submissions are inexcusably deficient; Zimmer's proposed allocations are not broken out for each of the remaining claims at issue in this case despite this Court's express direction that he do so.  Dkt. 134 at 11 (holding that "Goldberg must submit copies of his attorneys' billing records specifically detailing the amount of time spent defending against each of Navidea's remaining claims in this case to date.").  Instead, Zimmer's proposed allocations "are based entirely on across-the-board percentage estimates, and appear, without support, to shift most of counsel's time to the portions of this case for which advancement would be available."  R&R at 44.  Accordingly, for the reasons explained *supra,* and detailed extensively in the R&R, the Court awards $1,237.50 as advancement of the attorneys' fees incurred in connection with the defense of Navidea's remaining claims.  *See e.g., Thai-Lao Lignite (Thailand) Co. v. Gov't of Lao People's Democratic Republic*, No. 10-CV-05256, 2012 WL 5816878, at *10 (S.D.N.Y. Nov. 14, 2012) (finding that vague time records were insufficient to substantiate claimed expenditures of time) (collecting cases).

### ii.      N. Ari Weisbrot

The Court agrees with Magistrate Judge Freeman that Goldberg is not entitled to any advancement for attorneys' fees incurred through the date of the fee application in connection with Mr. Weisbrot's defense of Navidea's remaining claims.  Mr. Weisbrot requests advancement for 80% of the time that he purportedly engaged in work associated with this case. The Court will not award advancement of attorneys' fees based on a blanket percentage estimate. *See* R&R at 44-45.

### iii.      Goldstein Law Partners, LLC

For the reasons explained *supra,* the Court awards no advancement of attorneys' fees with respect to the work performed by Goldstein Law Partners, LLC.  *See* R&R at 20.

In sum, Goldberg is entitled to $1,237.50 as advancement for attorneys' fees reasonably incurred to the date of his fee application in connection with his defense of Navidea's remaining claims to date.[6]

### C.  Goldberg is Not Entitled to Advancement of the Attorneys' Fees and Costs Incurred in Prosecuting his Counterclaims or Third-Party Claims

The Court agrees with Magistrate Judge Freeman that Goldberg is not entitled to any advancement of attorneys' fees incurred in connection with the prosecution of his counterclaims or third-party claims.  *See* R&R at 16-19.  At the outset, Goldberg's fee application seeking advancement of fees and costs incurred in the prosecution of his counterclaims and third-party claims was untimely.  The Court ordered Goldberg to make an adequately supported fee application by September 30, 2020.  Dkt. 134 at 7, 11, 13.  Although Magistrate Judge Freeman

---

[6]      Navidea's obligation to pay is stayed until Goldberg tenders the necessary undertaking to repay the advancement, unless he has already done so.

subsequently granted Goldberg an extension to October 2, 2020, and then again to October 7, 2020, Goldberg's fee application seeking advancement of fees and costs incurred in the prosecution of his counterclaims and third-party claims was not filed until November 13, 2020. Dkt. 165. Accordingly, the motion is denied as untimely.[7]   R&R at 16-17; *Watson v. Geithner*, 355 F. App'x 482, 483 (2d Cir. 2009) (finding no abuse of discretion where district court declined to consider plaintiff's untimely opposition to summary judgment where plaintiff was warned about the consequence of missing the deadline); *Davidson v. Keenan*, 740 F.2d 129, 132 (2d Cir. 1984).   Moreover, for the reasons explained by Magistrate Judge Freeman, even if the motion had been timely, the motion would be (and is) denied on the merits.   *See* R&R at 17-18. Goldberg inexcusably ignored this Court's prior order that he produce "billing records [that] specify which time entries correspond to time spent prosecuting *each* counterclaim," Dkt. 134 at 11 n.10 (emphasis in original).

Goldberg's request for advancement of fees incurred in the prosecution of his third-party claims is also denied.   This Court has already held that Goldberg is not entitled to the advancement of those fees.   Dkt. 134 at 7 n.6, 12 n.10 (citing *Sun-Times Media Grp., Inc. v. Black,* 954 A.2d 380, 407 (Del. Ch. 2008) (noting that permissive counterclaims and third-party claims are "offensive as opposed to defensive actions.")).   As such, the Court's prior finding is law of the case.   *In re PCH Assocs.*, 949 F.2d 585, 592 (2d Cir. 1991) ("Under the law of the

