**MINTZ & GOLD LLP**
ATTORNEYS AT LAW

600 THIRD AVENUE
25TH FLOOR
NEW YORK, NEW YORK 10016

TELEPHONE (212) 696-4848
FACSIMILE (212) 696-1231

www.mintzandgold.com

June 15, 2021

*Via ECF*

Honorable Valerie Caproni, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Room 442
New York, New York 10017

RE:  ***In re Navidea Biopharmaceuticals Litigation, Case No. 19-cv-01578–VEC***

Dear Judge Caproni:

We represent Plaintiff Navidea Biopharmaceuticals, Inc. ("Navidea") and Third-Party Defendant Macrophage Therapeutics, Inc. ("Macrophage") (collectively, the "Plaintiffs") in the above-referenced matter. Pursuant to Your Honor's directive in the Opinion and Order dated May 27, 2021 [ECF No. 207], we submit this letter jointly with Defendant/Third-Party Plaintiff Dr. Michael M. Goldberg ("Dr. Goldberg") to inform the Court as to the status of discovery in this matter.

On July 29, 2020, Your Honor issued an Order referring all discovery disputes to Magistrate Judge Freeman [ECF No. 126]. On or about August 14, 2020, Magistrate Judge Freeman entered the So-Ordered Stipulation dated August 14, 2020 [ECF No. 133], in which the parties were to, *inter alia*, (1) comply with several discovery requests requested by both Plaintiffs and Dr. Goldberg, (2) schedule and conduct all depositions, and (3) meet and confer regarding any issues pertaining to the same.

Thereafter, the parties substantially complied with all of the discovery requests agreed to in the So-Ordered Stipulation, conducted all necessary depositions, and have met and conferred regarding any outstanding issues. As of the date of this letter, the parties agree that fact discovery is now complete.

Expert Discovery. On or about September 25, 2020, the parties filed a Joint Letter updating the Court regarding the status of discovery which, *inter alia*, addressed Dr. Goldberg's request that the Court schedule deadlines for expert discovery in this matter, including on the issue of damages.



Honorable Valerie Caproni
June 15, 2021
Page 2

[ECF No. 137].  Specifically, Dr. Goldberg has claimed as one form of damages in this case the difference between the value of certain securities of Navidea and Macrophage that were to be issued in specific forms on specific dates pursuant to the agreement that is the basis for this action, on the one hand, and the value of (i) certain securities that were issued at different times and in different forms than those required and (ii) certain securities that to date have not yet been issued, on the other hand.  Dr. Goldberg respectfully submits that determining the values of each form of security on specific dates is precisely the form of evidence that is routinely the subject of expert testimony and that precluding expert discovery in this case would be far outside the norm and completely inappropriate.  While Plaintiffs do not believe that expert discovery will aid the factfinder in this action, they recognize that the Court can best address the admissibility of proposed expert testimony through appropriate motion practice.  Consequently, the parties have agreed to: (a) provide each other with the names and curriculum vitae of any proposed experts whose testimony they propose to introduce within thirty (30) days after the Court approves the expert discovery schedule; (b) provide expert reports within thirty (30) days thereafter; (c) make available for deposition any expert within fourteen (14) days after the expert serves his/her report; and (d) that each party has the right to issue any rebuttal reports no later than sixty (60) days of receiving the name and curriculum vitae of the other party's proposed expert(s).

Respectfully submitted,

Barry M. Kazan

cc:  Alain Baudry, Esq. (via ECF)
     Karim Sabbidine, Esq. (via ECF)
     Gregory Zimmer, Esq. (via ECF)