**MINTZ & GOLD LLP**
ATTORNEYS AT LAW

600 THIRD AVENUE
25TH FLOOR
NEW YORK, NEW YORK 10016

TELEPHONE (212) 696-4848
FACSIMILE (212) 696-1231
www.mintzandgold.com

**MEMO ENDORSED**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/22/2021

July 22, 2021

*Via ECF*

Honorable Valerie Caproni, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Room 442
New York, New York 10017

RE: ***In re Navidea Biopharmaceuticals Litigation*, Case No. 19-cv-01578–VEC**

Dear Judge Caproni:

We represent Plaintiff Navidea Biopharmaceuticals, Inc. ("Navidea") and Third-Party Defendant Macrophage Therapeutics, Inc. ("Macrophage") (collectively, the "Plaintiffs") in the above-referenced matter. Pursuant to Your Honor's endorsement dated July 20, 2021 [ECF No. 213], we submit this letter in response to the request of Defendant/Third-Party Plaintiff Dr. Michael M. Goldberg ("Dr. Goldberg") to bifurcate expert discovery.

As explained in more detail below, Plaintiffs' position is that bifurcating expert discovery is completely unnecessary and would only extend the time to any resolution of this matter, which has been pending for more than two years.

On July 6, 2021, the parties appeared before Your Honor to address the remaining deadlines in this case. During that conference, Your Honor stated that November 30, 2021 is the deadline for expert discovery and that it would not be extended. Your Honor also set deadlines for motions for summary judgment, but ordered that Dr. Goldberg indicate whether he intended to use an expert in connection with his motion for summary judgment so that the Court could, if necessary, adjust the schedule on motions for summary judgment so that there would only be one round of briefing.

By letter dated July 20, 2021, Dr. Goldberg stated that: "Dr. Goldberg intends to submit an expert report in support of his motion for summary judgment." [ECF No. 212]. Dr. Goldberg further requested that the Court bifurcate expert discovery with respect to liability and damages based on his belief "that this procedure will increase efficiency and avoid potentially unnecessary



Honorable Valerie Caproni
July 22, 2021
Page 2

expense to the parties." *Id.* Dr. Goldberg's proposal would appear to have the opposite effect in that it would likely result in two rounds of expert discovery prior to trial and artificially extend the time until this case is trial ready.

Until yesterday, Plaintiffs were not even aware that Dr. Goldberg was considering an expert on the issue of liability (*see* ECF No. 137, 208) and it is difficult to envision what that expert would opine about that would aid the Court in a breach of contract and declaratory judgment case. In fact, Dr. Goldberg has refused to identify an expert or agree to the time frame for doing so until the Court rules on the instant request to bifurcate notwithstanding the fact that the November 30, 2021 deadline for expert discovery has been set. This is not consistent with his stated goal to "increase efficiency."

Plaintiffs will also pointedly say that they can easily envision a scenario where Dr. Goldberg changes his mind on the utility of an expert and the only result is that the briefing schedule for the motions for summary judgment will have been artificially delayed by his most recent request. Rather than speculating, Plaintiffs respectfully request that the Court order Dr. Goldberg to identify in general terms the nature of the expert testimony he intends to submit so that the Court can decide for itself whether the proposed expert liability testimony is sufficiently relevant to delay the summary judgment briefing schedule.

In contrast to expert testimony on liability (which Plaintiffs submit would be presumptively unhelpful to the Court), Plaintiffs acknowledge that expert testimony on damages is necessary to promote a resolution of this case, particularly since Dr. Goldberg's position is that his damages cannot be determined without the benefit of expert testimony. In fact, during Dr. Goldberg's deposition, his counsel instructed Dr. Goldberg not to answer questions regarding his claimed damages because "[t]here is no way that anyone could know that on this call without the benefit of expert testimony." (*See* Videoconference Deposition of Michael Goldberg, dated September 16, 2020 at 336:17-19, excerpt annexed hereto as Exhibit A). Thus, Plaintiffs remain in suspense until Dr. Goldberg's expert opines on Dr. Goldberg's damages in this case. Plaintiffs respectfully submit that Dr. Goldberg's reliance on expert testimony to calculate his damages (as opposed to having it be a fact issue) argues against bifurcation of expert discovery.

In sum, Navidea and Macrophage desire to have this case resolved as expeditiously as possible. Dr. Goldberg's proposed course of action would only delay the ultimate resolution of this matter. Therefore, Plaintiffs request that the Court adhere to the current schedule as it relates to expert discovery and motion for summary judgment, or, in the alternative, require Dr. Goldberg to specify what expert testimony on liability he proposes, so that the Court can determine for itself whether this proposed testimony warrants injecting further delay into an already lengthy litigation proceeding.



