UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE: NAVIDEA BIOPHARMACEUTICALS
LITIGATION

Case No.: 1:19-cv-01578-VEC

ECF Case

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF/COUNTERCLAIM
DEFENDANT NAVIDEA BIOPHARMACEUTICALS, INC.'S
MOTION FOR RECONSIDERATION OF THE COURT'S OPINION AND ORDER
DATED AUGUST 24, 2020**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................... 1

STATEMENT OF RELEVANT FACTS ...................................................................................... 2

ARGUMENT .................................................................................................................................. 4

**I.** LEGAL STANDARD ......................................................................................................... 4

    **A.** Motion For Reconsideration ................................................................................... 4

    **B.** The Application Is Timely Under the Circumstances ............................................. 5

**II.** ADVANCEMENT VS. INDEMNIFICATION ................................................................... 7

**III.** THE COURT'S ADVANCMENT ORDER ........................................................................ 9

**IV.** DR. GOLDBERG IS NOT ENTITLED TO INDEMNIFICATION ................................ 10

    **A.** The Delaware Action ............................................................................................ 10

    **B.** The Delaware Court's Ruling Adjudged Dr. Goldberg To Be Liable To Navidea ................................................................................................................. 11

**V.** DR. GOLDBERG MUST RETURN ALL ADVANCED FEES AND EXPENSES ....... 12

CONCLUSION ............................................................................................................................. 13

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Advancing Mining Sys., Inc. v. Fricke*,
 623 A.2d 82 (Del. Ch. 1992) ...................................................................................................7, 8

*Brooks-McCollum v. Emerald Ridge Serv. Corp.*,
 2004 Del. Ch. LEXIS 105 (Del. Ch. July 29, 2004) .....................................................................8

*Buczakowski v. 1199SEIU*,
 2020 U.S. Dist. LEXIS 76931 (N.D.N.Y May 1, 2020) ...........................................................4, 7

*Colvin v. Keen*,
 900 F.3d 63 (2d Cir. 2018) ...........................................................................................................5

*Gentile v. Singlepoint Fin., Inc.*,
 788 A.2d 111 (Del. 2001) .............................................................................................................7

*Huk-a-Poo Sportswear, Inc. v. Little Lisa Ltd.*,
 74 F.R.D. 621 (S.D.N.Y. 1977) ....................................................................................................7

*JP Morgan Chase Bank, N.A. v. Reifler*,
 2013 U.S. Dist. LEXIS 201756 (S.D.N.Y. Sept. 20, 2013) .......................................................5, 6

*Kaung v. Cole Nat'l Corp.*,
 884 A.2d 500 (Del. 2005) .............................................................................................................7

*Macrophage Therapeutics, Inc. v. Michael M. Goldberg*,
 C.A. No. 2019-0137-JRS ...............................................................................................1, 2, 10, 13

*Majkowski v. Am. Imaging Mgmt. Servs., LLC*,
 913 A.2d 572 (Del. Ch. 2006) ......................................................................................................7

*Marino v. Patriot Rail Co.*,
 131 A.3d 325 (Del. Ch. 2016) ......................................................................................................8

*Official Comm. of Unsecured Creditors of the Color Tile, Inc. v. Coopers & Lybrand*,
 LLP, 322 F.3d 147 (2d Cir. 2003) ............................................................................................4, 5

*Pontone v. Milso Indus. Corp.*,
 2014 Del. Ch. LEXIS 89 (Del. Ch. May 29, 2014) ......................................................................8

*In re Rezulin Prods. Liab. Litig.*,
 224 F.R.D. 346 (S.D.N.Y. 2004) ..............................................................................................5, 6

*Shearin v. E.F. Hutton Grp.*,
    652 A.2d 578 (Del. Ch. 1994) ................................................................................................ 7

*Shrader v. CSX Transp., Inc.*,
    70 F.3d 255 (2d Cir. 1995) ..................................................................................................... 4

*Sys. Mgmt. Arts Inc. v. Avesta Techs., Inc.*,
    160 F. Supp. 2d 580 (S.D.N.Y. 2001) .................................................................................... 6

