UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------

IN RE:  NAVIDEA BIOPHAMACEUTICALS
LITIGATION

--------------------------------------------------------

19cv1578 (VEC) (DF)

**REPORT AND
RECOMMENDATION**

**TO THE HONORABLE VALERIE CAPRONI, U.S.D.J.:**

This Court has spent many hours – and written many pages – parsing through the parties'

arguments regarding the extent to which defendant Michael Goldberg ("Goldberg") should, or

should not, be granted advancement or indemnification by plaintiff Navidea Biopharmaceuticals,

Inc. ("Navidea") of the legal fees that Goldberg has incurred in defending both this action,

brought against him by Navidea, and a companion action brought against him in Delaware by a

Navidea subsidiary, Macrophage Therapeutics, Inc. ("Macrophage") (the "Delaware Action").

Now referred to this Court is an August 6, 2021 motion by Navidea for reconsideration of an

August 24, 2020 Opinion and Order, by which Judge Caproni adopted this Court's initial Report

and Recommendation on the subject of indemnification and advancement, and held that Navidea

was legally obligated to indemnify Goldberg for the fees he reasonably incurred in successfully

defending against the breach-of-fiduciary claim asserted by Navidea in this action, and to

advance to Goldberg the fees he reasonably incurred in defending against the other claims that

Navidea had pleaded in this Court.  This time, this Court will not expend quite as much time or

as many pages to address the parties' arguments.  For the rather straightforward reasons

discussed below, I recommend that Navidea's motion for reconsideration (Dkt. 218) be denied.

## BACKGROUND

The thrust of Navidea's current motion is that a judicial ruling that has now been made in

the Delaware Action constitutes a "change in the fact/circumstances that gave rise to [this]

Court's earlier decision," and that the Delaware ruling should "permanently reliev[e]" Navidea

from its obligation to advance any attorneys' fees to Goldberg in this case on its remaining

claims, and should also "preclude[]" Goldberg from obtaining indemnification of the fees he

incurred in defending those claims, "or at a minimum [] compel[] him to seek indemnification in

the Delaware Chancery Court."  (Memorandum of Law in Support of Plaintiff/Counterclaim

Defendant Navidea Biopharmaceuticals, Inc.'s Motion For Reconsideration of the Court's

Opinion and Order dated Aug. 24, 2020, dated Aug. 6, 2021 ("Navidea Reconsid. Mem.")

(Dkt. 219), at 1.)  As part of the relief sought, Navidea asks that Goldberg be required to repay

the $1,237.50 that Navidea advanced to him pursuant to the August 24 Order.  (*See id.*, at 12-13.)

Although this Court will not reiterate, in detail, the contents of either its prior reports and

recommendations, or Judge Caproni's prior orders (familiarity with which is assumed), some

repetition of the background of this motion may be helpful.  In brief, that background and gist of

Navidea's current motion may be summarized as follows:

A.    <u>**Navidea's Claims in This Action**</u>

In its Amended Complaint, Navidea asserted four claims in this action.  First, Navidea

claimed that Goldberg, who had served as a director and the CEO of Navidea, breached the terms

of his August 14, 2019 agreement with Navidea and Macrophage (the "Agreement").  (*See*

Amended Complaint, dated Apr. 26, 2019 ("Am Compl.") (Dkt. 15) ¶¶ 92-101.)  According to

Navidea, the Agreement anticipated that the parties would "enter[] into one or more additional

definitive agreements (the "Transaction Documents") to provide for the separation of Goldberg

from Navidea and the establishment of the parties['] rights and obligations with respect to the

ownership, management and continued operations of Macrophage."  (*Id*. ¶ 12.)  Navidea further

alleged that the parties understood that, after his separation from Navidea – and consistent with

the expectations of the Agreement – Goldberg would "remain engaged" in Macrophage and, in fact, would "focus his energy full time on creating value at Macrophage." (*Id*. ¶¶ 44-45.) Navidea alleged, however, that, after signing the Agreement, Goldberg "refused to engage in activities necessary for the success of Macrophage" (*id*. ¶ 46), and instead sought to advance his own interests over those of Macrophage and Navidea (*see generally id*.). In claiming that Goldberg breached the express terms of the Agreement, Navidea principally alleged that Goldberg failed to enter into the Transaction Documents and that he issued to himself an ownership interest in a newly created subsidiary of Macrophage, when the Agreement prohibited him from doing so until Macrophage had obtained a certain level of financing. (*See id.* ¶¶ 95-97.)

