Gregory Zimmer, Esq.
360 Lexington Avenue, Suite 1502
New York, NY 10017
Tel:  (914) 402-5683
GZimmer@GZimmerLegal.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re Navidea Biopharmaceuticals Litigation | Case No.: 1:19-cv-01578-VEC |

**OBJECTIONS OF DR. MICHAEL M. GOLDBERG TO REPORT AND
RECOMMENDATION OF HON. DEBRA C. FREEMAN REGARDING
ADVANCEMENT OF ATTORNEYS' FEES
DATED OCTOBER 14, 2021**

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...........................................................................................................ii

ARGUMENT ................................................................................................................................. 1

I      THE COURT SHOULD REJECT AND STRIKE CERTAIN PORTIONS OF THE R&R
       AS DICTA AND/OR INAPPROPRIATE ADVISORY OPINIONS ................................ 2

II     NAVIDEA SHOULD BE ORDERED TO BEGIN PAYMENTS TO DR. GOLDBERG
       AND TO OTHERWISE COMPLY WITH THE GOING-FORWARD
       ADVANCEMENT PROTOCOL........................................................................................ 5

III    DR. GOLDBERG SHOULD BE AWARDED HIS ATTORNEYS' FEES AND COSTS
       IN OPPOSING THE MOTION AND SUBMITTING THESE OBJECTIONS ............... 6

CONCLUSION............................................................................................................................... 6

## **TABLE OF AUTHORITIES**

**Page**

### **Cases**

*Bango v. Pierce Cty.,*
  *CASE NO. C17-6002 RBL, 2018 U.S. Dist. LEXIS 76826;*
  *2018 WL 2095854 (W.D. Wash. May 7, 2018)* ......................................................... 3

*FinancialApps, LLC v. Envestnet, Inc.,*
  *Civil Action No. 19-1337-CFC/CJB, 2020 U.S. Dist. LEXIS 153563 \*9-10 and n. 3;*
  *2020 WL 5015447 (D. Del. (Aug. 25, 2020)* ............................................................ 3

*Payne v. Colvin,*
  *Civil No. 15-cv-274-JD, 2016 U.S. Dist. LEXIS 77847 \*4;*
  *2016 WL 3351004 (D.N.H. June 15, 2016)* ............................................................. 2

*Remy Inc. v. Tecnomatic, S.P.A.,*
  *1:11-cv-00991-SEB-MJD, 2013 U.S. Dist. LEXIS 43205 \*;*
  *2013 WL 1311095 (S.D. Ind. March 26, 2013)* ....................................................... 1

*Spearman v. Epps,*
  *NO. 4:14-CV-173-DMB-RP, 2018 U.S. Dist. LEXIS 48992 \*5-6;*
  *2018 WL 1470258 (N. D. Miss. March 26, 2018)* .................................................... 3

*Tureau v. 2H, Inc.,*
  *CIV. ACT. NO. 13-2969, 2016 U.S. Dist. LEXIS 44995 \* (W.D. La. April 1, 2016)* ............... 3

Defendant/Counterclaim Plaintiff/Third-Party Plaintiff Dr. Michael M. Goldberg M.D. ("Dr. Goldberg") respectfully submits the below objections to the Report and Recommendation of Hon. Debra Freeman dated October 14, 2021 [Dkt. No. 231] (the "R&R") regarding the motion to reconsider (the "Motion") filed by Plaintiff/Counterclaim Defendant Navidea Biopharmaceuticals, Inc. ("Navidea") with respect to the Court's Order dated August 24, 2020 (the "Order") [Dkt. No. 134] directing Navidea to advance Dr. Goldberg's attorneys' fees and costs of defending Navidea's existing claims against him.  While the R&R correctly recommends that the Motion be denied in its entirety, and Dr. Goldberg concurs with the analysis employed in the R&R to support that recommendation, Dr. Goldberg objects to certain portions of the R&R which do not relate to the arguments made in favor of or opposition to the Motion or to the R&R's recommendation that the Motion be denied, and therefore are dicta.[1]  Specifically, Dr. Goldberg objects to certain portions of the R&R which contain incomplete and misleading characterizations of the evidence and the court's post-trial decision in a separate action in Delaware Chancery Court (the "Delaware Action"), paint Dr. Goldberg in a negative light, and provide Navidea with suggestions amounting to advisory opinions on how to proceed in future stages of this action.  Dr. Goldberg respectfully requests that the Court not adopt, and strike from its opinion on the Motion, the improper dicta contained in the R&R.

