UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE: NAVIDEA BIOPHARMACEUTICALS LITIGATION

Case No.: 1:19-cv-01578-VEC

ECF Case

**PLAINTIFF/COUNTERCLAIM-DEFENDANT NAVIDEA BIOPHARMACEUTICALS, INC.'S OBJECTIONS TO THE OCTOBER 15, 2021 REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE FREEMAN**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..... 1

PROCEDURAL HISTORY ..... 2

ARGUMENT ..... 4

I. STANDARD OF REVIEW OF REPORT AND RECOMMENDATION ..... 4

II. THE DISTRICT COURT SHOULD REJECT THE MAGISTRATE JUDGE'S CLEARLY ERRONEOUS RECOMMENDATION THAT NAVIDEA'S MOTION FOR RECONSIDERATION SHOULD BE DENIED ..... 5

A. The Motion for Reconsideration Was Timely ..... 5

B. The Motion for Reconsideration Should Be Granted ..... 7

1. The Delaware Decision Adjudged Dr. Goldberg Liable to Navidea ..... 8

2. The Delaware Decision Encompasses Claims, Issues, and Matters That Form the Basis For Indemnification ..... 9

3. The Burden Should Shift To Dr. Goldberg To Seek Indemnification ..... 11

CONCLUSION ..... 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*DeLuca v. Lord*,
858 F. Supp. 1330 (S.D.N.Y. 1994), *aff'd*, 77 F.3d 578 (2d Cir. 1996) ....................................4

*Hynes v. Squillace*,
143 F.3d 653 (2d Cir. 1998)....................................................................................................5

*JP Morgan Chase Bank, N.A. v. Reifler*,
No. 11 Civ. 4016 (DAB), 2013 U.S. Dist. LEXIS 201756
(S.D.N.Y. Sept. 20, 2013).......................................................................................................6

*Lee v. Law Offices of Kim & Bae, P.C.*,
No. 11-cv-1266 (JFB) (ETB), 2012 U.S. Dist. LEXIS 34496
(E.D.N.Y. Mar. 14, 2012), *aff'd*, 530 F. App'x 9 (2d Cir. 2013) ............................................4

*Portillo v. Webb*,
No. 16-CV-4731 (VEC)(GWG), 2018 U.S. Dist. LEXIS 200563
(S.D.N.Y. Nov. 27, 2018) .......................................................................................................5

*In re Rezulin Prod. Liab. Litig.*,
224 F.R.D. 346 (S.D.N.Y. 2004) ............................................................................................6

*Santana v. United States*,
476 F. Supp. 2d 300 (S.D.N.Y. 2007).....................................................................................4

*Sys. Mgmt. Arts Inc. v. Avesta Techs., Inc.*,
160 F. Supp. 2d 580 (S.D.N.Y. 2001).....................................................................................6

*Tri–Star Pictures, Inc. v. Leisure Time Prods., B.V.*,
No. 88 Civ. 9127 (DNE), 1992 U.S. Dist. LEXIS 15232
(S.D.N.Y. Oct. 6, 1992) ......................................................................................................6, 8

*Walker v. Hood*,
679 F. Supp. 372 (S.D.N.Y. 1988) .........................................................................................4

**Statutes**

28 U.S.C. § 636(b)(1) ...........................................................................................................5

**Other Authorities**

Fed. R. Civ. P. 54(b) ....................................................................................................6, 7

Fed. R. Civ. P. 72(b) ....................................................................................................5

Local Civ. R. 6.3 ....................................................................................................5, 6, 7

## PRELIMINARY STATEMENT

On October 15, 2021, plaintiff Navidea Biopharmaceuticals, Inc. ("Navidea") was served with the Report & Recommendation of Magistrate Judge Freeman (the "10/15/21 R&R") in connection with its Motion for Reconsideration of the District Court's Opinion & Order, dated August 24, 2020, compelling Navidea to advance fees to defendant Dr. Michael M. Goldberg ("Dr. Goldberg") incurred in defense of the instant action. In the 10/15/21 R&R, Magistrate Judge Freeman recommends that the Court deny the Reconsideration Motion (as defined below), finding it untimely in the first instance and without merit in the second instance.

