Gregory Zimmer, Esq.
142 New Chalet Drive
Mohegan Lake, NY 10547
Tel:  (914) 402-5683
GZimmer@GZimmerLegal.com

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re Navidea Biopharmaceuticals Litigation | Case No.: 1:19-cv-01578-VEC |

Gregory Zimmer , hereby declares under penalty of perjury as follows:

1.  I am an attorney admitted to practice before this Court and counsel to Defendant/Counterclaim Plaintiff/Third-Party Plaintiff Dr. Michael M. Goldberg, M.D. ("Dr. Goldberg") in this action.  I make this declaration in response to the Court's Order to Show Cause regarding the status conference scheduled on December 2, 2021.

2.  As an initial matter, I wish to once again sincerely apologize to the Court for my absence from the conference.  As I told the Court's clerk by phone on December 2, the reason I was not present was an inadvertent failure to calendar the conference.  In my more than twenty-year career this has never happened before and I can assure the Court that it will not happen again.  When the Court's clerk called me on December 2 to inquire whether I would be attending the conference I apologized sincerely for my oversight.  In an effort to mitigate any inconvenience to the Court and opposing counsel I requested/offered to participate in the conference by telephone but was told that that was not possible.  I asked the Clerk to convey my apology to the Court.

3.  Shortly thereafter, before any order was entered by the Court, I reached out to opposing counsel by telephone to apologize for my absence and to assure him that I respected his

time and that my absence was the result of an inadvertent failure to calendar the conference and that I had no intent to be disrespectful of his time.

4. When the Court entered its Order to Show Cause, rather than oppose the Court's suggestion that it might order me to pay opposing counsel's fees for attending the conference, I immediately called him and informed him that I would do so, not as a sanction to me, but out of respect for him and his time and based on my own sense of professionalism and my personal ethics. Since then, we have conferred on the amount of his fees and I have agreed to pay those fees personally. This amount *will not* be passed along to my client but, rather, will be paid by me personally based on the inconvenience caused by my absence from the conference.

5. Perhaps most importantly, my absence from the conference should not reflect in any way on my client, Dr. Goldberg. The failure to calendar the conference was entirely mine and Dr. Goldberg played no part in the process.

6. In sum, I am both regretful; of and very sorry for my absence at the conference. I have not attempted to make excuses for my absence. While I hoped to mitigate the inconvenience to the Court caused by participating by telephone on December 2, I understand that that was not acceptable to the Court. I have voluntarily agreed to personally compensate opposing counsel for his time in attending the conference at my own expense without the need for any order from the Court.

7. In light of the foregoing, although I recognize the seriousness of my absence, understand the Court's frustration, and apologize sincerely for my failure to calendar and attend the conference, I do not believe that it is necessary or would serve the interest of justice to sanction me for my inadvertent failure to calendar and attend the conference. I have not attempted to minimize the seriousness of Court conferences or my conduct, and I can assure the Court that this will not occur again. And I wish to once again apologize to the Court for my absence from the conference.

Pursuant to 28 U.S.C. § 1746(2), I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my personal knowledge and investigation or, where noted, on information and belief.

December 10, 2021

                                                                            /s/ *Gregory Zimmer*
                                                                          Gregory Zimmer, Esq.