USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/7/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
:
IN RE: NAVIDEA BIOPHARMACEUTICALS    :
LITIGATION                                              :
:
------------------------------------------------------------- X

19-CV-1578 (VEC)

OPINION AND ORDER

VALERIE CAPRONI, United States District Judge:

This Court is called upon, once again, to decide whether and to what extend Plaintiff Navidea Biopharmaceuticals, Inc. ("Navidea") should be required to advance legal fees incurred by Defendant Michael Goldberg ("Goldberg") in defending this action. Now before the Court is Navidea's August 6, 2021, motion for reconsideration of the Court's August 24, 2020 Opinion and Order, which held, *inter alia*, that Navidea was legally obligated to advance to Goldberg the fees he reasonably incurred in defending against Navidea's remaining claims in this case. *See* Mot. for Recons., Dkt. 218; Op. & Order, Dkt. 134 ("Aug. 24, 2020 Order"). On August 9, 2021, the Undersigned referred Navidea's motion for reconsideration to Magistrate Judge Freeman for a Report and Recommendation ("R&R"). *See* Am. Order, Dkt. 221. On October 14, 2021, Magistrate Judge Freeman issued an R&R recommending that the Court deny Navidea's motion because: (1) it is untimely; and (2) lacks merit. *See* R&R, Dkt. 231 at 12–17. On October 28, and October 29, 2021, respectively, Goldberg and Navidea submitted objections to the R&R. *See* Dkts. 236, 239.[1] For the following reason, the Court ADOPTS the R&R in part.

---

[1]    Goldberg filed two identical objections at docket entries 236 and 237; all references here will be to docket entry 236.

**BACKGROUND**

The Court assumes familiarity with the Court's prior opinions issued over the course of this more-than-three-year litigation and will summarize only the most pertinent facts. Navidea sued Goldberg for breach of contract, breach of the covenant of good faith and fair dealing, breach of fiduciary duty, and for a declaratory judgment establishing the contractual rights and obligations of the parties. *See* Am. Compl., Dkt. 15. Goldberg asserted counterclaims against Navidea and third-party claims against Macrophage Therapeutics, Inc. ("Macrophage"), a subsidiary of Navidea. *See* Answer, Dkt. 31. Goldberg moved to dismiss Plaintiff's breach of fiduciary duty claim and sought attorneys' fees in connection with litigating that claim. *See* Mot. to Dismiss, Dkt. 32. On December 26, 2019, the Undersigned granted Goldberg's motion to dismiss the breach of fiduciary duty claim and determined that he was entitled to attorneys' fees with respect to his defense of that claim. *See* Op. & Order, Dkt. 61. The Court directed the parties to meet and confer regarding an appropriate amount of attorneys' fees; on February 20, 2020, Goldberg informed the Court that the parties were unable to reach an agreement on an amount. *See* Goldberg Ltr., Dkt. 78. Goldberg also filed a separate motion for advancement of: (1) attorneys' fees incurred in litigating Navidea's remaining claims; and (2) fees incurred in litigating claims brought by Macrophage against him in an entirely separate proceeding in Delaware Chancery Court. *See* Mot. for Attorneys' Fees, Dkt. 64. On February 20, 2020, the Undersigned referred those motions to Magistrate Judge Freeman for a report and recommendation. *See* Order, Dkt. 80.

On July 9, 2020, Magistrate Judge Freeman issued an R&R ("July R&R") that recommended, *inter alia*, that: (1) the Court find that Goldberg was entitled to indemnification for attorneys' fees reasonably incurred in defending the breach of fiduciary duty claim; and (2)

the Court find that Goldberg was entitled to advancement of attorneys' fees reasonably incurred to that date in litigating Navidea's remaining claims. *See* R&R, Dkt. 119.

