# Gregory Zimmer, Esq.

GZimmer@GZimmerLegal.com
O:  (914) 402-5683
M:  (516) 991-1116

March 8, 2022

**VIA ECF AND ELECTRONIC MAIL**

Honorable Valerie Caproni, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Room 443
New York, New York  10007

Re:  *Navidea Biopharmaceuticals, Inc. v. Goldberg, Case No. 19-cv-01578–VEC*

Dear Judge Caproni:

      I represent Plaintiff/Counterclaim Plaintiff/Third Party Plaintiff Michael M. Goldberg, M.D. ("Dr. Goldberg") in the above-referenced action.  I write in connection with your Opinion and Order (the "O&O"), entered yesterday, March 7, 2022, in which you adopted the Report & Recommendation of Magistrate Freeman recommending that the motion by Plaintiff/Counterclaim Defendant Navidea Biopharmaceuticals, Inc. ("Navidea") to terminate its previously-determined advancement obligations should be denied, and directed Dr. Goldberg to submit, on or before April 8, 2022, a fee application for fees incurred by him in defending the claims by Navidea "limited to fees reasonably incurred from November 13, 2020 (the date of Dr. Goldberg's last fee application, *see* Mot. for Attorneys' Fees, Dkt. 165; *see also* Op. & Order Dkt 207) to the present."  For the reasons set forth herein Dr. Goldberg respectfully requests that he be allowed to make his fee application for fees and expenses reasonably incurred beginning September 1, 2020, the date following the last date for which he sought advancement in his last fee application, rather than the November 13, 2020 date set forth in the O&O.

      The document (Dkt. 165) which is referred to in the O&O as Dr. Goldberg's "last fee application" was, in fact, a motion seeking a ruling on whether Dr. Goldberg was entitled to advancement of his attorneys' fees and expenses relating to pursuit of his counterclaims and third party claims in this action.  (*See* Dkt. Nos. 165 and 166.)  The motion was filed pursuant to the Court's directive in its Opinion and Order dated August 24, 2020 (the "August 24 O&O"), which held that a claim for advancement of such fees and expenses was not included in his pending application and that a separate motion seeking a ruling on his entitlement to advancement of such fees and expenses would require a separate motion.  (*See id.* n. 10.)

      In fact, Dr. Goldberg's last fee application relating to his defense of Navidea's claims against him (the subject of the current O&O) was filed on October 2, 2020 in response to a

separate portion of the August 24 O&O in which the Court provided that "No later than September 30, 2020, Goldberg is directed to make a properly supported fee application in support of his claim for advancement . . . specifically detailing the amount of time spent defending against each of Navidea's remaining claims in this case *to date*. (*See id.* at 11.) The time for Dr. Goldberg to submit this application was subsequently extended to October 2, 2020 (Dkt. No. 139) and, with respect to certain materials until October 7, 2020 (Dkt. No. 143) due to illness of Dr. Goldberg's former co-counsel in this matter, N. Ari Weisbrot, Esq.

The fee application submitted on October 2, 2020 sought advancement of attorneys' fees and expenses incurred by Dr. Goldberg only through August 30, 2020. The reason for this was two-fold.

First, the August 24 O&O directed Dr. Goldberg to submit an application for fees and expenses incurred "to date." Although Dr. Goldberg included fees and expenses for the 7 days following the date of the August 24, Order, he did not understand the August 24 Order to direct him to submit fees and expenses beyond that time period.

Second, the August 24, 2020 Order imposed a going forward protocol for advancement of future fees (after the date of the August 24 Order). As a prerequisite to any fee application for a specific month's attorneys' fees and expenses, the August 24th Order required that (i) by the fifth day of the following month Dr. Goldberg was required to provide Navidea with billing records and a request for advancement of specific amounts, (ii) by the fifteenth day of the following month Navidea was required to provide Dr. Goldberg with payment of any undisputed amounts, provide specific detailed objections in writing to any disputed amounts, and, if Navidea disputed more than 50% of the requested amount, pay the difference between the undisputed amount paid and 50% of the total requested amount into escrow, and (iii) before the last day of the following month the parties were required to meet and confer by the end of the following month for at least two hours and Navidea was required to pay any additional amount agreed to with the next month's undisputed payment. (*See* August 24, Order at 12-13; Dkt. No. 119 at 43.)[1] Only after this process had been completed for each month could Dr. Goldberg make a single fee application to the Court per calendar quarter. Thus, as of October 2, 2020, the date of Dr. Goldberg's last fee application, advancement requests for September 2020 and later periods were not eligible for submission, and were not included in the application.

In light of the above, we respectfully request that the Court modify its O&O to provide that the fee application to be submitted by Dr. Goldberg on or before April 8, 2020 include fees reasonably incurred from August 31, 2020 (the last date for which advancement was sought by Dr. Goldberg in his last fee application), not November 13, 2020 as currently provided.

---

[1] Although Dr. Goldberg began submitting advancement requests to Navidea on October 5, 2020 (for fees and expenses incurred in September 2020), Navidea *never* participated in the protocol and never paid any undisputed amounts, provided any objections to amounts requested, escrowed any amount or met and conferred with Dr. Goldberg's counsel as required by the protocol. (*See* Dkt. Nos.

Honorable Valerie Caproni, U.S.D.J.
March 8, 2022
Page 3

    Thank for your attention to this matter.

                                        Respectfully submitted,

                                        /s/ Gregory Zimmer, Esq.