Gregory Zimmer, Esq.
142 New Chalet Drive
Mohegan Lake, NY 10547
Tel: (914) 402-5683
GZimmer@GZimmerLegal.com

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re Navidea Biopharmaceuticals Litigation | Case No.: 1:19-cv-01578-VEC |

Gregory Zimmer , hereby declares under penalty of perjury as follows:

1. I am an attorney admitted to practice before this Court and counsel to Defendant/Counterclaim Plaintiff/Third-Party Plaintiff Dr. Michael M. Goldberg, M.D. ("Dr. Goldberg") in this action. I make this declaration in support of Dr. Goldberg's fee application (the "Application") seeking advancement of fees and expenses incurred between September 1, 2020 and March 31, 2022 in defending against the claims asserted against him in this action by Plaintiff/Counterclaim Defendant Navidea Biopharmaceuticals, Inc. ("Navidea") pursuant to the Court's Opinion and Order dated March 7, 2022 (Dkt. No. 261), as modified by the Court's Memo Endorsement dated March 9, 2022 (Dkt. No. 263).

2. Annexed hereto as Exhibit A are true and correct copies of invoices issued to Dr. Goldberg by N. Ari Weisbrot, Esq. for attorneys' fees and expenses for the period September 1, 2020 through November 30, 2020, along with written calculations of the amounts reflected on those invoices for which Dr. Goldberg seeks advancement.

3. Annexed hereto as Exhibit B are true and correct copies of invoices issued to Dr. Goldberg by me for attorneys' fees and expenses for the period September 1, 2020 through March

31, 2022, along with written calculations of the amounts reflected on those invoices for which Dr. Goldberg seeks advancement.

4. Invoices were prepared monthly and reflect the time entries and time amounts reflected on daily time sheets, with descriptions of work performed edited only for clarity and completeness. The daily time sheets contain entries relating to other clients and also contain working notes that comprise attorney work product and therefore have not been submitted. The written calculations reflect only entries for which full or partial advancement is sought.

5. For any fees and/or expenses relating solely to Dr. Goldberg's defense of Navidea's claims against him in this action, Dr. Goldberg seeks advancement of 100% of such fees and expenses.

6. Time and expenses relating solely to prosecution of Dr. Goldberg's counterclaims against Navidea in this action, and relating to actions in Delaware Chancery Court (the "Delaware Action") or other matters are not included in this fee application and Dr. Goldberg does not seek advancement of those fees and expenses.

7. With respect to time devoted to depositions noticed by Dr. Goldberg, for each deposition conducted we have conducted a page-by-page review of each transcript, determined which portions relate to the Delaware Action, which portions relate to Navidea's claims against Dr. Goldberg and which portions relate to Dr. Goldberg's claims against Navidea and Macrophage. To calculate the amount to be advanced with respect to preparation for and taking an individual deposition, a multiplier equal to the percentage of the deposition relating to Navidea's claims against Dr. Goldberg was used.

8. With respect to preparation for and the depositions of Dr. Goldberg and Mark Greene, which depositions were noticed by and conducted solely by counsel for Navidea and Macrophage,

Dr. Goldberg seeks advancement of 100% of his fees and expenses because those fees and expenses were necessitated solely by Navidea's and Macrophage's noticing and conduct of the depositions.

9. Prior to the Court's ordering that expert discovery and *Daubert* motions occur before summary judgment motions are filed, we reviewed discovery materials, primarily deposition transcripts and the transcript of the Delaware Action trial (which contained admissions by Navidea's officers, directors and counsel, who were Navidea's only witnesses at trial) and began preparing a draft Rule 56.1 Statement in support of an anticipated summary judgment motion based on that review and the facts and citations compiled based on the review. To allocate time spent on the review of depositions[1] and the preparation of the draft 56.1 Statement we conducted a line-by-line review of the draft Rule 56.1 Statement[2] and draft memorandum of law and determined the percentage of the draft 56.1 Statement devoted to Dr. Goldberg's defense of Navidea's claims against him and the percentage devoted to Dr. Goldberg's affirmative claims. We determined that 93% of the draft Rule 56.1 Statement was devoted to defending against Navidea's claims against Dr. Goldberg and 7% was devoted to Dr. Goldberg's affirmative claims. We therefore applied a 90% multiplier to time spent on drafting the drat Rule 56.1 Statement.

