Gregory Zimmer, Esq.
142 New Chalet Drive
Mohegan Lake, NY 10547
Tel:  (914) 402-5683
GZimmer@GZimmerLegal.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| In Re Navidea Biopharmaceuticals Litigation | Case No.: 1:19-cv-01578-VEC |
|---|---|

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DR. MICHAEL M. GOLDBERG'S FEE APPLICATION FOR ADVANCEMENT OF CERTAIN FEES AND EXPENSES**

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................... ii

I   APPLICABLE LEGAL STANDARD ........................................................................ 1

II   THE FEES AND EXPENSES FOR WHICH DR. GOLDBERG SEEKS ADVANCEMENT ARE FULLY AND PROPERLY SUPPORTED AND REASONABLE ................................................................................................... 4

III   NAVIDEA'S OBJECTIONS TO THE APPLICATION LACK MERIT ................... 7

    A.  Dr. Goldberg Has Properly Allocated Advanceable Time ............................ 7

    B.  Navidea's *Ad Hominem* Attack Of Attorney Weisbrot, Now Deceased, Do Not Provide Any Basis To Deny Advancement .......................... 9

    C.  Attorney Zimmer's Billing Rate Is Reasonable ............................................. 9

    D.  Dr. Goldberg's Application For Advancement Of Costs Is Proper ............... 9

    E.  Fees For Dr. Goldberg's Motion To Strike Navidea's Improper Reply Submission Are Reasonable And Advanceable .............................. 10

    F.  The *Di Minimis* And Inadvertent Calculation Errors Identified By Navidea Should Be Applied By The Court ........................................ 10

CONCLUSION ..................................................................................................................... 10

## **TABLE OF AUTHORITIES**

**Cases**                                                    **Page**

*Advanced Mining Sys., Inc. v. Fricke*,
  623 A.2d 82 (Del. Ch. 1992) .................................................................................................. 2

*Arbitrium (Cayman Islands) Handels AG v. Johnston*,
  1998 Del. Ch. LEXIS 41, 1998 WL 155550 (Del. Ch. Mar. 30, 1998) ................................... 2

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. City of Albany*,
  522 F.3d 182 (2d Cir. 2007) ................................................................................................ 2, 4

*Aveta Inc. v. Bengoa*,
  2010 Del. Ch. LEXIS 175, 2010 WL 3221823 (Del. Ch. August 13, 2010) ........................... 2

*Barfield v. N.Y.C. Health & Hosps. Corp.*,
  537 F.3d 132 (2d Cir. 2008) .................................................................................................... 4

*Blank Rome, L.L.P. v. Vendel*,
  2003 Del. Ch. LEXIS 84, 2003 WL 21801179 (Del. Ch. August 3, 2010) ............................. 2

*Citadel Hldg. Corp. v. Roven*,
  603 A.2d 818 (Del. 1992) ....................................................................................................... 4

*Danenberg v. Fitracks, Inc.*,
  58 A.3d 991 (Del. Ch. 2012) ............................................................................................... 2, 3

*Fasciana v. Elec. Data Sys. Corp.*,
  829 A.2d 160 (Del. Ch. 2003) ......................................................................................... 1, 3, 6

*Faulkner v. Arista Records LLC*,
  46 F. Supp. 3d 365 (S.D.N.Y. 2014) ....................................................................................... 7

*Francois v. Mazer*,
  2012 U.S. Dist. LEXIS 111439 (S.D.N.Y. Aug. 6, 2012)
  ................................................................................................................................................. 4

*Hensley v. Eckerhart*,
  461 U.S. 424 (1983) ............................................................................................................ 4, 8

*Homestore, Inc. v. Tafeen*,
  888 A.2d 204 (Del. 2005) ....................................................................................................... 2

*Johnson v. Georgia Highway Express Inc.*,
  488 F.2d 714 (5th Cir. 1974) .................................................................................................. 4

*Kirsch v. Fleet St., Ltd.*,
  148 F.3d 149 (2d Cir. 1998) .................................................................................................... 4

*Lee v. Santiago*,
  2013 U.S. Dist. LEXIS 130141 (S.D.N.Y. Aug. 15, 2013),
  adopted by, 2013 U.S. Dist. LEXIS 129129 (S.D.N.Y. Sept. 10, 2013) ................................. 4

