# Gregory Zimmer, Esq.

GZimmer@GZimmerLegal.com
O:  (914) 402-5683
M:  (516) 991-1116

September 20, 2022

**VIA ECF**

Honorable Valerie Caproni, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Room 443
New York, New York  10007

Re:  *In re Navidea Biopharmaceuticals Litigation, Case No. 19-cv-01578–VEC*

Dear Judge Caproni:

I represent Defendant/Counterclaim Plaintiff/Third-Party Plaintiff Dr. Michael M. Goldberg, M.D. ("Dr. Goldberg") in the above-referenced matter.  I write regarding the Court's August 29, 2022 order directing the parties to submit supplemental briefing on "parties' theories of the proper measure of damages if Dr. Goldberg prevails on his claim that the Counterclaim Defendants breached the August 14 Agreement" (the "Order").  [Dkt. No. 284.][1]  These theories were the basis of expert reports produced by Terry Orr on behalf of Dr. Goldberg and William Murray on behalf of Navidea.

Because the Order stated that "the parties' theories of the proper measure of damages if Dr. Goldberg prevails on his claim that the Counterclaim Defendants breached the August 14 Agreement are unclear," we understood the Order to be asking the parties to clarify the theories of damages they intended to present, not a request for supplemental legal authority supporting those theories in addition to that submitted in connection with the pending *Daubert* motions.  Accordingly, Dr. Goldberg endeavored to clarify the opinions that Orr intends to proffer as Dr. Goldberg's expert witness.  However, Navidea used its supplemental briefing to submit new legal arguments and authority for the first time.  We therefore respectfully submit the following short response and respectfully request that the Court consider it, especially in light of the fact that it responds to legal arguments and authority submitted by Navidea for the first time in its supplemental briefing in support of its *Daubert* motion concerning Orr, which amounts to a reply submission to which Dr. Goldberg would otherwise not be afforded a response.

First, Navidea's *Daubert* motion sought to exclude Orr's testimony in part on the basis that he selected a time period during which Navidea shares traded at a high price to value the shares.  However, Navidea's supplemental submission actually admits that the proper measure of damages is the "highest intermediate price of the shares during a reasonable time at the

---

[1]      The Order stays the parties' pending *Daubert* motions until the supplemental briefing is completed.  There is also a fee application by Dr. Goldberg pending that has not been stayed.

Honorable Valerie Caproni, U.S.D.J.
September 19, 2022
Page 2

beginning of the restricted period," and that "'reasonable time' in this context is the 'time in which [the plaintiff] could have disposed of its shares without depressing the market had it been able to do so.'"  This new admission negates the entire premise of Navidea's *Daubert* motion and entirely supports Orr's valuation methodology.  Orr relied on a period of high price and *high volume* trading in July and August 2020, only one month after the last tranche of the Navidea shares should have become tradeable by Dr. Goldberg.  This was considered a reasonable time to value the shares because Orr has noted that Dr. Goldberg could easily have sold all of his stock during this period without any impact from Navidea's historical low trading volumes.  Although Dr. Goldberg has moved to strike the purported "blockage discount" opinion asserted by Navidea's purported expert, William Murray, due to its lack of foundation and reliability, it is notable that Murray opined that it would have taken Dr. Goldberg approximately 13 years (until approximately 2032) to sell the shares "without depressing the market."  The high price, high volume trading period in July-August 2020 falls well within the 13 year window advocated for by Navidea's expert.  Any remining objection Navidea has to Orr's opinion it goes to weight not admissibility.

Second, Navidea admits for the first time that comparable transactions analysis is a proper method of valuation for Macrophage and cites for the first time *Kruse v. Synapse Wireless, Inc.*, C.A. No. 12392-VCS, 2020 WL 3969386 *1-2, (Del. Ch Jul. 14, 2020) for the proposition that "in the ***typical litigation context***, the lack of fully reliable evidence ***might*** lead the ***factfinder*** to conclude that neither party carried its burden of proof . . .." (emphasis modified).[2]  This newly-cited authority confirms that comparable transaction analysis is a valid valuation methodology.  On its face, it also confirms that even where expert testimony may not be "fully reliable" it is still admissible and the ***factfinder*** should determine its value.  In fact Navidea omits that in *Kruse* the court ultimately held that "[a]fter carefully reviewing the evidence, I find that Synapse has marshalled sufficient evidence to carry its burden of proving a reliable appraisal of Synapse's fair value as of the 2016 Merger."  *Id.*  Here Orr relied on evidence of two contemporaneous offers of investment in Macrophage that were at a stage sufficiently concrete that they were reported directly and in writing to NYSE by Navidea under circumstances imposing significant penalties for misstatements.  Orr explains that Navidea's own written description of the transactions to NYSE makes clear that they were for a less than one-half interest in Macrophage.  It is only because Navidea's witnesses could not recall (or feigned a lack of recollection of) the specific deal terms that Orr could not use more detailed information.  Delaware caselaw cited earlier by Dr. Goldberg is clear that cases where a plaintiff proves damages but cannot present specific values due to the actions of the defendant (such rendering unavailable the details of significant proposed transactions) are not a "typical litigation context," but, rather, the plaintiff need only present the finder of fact a reasonable basis to assess damages.  That is exactly what Orr did in his report.

Third, Navidea argues that Dr. Goldberg is not entitled to specific performance.  However, Navidea's own claim seeks a declaration that it is not required to perform "certain

---

[2]       Navidea also cites the following new authority in its supplemental submission:  *Great American Opportunities, Inc. v. Cherrydale Fundraising, LLC*, 2010 WL 338219 at (cite) (Del. Ch. Jan 29, 2010); *Israel Disc. Bank of New York v. First State Depository Co., LLC*, No. CIV.A. 7237-VCP, 2013 WL 2326875, at *24 (Del. Ch. May 29, 2013).

Honorable Valerie Caproni, U.S.D.J.
September 19, 2022
Page 3

obligations" under the August 14th Agreement.  Thus, if Dr. Goldberg successfully defeats Navidea's affirmative claim that he breached the August 14th Agreement and the jury finds that Navidea has not delivered the Navidea and Macrophage shares as required by the August 14th Agreement, Navidea's obligation to deliver those shares will be enforceable by specific performance.

Thank for your attention to this matter.

Respectfully submitted,

/s/ Gregory Zimmer, Esq.

Gregory Zimmer, Esq.
142 New Chalet Drive
Mohegan Lake, NY 10547
(914) 402-5683
GZimmer@GZimmerLegal.com

cc:  Barry Kazan, Esq.
     Karim Sabadin, Esq.