UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE: NAVIDEA BIOPHARMACEUTICALS LITIGATION

Case No.: 1:19-cv-01578-VEC-VF

ECF Case

**PLAINTIFF/COUNTERCLAIM-DEFENDANT NAVIDEA BIOPHARMACEUTICALS, INC.'S RESPONSE TO DR. MICHAEL M. GOLDBERG'S OBJECTIONS TO THE JANUARY 30, 2023 REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE FIGUEREDO**

**PRELIMINARY STATEMENT**

While this is not the first time the Court has been called upon to rule on objections filed by Dr. Michael Goldberg ("Goldberg") to a Report and Recommendation on his advancement fee applications, Navidea Biopharmaceuticals, Inc. ("Navidea") hopes that it is the last. Despite the extensive guidance provided by the District Judge, and now two Magistrate Judges, Goldberg continues to "dig in his heels and petulantly insist that the billing records he provided are sufficient and that the Court should simply accept his purportedly good faith estimates as to the amount of time each of his attorneys has spent on each claim in this case." *See* Dkt. 207 at 7.

On January 30, 2023, Magistrate Judge Figueredo served her Report and Recommendation (the "R&R") as to Goldberg's April 8, 2022 application for advancement (the "Application"). The R&R recommends that Goldberg's Application be denied in part and granted in part. Specifically, the R&R recommends that the Court deny Goldberg's request for fees and costs relating to his defense of the claims of Navidea as a sanction for "failing to comply with multiple court orders," and further recommends that the Court award $12,600 in advanceable fees "relating to prior advancement motions." Navidea has not objected to the R&R.

On February 13, 2023, Goldberg filed his objections to the R&R (the "Objections"). The Objections, however, "simply regurgitate the original briefs to the magistrate judge." Moreover, Goldberg fails to use the word "sanction" in his objections much less provide any basis for overruling the Magistrate Judge's findings that Goldberg be sanctioned for his failure to comply with the Court's earlier orders. As such, this Court should only review the R&R for clear error under Fed. R. Civ. P 72(a) and applicable case law, and upon such a review, conclude that no clear error exists. For the reasons set forth in the prior R&R's (*see* Dkt. 119, 198) and prior orders adopting them (*see* Dkt. 134, 207), as well as those set forth below, Navidea respectfully requests that the Objections be overruled and the R&R be adopted in full.

A. <u>Legal Standard of Review</u>

As this Court has explained (Dkt. 207 at 5), in reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). To accept those portions of the report to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *King v. Greiner*, No. 02-CV-5810, 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009) (citation omitted); *see also Wilds v. United Parcel Serv. Inc.,* 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). When specific objections are made, "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Objections, however, "may not be 'conclusory or general,' and parties may not simply regurgitate the original briefs to the magistrate judge." *Hernandez v. City of New York*, No. 11-CV-6644, 2015 WL 321830, at *2 (S.D.N.Y. Jan. 23, 2015) (internal citation omitted). To the extent that "the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the [R&R] strictly for clear error." *IndyMac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, No. 07-CV-6865, 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008); *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition.") (internal quotations omitted). Here, there is nothing in the R&R that is "clearly erroneous or is contrary to law."

Indeed, the R&R builds upon the prior decisions and admonishments of the District Court Judge and Magistrate Judge as to how Goldberg is to determine the fees and costs subject to advancement versus those fees and costs applicable to his affirmative claims against Navidea and

Macrophage (or his defense of the Delaware Action)[1] and found that he had failed present the application consistent with the Court's prior orders. *See* R&R at 18-19, 25-23. In light of those findings, Goldberg has chosen to "simply reiterate his original arguments." Having done so, the Court should review the objections under the clear error standard.

B. Delaware Law Does Not Dictate A Different Result

Much of Goldberg's objections focus on whether this Court is applying a "reasonableness" standard under New York or Delaware law. Objections at 1-3. However, the Court has already addressed this question and ruled against Goldberg finding that "courts in this District, applying Delaware law, have consistently examined the amount of any proposed advancement for reasonableness, even in the absence of an express requirement that the advanced fees or cost be reasonable." Dkt. 119 at 39; Dkt. 134 at 6 n.5; *see generally* Dkt. 119 at 39-41. Thus, the fact that an advancement claim may be governed under Delaware law does not mandate a different result. Indeed, nowhere in Goldberg's objections does he distinguish cases previously cited by this Court to show that, given the circumstances, a Delaware Court would have arrived at a different conclusion.

