USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/15/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
: 19-CV-1578 (VEC)
IN RE: NAVIDEA BIOPHARMACEUTICALS :
LITIGATION : ORDER
:
------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

The Court assumes the reader is familiar with the underlying facts and prior proceedings. Most pertinent to this Order: the Undersigned previously granted Defendant/Counterclaim-Plaintiff Michael Goldberg's ("Goldberg") motion to dismiss the breach of fiduciary duty claim brought by Navidea Biopharmaceuticals, Inc. ("Navidea") and determined that Goldberg was entitled to indemnification of attorneys' fees reasonably incurred with respect to the defense of that claim, Dkt. 61, and to advancement of attorneys' fees reasonably incurred in defending against Navidea's remaining claims, see Dkt. 134. On May 27, 2021, this Court adopted in full a Report and Recommendation ("R&R") from Magistrate Judge Freeman granting in part and denying in part Goldberg's requests for indemnification and advancement of fees. See Order, Dkt. 207.[1] In so doing, the Court warned Goldberg's attorneys not to base their future fee requests "on the same broad, conclusory, percentage estimates" that had plagued their prior

---

[1] In connection with Goldberg's application for fees, about a year earlier, Magistrate Judge Freeman had issued an R&R addressing: (i) the amount of fees that should be awarded to Goldberg in connection with his defense of the breach of fiduciary duty claim; and (ii) the motion for the advancement of attorneys' fees incurred in defending against Navidea's claims pending in this court and Macrophage's claims pending in Delaware. Dkt. 119. In adopting that R&R in full, this Court noted that "Goldberg ha[d] twice been ordered to provide his attorneys' time records and to explain specifically which of the entries relate to the defense of the breach-of-fiduciary-duty claim and which relate either to the defense of Navidea's other claims or to the litigation of Goldberg's own counterclaims and third-party claims." Op. & Order at 6, Dkt. 134. Because the billing records submitted by Goldberg contained "no explanation of which time entries relate[d] to the defense of which claims," the Court found that it was "entirely unable to assess the reasonableness of Goldberg's requested attorneys' fees." Id. The Court gave Goldberg a deadline of September 30, 2020, to submit copies of his attorneys' billing records that specifically detailed the time each attorney spent working on each of Navidea's claims and explaining the nature of the work performed. Id. at 7, 11.

applications and warned Goldberg that failure to implement "task-specific, contemporaneous, objective, documented measures to allocate hours spent on tasks" would be to his detriment. *See id.* at 16, 17 n.9.

On April 8, 2022, Goldberg moved for the advancement of attorneys' fees incurred between September 1, 2020, and March 31, 2022. *See* Dkts. 275–77.[2] Navidea opposed the motion. *See* Dkts. 281–82. On April 11, 2022, this Court referred Goldberg's motion to the Magistrate Judge. On January 30, 2023, in a thoughtful, comprehensive, 46-page opinion, Magistrate Judge Figueredo[3] recommended that the Court grant Goldberg's request for advancement of $12,600.00 for attorneys' fees and costs related to Goldberg's prior advancement motions (the "fees on fees" application). *See* R&R, Dkt. 298. Magistrate Judge Figueredo further recommended that the Court deny the balance of Goldberg's motion. *See id.* Goldberg objected to the R&R, and Navidea responded to Goldberg's objections. Dkts. 299, 303.[4] For the following reasons, the Court ADOPTS the R&R in full.

## DISCUSSION

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."

---

[2] Goldberg now seeks (i) the advancement of $11,070.50 in attorneys' fees and expenses incurred by N. Ari Weisbrot; (ii) $97,151.92 in attorneys' fees and expenses incurred by Gregory Zimmer; (iii) $12,096.81 for expenses incurred for Veritext, a court reporting service used in connection with depositions; and (iv) $22,853.32 for expenses incurred for Consolio, an e-discovery vendor. *See* Zimmer Decl. ¶¶ 2–3, 14–16, Dkt. 277.

[3] Magistrate Figueredo became the assigned Magistrate Judge upon the retirement of Magistrate Judge Freeman.

