UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE: NAVIDEA BIOPHARMACEUTICALS
LITIGATION

Case No: 1:19-cv-01578-VEC-VF

ECF Case

**MEMORANDUM OF LAW IN SUPPORT OF
NAVIDEA BIOPHARMACEUTICALS, INC.'S
<u>MOTION FOR CLARIFICATION OR RECONSIDERATION</u>**

MINTZ & GOLD LLP
Barry M. Kazan, Esq.
Timothy J. Quill, Jr., Esq.
600 Third Avenue, 25th Floor
New York, New York 10016
Tel: (212) 696-4848
Fax: (212) 696-1231

*Attorneys for Plaintiff /Counterclaim
Defendant Navidea Biopharmaceuticals,
Inc. and Third-Party Defendant
Macrophage Therapeutics, Inc.*

## INTRODUCTION

Plaintiff / Counterclaim-Defendant Navidea Pharmaceuticals, Inc. ("Navidea") respectfully submits this memorandum of law in support of its motion for clarification or, in the alternative, reconsideration of the Court's March 25, 2024 Opinion and Order (Dkt. 339) (the "Order"), inasmuch as the Order denied Navidea's Cross-Motion for Summary Judgment seeking dismissal of Defendant / Counterclaim-Plaintiff Dr. Michael Goldberg's ("Dr. Goldberg") first counterclaim for breach of contract (Dkt. 314, *et seq.*).

## LEGAL STANDARD

Rule 60(a) of the Federal Rules of Civil Procedure permits a party to move for clarification when an order contains "a clerical mistake or a mistake arising from oversight or omission[.]" Fed. R. Civ. P. 60(a). Under that rule, a court may clarify or explain an order "to correct a 'failure to memorialize part of its decision,' to reflect the 'necessarily implications' of the original order, to 'ensure that the court's purpose is fully implemented,' or to 'permit enforcement.'" *Greer v. Mehiel*, No. 15 Civ. 6119 (AJN), 2017 WL 128520, at *2 (S.D.N.Y. Jan. 12, 2017) (quoting *L.I. Head Start Child Dev. Servs., Inc. v. Econ. Opportunity Comm'n of Nassau Cnty., Inc.*, 956 F. Supp. 2d 402, 410 (E.D.N.Y. 2013)). A motion for clarification regarding an order is therefore intended to "resolve alleged ambiguities in that order." *Levy v. NYC Health + Hospitals*, No. 21-CV-9142 (VEC), 2023 WL 4364203, at *1 (S.D.N.Y. July 6, 2023) (Caproni, J.) (quoting *Mccaffrey v. Gatekeeper USA, Inc.*, No. 14-CV-493, 2022 WL 1321494, at *1 (S.D.N.Y. May 3, 2022)).

Further, under Fed. R. Civ. P. 60(b), and Local Rule 6.3, a party may move for reconsideration or reargument of an order based on, among other things, mistake, inadvertence, or any other reason that justifies relief. "A motion for reconsideration may be granted if the movant

demonstrates 'an intervening change of controlling law, the availability of new evidence or the need to correct a clear error or prevent manifest injustice.'" *Levy*, 2023 WL 4364203, at *1 (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)). To succeed on such a motion, the moving party must state "the matters or controlling decisions which counsel believes the Court has overlooked." *Id.* (quoting Local Civil Rule 6.3). "Whether to grant a motion for reconsideration is a decision within 'the sound discretion of the district court . . . .'" *Id.* (quoting *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009)).

## ARGUMENT

In the Order, the Court denied Navidea's defensive summary judgment motion on Dr. Goldberg's counterclaim for breach of the August Agreement arising from Navidea's alleged failure to issue Dr. Goldberg common shares of Navidea (Count I of Dr. Goldberg's Counterclaim), and therefore concluded that counterclaim must be tried. (Order at 25-26.)[1] While recognizing the rarity and disfavor of motions for clarification, Navidea believes that the Court's decision is one of those rare occasions where clarification would be necessary and helpful in aiding

