UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: NAVIDEA BIOPHARMACEUTICALS LITIGATION | Case No: 1:19-cv-01578-VEC-VF<br><br>ECF Case |

**NAVIDEA BIOPHARMACEUTICALS, INC.'S
REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
ITS MOTION FOR CLARIFICATION OR RECONSIDERATION AND
MACROPHAGE THERAPEUTICS, INC.'S MEMORANDUM OF LAW IN
<u>OPPOSITION TO DR. GOLDBERG'S CROSS-MOTION FOR RECONSIDERATION</u>**

MINTZ & GOLD LLP
Barry M. Kazan, Esq.
Timothy J. Quill, Jr., Esq.
600 Third Avenue, 25th Floor
New York, New York 10016
Tel: (212) 696-4848
Fax: (212) 696-1231

*Attorneys for Plaintiff /Counterclaim
Defendant Navidea Biopharmaceuticals,
Inc. and Third-Party Defendant
Macrophage Therapeutics, Inc.*

**INTRODUCTION**

Plaintiff/Counterclaim-Defendant Navidea[1] respectfully submits this memorandum of law in further support of Navidea's motion for clarification or reconsideration of the Court's Order (Dkt. 342, 343); and Third-Party Defendant Macrophage respectfully submits this memorandum of law in opposition to Dr. Goldberg's Cross-Motion for Reconsideration (Dkt. 346, 347).

**ARGUMENT**

**I.   The Court should grant Navidea's Motion for Clarification or Reconsideration.**

On April 8, 2024, Navidea timely moved pursuant to Fed. R. Civ. Pro. 60(a) and (b), and Local Rule 6.3, for clarification or reconsideration of the Court's March 25, 2024 Opinion and Order (Dkt. 339).  The basis of the motion was that Section II.B.1 of the Order, which addresses Navidea's motion for summary judgment on Dr. Goldberg's counterclaim, does not analyze—or even mention—the impact of Dr. Goldberg's Challenged Transactions on his counterclaim, which Navidea argued constituted a material breach that also relieved Navidea of its obligations under the August Agreement. (*See* Order at 23-26; Company Mem. of Law at 10-11.).  Navidea further argued that clarification and/or reconsideration was appropriate because the Court wrote on pages 27-28 of the Order that "there is no question of fact that Goldberg breached the implied covenant by engaging in the Challenged Transactions[,]" and yet the Court nonetheless concluded that a trial is necessary to determine whether either Navidea or Dr. Goldberg breached the August Agreement.

In response to Navidea's argument, Goldberg merely parrots his prior arguments as to why he was purportedly entitled to summary judgment on Navidea's breach of contract claim and states

---

[1]  Unless otherwise stated, defined terms herein have the same meaning as those set forth in Navidea's initial memorandum of law (Dkt. 343).

1

the Court rejected Navidea's arguments and adopted Goldberg's arguments. However, Goldberg does not – because he cannot – point to any language in the Order supporting his position given (i) the absence of analysis on this issue in Section II.B.1 of the Order; and (ii) the apparent contradictory language that there is "no question of fact that Goldberg breached the implied covenant by engaging in the Challenged Transactions" (Order at 27-28) and yet "genuine issues of material fact exist regarding whether either party breached the August Agreement" (Order at 22).

**II.     Dr. Goldberg's purported "Cross-Motion" is procedurally improper and untimely.**

Dr. Goldberg's purported "Cross-Motion" should be denied as procedurally improper and untimely. As an initial matter, there is no mechanism for a cross-motion under the Federal Rules of Civil Procedure, and the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Local Rules") do not contemplate—or even mention—cross-motions. In support of his cross-motion, Dr. Goldberg cites cases from the Northern District of New York and the District of New Jersey. *See* Dr. Goldberg's Memo of Law (Dkt. 347) at 2, n.1 (citing *Daigle v. West*, 2002 WL 35650212, at *4 (N.D.N.Y. Dec. 2, 2002); and *Percella v. City of Bayonne*, 2021 WL 926613, at *12 (D.N.J. Mar. 10, 2021)). But the local rules in each of those districts expressly includes a specific provision for cross-motions. *See* United States District Court for the Northern District of New York Local Rule of Practice 7.1(c) (permitting party to file and serve cross-motion not more than 21 days after motion); United States District Court for the District of New Jersey Local Civil Rule 7.1(h) (permitting party opposing motion to file cross-motion related to the subject matter of the original motion).[2]

---

[2]   And analyzing this further, it is questionable whether, even under those local rules, Dr. Goldberg's motion for reconsideration is properly considered a cross-motion because it does not relate to the subject matter of Navidea's original motion. For example, the NDNY local rule

Critically, even if Dr. Goldberg is permitted to file a cross-motion, his filing is untimely. Under Local Rule 6.3, a motion for reconsideration or reargument of a court order "shall be served within fourteen (14) days after the entry of the Court's determination of the original motion . . . ." Here, the Court issued the Order on March 25, 2024, meaning that any motion for reconsideration or reargument was due by April 8, 2024. Dr. Goldberg did not file and serve his Cross-Motion until April 22, 2024, twenty-eight days after the Order (and two weeks after the deadline under Local Rule 6.3). Dr. Goldberg therefore missed his deadline to seek reconsideration. *See, e.g.*, *C.L. and G.G. v. New York City Dep't of Educ.*, Case No. 21-cv-07094 (RA), 2022 WL 17156715, at *3 (S.D.N.Y. Nov. 22, 2022) (finding defendant's cross-motion for reconsideration untimely because it was filed fifteen days after the court's decision and therefore outside of Local Rule 6.3's fourteen-day window); *Ema Financial, LLC v. Vystar Corp.*, Case No. 19-CV-01545 (ALC) (GWG), 2021 WL 5998411, at *1, n.2 (S.D.N.Y. Dec. 20, 2021) (denying cross-motion as untimely where filed after fourteen-day deadline).

