Jennifer Fiorica Delgado, Esq.
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, New Jersey 07068
T: 973.597.2500
F: 973.597.2400

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re Navidea Biopharmaceuticals Litigation | Case No.: 1:19-cv-01578-VEC<br><br>HON. VALERIE E. CAPRONI, U.S.D.J. |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DR. MICHAEL M. GOLDBERG'S CROSS-MOTION FOR RECONSIDERATION**

## **TABLE OF CONTENTS**

**Page**

ARGUMENT ............................................................................................................................. 1

    I.     DR. GOLDBERG'S CROSS-MOTION WAS BOTH PROCEDURALLY PROPER AND TIMELY ........................................................................................ 1

    II.    THE COURT SHOULD RECONSIDER ITS DECISION REGARDING DR. GOLDBERG'S BREACH OF CONTRACT CLAIM AGAINST MACROPHAGE .................................................................................................. 3

CONCLUSION .......................................................................................................................... 4

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Elohim EPF USA, Inc. v. 162 D & Y Corp.*,
   2022 WL 2531345 (S.D.N.Y. Mar. 12, 2022) ..........................................................................1

*Farez-Espinoza v. Napolitano*,
   No. 08-11060, 2009 WL 1118098 (S.D.N.Y. Apr. 27, 2009) ..................................................2

*Green Pet Shop Enters., LLC v. Fine Promotions, LLC*,
   No. 18-4526, 2023 WL 8573813 (E.D.N.Y. Dec. 11, 2023) ....................................................4

*Kavulak v. Laimis Joudzevicius, A.V., Inc.*,
   994 F.Supp. 2d 337, 351 (2014) ..............................................................................................2

*McCrain v. Metro. Transp. Auth.*,
   No. 15-8818, 2016 U.S. Dist. LEXIS 147907 (S.D.N.Y. Sep. 27, 2016) ................................2

*Platina Bulk Carriers Pte Ltd v. Praxis Energy Agents DMCC*,
   2024 WL 1194778 (S.D.N.Y. Mar. 20, 2024) ..........................................................................1

*Ramus v. Bruwer*,
   No. 23-1770, 2024 WL 1139106 (S.D.N.Y. Mar. 15, 2024) ....................................................2

*Robinson v. New York City Dep't of Educ.*,
   2023 WL 9001785 (E.D.N.Y. Dec. 28, 2023) ..........................................................................1

*Shrader v. CSX Transp., Inc.*,
   70 F.3d 255 (2d Cir. 1995) .......................................................................................................4

*Smith v. Mikki More, LLC*,
   59 F. Supp. 3d 595 (S.D.N.Y. 2014) ....................................................................................1, 2

**RULES**

Local Civil Rule 7.1 ....................................................................................................................1, 2

Local Civil Rule 6.3 .........................................................................................................................2

Defendant/Counterclaim Plaintiff/Third-Party Plaintiff Michael M. Goldberg M.D. ("Dr. Goldberg") respectfully submits this reply memorandum of law in further support of his cross-motion for limited reconsideration of this Court's Opinion and Order, dated March 25, 2024, resolving the parties' respective summary judgment motions (ECF No. 339 ("SJ Opinion")).[1]

## ARGUMENT

### I. DR. GOLDBERG'S CROSS-MOTION WAS BOTH PROCEDURALLY PROPER AND TIMELY

Plaintiff/Counterclaim-Defendant Navidea ("Navidea") argues that Dr. Goldberb's cross-motion for reconsideration must be denied because 1) the Court's Local Civil Rules (the "Local Rules") do not permit the filing of cross motions; and 2) it was filed untimely. Both arguments should be rejected by the Court.

First, while other district courts' local rules expressly address the filing of cross motions as Navidea points out, it is beyond dispute that this Court's Local Rules also permit cross-motions. Indeed, Local Civil Rule 7.1 requires "an opposing party who seeks relief that *goes beyond the denial of the motion*" to file, among other things, a notice of motion. L. Civ. R. 7.1(b) (emphasis added). Pursuant to Rule 7.1, courts in both Southern and Eastern Districts of New York routinely consider cross-motions. *See Smith v. Mikki More, LLC*, 59 F. Supp. 3d 595, 608 (S.D.N.Y. 2014) (accepting cross-motion for summary judgment); *Robinson v. New York City Dep't of Educ.*, 2023

---

[1] On May 1, 2024, Plaintiff/Counterclaim-Defendant Navidea ("Navidea") submitted courtesy copies of the motion papers filed in connection with its motion for reconsideration and Dr. Goldberg's cross-motion as required by Rule 4.C of the Court's Individual Practices in Civil Cases. However, Dr. Goldberg had not yet filed a reply brief and he is entitled to do so. *See* L. Civ. R. 7.1(b) ("an opposing party who seeks relief that goes beyond the denial of the motion shall comply as well with Local Civil Rule 7.1(a)(1)," which Local Rule permits the filing of opposition and reply briefs with all motions other than letter-motions); *see also Elohim EPF USA, Inc. v. 162 D & Y Corp.,* 2022 WL 2531345, at *1 (S.D.N.Y. Mar. 12, 2022) (noting that party filed a reply brief in support of its cross-motion for summary judgment; *Robinson v. New York City Dep't of Educ.*, 2023 WL 9001785, at *1 (E.D.N.Y. Dec. 28, 2023) (noting that party filed a reply brief in support of its cross-motion for reconsideration); *Platina Bulk Carriers Pte Ltd v. Praxis Energy Agents DMCC*, 2024 WL 1194778, at *2 (S.D.N.Y. Mar. 20, 2024) (noting that party filed a reply in support of their cross-motion). Accordingly, Dr. Goldberg will provide a courtesy copy of this reply memorandum of law to the Court for inclusion in the materials previously submitted by Navidea.

