USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/6/24

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
                                                                                   :      19-CV-1578 (VEC)

IN RE: NAVIDEA BIOPHARMACEUTICALS  :
LITIGATION                                       :      OPINION AND ORDER
                                                                                   :
------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

       By opinion dated March 25, 2024, the Court decided the parties' cross-motions for summary judgment. *See* Opinion & Order (the "Opinion"), Dkt. 339. As is relevant to the current motions, the Court denied Navidea's motion for summary judgment on Goldberg's breach of contract counterclaim predicated on its failure to issue certain shares of Navidea stock to him, and it granted Navidea's motion for summary judgment on Goldberg's breach of contract claim based on the Company's failure to issue Macrophage Super Voting Shares to him. Opinion at 28.

       Navidea moved for reconsideration, arguing that the Court's finding that Goldberg breached the covenant of good faith and fair dealing should bar Goldberg's breach of contract claim against Navidea. Navidea Mot., Dkt. 342. Goldberg cross-moved for reconsideration, arguing that the Court overlooked controlling Delaware law regarding his claim against Macrophage. Goldberg Mot., Dkt. 346. For the reasons set forth below, both Navidea's and Goldberg's motions for reconsideration are DENIED.

## DISCUSSION[1]

### I.   Legal Standard

The standard governing motions for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted); *see also* S.D.N.Y. Loc. Rule 6.3 (requiring the movant to "set[ ] forth concisely the matters or controlling decisions which counsel believes the court has overlooked"). Such a motion "is neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced." *Associated Press v. U.S. Dep't of Def.*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005); *see also Goonan v. Fed. Reserve Bank of N.Y.*, No. 12-cv-3859, 2013 WL 1386933, at *2 (S.D.N.Y. Apr. 5, 2013) (citation omitted) ("Simply put, courts do not tolerate such efforts to obtain a second bite at the apple."). Rather, reconsideration is appropriate "only when the [moving party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (citation omitted). Whether to grant a motion for reconsideration is committed to the discretion of the district court. *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009).

Litigants are generally barred from introducing new facts in a motion to reconsider. *See Polsby v. St. Martin's Press, Inc.*, No. 97-cv-690, 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000) (citation omitted). A party seeking reconsideration "is not supposed to treat the court's

---

[1]   The Court assumes familiarity with the facts as set forth in the Motion for Summary Judgment Opinion. *See* Opinion, Dkt. 339.  Capitalized terms have the same meaning as in the Opinion.

initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's rulings." *de Los Santos v. Fingerson*, No. 97-cv-3972, 1998 WL 788781, at *1 (S.D.N.Y. Nov. 12, 1998). The purpose of Rule 6.3 is to "ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." *Naiman v. N.Y. Univ. Hosps. Ctr.*, No. 95-cv-6469, 2005 WL 926904, at *1 (S.D.N.Y. Apr. 21, 2005) (citation omitted).

## II. Navidea's Motion for Reconsideration is Denied.

Navidea's motion seeks clarification or reconsideration of the Court's denial of the Company's motion for summary judgment on Goldberg's breach of contract counterclaim against Navidea. Navida Mem. at 3–4, Dkt. 343. Navidea advanced two arguments in its motion for summary judgment on Goldberg's counterclaim: 1) Navidea's obligation to issue the Navidea shares was never triggered because the "consummation of the Transaction" never occurred, and 2) Goldberg breached the August Agreement by entering into the Challenged Transactions and that breach excused Navidea's performance. Opinion at 23. Although the Court rejected Navidea's first argument and held that the August Agreement's provision regarding the Navidea shares was ambiguous both as to Navidea's obligation to issue shares and as to Goldberg's obligation to execute the Transaction Documents, the Court did not expressly address Navidea's second argument. Navidea Mem. at 3. The Court held that "there is no question of fact that Goldberg breached the implied covenant by engaging in the Challenged Transactions;" that finding meant that Goldberg could not "maintain an action against Macrophage for breach of contract" because he breached the contract first. Opinion at 27–28. Navidea argues that the

3

Court's reasoning should have also barred Goldberg's counterclaim against Navidea for breach of the same contract. Navidea Mem. at 5.

Goldberg opposes Navidea's motion, arguing that the Court rejected Navidea's defense that by entering into the Challenged Transactions, he was the first party to breach. Goldberg Mem. at 4, Dkt. 347. Further, Goldberg argues that Navidea has not asserted an intervening change of controlling law or the availability of new evidence to warrant reconsideration of the Court's opinion. *Id*. Because the Court found that that the August Agreement was ambiguous as to whether the parties intended for the "consummation of the Transactions" to be a condition precedent to Navidea's obligation to issue the shares, Goldberg contends that the Court correctly held that his breach could not serve as a prior material breach excusing Navidea's performance. *See id*. at 5.

