

Austin | Charlotte | Dallas | Fort Worth | Houston | New York | San Antonio | The Woodlands

**MEMO ENDORSED**

600 W. 5TH Street
Suite 900
Austin, TX 78701

512.370.2800 OFFICE
512.370.2850 FAX
winstead.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/30/24

direct dial: 512-370-2818
jruiz@winstead.com

July 30, 2024

*Via ECF Filing*

Honorable Valerie Caproni
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re: *In re Navidea Biopharmaceuticals Litigation,* Civil Action No. 19-cv-01578-VEC

Dear Judge Caproni:

I represent Plaintiff, Navidea Biopharmaceuticals, Inc., and Third-Party Defendant, Macrophage Therapeutics, Inc., in the referenced case, and respectfully request an additional postponement of the status conference currently set for August 2, 2024, to afford me more time to obtain the litigation case file from prior counsel. As mentioned in my earlier request to reset the status conference, prior counsel, Mintz Gold, informed me that they are asserting an attorney's lien on the litigation case file and will not transfer the file to me until the outstanding amounts owing to them are paid or otherwise satisfied. Navidea is not in a position to satisfy this condition.

I learned that Thompson Hine, prior co-counsel who withdrew on September 15, 2023, has a copy of the litigation file in its possession, including the document production in the case, and reached out to them to transfer the case file. I am in the process of securing the transfer of the litigation file from Thompson Hine, but it too is asserting an attorney's lien on the case file. Attached hereto as <u>Exhibit A</u> are the email communications with Thompson Hine related to the transfer of the litigation case file. I am in the process negotiating a retaining lien with Thompson Hine in exchange for the case file, but have received an out of office notification from the attorney appointed to handle the matter for Thompson Hine indicating he is out of the office until August 12, 2024, which will further delayed the process. See <u>Exhibit B</u> attached hereto. For such reason I request an additional postponement of the status conference currently set for August 2, 2024, to afford me the additional time needed to obtain the litigation case information from prior counsel so I can meaningfully participate in the status conference.

Alternatively, I request leave of court to participate in the status conference on August 2, 2024, telephonically or remotely via videoconference.

Pursuant to the Court's Order dated April 15, 2024, motions for limine are due August 19, 2024, with oppositions due September 3, 2024. (ECF 345). Plaintiff and Third-Party Defendant further request that the deadlines for these two pretrial submissions be extended in light of the delays in securing the transfer of the litigation case file.

WINSTEAD PC | ATTORNEYS

Honorable Valerie Caproni
United States District Judge
July 30, 2024
Page 2

      I have conferred with opposing counsel as to a postponement of the August 2, 2024 status conference, or, alternatively, my participation telephonically or remotely via other means, and the extension of the pretrial submission deadlines. Counsel for Defendant, Mr. Greg Zimmer, will not oppose the requests made herein.

      Thank you for the Court's consideration of this mater.

                      Respectfully submitted,

                      WINSTEAD PC

                      By: /s/ James G. Ruiz
                         James G. Ruiz

JGR/cs

cc:
Gregory Zimmer, Esq.
142 New Chalet Drive
Mohegan Lake, NY 10547
GZimmer@GZimmerLegal.com

---

Application GRANTED. The conference scheduled for August 2, 2024 at 10:00 A.M. is ADJOURNED to August 19, 2024 at 10:00 A.M in Courtroom 443 of the Thurgood Marshall Courthouse, 40 Foley Square, New York, New York, 10007.

The deadline for Motions in limine and oppositions is ADJOURNED *sine die*.

The Court is highly unlikely to adjourn the conference again absent extenuating circumstances. Failure to obtain the requisite litigation files will not be a valid excuse.

SO ORDERED.                    7/30/24

*[signature: Valerie Caproni]*

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

# Exhibit A

| | |
|---|---|
| **From:** | Ruiz, James |
| **To:** | Feher, Thomas |
| **Cc:** | John K Scott, Jr |
| **Subject:** | RE: In re Navidea Biopharmaceuticals Litigation |
| **Date:** | Monday, July 29, 2024 12:53:00 PM |
| **Attachments:** | image001.png |
| **Importance:** | High |

Tom,

Following up on this issue as I need to report to the Court my progress in transitioning the litigation file from prior counsel to my firm.

