**WINSTEAD**

Austin | Charlotte | Dallas | Fort Worth | Houston | New York | San Antonio | The Woodlands

**MEMO ENDORSED**

600 W. 5TH Street  
Suite 900  
Austin, TX 78701

512.370.2800 OFFICE  
512.370.2850 FAX  
winstead.com

direct dial: 512-370-2818  
jruiz@winstead.com

August 14, 2024

*Via ECF Filing*  
Honorable Valerie Caproni  
United States District Judge  
Thurgood Marshall United States Courthouse  
40 Foley Square  
New York, New York 10007

USDC SDNY  
DOCUMENT  
ELECTRONICALLY FILED  
DOC #:_____  
DATE FILED: 8/15/2024

Re:  *In re Navidea Biopharmaceuticals Litigation,* Civil Action No. 19-cv-01578-VEC

Dear Judge Caproni:

I represent Plaintiff, Navidea Biopharmaceuticals, Inc., and Third-Party Defendant, Macrophage Therapeutics, Inc., in the referenced case, and respectfully request an additional postponement of the status conference currently set for August 19, 2024. In addition to the fact that prior counsel still have not transferred the litigation case files to me as of this date, on a personal matter, my law partner and the founder of Winstead PC, Pete Winstead, passed away last week and his memorial service will be held on August 19, 2024, in Austin, Texas, beginning at 4:00 p.m. Pete Winstead hired me to join the firm in 1988 and has been my mentor for the duration of my legal career and I wish to attend the service.

With respect to the litigation files, Thompson Hine LLP has provided information concerning its surprising claim for unpaid legal fees, but some of the outstanding amounts claimed owed relate to general corporate matters and work performed in connection with the Delaware action styled, *Macrophage Therapeutics, Inc. v. Michael M. Goldberg, M.D., et al.*, and numbered, C.A. 2019-0137-JRS. Under New York law, an attorney's lien "extends only to disbursements and services rendered in the particular action in which they were incurred, and does not cover a general balance due the attorney or charges rendered in other causes." See *Neeman v. Smith*, 211 N.Y.S.3d 199, 203, 227 A.D.3d 818 (2024). Thus, it is improper for Thompson Hine to withhold the litigation files related to the present case based on amounts claimed owed for work performed on other cases or corporate matters.

More importantly, the nature and extent of an attorney's lien is controlled in federal court cases by federal law. See *Misek-Falkoff v. International Business Machs. Corp*., 829 F.Supp. 660, 663 (S.D.N.Y. 1993) (citing *Pomerantz v. Schandler*, 704 F.2d 681, 682 (2d Cir. 1983). A federal court may determine whether assertion of a retaining lien is in such conflict with important principles that it must be relinquished when balanced against considerations of public policy." *Jenkins v. Weinshienk,* 670 F.2d 915, 919 (10th Cir. 1982); see also *Resolution Trust Corp. v. Elman*, 949 F.2d 624, 629 (2d Cir. 1991). "Controversies between parties and their attorneys should not hold federal litigation hostage." *Misek-Falkoff*, 829 F.Supp. at 664.

Honorable Valerie Caproni
United States District Judge
August 14, 2024
Page 2

Indeed, the Court "may order the transfer of case files without payment or a bond" if "special circumstances" exist. *Love & Madness, Inc. v. Claire's Holdings, LLC,* No. 21 Civ 1913 (AT)(SLC); 2021 U.S. Dist. LEXIS 190851 *8-9 (S.D.N.Y. Oct. 4, 2021) citing *Misek-Falkoff*, 829 F.Supp at 663, and *Jenkins*, 670 F.2d at 919-920. "An exception to retaining lien may be found, in the court's discretion, where the client has made a clear showing of: (1) a need for the documents, (2) prejudice that would result from a denial of access to the papers, and (3) inability to pay legal fees or post a reasonable bond." *Shoe Show, Inc. v. Launzel*, No. 92-cv-2794 (ILG), 1993 U.S. Dist. LEXIS 5843, 1993 WL 150322 at *1 (E.D.N.Y. May 3, 1993), see also, *Rivkin v. A.J. Hollander & Co.,* No. 95 Civ 9314 (DAB)(AJP), 1996 U.S. Dist. LEXIS 16202, 1996 WL 633217 at *3-4 (S.D.N.Y. Nov. 1, 1996). This case has been litigated over the course of five years and Navidea has paid between $1-2 million to its counsel in connection with the litigation. Prior counsel combined their billings for this case with the Delaware case. The total amount of legal fees paid by Navidea and Macrophage in connection with both cases exceeds $2.6 million. Without question, Navidea and Macrophage will be prejudice if required to proceed forward with the case without the litigation files of prior counsel, including the discovery and document production. Neither Thompson Hine, nor Mintz Gold, stated that they will withhold files or assert a lien when they asked the Court for leave to withdraw. Therefore, it is within the Court's purview to order Thompson Hine and Mintz Gold to turn over all relevant files to new counsel. See *Delgado v. Donald J. Trump for President, Inc.,* No. 19-CV-11764 (AT)(KHP), 2023 U.S. Dist. LEXIS 40922 *9, 2023 WL 2975155 (S.D.N.Y. Mar. 10, 2023).

Plaintiff and Third-Party Defendant requests that the Court issue an order that Thompson Hine and Mintz Gold LLP appear before the Court and show cause as to why the request that they be ordered to turn over the litigation files related to the present action to new counsel should not be granted, and adjourn the status conference until the transfer of the litigation files has occurred. Alternatively, I request leave of court to participate in the status conference on August 2, 2024, telephonically or remotely via videoconference.

I have conferred with opposing counsel as to a postponement of the August 19, 2024 status conference, or, alternatively, my participation telephonically or remotely via other means. Counsel for Defendant, Mr. Greg Zimmer, opposes adjournment of the status conference, but is not opposed to the conference being conducted telephonically. Defendant will not file a formal response to this request.

Thank you for the Court's consideration of this mater.

            Respectfully submitted,

            WINSTEAD PC

           By: /s/ James G. Ruiz
            James G. Ruiz

JGR/cs

Honorable Valerie Caproni
United States District Judge
August 14, 2024
Page 3

cc:
 Gregory Zimmer, Esq.
 142 New Chalet Drive
 Mohegan Lake, NY 10547
 GZimmer@GZimmerLegal.com

> Application GRANTED.  The Court sends its condolences to counsel.  The conference scheduled for Monday, August 19, 2024 at 10:00 A.M. is ADJOURNED to Wednesday, August 21, 2024 at 10:00 A.M. in Courtroom 443 of the Thurgood Marshall Courthouse, 40 Foley Square, New York, New York, 10007.
>
> The Court will not conduct this conference telephonically. The topic of the attorneys' liens will be discussed at the conference.
>
> SO ORDERED.                                  8/15/2024
>
> *[signature: Valerie Caproni]*
>
> HON. VALERIE CAPRONI
> UNITED STATES DISTRICT JUDGE

WINSTEAD PC | ATTORNEYS