```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/27/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                               :    19-CV-1578 (VEC)
IN RE: NAVIDEA BIOPHARMACEUTICALS                              :
LITIGATION                                                     :    ORDER
                                                               :
-------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

   WHEREAS on September 4, 2024, Plaintiff Navidea Biopharmaceuticals, Inc. ("Navidea"), and Third-Party Defendant Macrophage Therapeutics, Inc. ("Macrophage"), filed a motion to compel (the "Motion") their prior counsel, Thompson Hine LLP ("Thompson") and Mintz & Gold LLP ("M&G"), to transfer the litigation files related to their representation in this matter, *see* Mot., Dkt. 372;

   WHEREAS Thompson withdrew as counsel for Navidea and Macrophage on September 14, 2023 without providing an explanation and without stating whether the firm is asserting a retaining or charging lien, *see* Dkt. 337;

   WHEREAS M&G withdrew as counsel on June 10, 2024, and Barry Kazan's affirmation stated: "M&G is not asserting a retaining or charging lien in this action at the present time," *see* Dkt. 352;

   WHEREAS Navidea and Macrophage retained James Ruiz as counsel, who first informed the Court on July 16, 2024 that Thompson and M&G were asserting a retaining lien on the litigation files, *see* Dkt. 365;

   WHEREAS Navidea and Macrophage served the Motion on Thompson and M&G on September 4, 2024, *see* Dkt. 374;

   WHEREAS the Motion represented that counsel for Defendant takes no position on the motion, *see* Mot. at 4;

WHEREAS the Court directed Thompson and M&G to respond to the Motion by September 25, 2024, or the Court would presume that they were not objecting to the relief sought by the Motion, *see* Dkt. 375;

WHEREAS on September 25, 2024, M&G informed the Court that it had resolved the issues in the pending Motion as it pertains to M&G and agreed to turnover the litigation files to Plaintiff's counsel by no later than October 2, 2024, *see* Dkt. 376;

WHEREAS because Thompson did not respond, the Court presumes it is not objecting to the relief sought by the Motion;

WHEREAS under New York law, a "discharged attorney is . . . entitled to a retaining lien on the former client's papers and property that are in the attorney's possession" *Stair v. Calhoun*, 722 F. Supp. 2d 258, 276 (E.D.N.Y. 2010) (citing *Resolution Tr. Corp. v. Elman*, 949 F.2d 624, 626 (2d Cir. 1991)), when the attorney has rendered services for which payment has not been made;

WHEREAS "[t]he Second Circuit has held that, absent exigent circumstances, it is an abuse of discretion to require withdrawing counsel to turn over papers subject to a lien without conditioning it on payment or posting security for payment of outstanding legal fees," *Casper v. Lew Lieberbaum & Co., Inc.*, No. 97-CV-3016, 1999 WL 335334, at *8 (S.D.N.Y. May 26, 1999);

WHEREAS the general rule regarding retaining liens has an exception when "special circumstances" exist, *Love & Madness, Inc. v. Claire's Holdings, LLC*, No. 21-CV-1913, 2021 WL 4554058, at *3 (S.D.N.Y. Oct. 4, 2021) (citation omitted);

WHEREAS special circumstances exist if the client can make "a clear showing of the need for the papers, the prejudice that would result from denying him access to them, and his inability to pay the legal fees or post a reasonable bond," *Casper*, 1999 WL 335334, at *8 (citing

*Pomerantz v. Schandler*, 704 F.2d 681, 683 (2d Cir. 1983)); when special circumstances exist, the Court "may order the transfer of case files without payment or a bond," *Love & Madness, Inc.*, 2021 WL 4554058, at *3 (citation omitted);

WHEREAS the "burden is on the client who seeks immediate release of the file to establish by affidavit the existence of exigent circumstances," *see Wimmer v. Lumber Liquidators, Inc.*, No. 07-CV-10599, 2011 WL 13382898, at *7 (S.D.N.Y. May 26, 2011) (citation omitted);

WHEREAS Navidea and Macrophage are insolvent, as Navidea's "outstanding liabilities . . . are more than 12 times the amount of cash on hand," and "the Company is in default on its line of credit, which is secured by the assets of the Company," Decl. of Craig Dais ¶ 6, Ex. 1, Dkt. 372–1;

WHEREAS Navidea has made a credible showing that it is unable to pay the amounts demanded by M&G or Thompson, *see* Mot. at 4;

WHEREAS James Ruiz's declaration states that: he requires the litigation files to prepare for the trial currently scheduled to begin on December 9, 2024, because neither Navidea nor Macrophage retained copies of the documents and papers related to this litigation, *see* Decl. of James Ruiz ¶¶ 7–9, Ex. 2, Dkt. 372–2;

IT IS HEREBY ORDERED that the Motion is GRANTED only as to Thompson. Navidea and Macrophage have made "a clear showing of the need for the papers;" that prejudice would result if they were denied access to the papers; and that they are financially unable to pay their outstanding legal fees to Thompson.

IT IS FURTHER ORDERED that Thompson must provide the litigation files to Navidea and Macrophage no later than seven days from the date of this Order.

**SO ORDERED.**

Date:  September 27, 2024
       New York, New York

       **VALERIE CAPRONI**
       **United States District Judge**