---

[7]      Goldberg's argument that the Court's prior opinion directing Goldberg to file a renewed fee application by September 30, 2020 was "ambiguous" is nonsensical.   Goldberg Obj., Dkt. 199 at 26.   This Court expressly ordered Goldberg "to make properly supported fee applications to support his requests for indemnification and advancement" by September 30, 2020.   Dkt. 134 at 13.   The Court explained that Goldberg could further address the issue of whether he is entitled to advancement of attorneys' fees incurred in prosecuting his counterclaims "in his motion for advancement of attorneys' fees."   *Id.* at 11 n.10.   Any reasonable reader would understand that the Court was consistently referring to the renewed fee application due on September 30, 2020.   Moreover, to the extent that Goldberg found the order to be ambiguous, as he now asserts, he could have easily requested clarification from the Court or from Magistrate Judge Freeman at any point prior to September 30, 2020.

case doctrine, a decision on an issue of law made at one stage of a case becomes binding

precedent to be followed in subsequent stages of the same litigation.").

### D. Goldberg is Not Entitled to Indemnification or Advancement of Litigation Costs Incurred in Defending the Claims in this Case

The Court agrees with Magistrate Judge Freeman that Goldberg is not entitled to any

indemnification or advancement of litigation costs incurred in connection with defending against

Navidea's claims. *See* R&R at 46-47. As the R&R explains, because neither Mr. Zimmer nor

Mr. Weisbrot has "endeavored to address which costs were incurred in connection with which

claims," the Court has no basis for assessing the reasonableness of Goldberg's request. *Id.* at 46.

### E. Goldberg's Motion to Compel Navidea to Comply with the Advancement Protocol is Denied

On February 1, 2021, Goldberg filed a motion to compel Navidea to comply with the

advancement protocol previously established by this Court and to hold it in contempt for failing

to do so up until this point. Dkt. 184. The Court agrees with Magistrate Judge Freeman that

Navidea is not required to make any additional advancement of fees until Goldberg's attorneys

"stop[] basing their advancement requests on the same broad, conclusory, percentage estimates

that they used in connection with [] Goldberg's fee application." R&R at 48. Put differently, the

advancement protocol previously adopted by the Court, *see* Dkt. 134 at 12-13, will remain in

place, but Navidea is not required to comply with the protocol until Goldberg's attorneys

produce time records that specify, for each attorney, the date, the hours expended, and the nature

of the work done on each claim for which advancement is being sought.[8]  *See* R&R at 49-50.

The Court will not hold Navidea in contempt for its failure to comply with the protocol to date.

---

[8]        The Court finds Goldberg's statement that the Court "sat idle while Navidea completely flouted the protocol and the Court's order on a monthly basis," Goldberg Obj., Dkt. 199 at 29, to be both disrespectful and

**CONCLUSION**

For the foregoing reasons, the Court adopts Magistrate Judge Freeman's R&R in its entirety.  Defendant's various applications for indemnification or advancement of attorneys' fees and expenses, Dkts. 141, 142, 165, are granted in part and denied in part.  Goldberg's motion to compel, Dkt. 184, is denied.

In the unlikely event this is not now evident to Goldberg and his attorneys, they have a choice: they can either start keeping time records in sufficient detail that a reviewing court can ascertain how much time was spent on specific tasks that are tied to specific claims[9] so that any associated claim for indemnity or advancement can be assessed by the Court for reasonableness or they can continue on the path they are on.  If they immediately choose the former, subsequent advancement and indemnification requests have a chance of being granted.  If they choose the latter, Goldberg's legal fees associated with this litigation will likely be borne entirely by him.  To paraphrase slightly what the Court has said previously, Goldberg's failure to require his attorneys to maintain appropriate time records so that the Court can comply with its responsibility to review requested fees for reasonableness will redound to his detriment, not Navidea's.

The Clerk of Court is respectfully directed to terminate the motions at docket entry 165 and 184.

---

disingenuous.  Had Goldberg complied with the Undersigned's and Magistrate Judge Freeman's numerous orders relating to the instant fee applications, Goldberg likely would not have been in a position to file a motion to compel in the first place.

[9]      The Court acknowledges that it may be difficult for counsel to divide up some of their overall work on this case based on each claim.  As noted by Magistrate Judge Freeman, however, Goldberg's attorneys must implement task-specific, contemporaneous, objective, documented measures to allocate hours spent on tasks that relate to multiple claims to the individual claims.  *See* R&R at 3-4.

No later than **June 15, 2021**, the parties are directed to submit a joint update on the status of discovery in this case.

**SO ORDERED.**

**Date:  May 27, 2021**
        **New York, NY**

**VALERIE CAPRONI**
**United States District Judge**