Honorable Valerie Caproni
July 22, 2021
Page 3

Respectfully submitted,

Barry M. Kazan

cc:  Alain Baudry, Esq. (via ECF)
     Karim Sabbidine, Esq. (via ECF)
     Gregory Zimmer, Esq. (via ECF)

> The Court will not bifurcate expert discovery.  All expert discovery must be complete by **November 30, 2021.**  No later than **July 28, 2021,** the parties must meet and confer on all internal expert discovery deadlines, including when experts will be identified, when reports are due, and when experts will be deposed, and submit a stipulated schedule.  If the parties are unable to agree on a schedule, each party must present their proposed schedule together with a letter, not to exceed 3 pages, by **July 28, 2021**, explaining why its proposal is the fairest way to proceed.
>
> A status conference will be held on **December 2, 2021 at 10:00 a.m.** in Courtroom 443.  At that point, the Court will set a briefing schedule for *Daubert* motions, if necessary, as well as a new summary judgment briefing schedule.  The parties should disregard the summary judgment briefing schedule set in Docket number 211.

SO ORDERED.

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

7/22/2021

# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————
IN RE: NAVIDEA BIOPHARMACEUTICALS
LITIGATION

Case No. 1:19-cv-01578-VEC
————————————————————

September 16, 2020
10:04 a.m.


VIDEOCONFERENCE DEPOSITION of MICHAEL GOLDBERG, held at 27 Booth Avenue, Englewood, New Jersey before Wayne Hock, a Notary Public of the State of New York.

Page 335

1       M. Goldberg
2       Q.   You claim that you disclose a
3    computation of each category of damages
4    claimed by the disclosing party.  And the
5    first one you say is the value of the
6    twenty-three and a half million shares Dr.
7    Goldberg is entitled to under the
8    August 14 agreement as and when they were
9    required to be issued.
10          As I understand your testimony,
11    you believe that the shares should have
12    been issued on August 14?
13       A.   Yes.  I don't know August 14, I
14    think we signed it at the end of the day,
15    maybe August 15, whatever.
16       Q.   And how do you compute the value
17    of twenty-three and a half million shares
18    as of August 15?
19          MR. ZIMMER: Alain, are you
20       asking him for expert testimony?  Are
21       you seriously asking this witness to
22       compute a dollar amount based on a
23       date a year and a half ago out of the
24       blue at a deposition at 7:25 at night
25       based on a very fair and very

1                M. Goldberg
2       good-faith explanation to you of the
3       nature of the damages that was
4       prepared by his attorney and states
5       his damages known at that time, not
6       today?  Is that what you're going to
7       do with your remaining thirty-five
8       minutes?
9       Q.   Sir, tell me what damages you
10   claim associated with the twenty-three and
11   a half million shares.
12           MR. ZIMMER: Alain, you know that
13       the complaint says an amount to be
14       determined at trial.  If you're asking
15       him to give you a number, I'm going to
16       instruct him not to answer.  There is
17       no way that anyone could know that on
18       this call today without the benefit of
19       expert testimony, and you know it.
20       Q.   Dr. Goldberg, you're going to
21   follow your counsel's instruction?
22           MR. ZIMMER: Just to be clear,
23       are you asking him to give you a
24       dollar amount?
25           MR. BAUDRY: Yes.

Page 337

```
 1                    M. Goldberg
 2            MR. ZIMMER: Then I'm instructing
 3      him not to answer.
 4      Q.    And you'll follow your counsel's
 5      instruction?
 6            MR. ZIMMER: He will, he will.
 7            THE WITNESS:  Yes.
 8            MR. ZIMMER: Next?
 9      Q.    Do you have --
10            MR. ZIMMER: Are you going to ask
11      him for every item in that list for a
12      dollar amount?
13            MR. BAUDRY: Yes.
14            MR. ZIMMER: I'm instructing him
15      not to answer any of those questions.
16      I'm saving you about eight or nine or
17      ten minutes without even my
18      objections, which are completely
19      justified, out of your remaining
20      thirty-four minutes, so you're
21      welcome.
22      Q.    And you'll follow your counsel's
23      instructions?
24      A.    Yes, I will.
25            MR. ZIMMER: Let the record
```

```
                                              Page 360
 1
 2              CERTIFICATION BY REPORTER
 3
 4       I, Wayne Hock, a Notary Public of the
 5    State of New York, do hereby certify:
 6          That the testimony in the within
 7    proceeding was held before me at the
 8    aforesaid time and place;
 9          That said witness was duly affirmed
10    before the commencement of the testimony,
11    and that the testimony was taken
12    stenographically by me, then transcribed
13    under my supervision, and that the within
14    transcript is a true record of the
15    testimony of said witness.
16          I further certify that I am not
17    related to any of the parties to this
18    action by blood or marriage, that I am not
19    interested directly or indirectly in the
20    matter in controversy, nor am I in the
21    employ of any of the counsel.
22          IN WITNESS WHEREOF, I have hereunto
23    set my hand this 29th day of September, 2020.
24
                        [Signature: Wayne Hock]
25
                              Wayne Hock
```