*Tri–Star Pictures, Inc. v. Leisure Time Prods., B.V.*,
    1992 U.S. Dist. LEXIS 15232 (S.D.N.Y. Oct. 6, 1992) ...................................................... 5, 6

*United States v. Adegbite*,
    877 F.2d 174 (2d Cir. 1989) ................................................................................................... 5

*Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*,
    956 F.2d 1245 (2d Cir. 1964) ................................................................................................. 5

**Statutes**

Delaware General Corporation Law Section 145(a) ...................................................................... 7

Delaware General Corporation Law Section 145(e) ...................................................................... 8

**Rules**

Fed. R. Civ. P. 54(b) .............................................................................................................. *passim*

Local Civil Rule 6.3 .................................................................................................................... 5, 6

Plaintiff/Counterclaim Defendant Navidea Biopharmaceuticals, Inc. ("Navidea") submits this memorandum of law in support of its Motion for Reconsideration ("Motion") of the Court's Opinion and Order, dated August 24, 2020 (the "O&O", Dkt. 134).

## PRELIMINARY STATEMENT

This Motion is brought pursuant to Fed. R. Civ. P. 54(b) seeking relief from the Court's Order dated August 24, 2020 finding that Navidea is required to advance fees to Dr. Goldberg "incurred to date in defending against Navidea's claims in this action." (O&O at 2). Specifically, Navidea seeks to be permanently relieved from its obligation to advance Dr. Goldberg any fees in this case due a change in the fact/circumstances that gave rise to the Court's earlier decision. The basis for this relief is a decision in Delaware Chancery Court, following a bench trial, which found that Dr. Goldberg breached his fiduciary duty to Macrophage Therapeutics, Inc. ("Macrophage") and Macrophage's stockholders, which includes Navidea.

Specifically, on June 23, 2021, the Delaware Chancery Court, presiding over the case of *Macrophage Therapeutics, Inc. v. Michael M. Goldberg*, C.A. No. 2019-0137-JRS (the "Delaware Action"), found, *inter alia*, that "(a) "Macrophage has proven by a preponderance of the evidence that *Dr. Goldberg breached his fiduciary duty of loyalty by entering into the Challenged Transactions*", and (b) "Macrophage is left with a declaration that Dr. Goldberg breached his fiduciary duty of loyalty through the Challenged Transactions." *See* Post-Trial Memorandum Opinion ("Del. Mem. Op.") annexed as Exhibit 1 to the Declaration of Barry M. Kazan ("Kazan Decl.") at 5, 61. This finding precludes indemnification of Dr. Goldberg – or at a minimum – compels him to seek indemnification in the Delaware Chancery Court.

As the Court will recall, the O&O was based on two sections of Navidea's Bylaws. First, the Court relied on Article V, § 3 which provides:

[e]xpenses (including attorneys' fees) incurred by an officer or director *in defending*

>   *any civil . . . action, suit or proceeding* shall be paid by the corporation in advance of the final disposition of such action, suit or proceeding upon receipt of an undertaking by or on behalf of such director or officer to repay such amount if it shall ultimately be determined that he is not entitled to be indemnified by the corporation as authorized in this Article V.

*See* Navidea's Bylaws, Art. V., § 3 [ECF No. 66] (emphasis added).

Second, Article V, Section 1(b) of the Bylaws provides in relevant part that Navidea shall indemnify any person who was or is a party or is threatened to be made a party to:

>   any threatened, pending or completed action or suit by or in the right of the corporation to procure a judgment in its favor by reason of the fact that he is or was a director, officer, employee or agent of the corporation, or is or was serving at the request of the corporation as a director, officer, employee or agent of another corporation, partnership, joint venture, trust or other enterprise against expenses (including attorneys' fees) actually and reasonably incurred by him in connection with the defense or settlement of such action or suit if he acted in good faith and in a manner he reasonably believed to be in or not opposed to the best interests of the corporation and except that *no indemnification shall be made in respect of any claim, issue or matter as to which such person shall have been adjudged to be liable to the corporation unless and only to the extent that the Court of Chancery or the court in which such action or suit was brought shall determine upon application that, despite the adjudication of liability but in view of all the circumstances of the case, such person is fairly and reasonably entitled to indemnity for such expenses which the Court of Chancery or such other court shall deem proper.*

*See id.*, Art. V, § 1(b) (emphasis added).