Second, Navidea claimed that, by failing to cooperate in fulfilling the terms of the Agreement and by instead engaging in various types of conduct that placed his own personal interests over that of both Macrophage and Navidea, Goldberg breached the Agreement's implied covenant of good faith and fair dealing. (*See id*. ¶¶ 102-112.)

Third, Navidea claimed that it was entitled to a declaratory judgment that the performance of certain of its own obligations under the Agreement were excused by Goldberg's breaches, and that it had the right to terminate the Agreement. (*See id.* ¶¶ 113-117.)

Finally, Navidea claimed that, by allegedly opening a secret Macrophage bank account and causing Navidea to be in breach of a loan agreement, Goldberg breached the fiduciary duty that he had owed to Navidea as its CEO and member of its Board of Directors. (*See id*. ¶¶ 118-122.)

By Opinion and Order dated December 26, 2019 (Dkt. 61), the Court dismissed Navidea's breach-of-fiduciary-duty claim against Goldberg and determined that he was entitled to advancement of the attorneys' fees and costs that he had incurred in defense of that claim.

**B.**     **The August 24 Order**

Currently at issue, on Navidea's motion for reconsideration, is the Court's Opinion and Order, dated August 24, 2020 (the "8/24/20 Order"). (Dkt. 134.) Before the Court, at that time, were Goldberg's request for indemnification (not just advancement) of the fees incurred in connection with his successful defense of Navidea's fiduciary-duty claim, his request for advancement of attorneys' fees in connection with Navidea's remaining claims against him (*i.e.*, the three claims relating to his alleged breach of the Agreement), and his further request for the advancement of fees incurred in defending against Macrophage's claims in the Delaware Action.

The Court held that Goldberg was entitled to indemnification for the fees and costs he had actually and reasonably incurred in defending against Navidea's dismissed breach-of-fiduciary-duty claim. (8/24/40 Order, at 5.) In its submissions at the time, Navidea did not challenge that entitlement (*see id*. ("Navidea does not object to the Court making this finding")), and it similarly does not appear to challenge it now (*see generally* Navidea Reconsid. Mem.).

In separately determining whether, under Navidea's bylaws (the "Bylaws"), Goldberg was entitled to advancement of the attorneys' fees he incurred in defending against Navidea's contract-related claims, the Court recognized that any advancement would have to be repaid, if Goldberg were eventually found not to be entitled to indemnification. (*See* 8/24/40 Order, at 8-9.) Accordingly, the Court considered the question of whether Goldberg *might* ultimately be entitled to have Navidea indemnify him for those fees. (*See id.*, at 8-10.) On this question, Navidea had appeared to argue that indemnification could not be available to Goldberg because

4

the relevant provision of the Bylaws limited indemnification to cover only claims made "by reason of the fact" that the person against whom the claim was made "is or was a director, officer, employee or agent of the corporation, or is or was serving at the request of the corporation as a director, officer, employee or agent of another corporation" (Bylaws, Art. 5 § 1(b)), and, according to Navidea, Plaintiff was not serving in any such position during the relevant time period, following the execution of the Agreement (*see* Plaintiff/Counterclaim-Defendant Navidea Biopharmaceuticals, Inc.'s Memorandum of Law in Opposition to Michael M. Goldberg's Motion for Indemnification and Advancement of Attorneys' Fees, dated Feb. 24, 2020 (Dkt. 81), at 19-20). The Court, however, found that Navidea's contract-related claims "could be read to arise, at least in part, 'by reason of the fact' that Goldberg was serving as an agent of Macrophage at Navidea's request" (8/24/20 Order, at 9-10) and that he "abused his authority in that role by failing to act in Navidea's interests" (*id.*, at 10 n.9). For this reason, the Court held that Goldberg was entitled to advancement for the fees he incurred in defending against those claims. (*Id.*, at 9-10.)