## ARGUMENT

As the R&R recognized, the Motion should be denied "[f]or . . . rather straightforward reasons."  (R&R at 1.)[2]  Navidea then selectively and misleadingly quotes only a portion of its

---

[1]    *See, e.g.*, BLACK'S LAW DICTIONARY (11th ed. 2019) (defining obiter dictum as "[a] judicial comment made while delivering a judicial opinion, but one that is unnecessary to the decision in the case and therefore not precedential").

[2]    The R&R initially found that Navidea's Motion was untimely and should be denied for that separate reason.  (*See* R&R at 12-13.)  If the Court agrees that the Motion was untimely then it should adopt only that portion of the R&R and strike the balance of the R&R in its entirety.  *See, e.g.*, *Remy Inc. v. Tecnomatic, S.P.A.*, 1:11-cv-00991-SEB-MJD, 2013 U.S. Dist. LEXIS 43205 *; 2013 WL 1311095 (S.D. Ind. March 26, 2013) ("The

1

Bylaws, which provide in part that its advancement obligation would cease if Dr. Goldberg were

"adjudged to be liable to" on its claims against him in this action.  Navidea's quotation ignored

subsequent language providing that Dr. Goldberg might still be entitled to indemnification under

certain circumstances even if he were adjudged to be liable to Navidea.  (*See* R&R at 14-15.)

Navidea and claimed that rulings in the Delaware Action had determined that Dr. Goldberg was

so liable to Navidea and not entitled to indemnification.  (*See* R&R at 7-8.)  As the R&R

succinctly shows in approximately one and one-half pages of its eighteen pages, Navidea's

argument is based on three false premises.  First, the Delaware Action *did not* rule that Dr.

Goldberg was liable to Navidea – Navidea was not even a party to the Delaware Action.  Second,

the Delaware Action *did not* rule on the claims for which the Court ordered advancement to Dr.

Goldberg – the claims asserted by Navidea against Dr. Goldberg in this action are entirely

distinct from the claims asserted by Macrophage in the Delaware Action.  Third, under the terms

of Navidea's Bylaws – the source of Navidea's advancement obligation – even if Dr. Goldberg

were found liable to Navidea, such a finding would not preclude indemnification, which is

available under certain circumstances even where an officer or director is held liable to Navidea.

(*See* R&R at 13-15.)  In other words, it is not what the Delaware Action ruled, but what it *did not*

rule, that requires denial of the Motion.

## I.     THE COURT SHOULD REJECT AND STRIKE CERTAIN PORTIONS OF THE R&R AS DICTA AND/OR INAPPROPRIATE ADVISORY OPINIONS

Because the R&R's recommendation to deny the Motion is based on what the Delaware

Action *did not* rule, its discussion of what the Delaware Action *did* rule is, at most, dicta.

---

Magistrate Judge could have denied Tecnomatic's Motion for Sanctions solely on the basis that Tecnomatic failed to comply with meet and confer requirements of L.R. 37-1. For purposes of the instant objection, we will treat the remainder of the Magistrate Judge's Report and Recommendation as dicta.  Because we adopt the Magistrate Judge's Report and Recommendation with respect to the denial of Tecnomatic's Motion for failure to comply with the meet and confer requirements of Fed. R. Civ. P. 37 and L.R. 37-1 and the certification requirement of L.R. 37-1, we need not adopt the remainder of the Magistrate Judge's Report and Recommendation.")