Navidea respectfully objects to these findings on four grounds. First, the Magistrate Judge's finding that the Reconsideration Motion was untimely (a) overlooked the procedural history of how the Reconsideration Motion was brought, and (b) reads into the local rules a new and unwritten requirement that a motion for reconsideration be brought within 14 days of the discovery of new evidence and/or changed circumstances. Second, the Magistrate Judge applied a narrow definition to "adjudged" as contained in Navidea's Bylaws. Third, the 10/15/21 R&R fails to address the core issue that the basis of the advancement requirement was tied to Navidea's allegations regarding Dr. Goldberg's activities at Macrophage Therapeutics, Inc. ("Macrophage") – which have now been adjudicated against him. Fourth, the 10/15/21 R&R switches the burdens under Navidea's Bylaws which provide that it is Dr. Goldberg who must submit an application establishing a right to indemnification in light of the Delaware Decision (as defined below). In essence, the 10/15/21 R&R states that Navidea – not Dr. Goldberg – must make an application in direct contravention of who bears the burden to move under Navidea's Bylaws. Due to these errors, demonstrated more fully herein, the Court should reject the 10/15/21 R&R and rule in favor of Navidea.

## PROCEDURAL HISTORY

On January 27, 2020, Dr. Goldberg filed his Motion for Indemnification and Advancement of Attorneys' Fees (the "Advancement Motion") moving for indemnification and advancement of his attorneys' fees with respect to all of Navidea's claims. [ECF No. 64]. On July 9, 2020, following numerous briefings and conferences, Magistrate Judge Freeman issued a Report and Recommendation (the "7/9/20 R&R") recommending, in pertinent part, that the Court "issue a finding that Goldberg is entitled to advancement of the attorneys' fees and costs that he has reasonably expended to defend against the other three claims that have been asserted by Navidea in this case…" (7/9/20 R&R at 44 [ECF No. 119]).

On August 24, 2020, the Court adopted the 7/9/20 R&R ("8/24/20 Order") holding, in part, that "[t]he Court agrees that Goldberg is entitled to advancement of attorneys' fees and costs incurred to date in defending against Navidea's remaining claims, provided that Goldberg tenders the necessary undertaking to repay the advancement if it is ultimately determined that he is not entitled to indemnification under the Navidea bylaws." (8/24/20 Order at 8 [ECF No. 134]). In addition, the Court explicitly stated that the "advancement provision [of Navidea's Bylaws] does, however, require that any advancement must be repaid if it is later determined that Goldberg is not entitled to indemnification…" (*Id.* at 9).

On June 23, 2021, the Delaware Chancery Court, presiding over the case of *Macrophage Therapeutics, Inc. v. Michael M. Goldberg*, C.A. No. 2019-0137-JRS (the "Delaware Action"), found, *inter alia*, that (a) "Macrophage has proven by a preponderance of the evidence that *Dr. Goldberg breached his fiduciary duty of loyalty by entering into the Challenged Transactions*," and (b) "Macrophage is left with a declaration that Dr. Goldberg breached his fiduciary duty of loyalty through the Challenged Transactions." (*See* Delaware Action Post-Trial Memorandum Opinion (the "Delaware Decision") at 5, 61 [ECF No. 220-1]).

On July 6, 2021, the parties to this action appeared in person for a pretrial conference with the Court. (*See* Minute Entry for Proceedings on 7/6/21). At that conference, counsel for Navidea informed the Court of the Delaware Decision and argued that it impacted the Court's 8/24/20 Order. (*See* Declaration of Barry M. Kazan ("Kazan Decl.") dated October 29, 2021, ¶¶ 2-4). As a result, counsel for Navidea sought the Court's guidance regarding the timing and manner to present arguments for how the Delaware Decision obviated Dr. Goldberg's right to advancement. (*Id.*) Consequently, the Court issued an Order on July 6, 2021 ("7/6/21 Order"), providing a schedule for Navidea's proposed motion. [ECF No. 211]. Specifically, the Order states:

> Navidea's motion regarding its advancement and indemnification obligations in light of the Delaware decision regarding Dr. Goldberg's breach of fiduciary duties is due **August 6, 2021**. Dr. Goldberg's opposition is due **September 3, 2021**. Navidea's reply is due **September 24, 2021**.