On August 24, 2020, the Court adopted the July R&R in full. *See* Aug. 24, 2020 Order. The Court held that Goldberg was entitled to indemnification for attorneys' fees reasonably incurred in litigating the breach of fiduciary duty claim and is entitled to advancement of attorneys' fees reasonably incurred in litigating Navidea's remaining claims, provided he tenders the necessary undertaking to repay the advancement if it is ultimately determined that he is not entitled to indemnification under Navidea's bylaws. *Id*. at 5–9.[2]

On June 23, 2021, after a trial in the separate proceeding between Goldberg and Macrophage, the Delaware Chancery Court rejected Macrophage's claim for conversion but determined that its breach-of-fiduciary-duty claim had merit. *See* Decl. of Barry Kazan, Dkt. 220 at Ex. 1 at 35–47, 57–61 (Op. & Order, *Macrophage Therapeutics, Inc. v. Goldberg*, C.A. No. 2019-0137 (Del. Ch. June 23, 2021) ["Delaware Decision"]). The Delaware court found that Goldberg "took matters into his own hands," "to effectuate what he believed he was owed under the [] Agreement." *Id.* at 2. The court held that Goldberg was not legally entitled to do so because he stood on both sides of the challenged transactions, making him a "conflicted fiduciary", and requiring him to prove that the transactions were the product of fair dealing and resulted in a fair price. *See id.* at 37–38. Goldberg failed to do so at trial; accordingly, the Delaware court concluded that he violated his duty of loyalty to Macrophage's stockholders. *See id.* at 46.[3]

---

[2] The Court declined to exercise ancillary jurisdiction over Goldberg's application for advancement of the attorneys' fees he incurred in litigating Macrophage's claims in the Delaware action, noting, *inter alia*, that "[n]ot only is Navidea not a party to the Delaware Action, but the two cases present different types of claims stemming from different conduct." Aug. 24, 2020 Order at 4.

[3] For this breach, however, the court awarded Macrophage nominal damages of $1.00, as it found that Macrophage had not demonstrated any actual loss. *See* Delaware Decision at 47–53. The court also declined to

3

On August 6, 2021, Navidea moved for reconsideration of this Court's August 24, 2020 Order, arguing that the Delaware Decision constitutes new evidence or changed circumstances that warrant reconsideration. *See* Navidea Mem. of Law, Dkt. 219 at 1.[4] Navidea argues that, because the Delaware court found that Goldberg had breached his duty of loyalty to Macrophage's stockholders, it not only adjudicated Goldberg liable to Macrophage but also to Navidea, Macrophage's majority stockholder. *See id.* at 11–12. In light of that decision, Navidea argues, Goldberg has no right under Navidea's Bylaws to indemnification.[5] Absent a right to indemnification, Navidea argues, Goldberg also has no right to advancement of his fees or costs in connection with any of Navidea's remaining claims. *See id.* at 12–13. Accordingly, Navidea argues, Goldberg should be required to repay the $1,237.50 that Navidea advanced to him pursuant to the August 24 Order. *See id.* at 12–13; *see also* Op. & Order, Dkt. 207 at 13–14.[6]

Goldberg, in response, argues that Navidea's motion is based on the false premise "that a determination by a separate court in a separate action that Dr. Goldberg was liable to a different party on a single claim entirely different in kind from the ones at issue here" means that

---

award Macrophage its attorneys' fees, finding that Goldberg's conduct was not sufficiently egregious to justify such an award. *See id.* at 54–57.

[4] Navidea is not challenging the Court's ruling that Goldberg was entitled to indemnification for the fees and costs he incurred in litigating the breach-of-fiduciary-duty claim that was dismissed. *See* Aug. 24, 2020 Order at 5 ("Navidea does not object to the Court making this finding.") (citing Navidea Obj., Dkt. 122 at 8 n.2); *see also generally* Navidea Mem. of Law. Navidea is only challenging the Court's ruling that it must advance Goldberg's attorneys' fees reasonably incurred in litigating Navidea's remaining claims. *See* Navidea Mem. of Law at 1.

[5] Navidea points, for the first time, to a provision of its Bylaws that states that "no indemnification shall be made in respect of any claim, issue or matter as to which such person shall have been adjudged to be liable to the corporation . . ." Navidea Mem. of Law at 2 (quoting Navidea Bylaws, Art. V § 1(b)).