10. Prior to the Court's ordering that expert discovery and *Daubert* motions occur before summary judgment motions are filed, we began preparing a memorandum of law in support of an anticipated summary judgment motion. To allocate time spent preparing the draft memorandum of law we conducted a line-by-line review of the draft memorandum of law[3] and determined the percentage of the draft memorandum of law devoted to Dr. Goldberg's defense of Navidea's claims against him and the percentage devoted to Dr. Goldberg's affirmative claims. We determined that

---

[1] The review of the deposition of Navidea employee Joel Kaufman was conducted solely for information in defense of Navidea's claims against Dr. Goldberg. Accordingly, we seek advancement of 100% of the time spent reviewing Mr. Kaufman's deposition.
[2] Because the document is a draft, it constitutes privileged attorney work product.
[3] Because the document is a draft, it constitutes privileged attorney work product.

81% of the draft memorandum of law was devoted to defending against Navidea's claims against Dr. Goldberg[ and 19% was devoted to Dr. Goldberg's affirmative claims. We therefore applied a 80% multiplier to time spent generally on preparing of the drat memorandum of law. Where time was spent on discrete sections of the memorandum of law, such as the Preliminary Statement, the time was allocated proportionally to the percentage of that section relating to Dr. Goldberg's defense of Navidea's claims. The Legal Standard section was allocated at 50% since the same standard applies to both Dr. Goldberg's defense of Navidea's claims and his prosecution of his affirmative claims. Time spent solely on Dr. Goldberg's defense of Navidea's claims was allocated at 100%. Dr. Goldberg has not sought advancement of time spent solely on Dr. Goldberg's affirmative claims.

11. We have used an 80% multiplier to calculate advanceable amounts solely for time attributable to New York only issues (*i.e.*, issues relating to both Navidea's claims and Dr. Goldberg's counterclaims) but not allocable individually. This percentage is consistent with the percentages derived from page-by-page, line-by-line and document-by-document review of items relating to both Dr. Goldberg's defense of Navidea's claims and his prosecution of his affirmative claims, such as the draft 56.1 statement, the draft memorandum of law, depositions and review of documents produced by Navidea and Macrophage.

12. Dr. Goldberg seeks advancement of 100% of his fees and expenses in connection with litigation over advancement issues during the time-period covered by this fee application because all such work was undertaken to either compel Navidea to comply with its contractual advancement obligations or to oppose Navidea's efforts to avoid those obligations.

13. Time spent reviewing time sheets, compiling and reviewing invoices and preparing advancement explanations and calculations were not billed and no advancement is being sought for that time.

14. With respect to invoices from e-discovery vendor Consilio representing Dr. Goldberg's expenses with regard to housing, search and coding of Navidea's and Macrophage's electronic document production, we have applied the 86% multiplier representing the approximate percentage of documents coded as relating to Navidea's claims against Dr. Goldberg. Annexed hereto as Exhibit C are true and correct copies of invoices issued to Dr. Goldberg by Consilio for the period September 1, 2020 through March 31, 2022, along with written calculations of the amounts reflected on those invoices for which Dr. Goldberg seeks advancement

15. With respect to invoices from the court reporting service Veritext representing Dr. Goldberg's expenses with respect to depositions, we have applied the methodology set forth in Paragraph 7 and applied the percentages applicable to each specific deposition day to the Veritext invoice for that day. Annexed hereto as Exhibit D are true and correct copies of invoices issued to Dr. Goldberg by Veritext for the period September 1, 2020 through March 31, 2022, along with written calculations of the amounts reflected on those invoices for which Dr. Goldberg seeks advancement

16. Based on the foregoing, as documented in the Exhibits hereto, Dr. Goldberg seeks advancement of attorneys' fees and expenses incurred with N. Ari Weisbrot, Esq. in the amount of $11,070.50, attorneys' fees and expenses incurred with Gregory Zimmer, Esq. in the amount of $97,151.92, expenses incurred with Veritext Court Reporting in the amount of $12,096.81 and expenses incurred with Consilio in the amount of $22,853.32. Dr. Goldberg has not received reimbursement for any of the fees and expenses that are the subject of this Application from any third party or collateral source.

Wherefore, I respectfully request that the Court grant Dr. Goldberg's Application in full, and award Dr. Goldberg such other and further relief as the Court deems just and proper.

Pursuant to 28 U.S.C. § 1746(2), I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my personal knowledge and investigation or, where noted, on information and belief.

April 8, 2022



/s/ *Gregory Zimmer*
Gregory Zimmer, Esq.