*Lynch v. Gonzalez*,
   2020 Del. Ch. LEXIS 292, 2020 WL 5587716 (Del. Ch. Sept. 18, 2020) .............................. 4

*Millea v. Metro-North R.R.*,
   658 F.3d 154 (2d Cir. 2011) ................................................................................................. 4

*McDonald v. Pension Plan of the NYSA-ILA Pension Tr. Fund*,
   450 F.3d 91 (2d Cir. 2006) ................................................................................................... 4

*Mooney v. Echo Therapeutics, Inc.*,
   2015 Del. Ch. LEXIS 146 (Del. Ch. May 28, 2015) ........................................................ 1, 3

*N.Y.C. Dist. Council of Carpenters v. Rock-It Contr., Inc.*,
   2010 U.S. Dist. LEXIS 30204 (S.D.N.Y. Mar. 26, 2010),
   adopted by, 2010 U.S. Dist. LEXIS 38163 (S.D.N.Y. Apr. 19, 2010) ................................... 4

*N.Y. State Ass'n for Retarded Children v. Carey*,
   711 F.2d 1136, 1148 (2d Cir. 1983) ..................................................................................... 4

*Quaratino v. Tiffany & Co.*,
   166 F.3d 422 (2d Cir. 1999) ................................................................................................. 4

*Reinhard v. Dow Chem. Co.*,
   2008 Del. Ch. LEXIS 39 (Del. Ch. Mar. 28, 2008) .............................................................. 3

*Seiff v. Tokenize Inc.*,
   2020 Del. Ch. LEXIS 342 (Del. Ch. Nov. 19, 2020) ............................................................ 3

*Simmons v. N.Y.C. Transit Auth.*,
   575 F.3d 170 (2d Cir. 2009) ................................................................................................. 4

*Supreme Oil Co. v. Abondolo*,
   568 F. Supp. 2d 401 (S.D.N.Y. 2008) .................................................................................. 4

*Tucker v. City of N.Y.*,
   704 F. Supp. 2d 347 (S.D.N.Y. 2010),
   adopted by, in part, motion granted by, judgment entered by,
   704 F. Supp. 2d 347 (S.D.N.Y. 2010) .................................................................................. 4

*United States ex. rel., Mikes v. Straus*,
   274 F.3d 687 (2d Cir. 2001),
   overruled on other grounds by, 136 S. Ct. 1989 (2016) ...................................................... 4

*Weichert Co. V. Young*,
   2008 Del. Ch. LEXIS 51, 2008 WL 1914309 (Del. Ch. May 1, 2008) ................................ 2

*Wis. Inv. Bd. v. Bartlett*,
   2002 Del. Ch. LEXIS 42, 2002 WL 568417 (Del. Ch. Apr. 9, 2002),
   aff'd, 808 A.2d 1205 (Del. 2002) ......................................................................................... 2

*Yea Kim v. Nail Plaza, Inc.*,
   2009 U.S. Dist. LEXIS 1992 (S.D.N.Y Jan. 12, 2009)),
   aff'd by, 523 F. App'x 28 (2d Cir. 2013) ............................................................................. 4

*Seitzman v. Sun Life Assurance Co. of Can.*,
   311 F.3d 477 (2d Cir. 2002) ................................................................................................. 4

**Rules** **Page**

Del. R. Ct. Ch. R. 88 ............................................................................................................  1

Defendant/Counterclaim Plaintiff/Third-Party Plaintiff Dr. Michael M. Goldberg M.D. ("Dr. Goldberg") respectfully submits this reply memorandum of law in further support of his fee application (the "Application") seeking advancement of fees and expenses incurred between September 1, 2020 and March 31, 2022 in defending against the claims asserted against him in this action by Plaintiff/Counterclaim Defendant Navidea Biopharmaceuticals, Inc. ("Navidea") pursuant to the Court's Opinion and Order dated March 7, 2022 (Dkt. No. 261), as modified by the Court's Memo Endorsement dated March 9, 2022 (Dkt. No. 263).

## I.     APPLICABLE LEGAL STANDARD

Under controlling Delaware law, a fee application seeking ***advancement*** need only include "a good faith estimate" of the fees and expenses that the party contends should be approved. *Fasciana v. Elec. Data Sys. Corp.*, 829 A.2d 160, 177 (Del. Ch. 2003). To support a fee application the applicant need only "make an affidavit or submit a letter, as the Court may direct, itemizing (1) the amount which has been received, or will be received, for that purpose from any source, and (2) the expenses incurred and services rendered, before making such an allowance." Del. R. Ct. Ch. R. 88. "[A]ny doubts should be resolved in favor of advancement. The policy of Delaware favors advancement when it is provided for, with the Company's remedy for improperly advanced fees being recoupment at the indemnification stage." *Mooney v. Echo Therapeutics, Inc.*, 2015 Del. Ch. LEXIS 146, at *17 (Del. Ch. May 28, 2015).