In that respect, Delaware law appears to be no different in the way that the reasonableness of fees are determined. First, they must be made on a good faith basis (*Danenberg v. Fitracks, Inc.*, 58 A.3d 991, 997 (Del. Ch. 2012)), something that this Court has already questioned as it pertains to Goldberg's fee applications. *See* Dkt. 198 at 4. Second, "reasonableness" is viewed by assessing various factors which align with this Court's analysis. Compare *Danenberg*, 58 A.3d 991 at 996 (reciting factors contained in the Delaware Lawyers Rules of Professional Conduct

---

[1] Even though the Delaware Action was tried in December 2021, the fee application includes fees from September 2020 through March 2022 which necessarily included the time for the Delaware Action.

3

1.5(a)) *with* R&R at 14-18 and Dkt. 198 at 12-16.  Third, how the Court makes it reasonableness determination is within the Court's discretion.  *Danenberg*, 58 A.3d 991 at 995 ("[t]he Court of Chancery has discretion in determining the level of submission required" and "discretion when determining a reasonable fee award" in connection with a fee application).  Moreover, the protocol adopted by this Court is akin to the one established in *Danenberg*, a case relied upon by Goldberg.  *Compare* Dkt. 119 at 42-43 and Dkt. 207 at 12-13, *with Danenberg*, 58 A.3d 991 at 1003.

Moreover, Goldberg continues to confuse the reasonableness standard with the allocation requirement imposed by the Court.  Specifically, back in July 2020, the Magistrate Judge recounted how:

> Goldberg has twice been asked by this Court to submit his attorneys' contemporaneous time records, so that this Court may assess the reasonableness of (a) the amount he is seeking as indemnification of the fees and other expenses incurred in defending the breach-of-fiduciary-duty claim, and (b) the amounts he is seeking as advancement for the fees and other expenses he has incurred in defending other claims. This Court has also asked Goldberg to explain which of the time entries reflected in those records are claimed to relate to work performed in defense of the breach-of-fiduciary-duty claim, and which are claimed to relate to the defense of other claims, or to the prosecution of counterclaims or third-party claims.  Despite these requests by this Court – the reasons for which the Court explained at length in two conferences with counsel – Goldberg has not complied." (Dkt. 119 at 41).

In approving the July 2020 R&R (Dkt. 119), this Court rejected as "nonsensical" Goldberg's suggestion that there was no need for this Court to assess whether the fees incurred were reasonable.  Dkt. 134 at 10-11.  The Court further stated that because "the billing records submitted by Goldberg failed to detail the amount of time spent defending each remaining claim (as opposed to the time spent defending the breach of fiduciary duty claim, defending the claims in the Delaware Action, and prosecuting Goldberg's own counterclaims and third-party claims), the Court [was] unable to assess the reasonableness of any attorneys' fees and costs incurred to date."

4

Dkt. 134 at 11. Therefore, the issue was not only whether the fees sought for advancement were reasonable, but whether the fees incurred were for the advanceable claims in the first instance.

When Goldberg finally submitted his initial fee applications in October 2020, he once again failed to support them leaving the Magistrate Judge with "the distinct impression that the allocation percentages being proposed by counsel are based less on the reality of the work that they performed at any given time, than on their desire to push the maximum amount of time possible into those categories of work for which … advancement ha[s] been held to be available, so as to obtain the greatest possible awards for their client." Dkt. 198 at 4.

As with his prior submissions, Goldberg has once again has failed to adhere to this Court's explicit orders and continues to "[dig] in his heels and petulantly insist…that the billing records he provided are sufficient and that the Court should simply accept his purportedly good faith estimates as to the amount of time each of his attorneys has spent on each claim in this case." Dkt. 207 at 7. Based on the foregoing, it is irrelevant whether the Court is applying Delaware or New York law because the result is the same – Goldberg has failed to satisfy the Court that the fees incurred are reasonable and limited solely to those fees and costs related to the defense of Navidea's claims.