[4] The Court notes that the April 11, 2022 referral order was to resolve Mr. Goldberg's non-dispositive motion; accordingly, it was wholly within Magistrate Judge Figueredo's authority to issue a decision on the merits (rather than an R&R) pursuant to Fed. R. Civ. P. 72(a). Given the history in this case, particularly with respect to the numerous R&Rs issued regarding Goldberg's quest for attorneys' fees, this Court permitted Navidea to file a response to Goldberg's objections, thereby treating the R&R as one issued pursuant to Fed. R. Civ. P. 72(b). *See* Dkt. 301.

28 U.S.C. § 636(b)(1)(C).  To accept those portions of the report to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record."  *King v. Greiner*, 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009) (citing *Wilds v. United Parcel Serv. Inc.,* 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)).  When specific objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3); *United States v. Male Juvenile (95-CR-1074)*, 121 F.3d 34, 38 (2d Cir. 1997).  Objections, however, "may not be 'conclusory or general,' and parties may not simply regurgitate the original briefs to the magistrate judge."  *Hernandez v. City of New York*, 2015 WL 321830, at *2 (S.D.N.Y. Jan. 23, 2015) (citation omitted).  To the extent that "the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the [R&R] strictly for clear error."  *IndyMac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008); *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition.") (internal quotations omitted).

### A. The Report & Recommendation

Magistrate Judge Figueredo recommends that this Court deny Goldberg's request for advancement of attorneys' fees or costs as a sanction for failing to comply with multiple court orders instructing Goldberg to detail specifically the amount of time spent litigating each of Navidea's claims in this action. *See* R&R at 19. Judge Figueredo's recommendation rests on the fact that the billing records Goldberg submitted "suffer from the same defects detailed at length in previous orders from the Court: (1) the billing entries are not separated on a claim-by-claim basis; (2) Goldberg applies percentage reductions to the entries without sufficient explanation as to how the percentages were calculated; and (3) there is no supporting documentation for the Court to use to verify Goldberg's calculations." *Id.* at 23–24 (citing Dkts. 119, 134, 198, and 207). Judge Figueredo further recommends that this Court grant in part Goldberg's fees on fees application. *See id.* at 19.

Goldberg objects to the recommendation. Goldberg broadly argues that the Court "should not second-guess [his] attorneys' judgment as to the time spent on matters" pertaining to Navidea's advancement obligations, and that the Court need not "independently" assess reasonableness because the fees requested are the result of an arms-length negotiation between sophisticated parties. *See* Goldberg Objections at 2, 6, Dkt. 299 ("Obj."). In Goldberg's view, "the prospect that the party will bear its own expenses provides 'sufficient incentive to monitor its counsel's work.'" *Id.* at 2, 7; *see also* Goldberg Mem. at 2, Dkt. 276; R&R at 4, Dkt. 298. Goldberg argues that this is especially true because Navidea failed to "contradict" the information supplied in the declaration of Goldberg's attorney. *See* Obj. at 7, 13. Goldberg further argues that because his defenses against Navidea's claims (which are subject to

4

advancement) and his counterclaims against Navidea (which are not) "involve a common core of facts or will be based on related legal theories," his attorneys should not be required to allocate billing entries on a claim-by-claim basis. *Id.* at 9 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983)). Despite Goldberg's contention that he is not required to segregate his attorneys' billing entries by claim, Goldberg argues that his attorneys nonetheless "engaged in significant efforts" to do just that. *See id.* at 10.

Goldberg's objections do nothing more than regurgitate the same legal and factual arguments that he made before Magistrate Judge Figueredo. *See generally* Goldberg Mem. at 1–3 (arguing that the Court should not conduct line-by-line review of billing records when assessing reasonableness of fees); *id.* at 4 (arguing that a party seeking fee advancement has no obligation to separate time spent on advanceable claims from non-advanceable claims when there are overlapping issues and facts); Goldberg Reply at 8, Dkt. 283 (arguing that Navidea could have submitted evidence to contradict Goldberg's attorneys' allocation of time but did not do so). Accordingly, the Court need only review the R&R for clear error.