---

[1]     Navidea does not move with respect to, the Court's conclusions in the Order with respect to the other claims and third-party claim asserted in this action: (1) denying Navidea's affirmative summary judgment motion and granting Dr. Goldberg's defensive summary judgment motion on Navidea's claims against Dr. Goldberg for breach of contract and breach of the covenant of good faith and fair dealing (First and Second Causes of Action in Navidea's Amended Complaint (Dkt. 15), resulting in dismissal of Navidea's first two claims (Order at 12-13, 19); (2) denying, without prejudice, both Navidea's and Dr. Goldberg's cross-motions for summary judgment on Navidea's third claim seeking a declaratory judgment regarding the parties' obligations under the August Agreement (Third Cause of Action in Navidea's Amended Complaint (Dkt. 15)), meaning that claim must be tried (Order at 22); (3) denying Dr. Goldberg's affirmative summary judgment motion on his breach of contract counterclaim against Navidea (Count I of Dr. Goldberg's Answer, Counterclaims, and Third-Party Complaint Counterclaim (Dkt. 31) (Order at 25-27); and (4) denying Dr. Goldberg's affirmative summary judgment motion and granting Macrophage's defensive summary judgment motion on Dr. Goldberg's third-party claim against Macrophage for breach of contract (Count II of Dr. Goldberg's Answer, Counterclaims, and Third-Party Complaint (Dkt. 31)), resulting in dismissal of Dr. Goldberg's third-party claim (Order at 28).

the parties' preparation for trial.   Therefore, Navidea respectfully seeks clarification or reconsideration of the Court's Order to address what Navidea views as an apparent inconsistency in—or at minimum an unclearly articulated basis for—the Court's denial of Navidea's motion for summary judgment on Dr. Goldberg's breach of contract claim.

In its Order, the Court acknowledged that Navidea made two different arguments for summary judgment on Dr. Goldberg's counterclaim for breach of contract against Navidea:

> (i) Navidea's obligation to issue the Navidea shares was never triggered because the "consummation of the Transaction" never occurred; and (ii) Goldberg breached the August Agreement by entering into the Challenged Transactions.

 (Order at 23 (citing Company Mem. of Law at 7-11).)

But while the Court <u>acknowledged</u> in its Order Navidea's two distinct arguments for summary judgment on Dr. Goldberg's breach of contract counterclaim, the Order contains analysis of only Navidea's <u>first</u> argument—that its obligation to issue shares never arose because the transaction never closed. Indeed, Section II.B.1 of the Order, which addresses Navidea's motion for summary judgment on Dr. Goldberg's counterclaim, does not analyze—or even mention—the impact of Dr. Goldberg's Challenged Transactions on his counterclaim, which Navidea argued constituted a material breach that also relieved Navidea of its obligations under the August Agreement. (*See* Order at 23-26; Company Mem. of Law at 10-11.) Instead, Section II.B.1 of the Order jumps straight from the Court's basis for rejecting Navidea's first argument for summary judgment—namely, the Court's determination that the August Agreement is ambiguous on both Navidea's obligation to issue shares and Dr. Goldberg's obligation to execute the Transaction Documents—to the denial of Navidea's cross-motion for summary judgment on Dr. Goldberg's counterclaim for Navidea's alleged non-issuance of the common shares. (*See* Order at 23-26.) The Order contains no further discussion of Navidea's second argument, which argument was

consistent with the conclusion of the Delaware Chancery Court, that by entering the Challenged

Transactions, Goldberg engaged in impermissible self-help that materially breached the August

Agreement and excused Navidea from its obligations thereunder. (*See* Company Mem. of Law at

11.)

Navidea's need for clarification of the Court's Order is compounded by the Court's express

finding, in Section II.B.2 of the Order, that "[a]lthough Navidea cannot prevail on its breach of the

implied covenant of good faith and fair dealing claim on account of its failure to prove damages,

***there is no question of fact that Dr. Goldberg breached the implied covenant by engaging in the***

***Challenged Transactions***" (Order at 27-28) (emphasis supplied).  The Court then found that Dr.

Goldberg therefore "cannot maintain an action against Macrophage for breach of contract, when

he was the party who breached first." *Id.* This is the correct conclusion under Delaware law with

respect to Dr. Goldberg's claims. Indeed, as the Delaware Chancery Court explained:

> In instances where one party [here, Dr. Goldberg] believes the other has breached
> the contract, that party can acquiesce, stop performing and sue for total breach or
> continue performing and sue for partial breach. What he cannot do, however, is
> engage in extra-contractual self-help. Yet, that is precisely what [Dr. Goldberg and
> M1M2 Therapetuics, Inc.] did when they surmised [Macrophage] and others had
> breached contractual obligations owing to them.
>
> ***
>
> The Challenged Transactions can principally be understood as Dr. Goldberg's
> attempt at self-help to achieve what he believed he was owed under the August
> Agreement. "[I]t is black-letter law that when one party to a contract materially
> breaches, the nonbreaching party has two options: it can terminate the agreement
> and sue for total breach, or it can continue the contract and sue for partial breach."
> "There is, however, no third option allowing the party claiming a breach to invoke
> 'self-help' and only perform those obligations it wishes to perform." (citations
> omitted).