Dr. Goldberg argues in a footnote that his cross-motion "may be considered" timely, ostensibly because it was filed within fourteen days of Navidea's original motion. *See* Dr. Goldberg's Memo of Law (Dkt. 347) at 2, n.1.  But "[c]ourts in this District have held that 'there is no provision for an automatic extension of [the time to file a cross-motion for reconsideration] by virtue of the opposing party's service of a timely motion for reconsideration.'" *Bio v. Condé Nast*, Case No. 11 Civ. 4442 (JPO), 2012 WL 13388863, at *5 (S.D.N.Y. Nov. 20, 2012) (quoting

---

characterizes a cross motion as "a request for relief that competes with the relief requested by another party against the cross-moving party."  Here, Navidea is the movant – not Macrophage – and the relief requested – clarification of the Court's order as to Dr. Goldberg's affirmative claim against Navidea – does not compete with the relief requested by Dr. Goldberg – reconsideration of Dr. Goldberg's affirmative claim against Macrophage.

3

*Great Earth Cos. v. Simons*, Case No. 00 Civ. 967 (NRB), 2000 WL 640829, at *1 (S.D.N.Y. May 18, 2000)).[3] Dr. Goldberg's Cross-Motion therefore should be denied.

To the extent that the Court would consider Dr. Goldberg's Cross-Motion for Reconsideration, it should be denied because it does precisely what a motion for reconsideration should not do – attempt to relitigate arguments already made or raise new arguments not previously presented. *United States v. Cartagena*, No. 10-CR-222, 2012 WL 2958175, at *2 (S.D.N.Y. July 20, 2012); s*ee also Schonberger v. Serchuk*, 742 F. Supp. 108, 119 (S.D.N.Y. 1990) (motion to reconsider will not be granted when a party seeks to relitigate "arguments already briefed, considered, and decided.").

Here, Goldberg previously argued the issue of importing a "reasonable time" as it pertained to Navidea's issuance of shares (*see* Goldberg Opp., Dkt. 328 at 8, n.1), but made a different argument as it related to Macrophage – "the August Agreement was clear that Macrophage's performance was due upon the Agreement's execution." (*Id.* at 15). No matter how one considers it, Goldberg merely attempts to relitigate arguments already made or raise new arguments not previously presented.

## CONCLUSION

Accordingly, for the reasons set forth above and those in Navidea's initial moving papers, Navidea respectfully requests that the Court clarify or reconsider the Order and grant Navidea's

---

[3]  Dr. Goldberg relies, in part, on *Daigle v. West*, 2002 WL 35650212 (N.D.N.Y. Dec. 2, 2002), to argue that his cross-motion is timely. But a more recent Northern District of New York case denied a cross-motion as untimely because a "defendant's cross-motion for reconsideration may not 'piggyback' onto plaintiff's own motion for reconsideration." *Lore v. City of Syracuse*, Case No. 5:00-CV-1833 (DNH) (DEP), 2008 WL 5378370, at *3 (N.D.N.Y. Dec. 22, 2008) (citing *Benjamin v. Fraser*, Case No. 75-CV-3073 (HB), 2001 WL 282705, at *7 (S.D.N.Y. Mar. 22, 2001); *Tisdel v. Barber*, 968 F. Supp. 957, 963 (S.D.N.Y. 1997); *Fox v. City Univ. of New York*, 187 F.R.D. 83, 91 (S.D.N.Y. 1999)).

cross-motion for summary judgment dismissing Dr. Goldberg's counterclaim against Navidea for breach of the August Agreement. Further, for the reasons set forth above, Macrophage respectfully requests that the Court deny Dr. Goldberg's Cross-Motion.

Date: April 29, 2024
New York, New York

                        Respectfully submitted,

                        /s/ Barry M. Kazan
                        Barry M. Kazan, Esq.
                        Timothy J. Quill, Jr., Esq.
                        Mintz & Gold LLP
                        600 Third Avenue, 25th Floor
                        New York, New York 10016
                        Phone: (212) 696-4848
                        Fax:   (212) 696-1231
                        kazan@mintzandgold.com
                        quill@mintzangold.com

                        *Attorneys for Plaintiff /Counterclaim Defendant*
                        *Navidea Biopharmaceuticals, Inc. and*
                        *Third-Party Defendant*
                        *Macrophage Therapeutics, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2024, I caused to be served on counsel of record, electronically via the Court's electronic filing system, a true and correct copy of Navidea Biopharmaceuticals, Inc.'s Reply Memorandum of Law in Further Support of its Motion for Clarification or Reconsideration and Macrophage Therapeutics, Inc.'s Memorandum of Law in Opposition to Dr. Goldberg's Cross-Motion For Reconsideration

/s/ Barry M. Kazan
Barry M. Kazan