WL 9001785, at *1 (E.D.N.Y. Dec. 28, 2023) (permitting cross-motion for reconsideration); *see also McCrain v. Metro. Transp. Auth.*, No. 15-8818, 2016 U.S. Dist. LEXIS 147907, at *14 (S.D.N.Y. Sep. 27, 2016) (explaining that when filing cross-motions pursuant to Rule 7.1(b), a party must file a notice of motion); *Ramus v. Bruwer*, No. 23-1770, 2024 WL 1139106, at *7 (S.D.N.Y. Mar. 15, 2024) (same).

Second, the Local Rules are silent as to whether the 14-day period for filing a motion for reconsideration or reargument of a court order under Rule 6.3 applies to a cross-motion for reconsideration. However, even if the cross-motion was untimely the court may nonetheless exercise its discretion to consider the motion. *See Smith*, 59 F. Supp. 3d at 608 (exercising discretion to consider late-filed cross-motion where there was no prejudice to other party and motion was filed in good faith); *Farez-Espinoza v. Napolitano*, No. 08-11060, 2009 WL 1118098, at *3 (S.D.N.Y. Apr. 27, 2009) (explaining that exercising discretion to consider late-filed cross-motion "in the interest of deciding matters on their merits as directed by the Federal Rules"); *Kavulak v. Laimis Joudzevicius, A.V., Inc.*, 994 F. Supp. 2d 337, 351 (2014) (finding cross-motion for summary judgment timely where it was filed in response to certain arguments raised in plaintiff's motion and there was no prejudice to other party).

Here, Navidea's motion and Dr. Goldberg's cross-motion both concern Dr. Goldberg's implementation of a series of corporate transactions involving Third-Party Defendant Macrophage Therapeutics, Inc. ("Macrophage") on or about February 5, 2019 (the "Challenged Transactions") and the Court's findings concerning whether the Challenged Transactions were a "prior" breach of the parties' August Agreement. Thus, Dr. Goldberg's cross-motion clearly relates to the same subject matter as Navidea's original motion. Further, Navidea does not claim that it has suffered any prejudice—nor can it—because not only did it oppose the cross-motion, but there will also be

no delays as the cross-motion will be decided alongside Navidea's original motion. Thus, the Court should consider the merits of Dr. Goldberg's cross-motion.

## II. THE COURT SHOULD RECONSIDER ITS DECISION REGARDING DR. GOLDBERG'S BREACH OF CONTRACT CLAIM AGAINST MACROPHAGE

Navidea's only rebuttal to the substance of Dr. Goldberg's cross-motion is that Dr. Goldberg introduces a new argument asserting that Macrophage should have fulfilled its obligations under the August Agreement within a reasonable timeframe following its execution. *See* Navidea Reply Br. at 4. But, Navidea missed the point. Although the Court, in its SJ Opinion, rejected Dr. Goldberg's position that Macrophage should have issued its Super Voting Common stock after the execution of the Agreement, the Court did not, determine a reasonable time for Macrophage's performance *before* finding that the Challenged Transactions constituted a *prior* breach, as required by Delaware law. Dr. Goldberg cited to Delaware authority requiring the Court to determine a reasonable time for performance where the contract at issue does not impose a specific deadline. (*See* Goldberg Opp., Dkt. 328 at 8, n.1.) Although the Court rejected Dr. Goldberg's argument that Macrophage was obligated to issue the Super Voting Common Stock immediately upon the execution of the August Agreement (because the purported condition precedent of execution of Transaction Documents Navidea argued applied to other obligations under the August Agreement clearly did not apply to the issuance of the Super Voting Common Stock), the Court did not specify in its SJ Opinion what constituted a reasonable time for Macrophage to fulfill its obligations. That determination remains essential in resolving the parties' summary judgment motions in this context, because if Macrophage was required to issue the Super Voting Common Stock before the Challenged Transactions occurred then the Challenged Transactions could not be a "prior breach" excusing Macrophage's performance. In that regard, Dr. Goldberg's motion for reconsideration was based on the Court overlooking that aspect of Dr.

Goldberg's summary judgment motion. *See Green Pet Shop Enters., LLC v. Fine Promotions, LLC*, No. 18-4526, 2023 WL 8573813, at *1 (E.D.N.Y. Dec. 11, 2023) ("reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court") (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).

Accordingly, Dr. Goldberg respectfully asks the Court to reconsider its decision dismissing his breach of contract claim against Macrophage.

## CONCLUSION

For the foregoing reasons, the Court should consider and grant Dr. Goldberg's cross-motion for reconsideration.

Dated: New York, New York
May 6, 2024

Respectfully submitted,

/s/ *Jennifer Fiorica Delgado*
Lowenstein Sandler LLP
Jennifer Fiorica Delgado, Esq.
Wayne Fang, Esq.
Markiana J. Julceus, Esq.
One Lowenstein Drive
Roseland, New Jersey 07068
T: 973.597.2500
F: 973.597.2400

Gregory Zimmer, Esq.
142 New Chalet Drive
Mohegan Lake, NY 10547
Phone: 914.402.5683
Fax: 914.402.5683
Email: GZimmer@GZimmerLegal.com

*Attorneys for Defendant/Counterclaim Plaintiff/Third-Party Plaintiff Michael M. Goldberg, M.D.*