The Court agrees with Navidea that the Court's opinion could have been clearer in explaining why summary judgment was denied. Navidea's premise for reconsideration is, however, incorrect; regardless of the situation vis-à-vis the MT Super Voting Shares, there remains a question of fact whether Goldberg's breach of the implied covenant constituted a *prior* material breach that bars Goldberg from asserting a breach of contract claim against Navidea. The "Navidea Shares" and "MT Super Voting Shares" provisions of the August Agreement differ considerably. The "MT Super Voting Shares" provision provided no timeframe within which Macrophage was required to issue shares to Goldberg. Opinion at 26. The "Navidea Shares" provision, on the other hand, stated: "[o]n the date of the consummation of the Transactions (such date the "**Closing Date**"), Navidea will issue to Goldberg 23.5 million shares of Navidea common stock (the "**Shares**"), 18.5 million currently, and 5 million on January 2nd, 2019." *Id*. at 22. Because that clause, in conjunction with the "Transaction Documents"

4

provision, is ambiguous, the Court cannot determine as a matter of law whether the parties intended for the existence of the "Closing Date" to be a condition precedent to Navidea's obligation to issue any of the shares.

As between Goldberg and Navidea, there is a question of fact which party was the first to breach. Goldberg entered into the Challenged Transactions, thereby breaching the implied covenant of good faith and fair dealing, on February 5, 2019. *Id*. at 5. Regardless of whether a condition precedent existed as to the first tranche of shares, the "Navidea Shares" provision states that five million shares would be issued to Goldberg on January 2, 2019. *Id*. at 22. If Goldberg's interpretation of the August Agreement prevails and there was no condition precedent to the Company's obligations, then Navidea would have breached first, as it failed to issue Goldberg five million shares on January 2, 2019, approximately a month before he breached. *Id*. at 23.

In short, there is a question of fact whether Navidea or Goldberg breached the August Agreement first. If Navidea prevails at trial in establishing that the "consummation of the Transactions" was a condition precedent to Navidea's obligation to issue Goldberg any Navidea shares, then Goldberg's breach will result in a verdict for Navidea. But the Court cannot decide that on summary judgment given the ambiguous contract.

### III. Goldberg's Motion for Reconsideration is Denied.

Goldberg cross-moved for reconsideration of the Court's decision to grant summary judgment to the Company on Goldberg's counterclaim for breach of contract predicated on the Company's failure to issue MT Super Voting Shares to him.

The Court notes first that Goldberg's motion is untimely and should be denied on that basis alone. *See R.B. ex rel. A.B. v. Dep't of Educ. of City of N.Y.*, No. 10-cv-6684, 2012 WL

5

2588888, at *2 (S.D.N.Y. July 2, 2012) ("Failure to timely submit a motion for reconsideration is sufficient grounds for denying it."). A motion for reconsideration must be made within fourteen days of the decision being challenged. *See* S.D.N.Y. Loc. Rule 6.3. Goldberg filed his cross-motion for reconsideration on April 22, 2024, twenty-eight days after the Court's decision was filed. Goldberg Mot., Dkt. 346. He argues that his cross-motion may be considered timely because it was filed in response to a timely motion for reconsideration. Goldberg Mem. at 2 n.1. For support, Goldberg cites *Daigle v. West*, No. 00-cv-189, 00-cv-1055, 2002 WL 35650212, at *4 (N.D.N.Y. Dec. 2, 2002), in which the court considered a cross-motion for reconsideration to be timely because it was filed in response to a timely motion for reconsideration, and *Percella v. City of Bayonne*, No. 14-cv-3695, 2021 WL 926613, at *12 (D.N.J. Mar. 10, 2021), in which the court permitted a cross-motion for reconsideration that was filed past the fourteen day window because it was "intended to relate back to the original motion, both as to subject matter and briefing schedule." *See id*. In contrast to those out-of-district cases, courts in this District have held that "there is no provision for an automatic extension of [the] time [to move for reconsideration] by virtue of the opposing party's service of a timely motion for reconsideration." *Biro v. Condé Nast*, No. 11-cv-4442, 2012 WL 13388863, at *5 (S.D.N.Y. Nov. 20, 2012) (citing *Great Earth Cos. v. Simons*, No. 00-cv-967, 2000 WL 640829, at *1 (S.D.N.Y. May 18, 2000)). Thus, Goldberg's motion must be denied as untimely.

Even if the Court were to excuse the untimeliness of Goldberg's motion, the motion would fail on the merits. Goldberg identifies no "controlling law" that the Court overlooked, nor does he point to the "availability of new evidence." *In re Facebook, Inc., IPO Sec. and Derivative Litig.*, 43 F. Supp. 3d 369, 373 (S.D.N.Y. 2014). Goldberg instead raises a new argument. Now he argues that "the undisputed facts show that the parties intended Macrophage

to issue the shares prior to February 6, 2019, Goldberg Mem. at 10, or, in the alternative, that there is a question of fact whether Macrophage was obligated to issue the shares before Goldberg breached, *id*. at 11.  This argument was not raised initially, and it is not, therefore, an appropriate argument to raise on a motion for reconsideration.

## CONCLUSION

For the foregoing reasons, the motions for reconsideration are DENIED.  The Clerk of Court is respectfully directed to terminate the open motions at docket entries 342 and 346.

**SO ORDERED.**

**Date:  June 6, 2024**
**New York, NY**

**VALERIE CAPRONI**
**United States District Judge**