I have not received any proof that any amounts are owed in connection with Thompson Hine's representation of Navidea or Macrophage in the Goldberg litigation. Please provide the supporting documents to your claimed amount owing ($61,168,47) as soon as possible.

I did review New York law and rules on this issue and note that an attorney's lien extends only to disbursements and services in the particular action in which they were incurred, and does not cover a general balance due the attorney or charges related to other causes or matters. (See *Neeman v. Smith*, 211 N.Y.S.3d 199, 203, 227 A.D. 3d 818 [2024]).

I also see that the courts may substitute the charging lien for a retaining lien with respect to the amount owed on the matter and order that the files be returned to the client before the fees are paid to avoid prejudice to the client. (See *Moore v. Ackerman*, 876 N.Y.S.2d 831, 834 [2009]).

We can go down this route as well and offer Thompson Hine a lien on any recovery in the suit for any amounts owed in connection with the particular representation.

I also noted that under New York's ethical rules, Thompson Hine is required to preserve virtually the entire file of the case for a period of seven years after its withdrawal, and to take the steps necessary to avoid the possibility of prejudice to the client by, among other things, delivering to the client all papers and property to which the client is entitled and cooperating with counsel subsequently employed, and otherwise endeavoring to minimize the possibility of harm.

I trust Thompson Hine will abide by its ethical responsibilities to Navidea and Macrophage in connection with this matter.

Let me know how I can assist in expediting the process.

Thank you.

**James G. Ruiz**

**Winstead PC** | 600 5TH Street | Suite 900 | Austin, Texas 78701
512.370.2818 direct | 512.370.2850 fax | jruiz@winstead.com | www.winstead.com

**From:** Ruiz, James
**Sent:** Wednesday, July 24, 2024 10:28 AM
**To:** Feher, Thomas <Tom.Feher@thompsonhine.com>
**Subject:** RE: In re Navidea Biopharmaceuticals Litigation
**Importance:** High

Tom,

Please send me the outstanding invoice(s) and any letters to Navidea indicating a past due amount owed on the Navidea litigation account.

I notified Navidea of your assertion of an attorney's lien, and Navidea claims to have no record of any outstanding balance owed to your firm related to the litigation.

Your firm withdrew from representation of Navidea in the litigation on September 15, 2023.

There is no mention in the motion for withdrawal by Thompson Hine (attached) that there was any issue with payment of fees.

I understand Barry Kazan left Thompson Hine in 2020 and continued as lead counsel for Navidea with Mintz Gold.

After Barry's departure I understand your firm's role was minor.

I would like to get to the bottom of this quickly.

Thank you.

**James G. Ruiz**
**Winstead PC** | 600 5TH Street | Suite 900 | Austin, Texas 78701
512.370.2818 direct | 512.370.2850 fax | jruiz@winstead.com | www.winstead.com

**From:** Feher, Thomas <Tom.Feher@thompsonhine.com>
**Sent:** Wednesday, July 24, 2024 6:57 AM
**To:** Ruiz, James <JRuiz@winstead.com>
**Subject:** RE: In re Navidea Biopharmaceuticals Litigation

$61,168.47

**From:** Ruiz, James <JRuiz@winstead.com>
**Sent:** Tuesday, July 23, 2024 3:20 PM
**To:** Feher, Thomas <Tom.Feher@thompsonhine.com>
**Cc:** Sabbidine, Karim <Karim.Sabbidine@thompsonhine.com>; Charles, Faith <Faith.Charles@thompsonhine.com>
**Subject:** RE: In re Navidea Biopharmaceuticals Litigation

**CAUTION EXTERNAL EMAIL**

Tom,

I am not aware of any amounts owing to your firm.

Please let me know what outstanding balance is on Navidea's account with Thompson Hine and I will forward it on to Navidea.

Thank you.

**James G. Ruiz**
**Winstead PC** | 600 5TH Street | Suite 900 | Austin, Texas 78701
512.370.2818 direct | 512.370.2850 fax | jruiz@winstead.com | www.winstead.com

**From:** Feher, Thomas <Tom.Feher@thompsonhine.com>
**Sent:** Tuesday, July 23, 2024 1:47 PM
**To:** Ruiz, James <jruiz@winstead.com>
**Cc:** Sabbidine, Karim <Karim.Sabbidine@thompsonhine.com>; Charles, Faith <Faith.Charles@thompsonhine.com>
**Subject:** FW: In re Navidea Biopharmaceuticals Litigation

James,

I am counsel to Thompson Hine on this matter. Please direct all future correspondence to me.