Because Dr. Goldberg has been adjudged to be liable to Macrophage (and by extension to Navidea), no indemnification is available.

## STATEMENT OF RELEVANT FACTS

On January 27, 2020, Dr. Goldberg filed his Motion for Indemnification and Advancement of Attorneys' Fees (the "Advancement Motion") moving for indemnification and advancement of his attorneys' fees with respect to all of Navidea's claims. [ECF No. 64].

On February 24, 2020, Navidea filed its Memorandum of Law in Opposition to Dr. Goldberg's Advancement Motion arguing that: (1) Dr. Goldberg is not entitled to advancement for fees in the New York Action due to his status as a former officer of Navidea; (2) Dr. Goldberg is not entitled to advancement for fees in the Delaware Action; and (3) any undertaking provided by

2

Dr. Goldberg should be fully secured.  [ECF No. 81].  On March 9, 2020, Dr. Goldberg filed his reply brief, restating the same arguments in his Advancement Motion.  [ECF No. 93].

On July 9, 2020, following numerous briefings and conferences, Magistrate Judge Freeman issued a Report and Recommendation (the "7/9/20 R&R") recommending, in pertinent part, that the Court "issue a finding that Goldberg is entitled to advancement of the attorneys' fees and costs that he has reasonably expended to defend against the other three claims that have been asserted by Navidea in this case…"  7/9/20 R&R at 44 [ECF No. 119].  However, the R&R also stated and held that Article V, Section 3 of Navidea's Bylaws[1]:

> *makes clear that any advancement would have to be repaid to the corporation, if it is later determined that the officer or director (or, per Section 7, the former officer or director) is not entitled to indemnification* pursuant to Section 1 – and Section 1 plainly states that, where the corporation sues one of its (existing or former) directors or officers, indemnification is only available if the suit seeks "to procure a judgment in [the corporation's] favor by reason of the fact that [the defendant] is or was a director, officer, employee or agent of the corporation, or is or was serving at the request of the corporation as a director, officer, employee or agent of another corporation . . . or other enterprise." (Bylaws, Art. V, § 1(b) (emphasis added).) Thus, any advancement made to Goldberg would necessarily have to be repaid in its entirety, if made in connection with a claim by Navidea that did not seek a judgment against him "by reason of the fact" that he was a director, officer, employee or agent of Navidea, or that he was serving in such a role for Macrophage, at Navidea's request.

7/9/20 R&R at 33-34 (emphases added).  On August 24, 2020, the Court adopted the Report and Recommendation holding, in part, that "[t]he Court agrees that Goldberg is entitled to advancement of attorneys' fees and costs incurred to date in defending against Navidea's remaining claims, provided that Goldberg tenders the necessary undertaking to repay the advancement if it is ultimately determined that he is not entitled to indemnification under the Navidea bylaws."  8/24/20 Order at 8.  In addition, the Court explicitly stated that the

---

[1] The relevant provisions of Navidea's Bylaws are quoted at length in the Court's R&R regarding the issues of advancement and indemnification (*see* 7/9/20 R&R) at 7-9), and in the August 8, 2020 Order, adopting that Report and Recommendation ("8/24/20 Order").

3

"advancement provision [of Navidea's Bylaws] does, however, require that any advancement must be repaid if it is later determined that Goldberg is not entitled to indemnification…" *Id.* at 9.

On November 13, 2020, Dr. Goldberg filed the Court-ordered undertaking (the "Undertaking"), which was executed by Dr. Goldberg and states:

> I, Michael. M. Goldberg, M.D., hereby undertake to repay any amounts advanced to me by Navidea Biopharmaceuticals, Inc. (the "Corporation") in the civil action captioned *In re Navidea Biopharmaceuticals Litigation*, Case No. 19-cv-01578-VEC, in the United States District Court for the District of New York, for which it shall ultimately be determined that I am not entitled to be indemnified by the Corporation as authorized in Article V of the Corporation's Bylaws.

[ECF No. 164].