The Court declined to exercise ancillary jurisdiction over Goldberg's application for advancement of the attorneys' fees he incurred in defending against Macrophage's claims in the Delaware action, noting, *inter alia*, that "[n]ot only is Navidea not a party to the Delaware Action, but the two cases present different types of claims stemming from different conduct." (8/24/20 Order, at 4 (footnote omitted).)

C.   **The Claims Raised by Macrophage in the Delaware
Action, and the Decision of the Delaware Chancery Court**

The claims that Macrophage advanced before the Delaware Chancery Court related to a specific series of transactions (the "Challenged Transactions") by which, after entering into the Agreement that is the subject of this case, Goldberg proceeded to create a new corporate entity,

to transfer Macrophage's intellectual property assets to that new corporation, and to grant himself both an ownership interest in and voting control over that entity.  Macrophage sued Goldberg for conversion of Macrophage's intellectual property assets, for breaches of fiduciary duty arising out of the Challenged Transactions, and for related violations of Delaware statutory law.  After summary judgment practice resulted in a ruling by the court that the state's statutory law had, in fact, been violated by the Challenged Transactions, the Delaware Chancery Court held a trial on Macrophage's common-law claims.  On June 23, 2021, the court issued a Memorandum Opinion (the "Delaware Decision"),[1] resolving those claims.

The court rejected Macrophage's conversion claim for insufficient evidence (*see* Delaware Decision, at 57-61), but determined that Macrophage's breach-of-fiduciary-duty claim had merit (*see id.*, at 35-47).  Fundamentally, the Delaware court found that, when the parties' efforts to negotiate the implementing agreements to effectuate the intent of the Agreement "stalled," Goldberg "became impatient," and "took matters into his own hands," engaging in the Challenged Transactions "unilaterally, to effectuate what he believed he was owed under the [] Agreement."  (Delaware Decision, at 2.)  The court not only found that Goldberg was not legally entitled to engage in such self-help, but that he stood on both sides of the Challenged Transactions, making him a "conflicted fiduciary" and requiring him to bear the burden of proving that the transactions were the product of fair dealing and also resulted in a fair price.  (*See id.*, at 37-38.)  As the court found that Goldberg had proven neither at trial, it concluded that he had violated his duty of loyalty to Macrophage.  (*Id.*, at 47; *see also id.*, at 46 ("Dr. Goldberg

---

[1] The Delaware Decision has been submitted to this Court by Navidea, as an exhibit to an attorney declaration.  (*See* Declaration of Barry M. Kazan in Support of Plaintiff/Counterclaim Defendant Navidea Biopharmaceuticals, Inc.'s Motion For Reconsideration of the Court's Opinion and Order dated Aug. 24, 2020 (Dkt. 220), at Ex. 1 (*Macrophage Therapeutics, Inc. v. Goldberg*, C.A. No. 2019-0137-JRS (Del. Ch. June 23, 2021)) (Dkt. 220-1).)

attempted to take for himself that which belonged to Macrophage.  In doing so, he breached his duty of loyalty to Macrophage stockholders.").)  The court therefore ordered that judgment on the fiduciary-duty claim be entered in Macrophage's favor.  (*Id.*, at 47, 61.)