District Courts routinely decline to adopt, and strike dicta and advisory opinions from reports and recommendations presented to them by magistrate judges. *See*, *e.g.*, *Payne v. Colvin*, Civil No. 15-cv-274-JD, 2016 U.S. Dist. LEXIS 77847 *4; 2016 WL 3351004 (D.N.H. June 15, 2016) ("As written, however, the section appears to provide only observations about that evidence that are extraneous to the actual decision. Observations about the evidence that are not related to the merits of the decision are at most dicta.  Therefore, to avoid confusion, the court will not adopt the magistrate judge's observations about the ALJ's evaluation of Dr. Ganem's opinion, and that part of the report and recommendation is struck."); *Tureau v. 2H, Inc.*, CIV. ACT. NO. 13-2969, 2016 U.S. Dist. LEXIS 44995 * (W.D. La. April 1, 2016) ("we note that we agree with the one objection filed by Hess Corp. (Doc. 134), but do not find that the dicta contained in the Report and Recommendation regarding prospective remediation is binding on any future proceeding , , , ). Out of an abundance of caution, however, the court will adopt the Report and Recommendation with the exception of this particular statement which, again, we find to be dicta"); *FinancialApps, LLC v. Envestnet, Inc.*, Civil Action No. 19-1337-CFC/CJB, 2020 U.S. Dist. LEXIS 153563 *9-10 and n. 3; 2020 WL 5015447 (D. Del. (Aug. 25, 2020) (adopting recommended disposition of motion but rejecting and refusing to adopt portions of R&R comprising dicta and advisory opinions); *Bango v. Pierce Cty.*, CASE NO. C17-6002 RBL, 2018 U.S. Dist. LEXIS 76826; 2018 WL 2095854 (W.D. Wash. May 7, 2018) (same); *Spearman v. Epps*, NO. 4:14-CV-173-DMB-RP, 2018 U.S. Dist. LEXIS 48992 *5-6; 2018 WL 1470258 (N. D. Miss. March 26, 2018) (same).

Here, in addition to the fact that the R&R's discussion of the Delaware Action rulings are dicta, they are also prejudicial to Dr. Goldberg.  For example, the R&R opines on the Magistrate's impression of the seriousness of Dr. Goldberg's conduct which the Delaware

3

Action ruled breached his duty of loyalty – matter wholly irrelevant to the R&R's recommended disposition of the Motion.  (*See* R&R at 15.)[3]  This portion of the R&R is especially prejudicial to Dr. Goldberg because it does not include the facts that the Delaware Action ruled that his conduct was intended merely to implement the August 14th Agreement between the parties (*see* Delaware Post-Trial Memo, Exhibit 1 to the Declaration of Barry N. Kazan in support of the Motion [Dkt. No. 220] at 56), Dr. Goldberg promptly informed Navidea of the transaction and called a meeting to discuss it and seek to implement the August 14th Agreement (*Id.* at 19-20) and the transaction caused no injury to Macrophage or Navidea (*Id.* at 48-53).  The R&R also ignores that the very intellectual property was stripped from Macrophage by Navidea for Navidea's own use before this action (or the Delaware Action) were commenced.  (*Id.* at 45.) Similarly, the R&R virtually ignores that another claim asserted by Navidea in the Amended Complaint – that Dr. Goldberg converted and possesses intellectual property necessary for Macrophage's success – was false.  (*Id.*)  In fact, the Delaware Action dismissed Macrophage's conversion claims.  (*Id.* at 60-61.)  Likewise, the R&R ignores that Navidea funded the Delaware Action in an amount of nearly *one million dollars* even though the challenged transaction was immediately reversed, *no* evidence of harm or damage to Macrophage was presented and the Delaware Action ruled that Macrophage suffered no harm as a result of Dr. Goldberg's actions. (*Id.* at 54-57.)

The R&R also inexplicably lays out a (flawed and misguided) roadmap purportedly explaining to Navidea how it could use the rulings in the Delaware Action against Dr. Goldberg

---

[3]      For the Court's convenience, these portions of the R&R are highlighted as Sections "A" and "B" on the marked version of the R&R annexed as Exhibit A to the Declaration of Gregory Zimmer, Esq., dated October 28, 2021 (hereinafter, the "Zimmer Decl.").

in future summary judgment or *in limine* motions in this action.  (*See* R&R at 15-17.)[4]  This

action is not yet at the summary judgment or motion *in limine* stages and neither form of motion

was before the Magistrate for consideration.  The Motion did not raise the issues addressed in

this portion of the R&R.  Moreover, it is respectfully submitted that it is inappropriate for a court

to coach one party (in this case Navidea) with respect to the strategy or substance of future

motions to the Court, as the R&R does with regard to a potential future summary judgment

and/or *in limine* motions by Navidea.  Should the Court adopt this portion of the R&R it would

be tantamount to providing Navidea with an advisory opinion about how to pursue its case

before the Court in future procedural contexts.  For this reason, too, the Court should not adopt,

and should strike this portion of the R&R.