(*See* 7/6/21 Order, ¶ 3 (emphases in original) [ECF No. 211]).

On August 6, 2021, Navidea filed its Motion for Reconsideration (the "Reconsideration Motion") arguing, *inter alia*, that (a) the Delaware Decision adjudged Dr. Goldberg to be liable to Navidea and its stockholders, thereby cutting off his right to indemnification, and (b) the undertaking, filed by Dr. Goldberg on November 13, 2020 [ECF No. 164], and this Court's prior orders require Dr. Goldberg to repay the amount advanced by Navidea. [ECF No. 218].

On September 3, 2021, Dr. Goldberg filed his Memorandum of Law in Opposition to the Reconsideration Motion arguing, *inter alia*, that the adjudication in the Delaware Action has no impact on his claim for advancement in this action because Navidea was not a party to the Delaware Action and the breach of contract claims subject to advancement in this action have not yet been adjudicated. [ECF No. 225].

On September 24, 2021, Navidea filed its reply brief in further support of the Reconsideration Motion, arguing that: (i) Navidea's advancement obligation was triggered by Dr.

Goldberg's role and conduct at Macrophage; (ii) the Navidea Bylaws preclude indemnification based on the finding of liability in the Delaware Action; and (iii) Dr. Goldberg's remedy is to seek indemnification in Delaware. [ECF No. 229]. In support of this last point, Navidea cited statements made by Dr. Goldberg in a recently filed action titled *Michael M. Goldberg v. Navidea Biopharmaceuticals, Inc.*, C.A. No. 2021-0779 filed in the Delaware Chancery Court.[1] (*Id.* at 6-7).

In response, the 10/15/21 R&R issued by Magistrate Judge Freeman recommended that Navidea's Reconsideration Motion be denied because, the Reconsideration Motion: (A) was untimely (10/15/21 R&R at 12-13); and (B) has no merit (*id.* at 13-17).

## ARGUMENT

### I. STANDARD OF REVIEW OF REPORT AND RECOMMENDATION

"[A district] judge may then accept, reject, or modify, in whole or in part, the magistrate judge's proposed findings and recommendations." *DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994), *aff'd*, 77 F.3d 578 (2d Cir. 1996); *Walker v. Hood*, 679 F. Supp. 372, 374 (S.D.N.Y. 1988)). "As to those portions of a report to which no 'specific written objection' is made, the Court may accept the findings contained therein, as long as the factual and legal bases supporting the findings are not clearly erroneous." *Lee v. Law Offices of Kim & Bae, P.C.*, No. 11-cv-1266 (JFB) (ETB), 2012 U.S. Dist. LEXIS 34496, at *3 (E.D.N.Y. Mar. 14, 2012), *aff'd*, 530 F. App'x 9 (2d Cir. 2013); *Santana v. United States*, 476 F. Supp. 2d 300, 302 (S.D.N.Y. 2007)). Furthermore, the Magistrate Judge stated in her 10/15/21 R&R that the objections filed in

[1] The R&R states that "Navidea … points to statements purportedly made by Goldberg in the context of yet another suit in Delaware, in which Goldberg is now apparently seeking a declaration that Navidea is contractually required to provide him with access to certain insurance policies" but does not "provid[e] copies of the filing in which Goldberg's statement to the Delaware court were supposedly made…" (10/15/21 R&R at 9-10). However, Navidea has, in fact, provided a copy of the Dr. Goldberg's latest filing which was included as Exhibit 2 to the Supplemental Declaration of Barry M. Kazan in Support of Plaintiff/Counterclaim Defendant Navidea Biopharmaceuticals, Inc.'s Motion for Reconsideration of the Court's Opinion and Order dated August 24, 2020. [ECF No. 230-1].

response to the 10/15/21 R&R would be governed pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), which provides for this Court's *de novo* review. (10/15/21 R&R at 17).