[6] Navidea also argues that the Delaware Decision "at a minimum" compels Goldberg to seek indemnification in the Delaware Chancery Court. *Id.* at 1; *see also* Navidea Reply Mem. of Law, Dkt. 229 at 6–8. But none of the evidence Navidea marshals — namely statements by Goldberg contending that the Delaware court has subject-matter jurisdiction to consider and interpret Navidea's Bylaws— precludes this Court from exercising jurisdiction. Indeed, Navidea's own Bylaws make clear that a decision regarding indemnification may be made by either the Court of Chancery "or the court in which such action or suit was brought." Navidea Bylaws, Art. V § 1(b).

Goldberg is not entitled to indemnification by Navidea. *See* Goldberg Mem. of Law, Dkt. 225 at 1.

After referral from the Undersigned, *see* Am. Order, Dkt. 221, on October 14, 2021, Magistrate Judge Freeman issued an R&R recommending that the Court deny Navidea's motion because: (1) it is untimely; and (2) lacks merit. *See* R&R, Dkt. 231 at 12–17. On October 28, and October 29, 2021, respectively, Goldberg and Navidea objected to the R&R. *See* Dkts. 236, 239.

## DISCUSSION

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). To accept those portions of the report to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *King v. Greiner*, No. 02-CV-5810, 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009) (citation omitted); *see also Wilds v. United Parcel Serv. Inc.,* 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). When specific objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). Objections, however, "may not be 'conclusory or general,' and parties may not simply regurgitate the original briefs to the magistrate judge." *Hernandez v. City of New York*, No. 11-CV-6644, 2015 WL 321830, at *2 (S.D.N.Y. Jan. 23, 2015) (citations omitted). To the extent that "the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the [R&R] strictly for clear error." *IndyMac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, No. 07-CV-6865, 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008); *see also Ortiz*

*v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are 'merely perfunctory responses,' argued in an attempt to 'engage the district court in a rehashing of the same arguments set forth in the original petition.'") (citation omitted).

Pursuant to Federal Rule of Civil Procedure 54(b), interlocutory decisions "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Reconsideration of a previous order, however, is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys., Inc. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (citation and internal quotation marks omitted); *see also Shomo v. City of New York*, 579 F.3d 176, 186 (2d Cir. 2009) (courts generally will not revisit earlier orders "absent cogent or compelling reasons") (cleaned up). Accordingly, a motion for reconsideration "should be granted only when the [moving party] identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)); *see also Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) ("The standard for granting a [reconsideration motion] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.").

When a party moves for reconsideration based on newly discovered evidence, that party must demonstrate that: (1) "the proffered evidence was unavailable [at the time the order was

issued] despite the exercise of due diligence"; and (2) "manifest injustice will result if a court does not reconsider its earlier decision." *JP Morgan Chase Bank, N.A. v. Reifler*, No. 11-CV-4016, 2013 WL 12177061, at *3 (S.D.N.Y. Sept. 20, 2013) (citations omitted); *see also Geo-Grp. Commc'ns, Inc. v. Shah*, No. 15-CV-1756, 2020 WL 5743516, at *11 (S.D.N.Y. Sept. 25, 2020).

The burden of proof for a motion for reconsideration rests upon the party seeking relief from judgment, *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001), and the decision whether to grant a party's motion for reconsideration is "committed to the sound discretion of the district court," *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012) (internal quotation marks and citation omitted).

## I. Plaintiff's Motion is Meritless[7]

Magistrate Judge Freeman recommends that Navidea's motion be denied as meritless, pointing to three major flaws in its reasoning: (1) the Delaware Chancery Court did not "adjudge[]" Goldberg to be liable to Navidea; (2) "even if the reference in [Navidea's] Bylaws to an 'adjud[ication] . . . [of] liab[ility],' could be read to include a judicial finding of liability, as opposed to a formal judgment, the Delaware court's finding . . . was only made in connection with the breach-of-fiduciary-duty claim that was before it, and cannot be read to dictate the outcome of the different and legally distinct contract-related claims that are pending here"; and (3) "even if Navidea were ultimately to win a favorable judicial adjudication of its remaining claims *in this case*, that would not, in and of itself, end the indemnification inquiry with respect to those claims and dictate whether any legal fees advanced in connection with those claims

---

[7] The Court declines to decide whether Navidea's motion is timely; regardless of timeliness *vel non*, the motion clearly lacks merit.

would need to be repaid."[8]  R&R, Dkt. 231 at 13–14 (emphasis in original).  Based on these logical flaws in Navidea's argument, Magistrate Judge Freeman recommended that this Court find that Navidea has not demonstrated that reconsideration is necessary to avoid a manifestly unjust result.  *Id.* at 13 (citing *Geo-Grp. Commc'ns, Inc.*, 2020 WL 5743516, at *10).