The reason for these specific rules for ***advancement*** is that advancement is merely a loan to a litigant by the advancing party that must be repaid if the party receiving advancement is not ultimately entitled to indemnification. "If a party cannot be certain that it will be able to shift expenses at the time the expenses are incurred, the prospect that the party will bear its own expenses provides 'sufficient incentive to monitor its counsel's work and ensure that counsel

1

[does] not engage in excessive or unnecessary efforts.'" *Danenberg v. Fitracks, Inc.*, 58 A.3d 991, 997 (Del. Ch. 2012) (considering **_advancement_** request).[1]

When reviewing amounts submitted for **_advancement_**, the nature of the right involved counsels against granular review. *Danenberg*, 58 A.3d at 997.

> In making a decision to advance expenses . . . the corporation is not extending the amount by which it may be legally liable, as it does when it extends indemnification rights.  The right to be indemnified for expenses will exist (or will not) depending upon factors quite independent of the decision to advance expenses. . . . [T]he advancement decision is essentially simply a decision to advance credit.

*Advanced Mining Sys., Inc. v. Fricke*, 623 A.2d 82, 84 (Del. Ch. 1992) (*see also Homestore, Inc. v. Tafeen*, 888 A.2d 204, 214 (Del. 2005) ( "If it is subsequently determined that a corporate official is not entitled to indemnification, he or she will have to repay the funds advanced."). Consequently,

> [T]he function of [an] . . . advancement case is not to inject this court as a monthly monitor of the precision and integrity of advancement requests.  Unless some gross problem arises, a balance of fairness and efficiency concerns would seem to counsel deferring fights about details until a final indemnification proceeding . . .

---

[1] Even in non-advancement contexts, under Delaware law, determining the reasonableness of amounts sought "does not require that [the] Court examine individually each time entry and disbursement." *Aveta Inc. v. Bengoa*, 2010 Del. Ch. LEXIS 175, 2010 WL 3221823 at *6 (Del. Ch. August 13, 2010) (accord *Blank Rome, L.L.P. v. Vendel*, 2003 Del. Ch. LEXIS 84, 2003 WL 21801179 at *8-9 (Del. Ch. August 3, 2010) (rejecting alleged requirement of line-item review).  Discussing specific invoices typically "would neither be useful nor practicable." *Weichert Co. V. Young*, C.A. No. 2223-VCL, 2008 Del. Ch. LEXIS 51, 2008 WL 1914309 at *2 (Del. Ch. May 1, 2008). "[A]n arm's-length agreement, particularly with a sophisticated client . . . can provide an initial 'rough cut' of a commercially reasonable fee." *Wis. Inv. Bd. v. Bartlett*, 2002 Del. Ch. LEXIS 42, 2002 WL 568417 at *6 (Del. Ch. Apr. 9, 2002), aff'd, 808 A.2d 1205 (Del. 2002). "For a Court to second-guess, on a hindsight basis, an attorney's judgment . . . is hazardous and should whenever possible be avoided." *Arbitrium (Cayman Islands) Handels AG v. Johnston*, 1998 Del. Ch. LEXIS 41, 1998 WL 155550 at *4 (Del. Ch. Mar. 30, 1998). "Determining reasonableness does not require that this Court examine individually each time entry and disbursement." *Aveta*, 2010 Del. Ch. LEXIS 175, 2010 WL 3221823, at *6; *see also*, *A Arbitrium*, 1998 Del. Ch. LEXIS 41, 1998 WL 155550, at *2 (considering that client faced prospect of bearing full cost of litigation when evaluating reasonableness), aff'd, 720 A.2d 542 (Del. 1998); *see also Arbor Hill Concerned Citizens Neighborhood Ass'n v. City of Albany*, 522 F.3d 182 (2d Cir. 2007) ("the touchstone of a reasonable hourly rate "is the rate a paying client would be willing to pay.").