C. The Court's Sanction is Appropriate

Even though the Magistrate Judge expressly recommended that "Goldberg's application for the advancement of fees and cost as it pertains to the defense of Navidea's claims against him be denied as a sanction for failing to comply with multiple court orders …" (R&R at 34-35), Goldberg fails to make any argument that his conduct was not sanctionable (much less even mention the word sanction in his objections). Rather, as Goldberg is wont to do, he attempts to justify his actions by once again arguing that the Court has imposed an unfair standard on him and

that the Court is wrong. Objections at 6, 14, 16, and 18. Again, this misses the point and fails to address the Magistrate Judge's finding that "that there is clear and convincing evidence that counsel disregarded a clear and unambiguous scheduling or pre-trial order." Dkt. 298 at 19 (citations omitted).

Specifically, in May 2021, before Goldberg submitted the instant fee application, the Court was crystal clear in stating:

> In the unlikely event this is not now evident to Goldberg and his attorneys, they have a choice: they can either start keeping time records in sufficient detail that a reviewing court can ascertain how much time was spent on specific tasks that are tied to specific claims so that any associated claim for indemnity or advancement can be assessed by the Court for reasonableness or they can continue on the path they are on. If they immediately choose the former, subsequent advancement and indemnification requests have a chance of being granted. If they choose the latter, Goldberg's legal fees associated with this litigation will likely be borne entirely by him. To paraphrase slightly what the Court has said previously, Goldberg's failure to require his attorneys to maintain appropriate time records so that the Court can comply with its responsibility to review requested fees for reasonableness will redound to his detriment, not Navidea's. (Dkt. 207 at 17).

Rather than comply with the Court's orders, Goldberg again chose to flout them. It is hard to imagine how the Court could have been clearer on what was expected from Goldberg.

On August 24, 2020, the Court stated: "The Court will give [Goldberg] one (and only one) more opportunity to make a properly supported fee application. If he fails to do so, the Court will likely deem his motion for indemnification to have been withdrawn with prejudice." Dkt. 134 at 5. If that was not clear, the Court reiterated the same when it said "The Court warns Goldberg that failure to comply with this order will likely result in the Court finding that Goldberg has withdrawn with prejudice his request for indemnification as a sanction for his failure to comply with this and previous orders." *Id.* at 7-8, 12. And even though the Court agreed to give him "one (and only) one more opportunity," the Court magnanimously agreed to give him a second chance. Thus, on March 7, 2022, the Court once again allowed Goldberg to submit a fee application conditioned

upon him "submit[ting] copies of his billing records specifically detailing the amount of time spent litigating each of Navidea's remaining claims in this case" and once again warned him that "[f]ailure to comply with this Order will likely result in the Court determining that Goldberg has withdrawn his motion for advancement of fees with prejudice as a sanction for failure to comply with Court orders." Dkt. 216 at 11.

In the face of these orders, the Magistrate Judge reviewed the submission and found that "[a] review of Goldberg's instant motion indicates that his attorneys have not reformed their billing practices to conform with the Court's previous instructions and warnings ... [and] contains the same deficiencies the Court has repeatedly asked Goldberg to correct." Dkt. 298 at 34-35. As a result, there exists clear and convincing evidence that Goldberg has disregarded a clear and unambiguous scheduling or other pretrial order and the sanction is appropriate.

## CONCLUSION

For the foregoing reasons, Navidea respectfully requests that the Court overrule each of Goldberg's objections and adopt the Magistrate Judge's Report & Recommendation in total and find that Goldberg has withdrawn with prejudice his request for advancement.

Date: February 28, 2023  
New York, New York

Respectfully submitted,

/s/ Barry M Kazan  
Barry M. Kazan, Esq.  
Mintz & Gold LLP  
600 Third Avenue, 25th Floor  
New York, New York 10016  
Phone: (212) 696-4848  
Fax:    (212) 696-1231  
kazan@mintzandgold.com

*Attorneys for Plaintiff /Counterclaim Defendant Navidea Biopharmaceuticals, Inc. and Third-Party Defendant Macrophage Therapeutics, Inc.*