### B. Goldberg's Request for Advancement of Attorneys' Fees and Costs Incurred in Defending Against Navidea's Claims Between September 1, 2020, and March 31, 2022 Is Denied

In prior opinions, this Court has made it abundantly clear that Goldberg is entitled to indemnification for attorneys' fees and costs he actually and reasonably incurred in connection with his successful defense of Navidea's breach-of-fiduciary-duty claim, as well as advancement of fees actually and reasonably incurred in defending against Navidea's remaining claims. *See generally* Op. & Order, Dkt. 134. But Goldberg has now thrice failed to heed this Court's orders

in making a properly supported fee application despite multiple opportunities to do so.[5]  This Court has repeatedly warned Goldberg that failure to follow its instructions would result in the Court treating his motion for indemnification as withdrawn with prejudice.  *See id.* at 5, 7, 12; R&R at 5–6; *see also Rice v. NBCUniversal Media, LLC*, 2019 WL 3000808, at *3 (S.D.N.Y. July 10, 2019) (district court may impose sanctions under Federal Rule of Civil Procedure 16(f) when there is "clear and convincing evidence that counsel disregarded a clear and unambiguous . . . pretrial order"); 6A Charles Alan Wright et al., Federal Practice and Procedure § 1531 (3d ed. 2010) ("the fact that a pretrial order was violated is sufficient to allow some sanction.").

Finally, notwithstanding Goldberg's stubborn arguments to the contrary, this Court has repeatedly explained its obligation to assess the reasonableness of fees, and that to comply with that obligation, Goldberg was required to provide a breakdown of time allocated amongst claims. *See* Dkts. 134, 207.  Goldberg claims he took that direction "to heart," Goldberg Reply at 6, yet his latest submission reflects the opposite.  In addition to failing to provide a claim-by-claim breakdown of fees, he again applied percentage reductions to certain entries and costs — without adequate documentation for how he arrived at any of the figures used — and argues that the Court should simply accept his attorneys' estimates at face value.  *See* R&R at 26–28; Obj. at

---

[5]   As this Court detailed in its August 24, 2020 Order, on at least two occasions Magistrate Judge Freeman provided Goldberg specific instructions for what he needed to submit so that she could properly assess his attorneys' billing records for reasonableness.  *See* Op. & Order at 6 n.3, Dkt. 134 ("On March 10, 2020, during a telephone conference with counsel, Magistrate Judge Freeman directed Goldberg to submit documentation that would allow her to ascertain the amount of fees that should be advanced with respect to the breach of fiduciary duty claim. Rather than complying with the Magistrate Judge's order and submitting his attorneys' time records, Goldberg submitted declarations from two of his attorneys that merely *estimated* the amount each had spent working on the breach of fiduciary duty claim.  After a second teleconference with the parties on June 4, 2020, Judge Freeman ordered Goldberg to file 'without delay' his attorneys' time records and to provide an explanation as to which time entries specifically related to the defense of the breach of fiduciary duty claim.  Nearly three weeks later, Goldberg submitted his attorneys' billing records for all fees incurred in this action and in the Delaware action.") (internal citations omitted).

6

12–13. Goldberg further clings to the same authority cited multiple times before this Court for the proposition that he need not separate hours and expenses "on a per-claim basis." *See, e.g.*, Goldberg Mem. at 4; Obj. at 6. This Court has previously rejected that argument.[6]

Goldberg again suggests that the Court should defer its reasonableness assessment until a later hearing on the amount of indemnification required. *See* Obj. at 7. Here, again, Goldberg wastes the Court's time and tries its patience. This Court has already explained why that notion "misses the mark." *See* Op. & Order at 7 n.6, Dkt. 134. Although Goldberg is entitled to advancement of attorneys' fees incurred in defending against Navidea's remaining claims, the Court must still assess the reasonableness of those requested fees (fees that Goldberg could ultimately be required to repay) separate and apart from the reasonableness of the attorneys' fees incurred in defending the breach fiduciary duty claim (as to which Goldberg is entitled to be indemnified). Moreover, because Goldberg is not entitled to advancement of the fees incurred in connection with prosecuting his own third-party claims, the Court must ensure that none of those fees is included in the amount Navidea is required to advance. *Id.*; *see Millea v. Metro-North R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (explaining that the lodestar's "presumptive reasonability