(Dkt. 317, SMF ¶ 68-71 (Kazan Decl., Ex. 2 at 1, 26, 28-29, 39, 40, 46).) In other words, the

Delaware Chancery Court concluded that Dr. Goldberg breached his fiduciary duty by engaging

in self-help, and this Court correctly held that his self-help was a material breach that bars Dr. Goldberg's third-party claim against Macrophage. (*See* Order at 26-28.)

This same reasoning would appear to apply to bar Dr. Goldberg's counterclaim against Navidea for breach of the August Agreement. Yet, the Court found—in what appears to be an inconsistent ruling—that Dr. Goldberg's counterclaim for breach of contract against Navidea somehow <u>can</u> proceed to trial, even though Dr. Goldberg's counterclaim against Navidea is premised on breach of the same contract as his third-party claim for which the Court granted Macrophage summary judgment.

The Court's conclusion permitting Dr. Goldberg's counterclaim against Navidea for breach of the August Agreement to proceed, cannot be reconciled with the statement in the Order that Dr. Goldberg materially breached the contract by breaching the covenant of good faith and fair dealing through the Challenged Transactions. Indeed, if, as the Order concludes, there is no dispute that Dr. Goldberg's entering into the Challenged Transactions was a material breach, then Dr. Goldberg should not be permitted to pursue his counterclaim against Navidea for breach of the August Agreement, just as he cannot pursue his third-party claim against Macrophage for breach.

In sum, the Order leaves Navidea with unanswered questions. First, did the Court consider Dr. Goldberg's breach of the August Agreement by entering into the Challenged Transactions in determining whether Navidea should be relieved of its obligations under that contract? If the Court did not consider this argument, Navidea respectfully requests that it do so. Second, if, as the Court concluded, there is no question of material fact that Dr. Goldberg breached the August Agreement by engaging in the Challenged Transactions (and thus Dr. Goldberg's third-party claim against Macrophage must fail), then why does the same reasoning not apply to Dr. Goldberg's counterclaim against Navidea for breach of the same contract? Navidea respectfully submits that

5

the same reasoning should apply, and the Court should grant Navidea's motion for summary judgment on Dr. Goldberg's counterclaim.

If the Order is corrected, such that Dr. Goldberg's material breach of the August Agreement precludes not only his third-party claim against Macrophage (as the Court concluded), but also precludes his counterclaim against Navidea, then all claims, counterclaims and third-party claims in this action will be resolved except for Navidea's claim for declaratory judgment. Such a holding arguably would obviate the need for Navidea's declaratory judgment claim and Navidea could withdraw that claim, thus leaving the calculation of the parties' respective attorneys' fees incurred as the only remaining issue to be addressed in this matter. (*See* Order at 13 n.9, 19 n.13, 28 n.19.)

## **CONCLUSION**

Accordingly, for the reasons set forth above, Navidea respectfully requests that the Court clarify or reconsider the Order and grant Navidea's cross-motion for summary judgment dismissing Dr. Goldberg's counterclaim against Navidea for breach of the August Agreement.

Date:  April 8, 2024
New York, New York

Respectfully submitted,

/s/ Barry M. Kazan
Barry M. Kazan, Esq.
Timothy J. Quill, Jr., Esq.
Mintz & Gold LLP
600 Third Avenue, 25th Floor
New York, New York 10016
Phone: (212) 696-4848
Fax:    (212) 696-1231
kazan@mintzandgold.com
quill@mintzangold.com

*Attorneys for Plaintiff /Counterclaim Defendant*
*Navidea Biopharmaceuticals, Inc. and*
*Third-Party Defendant*
*Macrophage Therapeutics, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 8, 2024, I caused to be served on counsel of record, electronically via the Court's electronic filing system, a true and correct copy of Plaintiff / Counterclaim Defenant Navidea Biopharmaceuticals, Inc.'s Motion for Clarification or Reconsideration.

/s/ Barry M. Kazan
_____
Barry M. Kazan