It is my understanding that Navidea has failed/refused to pay its outstanding invoices related to the litigation you are taking over. You may or may not be aware that, under New York law, attorneys have a lien on files for unpaid fees and have no obligation to transfer files on which they are owed fees. New York law is clear that an attorney retains a lien on all client papers in his or her possession and may withhold them until the lien is satisfied. A lawyer's retaining lien is a possessory lien recognized in common law. *Robinson v. Rogers,* 237 N.Y. 467, 470 (1924); *Matter of Heinsheimer,* 214 N.Y. 361,364 (1915); *see* Note, Attorney's Retaining Lien Over Former Client's Papers, 65 *Co/um. L. Rev.* 296, 301 (1965). This lien extends to papers and property delivered by a client, as well as to papers created by the lawyer or others during the course of the representation. An unpaid lawyer has the right to retain such papers or other property until the client pays the fees or provides adequate security. *Lebovic v. P. Ballantine & Sons, Inc.,* 12 A.D.2d 494 (2d Dep't 1960); *Taraborelli v. Vinciquerra,* 25 A. D.2d 544 (2d Dep't 1966); *Matter of Mongitore v. Murphy,* 42 A.D.2d 800 (3d Dep't 1973).

If your client has a proposal to make regarding a release of our lien and the files, we are happy to listen.

Tom Feher

**Thomas L. Feher** | Partner | **Thompson Hine LLP**
3900 Key Center, 127 Public Square | Cleveland, OH 44114-1201
**O:** 216.566.5532 | **F:** 216.566.5800
Tom.Feher@ThompsonHine.com

**Best Lawyers in America©** *and* **Litigation Star in Euromoney's** *Benchmark Litigation*



**A Smarter Way to Work – predictable, efficient and aligned with client goals. Read more.**
Atlanta | Chicago | Cincinnati | Cleveland | Columbus | Dayton | Los Angeles | New York | Washington, D.C.

**From:** "Ruiz, James" <JRuiz@winstead.com>
**Date:** July 23, 2024 at 1:56:09 PM EDT
**To:** "Sabbidine, Karim" <Karim.Sabbidine@thompsonhine.com>
**Cc:** "John K Scott, Jr" <jks3@cheqnet.net>
**Subject: RE: In re Navidea Biopharmaceuticals Litigation**

**CAUTION EXTERNAL EMAIL**

Karim,

Following up on the litigation file Thompson Hine has in its possession related to the Goldberg case.

The Court adjourned the status conference to August 2nd to afford more time to transfer the litigation case file.

Let me know what you have learned as to what filed you have archived or offsite.

I appreciate your assistance in this matter.

**James G. Ruiz**
**Winstead PC** | 600 5TH Street | Suite 900 | Austin, Texas 78701
512.370.2818 direct | 512.370.2850 fax | jruiz@winstead.com |
www.winstead.com


**From:** Ruiz, James
**Sent:** Tuesday, July 16, 2024 2:59 PM
**To:** karim.sabbidine@thompsonhine.com
**Cc:** John K Scott, Jr <jks3@cheqnet.net>
**Subject:** In re Navidea Biopharmaceuticals Litigation

Karim,

Winstead PC is stepping in to represent Navidea and Macrophage in the Navidea Litigation pending in the Southern District of New York and is in the process of gathering the litigation files in the case.

I understand that Thompson Hine should have part of the file – pleadings, deposition transcripts, hearing transcripts, etc., including the document production in the case which I understand was hosted in house at Thompson Hine.

Let me know what you need from me of Navidea to transfer the litigation file to me. I have copied John K. Scott Jr. with Navidea to expedite the process.

Thank you.

**James G. Ruiz**
**Winstead PC** | 600 5TH Street | Suite 900 | Austin, Texas 78701
512.370.2818 direct | 512.370.2850 fax | jruiz@winstead.com |
www.winstead.com

Information contained in this transmission is attorney privileged and confidential. It is intended for the use of the

individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone.

# Exhibit B

| | |
|---|---|
| **From:** | Feher, Thomas |
| **To:** | Ruiz, James |
| **Subject:** | Automatic reply: In re Navidea Biopharmaceuticals Litigation |
| **Date:** | Monday, July 29, 2024 1:10:02 PM |

I am out of the office and will return on August 12. I will respond as soon as practicable.