## ARGUMENT

### I.  LEGAL STANDARD

#### A.  Motion For Reconsideration

Under Fed. R. Civ. P. 54(b), motions for reconsideration may be granted where (1) the moving party can show an intervening change in the controlling law; (2) upon discovery of new evidence not previously available; or (3) on a showing of the need to correct a clear error of law or prevent manifest injustice. *Buczakowski v. 1199SEIU*, 2020 U.S. Dist. LEXIS 76931, at *3 (N.D.N.Y May 1, 2020) (citing *Official Comm. of Unsecured Creditors of the Color Tile, Inc. v. Coopers & Lybrand*, LLP, 322 F.3d 147, 167 (2d Cir. 2003)).  Reconsideration may be granted where the moving party points to matters that "'might reasonably be expected to alter the conclusion reached by the [C]ourt.'"  *Id.*  (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).

Rule 54(b) further provides: "…any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and *may be revised at any time before the entry*

4

*of a judgment adjudicating all the claims and all the parties' rights and liabilities.*" Fed. R. Civ. P. 54(b) (emphasis added). In addition, motions for reconsideration under Fed. R. Civ. P. 54(b) are subject to the law-of-the-case doctrine ("LOTC Doctrine"). *In re Rezulin Prods. Liab. Litig.*, 224 F.R.D. 346, 349 (S.D.N.Y. 2004). Under the LOTC Doctrine, decisions covered by Rule 54(b) may not usually be revised "unless there is 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice.'" *Official Comm. of Unsecured Creditors of the Color Tile*, 322 F.3d at 167 (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1964)). Generally, a court will "'adhere to [its] own earlier decision on a given issue in the same litigation.'" *In re Rezulin Prods. Liab. Litig.*, 224 F.R.D. 346, at 349 (quoting *Tri–Star Pictures, Inc. v. Leisure Time Prods., B.V.*, 1992 U.S. Dist. LEXIS 15232, at *7 (S.D.N.Y. Oct. 6, 1992) (quoting *United States v. Adegbite*, 877 F.2d 174, 178 (2d Cir. 1989)). However, the LOTC Doctrine is discretionary and does not limit a court's power. *Virgin Atl. Airways. Ltd.*, 956 F.2d at 1255. A court's decision to depart from its own prior ruling is within the court's "wide discretion to make whichever decision it thinks preferable." *Colvin v. Keen*, 900 F.3d 63, 73 (2d Cir. 2018).

### B. The Application Is Timely Under the Circumstances

Rule 54(b) does not provide for any time limit under which a motion for reconsideration can be made. (*See* Fed. R. Civ. P. 54(b)). The court has authority under Rule 54(b) to reconsider an interlocutory order "at any time before the entry of final judgment." *JP Morgan Chase Bank, N.A. v. Reifler,* 2013 U.S. Dist. LEXIS 201756, at * 6 (S.D.N.Y. Sept. 20, 2013) (citing Fed. R. Civ. P. 54(b)).

Local Rule 6.3 provides: "Unless otherwise provided by the Court or by statute or rule (such as Fed. R. Civ. P. 50, 52, and 59), a notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the

Court's determination of the original motion, or in the case of a court order resulting in a judgment, within fourteen (14) days after the entry of the judgment." L. Civ. R. 6.3.  The Committee Notes to Local Rule 6.3 states: "Local Civil Rule 6.3 is necessary because the Federal Rules of Civil Procedure do not specify the time periods governing a motion for reconsideration or reargument. In the first sentence of Local Civil Rule 6.3, the Committee recommends an amendment to clarify that the Court may set a different time for the filing of a motion for reconsideration or reargument." *Id.*  However, "a Rule 54(b) motion is not untimely under Local Rule 6.3 if the evidence upon which the motion is based in newly-discovered." *JP Morgan Chase Bank,* 2013 U.S. Dist. LEXIS 201756, at \*6 (quoting *Sys. Mgmt. Arts Inc. v. Avesta Techs., Inc.*, 160 F. Supp. 2d 580, 584 (S.D.N.Y. 2001)).