For the proven breach of fiduciary duty, however, the court awarded Macrophage only nominal damages of $1.00, as it found that Macrophage had not demonstrated any actual loss. (*See id.*, at 47-53.)  The court also declined to award Macrophage its attorneys' fees, finding that Goldberg's conduct was not sufficiently egregious to justify such an award.  (*See id.*, at 54-57.) In this regard, while the court held that Goldberg's "attempt to remedy the wrong he perceived when Navidea failed to engage with him to effectuate the August Agreement was misguided and ultimately unlawful" (*id.*, at 55), it reiterated that it found his conduct to have been the product of "frustration" (*id.*) and a "subjective[] belie[f] that he was effectuating a transaction that the parties had agreed to" (*id.*, at 56), and also noted that it appeared that Navidea's own lawyer had "at one time suggested a structure similar to the one Dr. Goldberg ultimately attempted to execute" (*id.*).

### D.     Navidea's Current Motion For Reconsideration

Navidea's motion for reconsideration focuses on a provision of the Bylaws that was not front and center in either the parties' briefing or the Court's analysis, when the Court issued its August 2020 Order:  specifically, the provision that addresses the effect of an ultimate adjudication in Navidea's favor on a claim for which it has advanced attorneys' fees.  That provision, which is found within Article V, Section 1(b) of the Bylaws reads, in part, that "no indemnification shall be made in respect of any claim, issue or matter as to which such person shall be been adjudged to be liable to the corporation . . . ."  (Bylaws, Art. V § 1(b).)

Based on the Delaware Decision, Navidea argues: (1) that there has now been a judicial adjudication that Goldberg is liable to Macrophage for breach of fiduciary duty; (2) that, because the Delaware court found that Goldberg breached his duty of loyalty to Macrophage's "stockholders" (which would necessarily refer to Navidea, which owned all or substantially all of the shares of Macrophage), that court not only adjudicated Goldberg liable to *Macrophage*, but, by logical extension, also "adjudged Dr. Goldberg to be liable to *Navidea*") (Navidea Reconsid. Mem., at 11 (emphasis added)); (3) that, in light of this supposed "adjudication" in Navidea's favor, Goldberg can now have no right, under the Bylaws, to indemnification by Navidea of any attorneys' fees or costs incurred in defending against any of Navidea's remaining claims in this case; and (4) that, absent a right to indemnification, Goldberg can also have no right to advancement of his fees or costs in connection with those claims (*see generally id*.). In a single sentence in the Preliminary Statement of its moving brief, and without further explanation, Navidea also argues that, "at a minimum," the Delaware Decision "compels [Goldberg] to seek indemnification in the Delaware Chancery Court." (*Id*., at 1.)

In opposition, Goldberg argues that Navidea has improperly

> premise[d] its [m]otion on the false premise that a determination by a separate court in a separate action that Dr. Goldberg was liable to a different party on a single claim entirely different in kind from the ones at issue here somehow equates to it having been 'ultimately . . . determined that he is not entitled to be indemnified by' Navidea for the claims for which he was awarded advancement – the claims asserted by Navidea against him *in this* action.

(Memorandum of Law of Dr. Michael M. Goldberg in Opposition to Motion For Reconsideration of Navidea Biopharmaceuticals, Inc., dated Sept. 3, 2021 ("Goldberg Reconsid. Opp. Mem.") (Dkt. 225), at 1.) Goldberg also downplays the significance of the Delaware Decision, characterizing his adjudicated breach of fiduciary duty to Macrophage as a "technical

violation of Delaware law that caused no harm to Macrophage" (*id.*, at 2; *see also id.*, at 7

("Macrophage technically prevailed on its breach of fiduciary duty claim")), and stressing the

Delaware court's findings that his actions were taken in accordance with his subjective belief as

to what the parties had agreed (*id.*, at 2).

On reply, Navidea contends that Goldberg's opposition ignores the fact that, in issuing its

August 24 Order, the Court reasoned that indemnification (and, hence advancement) of fees was

only possible with respect to Navidea's contract-related claims in this action because those

claims could be read to arise out of allegations that Goldberg had "abused his authority . . . by

failing to act in Navidea's interests," while serving "as an agent of Macrophage's at Navidea's

request." (Reply Memorandum of Law in Further Support of Plaintiff/Counterclaim-Defendant

Navidea Biopharmaceuticals, Inc.'s Motion For Reconsideration of the Court's Opinion and

Order Dated August 24, 2020, dated Sept. 24, 2021 ("Navidea Reconsid. Reply Mem.")