## II.   NAVIDEA SHOULD BE ORDERED TO BEGIN PAYMENTS TO DR. GOLDBERG AND TO OTHERWISE COMPLY WITH THE GOING-FORWARD ADVANCEMENT PROTOCOL

The Order directed Navidea to comply with a going-forward advancement protocol for

payment of advancement requests by Dr. Goldberg beginning on August 24, 2020, *more than 14*

*months ago*.  Since that time, Navidea has refused to comply with the Order through a course of

conduct without any merit designed solely to avoid its advancement obligations, culminating

with the Motion, which the R&R correctly recognizes is entirely without merit.  The going-

forward advancement protocol adopted by the Court in the Order provided for submission of

monthly advancement requests with billing records and other backup for the requests by the fifth

day of each month, requires counsel for Navidea and Dr. Goldberg to meet and confer regarding

each request and requires that by the fifteenth of each month Navidea pay to Dr. Goldberg all

undisputed amounts and escrow an additional amount, if any, representing the difference

---

[4]     For the Court's convenience, these portions of the R&R are highlighted as section "C" on Zimmer
Decl. Ex. A.

between the undisputed amounts paid and one-half of the requested amount.  It also provides for quarterly applications to the Court by Dr. Goldberg regarding any disputed amounts.  (*See* Order at 12-13.)  Since the Order was issued, Dr. Goldberg presented Navidea with advancement requests beginning with September 2020 through March 2021.[5]  If the Court denies the Motion, it should order Navidea to comply with the protocol with respect to pending advancement requests within seven (7) days.  Dr. Goldberg will submit advancement requests for April through October 2021 to Navidea forthwith.  Going forward, Navidea should be ordered to fully comply with the protocol unless and until there is an ultimate ruling that Dr. Goldberg is not entitled to indemnification for Navidea's claims against him in this action.

## III.    DR. GOLDBERG SHOULD BE AWARDED HIS ATTORNEYS' FEES AND COSTS IN OPPOSING THE MOTION AND SUBMITTING THESE OBJECTIONS

As the R&R recognizes (under the heading "The Motion Has No Merit"), the three factual premises upon with Navidea's Motion is based are all false.  (*See* R&R at 13-15.)  The R&R recognizes that these facts are "relatively straightforward" (*see* R&R at 1) and there can be no doubt that Navidea knew this when it filed its Motion but did so solely as the latest installment in its ongoing campaign to delay and avoid its advancement obligations.  Because the Motion was frivolous, if the Court adopts the R&R's recommendation that it be denied, Dr.

---

[5]    The requests were initially submitted using formulae to allocate work between work performed in connection with Navidea's claims against Dr. Goldberg (which work is subject to advancement per the Order) and work performed in connection with the Delaware Action, Dr. Goldberg's counterclaims and third-party claims in this action and other items (which work is not subject to advancement under the Order).  Pursuant to the Court's Opinion and Order dated May 27, 2021, in which the Court ruled that Dr. Goldberg's use of those formulae was improper in connection with his initial fee application and directed Dr. Goldberg to utilize task-specific and objective measures, Dr. Goldberg resubmitted his advancement requests to Navidea utilizing new allocation methodologies intended to comply with the May 27 Order and they have been in Navidea's possession since July 2021.  At the Court conference on July 6, 2021, Dr. Goldberg's counsel understood the Court to indicate that additional advancement requests pursuant to the protocol should not be submitted until Navidea's Motion was resolved.  (*See* Zimmer Decl. ¶ 3.)

Goldberg should be awarded his attorneys' fees in opposing the Motion and submitting these objections to the R&R necessitated by the Motion.

## <u>CONCLUSION</u>

For the foregoing reasons, the Court should reject and/or strike the highlighted material from the R&R to the extent requested herein, should award Dr. Goldberg his attorneys' fees and costs incurred in opposing the Motion and submitting these objections and should grant Dr. Goldberg such other and further relief as the Court deems just and proper.

Dated: Westchester, New York
      October 28, 2021

Respectfully submitted,

/s/ Gregory Zimmer
Gregory Zimmer, Esq.
360 Lexington Avenue, Suite 1502
New York, NY 10017
Phone: 914.402.5683
Fax: 914.402.5683
Email: GZimmer@GZimmerLegal.com