"As part of its de novo review, the district court has discretion to supplement the record and consider facts that were not before the magistrate judge." *Portillo v. Webb*, No. 16-CV-4731 (VEC)(GWG), 2018 U.S. Dist. LEXIS 200563, at *6 (S.D.N.Y. Nov. 27, 2018) (citing Fed. R. Civ. P. 72(b)(3)); *Hynes v. Squillace*, 143 F.3d 653, 656 (2d Cir. 1998) ("[T]he district court had discretion to consider evidence that had not been submitted to the Magistrate Judge."). Further, 28 U.S.C. § 636(b)(1) explicitly permits the district court to receive additional evidence as part of its review. *See* 28 U.S.C. § 636(b)(1) ("The [district] judge may also receive further evidence…").

## II. THE DISTRICT COURT SHOULD REJECT THE MAGISTRATE JUDGE'S CLEARLY ERRONEOUS RECOMMENDATION THAT NAVIDEA'S MOTION FOR RECONSIDERATION SHOULD BE DENIED

### A. The Motion for Reconsideration Was Timely

The Court should reject the Magistrate Judge's clearly erroneous conclusion that the Reconsideration Motion is untimely. (10/15/21 R&R at 12-13). Specifically, the Magistrate Judge states, *inter alia*, that the "diligence requirement that animates Local Rule 6.3 cannot be found to have been satisfied, and it would be an appropriate exercise of the Court's discretion to deny the motion on that ground alone." (*Id.* at 13). The Magistrate Judge further compounded the error when she read into Local Rule 6.3 a requirement that a party move for reconsideration based on newly discovered evidence within 14 days of learning of the new evidence – a reading that finds no support in the text of the rule or in case law. As a result, the 10/15/21 R&R found the motion untimely because "Navidea did not act to seek reconsideration of the August 24 Order within two weeks of the date when it presumably had in hand, or could have had in hand, the evidence that underlies its motion." (*Id.*) This conclusion is both factually and legally incorrect.

Rule 54(b) does not provide any time limit under which a motion for reconsideration can be made. (*See* Fed. R. Civ. P. 54(b)). The court has authority under Rule 54(b) to reconsider an interlocutory order '"at any time before the entry of final judgment.'" *JP Morgan Chase Bank, N.A. v. Reifler*, No. 11 Civ. 4016 (DAB), 2013 U.S. Dist. LEXIS 201756, at *6 (S.D.N.Y. Sept. 20, 2013) (quoting Fed. R. Civ. P. 54(b)). Importantly, Local Rule 6.3 provides: "Unless otherwise provided by the Court or by statute or rule (such as Fed. R. Civ. P. 50, 52, and 59), a notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion, or in the case of a court order resulting in a judgment, within fourteen (14) days after the entry of the judgment." L. Civ. R. 6.3. Notably, the 14-day time frame contained in the local rule only applies to the original order and/or entry of a judgment – it is silent on when a motion for reconsideration based on new evidence must be brought.

'"[A] Rule 54(b) motion is not untimely under Local Rule 6.3 if the evidence upon which the motion is based on newly-discovered'" – which is precisely what happened here. *JP Morgan Chase Bank*, 2013 U.S. Dist. LEXIS 201756, at *6 (quoting *Sys. Mgmt. Arts Inc. v. Avesta Techs., Inc.*, 160 F. Supp. 2d 580, 584 (S.D.N.Y. 2001)). If the moving party seeks reconsideration based on newly discovered evidence, the moving party must show '"that the newly discovered evidence was neither in [its] possession nor available upon the exercise or reasonable diligence at the time the interlocutory decision was rendered'" and manifest injustice will result if the court fails to reconsider the decision. *In re Rezulin Prod. Liab. Litig.*, 224 F.R.D. 346, 350 (S.D.N.Y. 2004) (quoting *Tri–Star Pictures, Inc. v. Leisure Time Prods., B.V.*, No. 88 Civ. 9127 (DNE), 1992 U.S. Dist. LEXIS 15232, at *8-9 (S.D.N.Y. Oct. 6, 1992)).