Navidea, in its objections, reiterates its argument that because the Delaware Court adjudicated that Goldberg was liable to Navidea, Navidea's Bylaws "demonstrate that Dr. Goldberg [is] no longer entitled to indemnification and therefore, no longer entitled to advancement."  Navidea Obj., Dkt. 239 at 8.  Navidea argues that the "plain language in the Delaware Decision" adjudicated Goldberg liable to Navidea, as it made clear that he "breached his duty of loyalty *to Macrophage stockholders*," and there is no dispute that Navidea is the majority stockholder of Macrophage.  *Id.* at 8–9 (citing Delaware Decision at 5, 46, 61) (emphasis in original); *see also id.* at 9 ("the Delaware Court expressly found Dr. Goldberg liable to Navidea.").  Navidea further argues that the Court's prior orders recognized that Navidea's advancement obligation was triggered by its allegations regarding Goldberg's role and conduct at Macrophage, s*ee id.* at 10 (citing Aug. 24, 2020 Order at 10 n.9); consequently, Navidea asserts, the Court should recognize the "intertwined nature of the Delaware Court's findings and this action," *see id.*[9]

---

[8]  *See* R&R, Dkt. 231 at 15 ("'[N]o indemnification shall be made . . . *unless and only to the extent that* the . . . court in which such action or suit was brought shall determine upon application, that, *despite the adjudication of liability but in view of all the circumstances of the case*, such person is fairly and reasonably entitled to indemnity for such expenses which the . . . court shall deem proper.'  Thus, if it found that the circumstances warranted it, the Court would have the authority, under the Bylaws, to allow Goldberg to be indemnified for legal fees expended in defending Navidea's claims *even if* Navidea were ultimately to prevail on those claims.") (quoting Navidea Bylaws Art. V § 1(b)) (emphasis in original).

[9]  Navidea also argues that its Bylaws expressly require that Goldberg, not Navidea, seek adjudication of his right to indemnification, which weighs in favor of granting Navidea's motion because Goldberg has a remedy in the event the Court were to do so.  *See* Navidea Obj., Dkt. 239 at 11–12.  This argument makes no sense, as Goldberg has already sought adjudication of his right to advancement; indeed, it was Goldberg's motion that precipitated the Court's August 24, 2020 Order about which Navidea is complaining.

Navidea's arguments are simply reiterations of the arguments it made to Magistrate Judge Freeman in support of its motion for reconsideration. *See generally* Navidea Mem. of Law (arguing that the Delaware Decision adjudged Goldberg liable to Navidea and, as such, Goldberg is not entitled to indemnification (and thus, advancement), based on Article V § 1(b) of Navidea's Bylaws). Accordingly, the Court need only review the R&R for clear error. *See Ortiz*, 558 F. Supp. 2d at 451 (courts review a R&R for clear error only when "objections are . . . argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition.") (internal quotation marks and citation omitted).

This Court already held that "[n]ot only is Navidea not a party to the Delaware Action, but the two cases present different types of claims stemming from different conduct." Aug. 24, 2020 Order at 4; *see also id.* ("In this case, Navidea asserts contract-related claims against Goldberg stemming from the alleged breach of the August Agreement, whereas in the Delaware action, Macrophage asserts conversion and breach of fiduciary duty claims against Goldberg based on Goldberg's purportedly unilateral transfer of Macrophage's intellectual property rights to a new corporation."). Navidea has provided no new evidence to persuade the Court that the Delaware Decision is applicable to the parties and issues raised here, or that its holding that Goldberg "breached his duty of loyalty to Macrophage stockholders" is an adjudication by the Delaware court that Goldberg is liable to Navidea on an entirely separate claim. Accordingly, the Court agrees with Magistrate Judge Freeman that Navidea's arguments for reconsideration are meritless.[10]

---

[10] That said, the Court notes, as did Judge Freeman, that the Delaware Decision could well have collateral estoppel implications for Goldberg. Had Navidea made a motion designed to tee up that issue — rather than the meritless motion it chose to make — the ultimate cause of bringing this lawsuit to a close might have been advanced.