*Fasciana*, 829 A.2d at 177; *see also Reinhard v. Dow Chem*. Co., 2008 Del. Ch. LEXIS 39 (Del. Ch. Mar. 28, 2008) ("[T]his Court does not relish and will not perform the task of playground monitor, refereeing needless and inefficient skirmishes in the sandbox [over advancement].").

"Fee requests must be reasonable. At the same time, our law is clear that [in the ***advancement*** context] the Court will not engage in a line-item review of invoices and second-guess with hindsight the appropriateness of an attorney's judgment." *Mooney*, 2015 Del. Ch. LEXIS 146. "Determining reasonableness of amounts sought also does not require the Court to assess independently whether counsel appropriately pursued and charged for a particular motion, line of argument, area of discovery, or other litigation tactic." *Danenberg*, 58 A.3d at 997 (considering ***advancement*** request). "In determining reasonableness, the Court need not 'assess independently whether counsel appropriately pursued and charged for a particular motion, line of argument, area of discovery, or other litigation tactic.'" *Seiff v. Tokenize Inc.*, 2020 Del. Ch. LEXIS 342 at * 12 (Del. Ch. Nov. 19, 2020) ("Plaintiffs' counsel have submitted sworn declarations, under penalty of perjury, that their invoices reflect the time necessary to properly prepare a defense to the New York action. Tokenize has not introduced any evidence to contradict those declarations. Under these circumstances, I will not second-guess an attorney's judgment as to the time spent on matters within the scope of the Agreement's ***advancement*** obligations.") (emphasis added)).

"If . . . fee requests relate to both advanceable claims and non-advanceable claims, *i.e.*, the work is useful for both types of claims, that work is entirely advanceable if it would have been done independently of the existence of the non-advanceable claims." *Mooney*, 2015 Del. Ch. LEXIS 146 at * 17.

"Fees on fees are paid in connection with a successful effort . . . to demonstrate that a corporation wrongfully has withheld advancement." *Id.* "Under Delaware law, prejudgment interest is awarded as a matter of right . . . to be computed from the date payment is due. . . . Under this contractual scenario, Roven is entitled to interest computed from the date of demand." *Citadel Holding Corp. v. Roven*, 603 A.2d 818, 826, 1992 Del. LEXIS 64, *23-24

The reason it is critical to reiterate each of these standards applicable specifically to advancement applications under Delaware law is because ***none*** of the authority cited by Navidea involved ***advancement*** requests *or* Delaware law. Rather, every case involved a post-judgment statutory prevailing party fee award.[2] None justify or require the heightened scrutiny Navidea falsely argues is applicable to Dr. Goldberg's Application.

## II. THE FEES AND EXPENSES FOR WHICH DR. GOLDBERG SEEKS ADVANCEMENT ARE FULLY AND PROPERLY SUPPORTED AND REASONABLE

Dr. Goldberg has fully satisfied the applicable Delaware standards and requirements set forth above. Dr. Goldberg submitted contemporaneous time records and invoices reflecting all time and expenses for which indemnification is sought. Dr. Goldberg is entitled to advancement

---

[2] *See Hensley v. Eckerhart*, 461 U.S. 424 (1983) (42 U.S.C. § 1998); *Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132 (2d Cir. 2008) (FLSA); *Millea v. Metro-North R.R.*, 658 F.3d 154 (2d Cir. 2011) (FMLA); *McDonald v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91 (2d Cir. 2006) (ERISA); *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182 (2d Cir. 2007) (Voting Rights Act); *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170 (2d Cir. 2009) (ADA, Rehabilitation Act and NYC HRL); *Supreme Oil Co. v. Abondolo*, 568 F. Supp. 2d 401 (S.D.N.Y. 2008) (ERISA); *Johnson v. Georgia Highway Express Inc.*, 488 F.2d 714 (5th Cir. 1974) (Title VII); *N.Y.C. Dist. Council of Carpenters v. Rock-It Contr., Inc.*, 2010 U.S. Dist. LEXIS 30204 (S.D.N.Y. Mar. 26, 2010), adopted by, 2010 U.S. Dist. LEXIS 38163 (S.D.N.Y. Apr. 19, 2010) (ERISA); *Quaratino v. Tiffany & Co.*, 166 F.3d 422 (2d Cir. 1999) (Title VII); *Francois v. Mazer*, 2012 U.S. Dist. LEXIS 111439 (S.D.N.Y. Aug. 6, 2012) (FLSA); *Yea Kim v. Nail Plaza, Inc.*, 2009 U.S. Dist. LEXIS 1992 (S.D.N.Y Jan. 12, 2009)), aff'd by, 523 F. App'x 28 (2d Cir. 2013) (FLSA and NY Labor Law); *United States ex. rel., Mikes v. Straus*, 274 F.3d 687 (2d Cir. 2001), overruled on other grounds by, 136 S. Ct. 1989 (2016) (*qui tam* provisions of False Claims Act); *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149 (2d Cir. 1998) (ADEA); *Tucker v. City of N.Y.*, 704 F. Supp. 2d 347 (S.D.N.Y. 2010), adopted by, in part, motion granted by, judgment entered by, 704 F. Supp. 2d 347 (S.D.N.Y. 2010) (42 U.S.C. §1988); *N.Y. State Ass'n for Retarded Children v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983) (42 U.S.C. § 1988); *Lee v. Santiago*, 2013 U.S. Dist. LEXIS 130141 (S.D.N.Y. Aug. 15, 2013), adopted by, 2013 U.S. Dist. LEXIS 129129 (S.D.N.Y. Sept. 10, 2013) (42 U.S.C. § 1988); *Seitzman v. Sun Life Assurance Co. of Can.*, 311 F.3d 477, 487 (2d Cir. 2002) (29 U.S.C. § 1132).