---

[6] As previously explained, the Court rejects Goldberg's contention that there is no need for the Court to assess whether the fees incurred in defending the breach of fiduciary duty claim are "reasonable." *See* Op. & Order at 6 n.5, Dkt. 134. First, the Navidea bylaws expressly state that Goldberg "shall be indemnified against expenses (including attorneys' fees) actually and *reasonably* incurred by him." Dkt. 66, Ex. B. ("Navidea Bylaws"), Art. V, § 1(b) (emphasis added). Even if the Bylaws did not limit Goldberg to indemnification for reasonable fees, courts routinely perform a reasonableness analysis of requested fees, even when the applicable contract provides for reimbursement of "all" or "actual" attorneys' fees. *See, e.g., Weiwei Gao v. Sidhu*, 2013 WL 2896995, at *5 (S.D.N.Y. June 13, 2013); *Union Cent. Life Ins. Co. v. Berger*, 2013 WL 6571079, at *2 (S.D.N.Y. Dec. 13, 2013); *Sidley Holding Corp. v. Ruderman*, 2009 WL 6047187, at *16 (S.D.N.Y. Dec. 30, 2009) (citing *Bobrow Palumbo Sales, Inc. v. Broan-Nutone, LLC*, 549 F. Supp. 2d 274, 278 (E.D.N.Y. 2008) (collecting cases)), *report and recommendation adopted*, 2010 WL 963416 (S.D.N.Y. Mar. 15, 2010). Contrary to Goldberg's contention, this is true irrespective of whether New York or Delaware law applies. *See Mahani v. Edix Media Grp., Inc.*, 935 A.2d 242, 245 (Del. 2007) ("Delaware law dictates that, in fee shifting cases, a judge determine whether the fees requested are reasonable.").

means that, absent extraordinary circumstances, failing to calculate it as a starting point is legal error").

Goldberg incorrectly points to Navidea's failure to contradict any of his counsel's assertions regarding the time they spent on depositions and document review. *See* Obj. at 4, 7; *see also* Goldberg Reply at 8. But it is the party seeking attorneys' fees who bears the burden of demonstrating that his requested fees are reasonable. *See Blum v. Stenson*, 465 U.S. 886, 897–98 (1984). To meet that burden, the party must provide the Court with contemporaneous time records that "specify, for each attorney, the date, the hours expended, and the nature of the work done." *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983). Because Goldberg has failed to meet his burden, the Court remains unable to assess the reasonableness of any attorneys' fees and costs incurred to date.

Because Goldberg has repeatedly failed to heed this Court's orders and has continued to waste judicial resources on reviewing deficient time records, the Court finds that Magistrate Judge Figueredo appropriately and correctly recommended denying his application with respect to those deficient records as Rule 16 sanction for failure to comply with court orders. *See* R&R at 35.

### C. The Court Adopts the Proposed Advancement of Fees on Fees

Neither Goldberg nor Navidea object to Magistrate Judge Figueredo's recommendation that Goldberg be awarded $12,600 in advanceable fees related to work performed on prior advancement motions. *See* R&R 35–45. Because neither party objected, the Court reviews that portion of the R&R for clear error.

Although a reasonably good argument could be made that, given Goldberg's intransigence in filing fee applications that comport with the Court's directives, he should be denied advancement for fees associated with that effort, because neither party objected and the R&R is not clearly erroneous, that portion of the R&R is also adopted.

## CONCLUSION

For the foregoing reasons, the Court adopts Magistrate Judge Figueredo's R&R in its entirety. Goldberg's application for advancement or indemnification of attorneys' fees and expenses, *see* Dkts. 275–77, is granted in part and denied in part.

The Clerk of Court is respectfully directed to terminate the motion at docket entry 275.

**SO ORDERED.**

**Date: March 15, 2023**
**New York, NY**

_____
**VALERIE CAPRONI**
**United States District Judge**