If the moving party seeks reconsideration based on newly discovered evidence, the moving party must show "that the newly discovered evidence was neither in [its] possession nor available upon the exercise or reasonable diligence at the time the interlocutory decision was rendered" and manifest injustice will result if the court fails to reconsider the decision. *In re Rezulin Prod. Liab. Litig.*, 224 F.R.D. 346 at 350 (citing *Tri–Star Pictures, Inc.*, 1992 U.S. Dist. LEXIS 15232, at \*8-9).

Defendant seeks reconsideration due to the ruling by the Delaware Court on June 23, 2021. This Motion satisfies each of the prongs identified above: change in controlling law, discovery of new evidence, and to prevent manifest injustice, each of which could reasonably be expected to change the conclusion reached by the Court.  Navidea acknowledges that it did not – because it could not – file a Motion for Reconsideration within the time frame contemplated by Rule 54(b), but the Court should consider the Motion timely nonetheless. A motion which is otherwise untimely when submitted under Rule 54 may still be reviewed because "an interlocutory order 'may be revised at any time before the entry of a judgment adjudicating all the claims and all the

6

parties' rights and liabilities.'" *Buczakowski,* 2020 U.S. Dist. LEXIS 76931, at *4 (quoting Fed. R. Civ. P. 54(b). It is uncontroversial that courts have continuing plenary power over its interlocutory orders. *Huk-a-Poo Sportswear, Inc. v. Little Lisa Ltd.*, 74 F.R.D. 621 (S.D.N.Y. 1977). By virtue of the Delaware Court's ruling that Dr. Goldberg breached his fiduciary duty, there has been a change in circumstances that is reasonably expected to alter the prior conclusion reached by the Court.

## II.     ADVANCEMENT VS. INDEMNIFICATION

Delaware courts have held that although "indemnification" and "advancement" are related, they are separate legal rights arising from independent legal obligations. *Majkowski v. Am. Imaging Mgmt. Servs., LLC*, 913 A.2d 572, 586 (Del. Ch. 2006) (stating that "indemnification and advancement are two distinct and different legal rights, with the latter being a narrower and more provisional subset of the former."); *Kaung v. Cole Nat'l Corp.*, 884 A.2d 500, 509-10 (Del. 2005) (holding that "[w]hile the rights to indemnification and advancement are correlative, they are still discrete and independent rights, with the latter having a much narrower scope.").

"Indemnification" refers to reimbursement of incurred legal expenses after a final determination of the merits of the legal proceeding at issue. *Majkowski*, 913 A.2d at 586 (citing *Advancing Mining Sys., Inc. v. Fricke*, 623 A.2d 82, 84 (Del. Ch. 1992); *see also* 8 Del. C. § 145(a). Delaware General Corporation Law Section 145(a) only authorizes a corporation to indemnify an individual for claims brought "by reason of the fact" that he was a director or officer. *See Gentile v. Singlepoint Fin., Inc.*, 788 A.2d 111, 113 (Del. 2001); *Shearin v. E.F. Hutton Grp.*, 652 A.2d 578, 594 (Del. Ch. 1994) (holding that a plaintiff may seek indemnification "only insofar as the suit was brought as part of [their] duties to the corporation and its shareholders.") (emphasis omitted).

7

The right to indemnification can only be addressed after the ultimate questions of liability are answered. *Brooks-McCollum v. Emerald Ridge Serv. Corp.*, 2004 Del. Ch. LEXIS 105, at *13-14 (Del. Ch. July 29, 2004). Courts defer in deciding whether a party is entitled to indemnification until after the merits of the underlying dispute have been resolved. *Id.* Delaware courts have found that a contractual right to indemnification does not encompass a right to advancement. *See Advanced Mining Sys.*, 623 A.2d at 84 ("Thus the question here may be restated to be whether a mandate to 'indemnify' includes an obligation to advance expenses prior to a determination whether indemnification is permitted or required. In my opinion it does not.").