(Dkt. 229), at 3.) Essentially, Navidea argues that, based on this characterization of its claims,

indemnification would only be possible if Goldberg were able to demonstrate that he did *not*

abuse his authority in his role as agent for Macrophage, but the Delaware Decision has now

made it impossible for him to show this. Navidea again argues that the Delaware court

"adjudicated Dr. Goldberg's liability to Navidea," and contends that Goldberg's opposition brief

fatally fails to recognize this. (*See id.*, at 5.)

Additionally, for the first time on reply, Navidea addresses its initial bald assertion that, if

anything, Goldberg's "remedy is to seek indemnification in Delaware." (*Id.*, at 6.) In support of

this proposition, Navidea cites, rather cryptically, to the Bylaws (*see id.*), and then points to

statements purportedly made by Goldberg in the context of yet another suit in Delaware, in

which Goldberg is now apparently seeking a declaration that Navidea is contractually required to

provide him with access to certain insurance policies.  (*See id.*, at 6-7.)  Without providing copies

of the filing in which Goldberg's statements to the Delaware court were supposedly made,

Navidea suggests that Goldberg has now effectively conceded that the Delaware court, and not

this Court, is the proper court "to interpret, apply, enforce or determine the validity of the

[B]ylaws."  (*Id.*)  The statements attributed to Goldberg, however, only contend that the

Delaware court has subject-matter jurisdiction to consider and interpret the Bylaws, and are

silent as to whether this Court may similarly exercise such jurisdiction.  (*See id.*, at 7.)

## DISCUSSION

I.   **APPLICABLE LEGAL STANDARDS**

A.   **Rule 54(b)**

In pertinent part, Rule 45(b) of the Federal Rules of Civil Procedure provides that

> any order or other decision, however designated, that adjudicates
> fewer than all the claims or the rights and liabilities of fewer than
> all the partis does not end the action as to any of the claims or
> parties and *may be revised at any time before the entry of a
> judgment adjudicating all the claims and all the parties' rights and
> liabilities*.

Fed. R. Civ. P. 54(b) (emphasis added).  The clause indicating that interlocutory orders "may be

revised" "confirms the Court's necessary power to correct itself" on a motion for

reconsideration, *In re Rezulin Prods. Liab. Litig.*, 224 F.R.D. 346, 349-50 (S.D.N.Y. 2004)

(internal quotation marks and citation omitted), although, generally, courts will consider revising

earlier orders only when presented with "cogent or compelling reasons," *Women's Integrated

Network, Inc. v. U.S. Speciality Ins. Co.*, 495 F. App'x 129, 130 (2d Cir. 2012) (Summary

Order).  Indeed, earlier decisions may not usually be changed unless there is "an intervening

change of controlling law, the availability of new evidence, or the need to correct a clear error or

prevent a manifest injustice."  *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*,

729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956

F.2d 1245, 1255 (2d Cir. 1992)); *accord JP Morgan Chase Bank, N.A. v. Reifler*, No. 11cv4016

(DAB), 2013 WL 12177061, at *2 (S.D.N.Y. Sept. 20, 2013); *see also Geo-Grp. Commc'ns,*

*Inc. v. Shah,* No. 15cv1756 (KPF), 2020 WL 5743516, at *11 (S.D.N.Y. Sept. 25, 2020) (noting

that the standard for granting a motion for reconsideration under Rule 54(b) is "strict").

     Further, when a party moves for reconsideration of an interlocutory order based on newly

discovered evidence, that party "must demonstrate that (i) the proffered evidence was

unavailable [at the time the order was issued] despite the exercise of due diligence *and*

(ii) manifest injustice will result if a court does not reconsider its earlier decision." *Geo-Grp.*

*Commc'ns, Inc.*, 2020 WL 5743516, at *10 (emphasis added).