In addition, the Magistrate Judge incorrectly implied that Navidea slept on its rights when she stated that "while it is unquestionably true that Navidea could not have moved for

reconsideration based on the Delaware Decision until that decision had issued, Navidea has failed to explain why it did not act promptly thereafter." (10/15/21 R&R at 12-13). However, Navidea did act promptly. As stated above, on July 6, 2021 – 13 days after the Delaware Decision – Navidea appeared before the District Court and specifically sought the Court's guidance as to how the Court would like the instant motion presented. (*See* Kazan Decl. ¶¶ 2-4). As a result of Navidea's request, the Court entered the 7/6/21 Order, setting forth a briefing schedule for the Reconsideration Motion. [ECF No. 211]. Navidea acted diligently and promptly in informing the Court, on July 6, 2021, of the newly discovered evidence (*i.e.*, the Delaware Decision) and sought the Court's guidance as to how the newly discovered evidence should be presented. (*See* Kazan Decl. ¶¶ 2-4). Therefore, the Reconsideration Motion cannot be considered untimely even under the Magistrate Judge's analysis as Navidea took action within 14 days of when it had in hand the Delaware Decision.

Based on the foregoing, the Magistrate Judge's assertions that Navidea "without explanation … waited to file its reconsideration motion until August 6, 2021, more than six weeks after the Delaware Decision was issued" is factually incorrect. (10/15/21 R&R at 13 (emphasis omitted)). Consequently, the Magistrate Judge erred in denying the Reconsideration Motion on timeliness grounds because, as demonstrated above, (a) Navidea promptly raised the issue with the District Court, (b) Navidea followed the precise briefing schedule set by the District Court, and (c) the Delaware Decision, pursuant to Rule 54(b), equated to newly discovered evidence justifying the recognized exception to the 14-day rule set forth in Local Civ. R. 6.3.

**B. The Motion for Reconsideration Should Be Granted**

The Court should also reject the Magistrate Judge's recommendation that the Reconsideration Motion should be denied on the merits. (*Id.*). Navidea's Reconsideration Motion relies on the provision of Navidea's Bylaws, which states, in pertinent part, that "no

indemnification shall be made in respect of *any claim, issue or matter* as to which such person *shall have been adjudged to be liable to the corporation*…" (*See* Declaration of Gregory Zimmer ("Zimmer Decl.") dated September 3, 2021, Ex. B, Art. V, § 1(b) (emphasis added) [ECF No. 226-2]). Because the Delaware Court adjudged that Dr. Goldberg was liable to Navidea as a result of Dr. Goldberg's improper attempt to transfer intellectual property belonging to Macrophage, Navidea invoked that provision of its Bylaws to demonstrate that Dr. Goldberg was no longer entitled to indemnification and therefore, no longer entitled to advancement.

The Magistrate Judge identified three supposed flaws in Navidea's position to support her conclusion that the Reconsideration Motion should be denied:

> (1) Navidea's "assertion that the Delaware Chancery Court 'adjudged' Goldberg to be liable to Navidea" (10/15/21 R&R at 13);
>
> (2) "the Delaware court's finding that Goldberg breached his duty of loyalty to Macrophage 'and its stockholders' was only made in connection with the breach-of-fiduciary duty claim that was before it, and cannot be read to dictate the outcome of the different and legally distinct contract-related claims that are pending here" (*id.* at 14) (citation omitted); and
>
> (3) "even if Navidea were ultimately to win a favorable judicial adjudication of its remaining claims in this case, that would not, in and of itself, end the indemnification inquiry with respect to those claims and dictate whether any legal fees advanced in connection with those claims would need to be repaid." (*Id.*) (emphasis omitted).

Each of the supposed flaws identified by the Magistrate Judge should be overruled by this Court.

1. <u>The Delaware Decision Adjudged Dr. Goldberg Liable to Navidea</u>

The plain language in the Delaware Decision adjudged Dr. Goldberg liable to Navidea. In addition to the Delaware Court's holding that "Dr. Goldberg breached his fiduciary duty of loyalty" to Macrophage, the Delaware Court also found, in pertinent part, that: "Dr. Goldberg attempted to take for himself that which belonged to Macrophage. In doing so, he breached his

duty of loyalty *to Macrophage stockholders*." (Delaware Decision at 5, 46, 61 (emphasis added) [ECF No. 220-1]). There is no dispute that Navidea is the major stockholder of Macrophage.