## II. The Court Declines to Reject or Strike Certain Portions of the R&R

Finally, despite a ruling in his favor, Defendant Goldberg objects to the R&R, arguing that the Court should reject or strike the R&R's discussion of the Delaware Decision rulings as dicta or inappropriate advisory opinions prejudicial to Goldberg. *See* Goldberg Obj., Dkt. 236 at 2–5 (citing R&R, Dkt. 231 at 15–17).

The Court declines to reject or strike the portions of the R&R Goldberg identified, as "[t]his dicta does not undermine the Report's recommendation"; thus, "the Court finds no reason to reject or modify the Report's proposed finding." *Severstal Wheeling, Inc. v. WPN Corp.*, No. 10-CV-954, 2014 WL 2959014, at *6 n.8 (S.D.N.Y. Apr. 11, 2014); *see also Villegas v. Garvin*, No. 95-CV-9966, 1997 WL 250483, at *1 (S.D.N.Y. May 9, 1997) (declining to review objections to remarks that "are merely dicta and have no binding effect on any party"); *Aleksam, Inc. v. MasterCard Int'l Inc.*, No. 15-CV-2799, 2020 WL 3286785, at *3 (E.D.N.Y. June 17, 2020), *rev'd on other grounds*, 2022 WL 621374 (Fed. Cir. Mar. 3, 2022) ("The Court does not address this dicta, which had no bearing on [the] ultimate conclusions."); *Marin v. Apple-Metro, Inc.*, Nos. 12-CV-5274, 13-CV-1417, 2016 WL 11110380, at *1 n.1 (E.D.N.Y. Feb. 26, 2016) ("Defendants cite to no cases supporting the proposition that a party may object solely to . . . dicta in an R&R, nor could the Court find any. Case law, indeed, suggests the contrary.") (citing, *inter alia*, *B.J.S. v. State Educ. Dep't/Univ. of New York*, 699 F. Supp. 2d 586, 589–90 (W.D.N.Y. 2010) (declining to resolve objections to portions of the R&R that "are merely dicta and do not impact the ultimate resolution of the motion")).[11]

---

[11] Goldberg also argues that: (1) Navidea should be ordered to begin payments to Goldberg and to otherwise comply with the going-forward advancement protocol; and (2) Goldberg should be awarded attorneys' fees and costs in opposing this motion and submitting his objections. *See* Goldberg Obj. at 5–7. These, however, are not issues raised by the original motion for reconsideration or discussed in the R&R. Accordingly, the Court declines to address these arguments.

## CONCLUSION

In sum, Navidea's motion is denied on the merits.  Further, the Court declines to consider Goldberg's objections to dicta in the R&R.  The Court's August 24, 2020 Order will not be reconsidered and continues in full force and effect.

No later than **April 8, 2022**, Goldberg is ordered to make a properly supported fee application in support of his claim for advancement.  The application must be limited to fees reasonably incurred from November 13, 2020 (the date of Goldberg's last fee application, *see* Mot. for Attorneys' Fees, Dkt. 165; *see also* Op. & Order, Dkt. 207) to the present.  Goldberg must submit copies of his attorneys' billing records specifically detailing the amount of time spent litigating each of Navidea's remaining claims in this case.  Failure to comply with this Order will likely result in the Court determining that Goldberg has withdrawn his motion for advancement of fees with prejudice as a sanction for failure to comply with Court orders.

The Clerk of Court is respectfully directed to close the open motion at docket entry 218.

**SO ORDERED.**

Date:  March 7, 2022
      New York, NY

                                              **VALERIE CAPRONI**
                                            United States District Judge