of attorneys' fees and expenses incurred in defending against Navidea's claims against him. The Application carefully segregates attorneys' fees and expenses incurred in defending against Navidea's claims against him.

Navidea has three causes of action against Dr. Goldberg. However, only two of the causes of action are substantive. The first alleges that Dr. Goldberg engaged in conduct violating the express terms of the August 14th Agreement. (*See* Dkt. No. 15 ¶¶ 92-101.) The second alleges that he engaged in conduct violating the implied duty of good faith and fair dealing, which is an actual contract term implied by law in every contract. (*Id.* ¶¶ 102-112.) Both incorporate all factual allegations in the Amended Complaint and refer to the same specific common facts, involving Transaction Documents and transactions involving Macrophage and its subsidiary. These causes of action are therefore both based on the August 14th Agreement and are inextricably legally and factually intertwined. Navidea's third cause of action seeks the remedy of a declaration that Navidea is relieved of "certain" unidentified obligations under the August 14th Agreement based on Dr. Goldberg's alleged breaches. The third cause of action does not allege any additional misconduct by Dr. Goldberg. (*See* Dkt. No. 13 ¶¶ 113-117.) Thus, all three of Navidea's causes of action arise out of the same August 14th Agreement and the same set of facts and circumstances.

Dr. Goldberg's surviving counterclaim and third-party claim merely ask that if he successfully defends against Navidea's breach of contract claims the Court award him damages based on the failure of Navidea and Third-Party Defendant Macrophage Therapeutics, Inc. ("Macrophage") to deliver certain stock to him as required by the August 14th Agreement. (*See* Dkt. No. 31 ¶¶ 84-101.) Navidea and Macrophage each admit that Dr. Goldberg did not receive the shares provided for in the August 14th Agreement. (*See* Dkt. No. 15 ¶¶ 25-32; Dkt. No. 39 ¶

79.) Thus, the work required to establish these facts has been focused on proving damages, and work relating to damages has not been submitted for advancement.

Certain tasks, such as depositions and drafting certain documents, encompassed both defending against Navidea's claims and prosecuting Dr. Goldberg's counterclaim and third-party claim. In his first fee application, consistent with Delaware law requiring a good faith estimate of the time spent on advanceable work, Dr. Goldberg made good faith generalized estimates of the percentages of their time allocable to (i) defending against Navidea's claims, (ii) prosecuting Dr. Goldberg's counterclaims, and (iii) relating to the Delaware litigations. This approach was rejected by the Court. While Dr. Goldberg still believes that such good faith estimates fully satisfy Delaware law regarding advancement,[3] he took the Court's ruling to heart.

Thus, in support of this Application, Dr. Goldberg submitted contemporaneous time records broken down to specifically identify time applying solely to defending against Navidea's claims and sought 100% advancement for those amounts. He excluded from the Application any time relating solely to prosecuting his counterclaim and third-party claim, the Delaware actions, or otherwise not relevant to defending against Navidea's claims. For tasks that applied both to defending against Navidea's claims and prosecuting his counterclaim and third-party claim Dr. Goldberg's counsel engaged in an extensive, detailed and specific review of deposition transcripts and draft documents and provided a sworn declaration explaining exactly how he allocated that time for each deposition or document for purposes of advancement. These *are not* the type of generalized percentage estimates that the Court rejected in connection with Dr. Goldberg's first application and Navidea's suggestion that they are in way analogous is obviously false.