As opposed to indemnification, "advancement," which is a narrower right, refers to a type of loan to an officer or director that is incumbent upon a subsequent ruling of that officer or director's right to be indemnified. *Advanced Mining Sys.*, 623 A.2d at 84. Delaware General Corporation Law Section 145(e) states that the right to advancement is permitted, but not required.[2] However, when "provided for in a company's bylaws, advancement is a contractual right arising from [the] bylaw." *Pontone v. Milso Indus. Corp.*, 2014 Del. Ch. LEXIS 89, at *7 (Del. Ch. May 29, 2014). "The scope of an individual's advancement rights normally turns on the pleadings in the underlying litigation that trigger the advancement right." *Marino v. Patriot Rail Co.*, 131 A.3d 325, 346 (Del. Ch. 2016).

---

[2] *See* 8 Del. C. § 145(e) ("Expenses (including attorneys' fees) incurred by an officer or director of the corporation in defending any civil, criminal, administrative or investigative action, suit or proceeding *may be* paid by the corporation in advance of the final disposition of such action, suit or proceeding upon receipt of an undertaking by or on behalf of such director or officer to repay such amount if it shall ultimately be determined that such person is not entitled to be indemnified by the corporation as authorized in this section. Such expenses (including attorneys' fees) incurred by former directors and officers or other employees and agents of the corporation or by persons serving at the request of the corporation as directors, officers, employees or agents of another corporation, partnership, joint venture, trust or other enterprise may be so paid upon such terms and conditions, if any, as the corporation deems appropriate.") (emphasis added).

8

### III. THE COURT'S ADVANCMENT ORDER

In its prior order, the Court recognized that advancement was dependent on there being an indemnifiable claim: "The advancement provision does, however, require that any advancement must be repaid if it is later determined that Goldberg is not entitled to indemnification; accordingly, the Court considers whether Goldberg might be entitled to indemnification such that he is entitled to advancement." 8/24/20 Order at 9.

During the prior rounds of briefing, Navidea argued in part that advancement was not available because Dr. Goldberg was not serving as the CEO of Macrophage "at the request of Navidea." The Court stated that this was an issue that Dr. Goldberg could prevail on and therefore advancement was not barred by this provision. Specifically, the Court held:

> As applicable to this case, the Navidea Bylaws provide that Goldberg will be entitled to indemnification if Navidea is seeking to 'procure a judgment in [Navidea's] favor by reason of the fact that [Goldberg] is or was a director, officer, employee, or agent of the corporation, or is or was serving at the request of [Navidea] as a director or officer, employee or agent of another corporation . . .'

*Id.* (quoting Navidea Bylaws, Art. V. § 1(b)).

> [T]he Court agrees with Judge Freeman that Navidea's claims could be read to arise, at least in part, "by reason of the fact" that Goldberg was serving as an agent of Macrophage at Navidea's request.

*Id.* at 9-10 (citing 7/24/20 R&R at 36-37).

While Navidea disputed the Court's conclusion, the Court focused on the following allegations in the Complaint:

> Navidea's amended complaint alleges, *inter alia*, that: (i) 'Goldberg agreed to focus his energy full time on creating value at Macrophage'; (ii) that Goldberg 'refused to engage in activities necessary for the success of Macrophage because he views resolution of his demands for his additional compensation under the August Agreement as a precondition to undertaking such actions'; and (iii) that 'when entering into the August Agreement, it was the intention of the parties that Goldberg would immediately start taking actions to advance the business of Macrophage.'

*Id.* at 10 n.9 (quoting Am. Compl. ¶¶ 45-46, 106).

9

The Court went on to further state:

> Based on these allegations, it is at least plausible that the claims asserted by Navidea are "by reason of the fact" that, at the time of the events in question, Goldberg was acting as an agent of Macrophage at Navidea's request and subsequently abused his authority in that role by failing to act in Navidea's interests.

*Id.*

Because the Court found that Dr. Goldberg's role at Macrophage could be found to have been at the request of Navidea, it is possible that if Dr. Goldberg was successful in refuting the claim that he abused his authority in that role, he would be entitled to indemnification.[3]

As the Delaware Court has now ruled that Dr. Goldberg abused his authority in that role, this Court should find that Dr. Goldberg is no longer entitled to advancement.