    **B.**    **<u>Local Civil Rule 6.3</u>**

     Local Civil Rule 6.3 of this District supplements the Federal Rules of Civil Procedure by

setting forth a time frame in which motions for reconsideration may be made, when the Federal

Rules are silent on the subject.  In this regard, the Rule states that, "[u]nless otherwise provided

by the Court or by statute or rule . . ., a notice of motion for reconsideration or reargument of a

court order determining a motion shall be served within fourteen (14) days after the entry of the

Court's determination of the original motion . . . ."  Local Civ. R. 6.3.

     A motion made outside the 14 days will not be considered untimely, however, where the

motion is based on newly discovered evidence that was not available to the movant during that

period. *JP Morgan Chase Bank*, 2013 WL 12177061, at *3.  A court has discretion to extend (or

not extend) time for a reconsideration motion under Local Civil Rule 6.3, *Beverley v. New York*

*City Health & Hosps. Corp.*, No. 18cv8486 (ER), 2020 WL 5750828, at *2 (S.D.N.Y. Sept. 25,

2020), and the granting or denial of reconsideration similarly lies within the court's discretion, *id.*, at *3.

## II.   NAVIDEA'S MOTION FOR RECONSIDERATION SHOULD BE DENIED.

### A.   The Motion Is Untimely.

As a threshold matter, although Goldberg has not challenged Navidea's motion as untimely, the Court may reject a motion for reconsideration *sua sponte*, if it has neither been made within the time frame set by Local Civil Rule 6.3, nor with reasonable diligence in the circumstances presented.  *Cf. Marrero v. City of New York*, No. 12cv6486 (CM), 2013 WL 1191032 (S.D.N.Y. Mar. 21, 2013) (denying Plaintiff's motion for reconsideration *sua sponte*); *see also Trotman v. Grand Cent. Partnership*, No. 06cv15450 (CM), 2007 WL 4457843 (S.D.N.Y. Nov. 19, 2007) (same).

Navidea acknowledges that it did not notice its motion for reconsideration within 14 days of the Court's August 24, 2020 Order.  It argues, however, that the time limit set by Local Civil Rule 6.3 should be excused in this instance, as the motion is based on newly discovered evidence that was not available within the time frame set by the Rule.  (*See* Navidea Reconsid. Mem., at 6.)  While a movant cannot be held to the 14-day time limit of Local Civil Rule 6.3 where the motion is based on evidence newly discovered after that time, *see JP Morgan Chase Bank*, 2013 WL 12177061, at *3, a movant should still act diligently *once the new evidence is discovered*.  In particular, even though the court has discretion to accept a motion that was filed more than 14 days after new evidence became available, the spirit of the Rule suggests that the movant should at least be required to demonstrate why more time than that was needed.  Here, while it is unquestionably true that Navidea could not have moved for reconsideration based on the

Delaware Decision until that decision had issued, Navidea has failed to explain why it did not act promptly thereafter.

The Delaware Decision is dated June 23, 2021, and Navidea – which is represented by the same counsel in this case as represents Macrophage in the Delaware Action – has not suggested that the decision was neither in its possession, nor reasonably available to it as of that date.  Yet Navidea did not act to seek reconsideration of the August 24 Order within two weeks of the date when it presumably had in hand, or could have had in hand, the evidence that underlies its motion.  Rather – without explanation – it seems that Navidea waited to file its reconsideration motion until August 6, 2021, more than *six weeks* after the Delaware Decision was issued.  Under these circumstances, the diligence requirement that animates Local Civil Rule 6.3 cannot be found to have been satisfied, and it would be an appropriate exercise of the Court's discretion to deny the motion on that ground alone.

In any event, Navidea has not demonstrated that reconsideration is necessary to avoid a manifestly unjust result, *Geo-Grp. Commc'ns, Inc.*, 2020 WL 5743516, at *10, as, for the reasons discussed below, the substantive arguments it advances are unpersuasive.