Macrophage is a 99% owned subsidiary of Navidea (*i.e.*, Navidea is a "Macrophage stockholder[]"). (*Id.* at 9-10). Consequently, contrary to the Magistrate Judge's conclusion, the Delaware Court expressly found Dr. Goldberg liable to Navidea. In rejecting Navidea's argument, the Magistrate Judge concluded, without citation to any case law, that the "finding by the Delaware court that Goldberg 'breached his duty of loyalty to Macrophage stockholders' (Delaware Decision, at 46) is not legally equivalent to an 'adjudication' by that court that Goldberg is liable to Navidea on a claim that Navidea did not even assert." (10/15/21 R&R at 13-14). However, neither Dr. Goldberg nor the Magistrate Judge cite to any case law or other provision of Navidea's Bylaws to refute Navidea's argument that the Delaware Court's decision – which expressly holds that Dr. Goldberg breached his fiduciary to Macrophage stockholders – triggers the Navidea Bylaws. In sum, by virtue of the Delaware Decision, Dr. Goldberg has "been adjudged to be liable" to Navidea.

2. The Delaware Decision Encompasses Claims, Issues, and Matters That Form the Basis For Indemnification

The next perceived flaw identified by the Magistrate Judge is that the Delaware Decision cannot dictate the outcome of the "different and legally distinct contract-related claims that are pending here." (10/15/21 R&R at 15). Navidea respectfully disagrees. As stated above, Navidea's Bylaws explicitly state, in pertinent part, that "*no indemnification* shall be made in respect of *any claim, issue or matter* as to which such person *shall have been adjudged to be liable to the corporation*…" (Zimmer Decl., Ex. B, Art. V, § 1(b) (emphases added) [ECF No. 226-2]). The Court's prior orders expressly recognized that the advancement obligation was triggered based on the following allegations in the Complaint:

> Navidea's amended complaint alleges, *inter alia*, that: (i) 'Goldberg agreed to focus his energy full time on creating value at Macrophage'; (ii) that Goldberg 'refused to engage in activities necessary for the success of Macrophage because he views resolution of his demands for his additional compensation under the August Agreement as a precondition to undertaking such actions'; and (iii) that 'when entering into the August Agreement, it was the intention of the parties that Goldberg would immediately start taking actions to advance the business of Macrophage.'

(8/24/20 Order at 10 n.9 (quoting Am. Compl. ¶¶ 45-46, 106)). These allegations all relate to Dr. Goldberg's role and conduct at Macrophage and are the basis for the Court's preliminary finding that Dr. Goldberg *may* be able to prove he had been acting as an agent of Macrophage at Navidea's request. (*Id.* at 10 ("Although the parties dispute whether Goldberg continued to work for Macrophage 'at Navidea's request,' … Goldberg *may* be able to prevail on that argument.") (emphasis in original)). In other words, Navidea's advancement obligation was triggered by its allegations (a) relating to Dr. Goldberg's role at Macrophage, and (b) that Dr. Goldberg's conduct at Macrophage was wrongful.

The Court went on to further state that:

> Based on these allegations, *it is at least plausible that the claims asserted by Navidea are "by reason of the fact" that, at the time of the events in question, Goldberg was acting as an agent of Macrophage at Navidea's request and subsequently abused his authority in that role by failing to act in Navidea's interests*.

*Id.* at 10 n.9 (emphasis added). Consequently, the Magistrate Judge's assertion that "[i]t is Navidea's claims before *this Court*, and only those claims, that are the subject of the Court's August 24 Order regarding Goldberg's entitlement to advancement of fees" is incorrect as it ignores the substance of Navidea's claims and the allegations that formed the basis of the Court's 8/24/20 Order. (10/15/21 R&R at 14 (emphasis in original)).