---

[3] *See, e.g., Fasciana*, 829 A.2d at 177 (fee application seeking advancement need only include "a good faith estimate" of the fees and expenses that the party contends should be approved).

6

### III.  NAVIDEA'S OBJECTIONS TO THE APPLICATION LACK MERIT

   A. <u>Dr. Goldberg Has Properly Allocated Advanceable Time</u>

The Court has ruled that Dr. Goldberg is entitled to advancement of time and expenses attributable to defending against Navidea's claims but not those attributable to prosecuting his counterclaims and third-party claims or any other work.  These two types of time and expenses are meticulously segregated in the Application and Dr. Goldberg has sought advancement only of the time and expenses attributable to defending against Navidea's claims.

The argument that Dr. Goldberg is required to segregate time and expenses between Navidea's individual claims is not supported by any authority and is unnecessary.[4]  As the Supreme Court has recognized, in many cases "the plaintiff's claims for relief will involve a common core of facts or will be based on related legal theories.  Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis.  Such a lawsuit cannot be viewed as a series of discrete claims." *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983).  Navidea has asserted two intertwined breach of contract claims which are both based on the August 14th Agreement.  The fact that Navidea's overlapping claims based on a common core of facts make separation of work on a per-claim basis impossible *does not* equate with (or even suggest) inadequate recordkeeping or provide any basis to deny advancement.

Navidea falsely states that the Court reduced Dr. Goldberg's first application because of a failure to separate work on Navidea's two intertwined claims.  (*See* Opposition Brief at 5.)  Rather, the Court rejected Dr. Goldberg's application of generalized percentage estimates of relative time spent on defending against Navidea's claims.  Dr. Goldberg has supported this Application with

---

[4]  As set forth above, every case in which an applicant was required to segregate time and expenses by claim involved post-judgment ***statutory fee awards*** pursuant to a statutory prevailing party award, in which cases parties may be reimbursed only for work performed on successful claims.  See n. 2, *supra* (collecting cases).

7

individualized line-by-line reviews of thousands of pages of transcripts and work product to make specific allocations and has submitted specific and individual breakdowns for each entry.

Navidea argues that Dr. Goldberg was required to submit "evidence" supporting his allocations. Dr. Goldberg has done exactly that. He has submitted sworn statements from his counsel detailing the processes used and the results of these analyses and his advancement calculations clearly apply each individualized percentage. Sworn declarations are "evidence" by any judicial standard, and clearly satisfy Dr. Goldberg's obligation under controlling Delaware law. (*See Seiff*, 2020 Del. Ch. LEXIS 342 at * 12.) Navidea cites no authority to the contrary.

If Navidea wished to challenge to Dr. Goldberg's allocations with respect to depositions it could easily have done so. Navidea did not (or did so and had no legitimate objection).[5] Navidea disingenuously states that "[w]hile Navidea would gladly comment on the substance of the Rule 56.1 Statement and whether – as Dr. Goldberg asserts – 93% relates to his defense of Navidea's claims . . . it cannot due to Dr. Goldberg's withholding of the Rule 56.1 Statement." (Opposition Brief at 18.) Navidea could have done exactly that with respect to every *deposition transcript*, all of which are in Navidea's possession, but it chose not to. Rather it resorts to implying without any basis that Dr. Goldberg's counsel may have committed perjury in support of the Application.

For those few tasks that were not susceptible to a detailed analysis, most of which relate to discovery, Dr. Goldberg applied an 80% multiplier based on the fact that that percentage reflected the weighted average percentage derived from the specific line-by-line analyses that were

---

[5] If the Court deems it appropriate to conduct its own review of the transcripts, Dr. Goldberg stands ready to provide them to the Court. However, Navidea's suggestion that they should have been filed with the Application is completely unsupported by any authority. Likewise, while Dr. Goldberg does not believe it is required and believes it would be prejudicial, if the Court deems it necessary and appropriate, Dr. Goldberg would be willing to submit the draft Rule 56.1 statement and summary judgment memorandum of law for *in camera* review.