## IV.   DR. GOLDBERG IS NOT ENTITLED TO INDEMNIFICATION

### A.   The Delaware Action

On March 22, 2019, Macrophage filed its Verified First Amended Complaint in Delaware (the "Delaware Complaint") asserting claims against Dr. Goldberg for breach of duty of loyalty, breach of duty of care, breach of fiduciary duty, conversion, and a declaratory judgment. *See* Declaration of Gregory Zimmer, Esq., dated January 25, 2020 ("Zimmer Decl.") Ex. E [ECF No. 66]. Dr. Goldberg answered the Delaware Complaint and asserted no causes of action against Macrophage. *See* Declaration of Barry M. Kazan, dated February 24, 2020 ("Kazan Decl.") Ex. 1 [ECF No. 82-1].

On May 23, 2019, Dr. Goldberg was found in contempt of the Delaware Court and was ordered, *inter alia,* to: pay Macrophage's fees and costs in connection with the steps Macrophage

---

[3] This Court went on to state: "To be clear, this opinion should be read only to find that Goldberg is entitled to advancement of attorneys' fees incurred to date, subject to the proper undertaking and a properly supported fee application. This opinion does not hold that Goldberg is or ultimately will be entitled to indemnification for the attorneys' fees incurred in defending Navidea's remaining claims." *Id.*

10

took to cure the damage that Goldberg caused from his noncompliance with a status quo order. *See id.* Ex. 2 [ECF No. 82-2]. On June 21, 2019, the Delaware Court found that Dr. Goldberg's actions were improper and voided the transaction pursuant to which Goldberg purported to transfer ownership of Macrophage's intellectual property to a subsidiary and permitted the breach of fiduciary duty and conversion claims to proceed. *See id.* Ex. 3 [ECF No. 82-3].

On June 23, 2021, following a three-day trial in December 2020, the Delaware Court issued its Memorandum Opinion holding, *inter alia*, that:

- "Dr. Goldberg exploited the parties' inability to come to terms on definitive agreements implementing the August Agreement by surreptitiously removing Navidea from the process and taking the Navidea Sub-License for his own. In doing so, he failed to follow a fair process and ultimately failed to deliver a fair price in breach of his duty of loyalty" (Del. Mem. Op. at 40);

- "Dr. Goldberg attempted to take for himself that which belonged to Macrophage. In doing so, he breached his duty of loyalty to Macrophage stockholders" (*Id.* at 46); and

- "Dr. Goldberg has failed to prove that he fulfilled his duty of loyalty with respect to the Challenged Transactions" (*Id.* at 47).

Most importantly, the Delaware Court held that (a) "Macrophage has proven by a preponderance of the evidence that *Dr. Goldberg breached his fiduciary duty of loyalty by entering into the Challenged Transactions*", and (b) "Macrophage is left with a declaration that Dr. Goldberg breached his fiduciary duty of loyalty through the Challenged Transaction." (*Id.* at 5, 61).

### B. The Delaware Court's Ruling Adjudged Dr. Goldberg To Be Liable To Navidea

The Delaware Chancery Court found that "Dr. Goldberg attempted to take for himself that which belonged to Macrophage. In doing so, he breached his duty of loyalty to Macrophage stockholders." (*Id.* at 46). Navidea's Bylaws explicitly state, in pertinent part, that "no indemnification shall be made in respect of any claim, issue or matter as to which such person *shall have been adjudged to be liable to the corporation*…" (Article V, § 1(b) (emphasis added))

11

[ECF No 66]. As stated above, the Delaware Court adjudged ruled that Dr. Goldberg breached his fiduciary duty, finding that Macrophage had "proven by a preponderance of the evidence that Dr. Goldberg breached his fiduciary duty of loyalty by entering in into the Challenged Transactions."[4] (Del. Mem. Op. at 61). Consequently, Dr. Goldberg is liable to Navidea in accordance with its Bylaws and is not entitled to indemnification.

## V.     DR. GOLDBERG MUST RETURN ALL ADVANCED FEES AND EXPENSES

On May 27, 2021, the Court held in its Opinion and Order that Dr. Goldberg "is entitled to $1,247.50 as advancement for attorneys' fees reasonably incurred to the date of his fee application in connection with his defense of Navidea's remaining claims to date." *See* May 27, 2021 Opinion and Order at 14. The Court stayed Navidea's "obligation to pay … until Goldberg tenders the necessary undertaking to repay the advancement, unless he has already done so."[5] *Id.* at 14 n.6. In reliance upon Dr. Goldberg's execution of the Undertaking, on November 13, 2020, Navidea advanced $1,237.50 in legal expenses as directed by the Opinion & Order.