**B.**     **The Motion Has No Merit.**

Navidea's reasoning on its motion is flawed on a number of levels.  The first flaw is in its assertion that the Delaware Chancery Court "adjudged" Goldberg to be liable to Navidea. (Navidea Reconsid. Mem., at 11; Navidea Reconsid. Reply Mem., at 5.)  As already noted, Navidea was not a party to the Delaware Action, and thus no judgment could have been entered in its favor in that action.  The finding by the Delaware court that Goldberg "breached his duty of loyalty to Macrophage stockholders" (Delaware Decision, at 46) is not legally equivalent to an "adjudication" by that court that Goldberg is liable to Navidea on a claim that Navidea did not

even assert.  In fact, the Delaware Decision itself only states that judgment in that case would be entered for *Macrophage* on its asserted breach-of-fiduciary-duty claim.  (*See id.*, at 61.)

The second obvious flaw is that, even if the reference in the Bylaws to an "adjud[ication]. . .[of] liab[ity]" (Bylaws, Art. V § 1(b)), could be read to include a judicial finding of liability, as opposed to a formal judgment, the Delaware court's finding that Goldberg breached his duty of loyalty to Macrophage "and its stockholders" (Delaware Decision, at 46) was only made in connection with the breach-of-fiduciary-duty claim that was before it, and cannot be read to dictate the outcome of the different and legally distinct contract-related claims that are pending here.  It is Navidea's claims before *this Court*, and only those claims, that are the subject of the Court's August 24 Order regarding Goldberg's entitlement to advancement of fees.  In fact, the Court explicitly declined to make any ruling with respect to Goldberg's entitlement to advancement for the fees he was expending to defend against the claims raised in the Delaware Action.

The third flaw is that, even if Navidea were ultimately to win a favorable judicial adjudication of its remaining claims *in this case*, that would not, in and of itself, end the indemnification inquiry with respect to those claims and dictate whether any legal fees advanced in connection with those claims would need to be repaid.  Although, as noted above, the Bylaws indicate that a person adjudged liable to Navidea on a claim would generally not be entitled to indemnification of fees by Navidea on that claim, the full, relevant language of Article V, Section 1(b) makes clear that there can be exceptions to this, based on the totality of the circumstances:

> [N]o indemnification shall be made in respect of any claim, issue or matter as to which such person shall be been adjudged to be liable to the corporation *unless and only to the extent that* the Court of Chancery or the court in which such action or suit was brought

> shall determine upon application that, *despite the adjudication of liability but in view of all the circumstances of the case,* such person is fairly and reasonably entitled to indemnity for such expenses which the Court of Chancery or such other court shall deem proper.

(Bylaws, Art. V § 1(b) (emphases added).)  Thus, if it found that the circumstances warranted it, the Court would have the authority, under the Bylaws, to allow Goldberg to be indemnified for legal fees expended in defending Navidea's claims *even if* Navidea were ultimately to prevail on those claims.[2]

For all of these reasons, Navidea's motion for reconsideration should be denied.  This Court notes, though, that its recommendation for denial of the motion is not meant to minimize the seriousness of the finding of the Delaware court with respect to Goldberg's conduct.  There is no basis for Goldberg's assertion that the violations of law that were found by the court were merely "technical" (Goldberg Reconsid. Opp. Mem., at 2, 7); rather, the Delaware court spelled out, in detail, that Goldberg engaged in self-dealing in a manner that was secretive, and that reflected neither a fair process nor a fair price for the transfer, to his own company, of substantially all of Macrophage's assets.

Further, no part of this Court's analysis is intended to suggest that potentially relevant findings of the Delaware court can have no impact in this case.  While, given the lack of identity of parties and claims, the decision of that court is not entitled to *res judicata* effect here, *see*

---

[2] The Court need not consider Navidea's argument that any further request by Goldberg for indemnification of his fees must be made to the Delaware Chancery Court, and not here, as that argument was briefed by Navidea, for the first time, in its reply memorandum. *Zirogiannis v. Seterus, Inc.*, 221 F. Supp. 3d 292, 298 (E.D.N.Y. 2016) ("It is well-established that arguments may not be made for the first time in a reply brief." (citation omitted)), *aff'd,* 707 F. App'x 724 (2d Cir. 2017).  Nonetheless, this Court notes that the section of the Bylaws quoted above expressly provides that the determination of an entitlement to indemnification may be made either in the Court of Chancery "or the court in which [the] action or suit was brought." (Bylaws, Art. V § 1(b).)