Indeed, the Magistrate Judge appears to recognize the intertwined nature of the Delaware Court's findings and this action when she stated that the Reconsideration Motion was not the proper way to raise this issue but that Navidea should move for collateral estoppel or a motion *in*

*limine*. (*Id.* at 16). Navidea submits that these are distinctions without a difference. If Navidea has a right to move for collateral estoppel or file a motion *in limine* (which under this Court's scheduling orders it cannot do at the present time) based on the Delaware Decision, then there should be no hesitation in this Court considering whether those findings in Delaware severed the right of advancement based on Navidea's Bylaws (or, at a minimum, triggers the obligation of Dr. Goldberg to seek indemnification from the Delaware Court (or arguably this Court) notwithstanding the Delaware Court's findings).

Thus, the second perceived flaw identified in the 10/15/2021 R&R does not compel denial of Navidea's Reconsideration Motion.

3. <u>The Burden Should Shift To Dr. Goldberg To Seek Indemnification</u>

The third perceived flaw identified by the Magistrate Judge was that because indemnification can still be sought even in the face of an adjudication of liability, the Reconsideration Motion should be denied. (10/15/21 R&R at 14-15). The Magistrate Judge's reasoning contradicts the plain language of Navidea's Bylaws and does not justify denying the Reconsideration Motion – on the contrary, it suggests that the Reconsideration Motion should be granted. Specifically, the 10/15/21 R&R states that "even if Navidea were to ultimately win a favorable judicial adjudication of its remaining claims in this case, that would not, in and of itself, end the indemnification inquiry with respect to those claims and dictate whether any legal fees advanced in connection with those claims would need to be repaid." (10/15/21 R&R at 14 (emphasis omitted)). The 10/15/21 R&R then quotes the operative Navidea Bylaws, which state:

> no indemnification shall be made in respect of any claim, issue or matter as to which such person shall have been adjudged to be liable to the corporation unless and only to the extent that the Court of Chancery or the court in which such action or suit was brought shall determine ***upon application*** that, despite the adjudication of liability but in view of all the circumstances of the case, such person is fairly and reasonably entitled to indemnity for such expenses which the Court of Chancery or such other court shall deem proper.

(*Id.* at 14-15 (quoting Navidea's Bylaws, Art. V, § 1(b) (emphasis added)).

The 10/15/21 R&R suggests that the application to void any indemnification would need to be made by Navidea in the first instance, but that is not what Navidea's Bylaws state. Instead, Navidea's Bylaws expressly require that Dr. Goldberg – and not Navidea – seek adjudication of his right to indemnification from the Delaware Court (or if the Magistrate Judge is correct, from this Court). Therefore, the fact that Dr. Goldberg has a remedy in the event that the Court were to grant the Reconsideration Motion (*i.e.*, he can make an application that he should still be entitled to indemnification and, therefore, advancement) favors granting the Reconsideration Motion.

## CONCLUSION

For the foregoing reasons, the Court should decline to adopt the recommendation of the Magistrate Judge that the Motion for Reconsideration should be denied.

Date: October 29, 2021
New York, New York

Respectfully submitted,

Barry M. Kazan, Esq.
Mintz & Gold LLP
600 Third Avenue, 25th Floor
New York, New York 10016
Phone: (212) 696-4848
Fax: (212) 696-1231
kazan@mintzandgold.com

-and-

Karim Sabbidine, Esq.
THOMPSON HINE LLP
335 Madison Avenue, 12th Fl.
New York, New York 10017
Phone: (212) 344-3921
Fax: (212) 344-6101
karim.sabbidine@thompsonhine.com

-and-

Alain M. Baudry, Esq.
Saul Ewing Arnstein & Lehr LLP
33 South Sixth Street, Suite 4750
Minneapolis, Minnesota 55402
Phone: (612) 225-2800
Alain.Baudry@Saul.com

*Attorneys for Plaintiff /Counterclaim Defendant*
*Navidea Biopharmaceuticals, Inc. and*
*Third-Party Defendant*
*Macrophage Therapeutics, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 29, 2021, I caused to be served on counsel of record, electronically via the Court's electronic filing system, a true and correct copy of **Plaintiff/Counterclaim-Defendant Navidea Biopharmaceuticals, Inc.'s Objections to the October 15, 2021 Report and Recommendation of Magistrate Judge Freeman**.

Barry M. Kazan