8

performed on discovery-related work. Thus, the 80% multiplier is fully appropriate and is explained and "substantiated" in the Declaration accompanying the Application.

    B. Navidea's *Ad Hominem* Attack Of Attorney Weisbrot,
        <u>Now Deceased, Do Not Provide Any Basis To Deny Advancement</u>

Navidea asserts that Dr. Goldberg should not be awarded advancement for time incurred by Attorney N. Ari Weisbrot, Esq. in conducting and participating in certain depositions due to Mr. Weisbrot's zealous advocacy at those depositions. Navidea's attempt to tarnish Mr. Weisbrot, who Navidea and its counsel are well aware tragically passed away in May of 2021 and cannot defend himself, is shameful and also unavailing. If Navidea believed that Mr. Weisbrot's conduct was improper, the remedy would have been to move for protective orders and/or sanctions at the time. Navidea did not pursue either of these remedies. Although Navidea did initially attempt to "terminate" the deposition of Jed Latkin, Magistrate Freeman denied its informal request to end the deposition and ordered Mr. Latkin to appear and complete his deposition, which he did.

    C. <u>Attorney Zimmer's Billing Rate Is Reasonable</u>

Attorney Zimmer has more than 20 years' experience. He is a graduate of Georgetown University Law Center and has practiced at some of the largest firms in the country. His $400/hr. billing rate has not changed since 2019. The question in a fee application is not whether an attorney is a senior or junior attorney, but whether the attorney's billing rate is reasonable. Mr. Zimmer's $400/hr. rate is comparable to low- to mid-level associates at law firms practicing before this Court. He has not sought a higher rate for work that is "senior partner level" work, nor should his rate be reduced because he is a solo practitioner. As reflected in the Application, Mr. Zimmer has been Dr. Goldberg's sole counsel on this case since approximately December 2020.

D. Dr. Goldberg's Application For Advancement Of Costs Is Proper

Dr. Goldberg's Application with respect to costs relating to deposition court reporting and discovery document hosting is based on the same line-by-line analysis of each deposition and a detailed analysis of the results of document review. Navidea's suggestion – again without authority – that Dr. Goldberg is required to submit "evidence" supporting the allocation is false, and in any event, it is satisfied through sworn testimony of Dr. Goldberg's counsel.

E. Fees For Dr. Goldberg's Motion To Strike Navidea's
Improper Reply Submission Are Reasonable And Advanceable

On May 19, 2021, Navidea filed a 31-page "Response" to Dr. Goldberg's objection, along with a Declaration containing several substantive paragraphs and attaching eight exhibits totaling approximately 120 pages. (*See* Dkt. No. 202.) Because the "response" was not permitted, Dr. Goldberg filed a motion to strike comprising a notice of motion and a three (3) page memorandum of law. (*See* Dkt. Nos. 206-207.) Given the importance of the issues that were the subject of the Report and Recommendation, it is respectfully submitted that Dr. Goldberg's filing of an extraordinarily short motion to strike (especially relative to the 31-page brief and the hundreds of pages of supporting material filed by Navidea) to protect his interests was entirely reasonable.

F. The *Di Minimis* And Inadvertent Calculation Errors
Identified By Navidea Should Be Applied By The Court

For September and October 2020, a $450/hr. rate for Attorney Weisbrot was used when his actual rate was $425/hr. This resulted in an overstatement of Attorney Weisbrot's billing by $473.15. For September 2, 2020, Attorney Zimmer inadvertently applied a $400/hr. rate to 0.70 hours spent reviewing documents that was actually billed at $300/hr. Navidea also identified inadvertent miscalculations on August 11, 2021, and March 2, 2022, resulting in overcharges of $80 each. This resulted in an overstatement of Attorney Zimmer's billing by $213.48. Mr. Weisbrot's and Mr. Zimmer's requested fees should therefore be reduced by those amounts.

10

## **CONCLUSION**

For the foregoing reasons, the Court should grant Dr. Goldberg's Application and should grant Dr. Goldberg such other and further relief as the Court deems just and proper.

Dated: Westchester, New York
May 19, 2022

Respectfully submitted,

/s/ Gregory Zimmer
Gregory Zimmer, Esq.
142 New Chalet Drive
Mohegan Lake, NY 10547
Phone: 914.402.5683
Fax: 914.402.5683
Email: GZimmer@GZimmerLegal.com