Pursuant to Navidea's Bylaws, Dr. Goldberg requested and received the benefit of Navidea's advance payment of his defense costs. In exchange for indemnification, Dr. Goldberg assumed a contractual and statutory duty to provide Navidea with an undertaking [ECF No. 164 at 22] assuring the prompt repayment of those defense costs if "it shall ultimately be determined that I am not entitled to be indemnified by the Corporation as authorized in Article V of the Corporation's Bylaws." (*Id.* at Ex. A).

---

[4] As stated in the Delaware Court's Memorandum Opinion, the Challenged Transactions include: (a) the creation of "M1M2 Therapeutics, Inc."; (b) the transferring of "Macrophage's prized asset (The sub-license Navidea provided to Macrophage to perform its work) to M1M2"; and (c) Dr. Goldberg's granting to "himself the 5% economic interest in M1M2 he believed he was meant to have in Macrophage" and subsequently giving "himself immediate voting control of M1M2." (Del Mem. Op. at 2).

[5] On November 13, 2020, Dr. Goldberg provided the necessary and executed undertaking in order to receive the benefit of indemnification from Navidea. [ECF No. 164]. Notably, Dr. Goldberg provided the Undertaking over four months after this Court initially ordered him to in the R&R. *See* 7/24/20 R&R at 44.

As set forth above, the Delaware Court's order adjudged Dr. Goldberg "to be liable to Macrophage and its stockholders" thereby cutting off his right to indemnification. (*See* Del. Mem. Op. at 46 and Navidea Bylaws Article V, § 1(b) [ECF No. 66]. Dr. Goldberg was required to execute the undertaking pursuant to Navidea's Bylaws (*see* Article V, §3) and this Court's Order (8/24/20 Order at 8) ("The Court agrees that Goldberg is entitled to advancement of attorneys' fees and costs incurred to date in defending against Navidea's remaining claims, provided that Goldberg tenders the necessary undertaking to repay the advancement if it is ultimately determined that he is not entitled to indemnification under the Navidea bylaws."). The Undertaking and this Court's prior orders require Dr. Goldberg to repay Navidea based upon the outcome of the Delaware Action. Accordingly, this Motion for Reconsideration should be granted to Navidea, and Dr. Goldberg should be ordered to repay Navidea $1,237.50 (i.e., the amount advanced to him).

## CONCLUSION

For the reasons set forth herein, the Court should grant Navidea's Motion for Reconsideration and Dr. Goldberg should be ordered to repay Navidea $1,237.50.

Date:  August 6, 2021
       New York, New York

Respectfully submitted,

_____
Barry M. Kazan, Esq.
Mintz & Gold LLP
600 Third Avenue, 25th Floor
New York, New York 10016
Phone: (212) 696-4848
Fax:    (212) 696-1231
kazan@mintzandgold.com

-and-

Karim Sabbidine, Esq.
THOMPSON HINE LLP
335 Madison Avenue, 12th Fl.
New York, New York 10017

13

Phone: (212) 344-3921
Fax:    (212) 344-6101
karim.sabbidine@thompsonhine.com

-and-

Alain M. Baudry, Esq.
Saul Ewing Arnstein & Lehr LLP
33 South Sixth Street, Suite 4750
Minneapolis, Minnesota 55402
Phone: (612) 225-2800
Alain.Baudry@Saul.com

*Attorneys for Plaintiff /Counterclaim Defendant*
*Navidea Biopharmaceuticals, Inc. and*
*Third-Party Defendant*
*Macrophage Therapeutics, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 6, 2021, I caused to be served on counsel of record, electronically via the Court's electronic filing system, a true and correct copy of **Memorandum of Law in support of Plaintiff/Counterclaim-Defendant Navidea Biopharmaceuticals, Inc.'s Motion for Reconsideration of the Court's Opinion and Order dated August 24, 2020.**

_____
Barry M. Kazan