*Cho v. Seventh Avenue Fine Foods Corp.*, No. 11cv3436 (KPF), 2016 WL 1717214, at *3-4

(S.D.N.Y. Apr. 28, 2016), Goldberg may be subject to issue preclusion based on the Delaware

court's findings.  In this regard, this Court notes that, among the actions by Goldberg

that Navidea appears to contend constituted a breach of the Agreement's covenant of good faith

and fair dealing (one of Navidea's claims in this case) was at least one action separately

challenged by Macrophage in the Delaware Action.  (*See* Am. Compl. ¶ 110 ("As the result of

Goldberg's actions, including the transferring of Macrophage's assets to the MT Subsidiary,

Navidea has been deprived of the benefit of the bargain it struck with Goldberg and

Macrophage."); *see also id*. ¶¶ 15, 66 (referencing the conduct alleged in the Delaware Action).)

If Navidea believes that any factual or legal issues were resolved by the Delaware court against

Goldberg's interest, in a way that could affect the resolution of Navidea's remaining claims in

this Court (which could ultimately affect Goldberg's entitlement to indemnification), then

Navidea's remedy is to argue for collateral estoppel.  *See Schwartz v. HSBC Bank USA, N.A.*,

160 F. Supp. 3d 666, 674 (S.D.N.Y. Feb. 9, 2016) ("Collateral estoppel . . . forecloses successive

litigation of an issue of fact or law actually litigated and resolved in a valid court determination

essential to the prior judgment, even if the issue recurs in the context of a different claim."

(citation omitted)).

In other words, in the context of a summary judgment motion or a motion *in limine*,

Navidea could seek to demonstrate that Goldberg had a full and fair opportunity to litigate the

issues in question, and that the Delaware court's resolution of those issues should be considered

binding.  In that context, the Court could determine precisely what factual or legal issues were

actually resolved against Goldberg in the Delaware Action, whether those issues are material to

Navidea's claims or Goldberg's defenses here, and whether issue preclusion should result in a

judgment in Navidea's favor on any of its extant claims.  If so, then the parties could proceed, at

that juncture, to argue whether Goldberg should still be entitled to complete or partial

indemnification of his fees, "in view of all the circumstances of the case."   (Bylaws, Art. V

§ 1(b); *see also supra*, at n.2.)

At this point, however, where Navidea has not won an adjudication as to liability on any

of its claims against Goldberg in this action, the Court's August 24 Order should not be

disturbed.

## CONCLUSION

For all of the foregoing reasons, I respectfully recommend that Navidea's motion for

reconsideration (Dkt. 218) be denied.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil

Procedure, the parties shall have fourteen (14) days from service of this Report to file written

objections.  *See also* Fed. R. Civ. P. 6 (allowing three (3) additional days for service by mail).

Such objections, and any responses to objections, shall be filed with the Clerk of Court, with

courtesy copies delivered to the chambers of the Honorable Valerie Caproni, U.S.D.J., United

States Courthouse, 40 Foley Square, Room 240, New York, New York, 10007.  Any requests for

an extension of time for filing objections must be directed to Judge Caproni.  FAILURE TO

FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF

OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.  *See Thomas v. Arn*, 474 U.S.

140, 155 (1985); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993);

*Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58

(2d Cir. 1988); *McCarthy v. Manson*, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated:  New York, New York
       October 14, 2021

                                   Respectfully submitted,

                                   DEBRA FREEMAN
                                   United States Magistrate Judge

Copies to:

All counsel (via ECF)