```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/18/24
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
:
IN RE: NAVIDEA BIOPHARMACEUTICALS,   :
INC. LITIGATION                      :
------------------------------------------------------------X     19-CV-1578 (VEC)

JURY INSTRUCTIONS

VALERIE CAPRONI, United States District Judge:

**Table of Contents**

I. INTRODUCTION .................................................................................................................. 3
II. GENERAL INSTRUCTIONS ............................................................................................... 3
   A. ROLE OF THE COURT ........................................................................................................ 3
   B. ROLE OF THE JURY ........................................................................................................... 4
   C. ROLE OF COUNSEL / OBJECTIONS .................................................................................... 4
   D. SYMPATHY OR BIAS ......................................................................................................... 5
   E. BURDEN OF PROOF .......................................................................................................... 5
   F. WHAT IS AND IS NOT EVIDENCE ...................................................................................... 6
   G. DIRECT AND CIRCUMSTANTIAL EVIDENCE ..................................................................... 7
   H. WITNESSES ...................................................................................................................... 8
      1. GENERAL CREDIBILITY ............................................................................................... 8
      2. EXPERT WITNESSES .................................................................................................... 9
      3. BIAS OF WITNESSES .................................................................................................. 10
   I. ALL AVAILABLE EVIDENCE NEED NOT BE PRODUCED .................................................. 10
   J. CORPORATE PARTY ....................................................................................................... 11
III. SUBSTANTIVE INSTRUCTIONS .................................................................................... 11
   A. PLAINTIFF'S BREACH OF CONTRACT CLAIM ................................................................. 11
      1. CONTRACT FORMATION AND INTERPRETATION ....................................................... 11
      2. NAVIDEA'S BREACH ................................................................................................. 13
      3. DAMAGES ................................................................................................................. 13
   B. NAVIDEA'S DEFENSE ..................................................................................................... 14
   C. DAMAGES ...................................................................................................................... 15
IV. FINAL INSTRUCTIONS .................................................................................................... 16
   A. RIGHT TO SEE EXHIBITS AND HEAR TESTIMONY; COMMUNICATIONS WITH COURT .......... 16
   B. NOTES ............................................................................................................................ 17
   C. DUTY TO DELIBERATE / UNANIMOUS VERDICT ............................................................. 18

D.  S<small>ELECTING A</small> F<small>OREPERSON AND THE</small> F<small>OREPERSON'S</small> D<small>UTIES</small> ........................................... 18
E.  V<small>ERDICT</small> F<small>ORM AND</small> R<small>ETURN OF</small> V<small>ERDICT</small> .................................................................. 18
F.  E<small>XCEPTIONS</small>.................................................................................................................. 19
G.  O<small>ATH</small> ............................................................................................................................. 19

## I. INTRODUCTION

Members of the jury, you have heard all of the evidence. I am now going to instruct you on the law that governs the case. There are three parts to these instructions:

<u>First</u>, I will provide you with some general instructions about your role and about how you are to decide the facts of the case. These instructions would apply to just about any trial.

<u>Second</u>, I will give specific instructions about the legal rules applicable to this particular case.

<u>Third</u>, I will give you instructions on the general rules governing your deliberations.

I will read this. It's not my favorite way to communicate with a jury, but because there is a need for precision, it's important that I get the words just right, and so that's why I will be reading.

I have provided each of you with a copy of this charge. If you find it easier to listen and understand while you are reading along, please do so. If you would prefer, you can just listen. Either way, you will have a copy of the charge with you in the jury room so you can consult it if you want to re-read any portion to facilitate your deliberations. You will also have in the jury room a verdict form on which to record your verdict.

## II. GENERAL INSTRUCTIONS

### A. Role of the Court

It is my duty to instruct you on the law, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant for your consideration. It is your duty to accept my instructions on the law and to apply them to the facts as you determine them.

On legal matters, you must take the law as I give it to you. You may not substitute your own notions or opinions of what the law is or ought to be. You should not be concerned about

1  the wisdom of any rule that I state.  Regardless of any opinion that you may have as to what the
2  law may be—or should be—it would violate your sworn duty to base a verdict upon any view of
3  the law other than that which I give you.
4  If a party has stated a legal principle different from what I tell you, you must follow my
5  instructions.  You should not single out any particular instruction as alone stating the law.  You
6  should consider my instructions as a whole as you deliberate.
7  You should not infer from anything I have said or done during this trial that I have any
8  view on the credibility of the witnesses or any view about how you should decide the case.  I
9  have no opinion as to the facts or the verdict that you should render in this case.

10  **B.    Role of the Jury**

11  You are the sole and exclusive judges of the facts.  You determine the credibility of the
12  witnesses.  You resolve any conflicts that might exist in the evidence.  You draw whatever
13  reasonable inferences you decide to draw from the facts as you have determined them, and you
14  determine the weight to give the various pieces of evidence.
15  You must base your discussions and decisions solely on the evidence presented to you
16  during the trial and that evidence alone.  You may not consider or speculate on matters not in
17  evidence or matters outside the case.

18  **C.    Role of Counsel / Objections**

19  As I told you at the outset of the case, it is the duty of the attorneys to object when the
20  other side offers testimony or evidence that the attorney believes is not properly admissible.
21  Therefore, you should draw no inference if an attorney objected to evidence.  Nor should you
22  draw any inference from the fact that I might have sustained or overruled an objection.

**D.    Sympathy or Bias**

You are required to evaluate the evidence calmly and objectively, and you must be completely fair and impartial.  Your verdict must be based solely on the evidence introduced at this trial, or the lack of evidence.  The parties in this case are entitled to a trial free from prejudice or bias for or against either side.  Our judicial system only works if you reach your verdict through a completely fair and impartial consideration of the evidence.

In deciding the facts of the case, it would be improper for you to consider any personal feelings you may have about any party or any witness, or any other such irrelevant factor.  This case must be decided by you as an action between parties of equal standing in the community and of equal worth.  All parties are entitled to the same fair trial.  The Plaintiff and the Defendant stand as equals before the law and are to be dealt with as equals in this Court.

**E.    Burden of Proof**

Dr. Goldberg, as the Plaintiff, has the burden of proving all of the elements of his breach of contract claim by a preponderance of the evidence.  Navidea has asserted an affirmative defense to the claim of breach of contract.  Specifically, it argues that there was a condition precedent to Navidea having any obligations towards Dr. Goldberg.  As to that affirmative defense, Navidea has the burden of proving the elements of the defense by a preponderance of the evidence.

What does "preponderance of the evidence" mean?  To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not.  A preponderance of the evidence means the greater weight of the evidence.  It refers to the quality and persuasiveness of the evidence, not the number of witnesses or documents.  In determining

whether a claim or defense has been proven by a preponderance of the evidence, you should consider the testimony of all witnesses, regardless of who called them.

If, after considering all of the evidence, you are satisfied that the party with the burden of proof has carried its burden on each essential element of the claim, then you must find in that party's favor on that claim. On the other hand, if you find that the evidence in favor of the party is outweighed by the evidence against the party's position, or that the credible evidence on a given issue is equally divided between the parties—that it is as equally probable that one side is right as it is that the other side is right—then you must decide that issue against the party with the burden of proof. The party with the burden of proof must do more than simply produce evidence that is equal to the evidence on the other side. That said, the party with the burden of proof need prove no more than a preponderance. So, if you find that the scales tip, however slightly, in favor of the party with the burden of proof—that what that party claims is more likely true than not, even by just a little—then that element will have been proven by a preponderance of the evidence.

### F. What Is and Is Not Evidence

I want to take a moment to describe to you what is and is not evidence in this case. As I have said, you must rely only on evidence in your deliberations. The evidence in this case is the sworn testimony of the witnesses and the exhibits that were received in evidence. Other things are not evidence.

1. A question by a lawyer is not evidence. The witnesses' answers are evidence, not the questions. Similarly, documents that lawyers provided to witnesses to refresh their recollection are not evidence; only the witnesses' answers are evidence.

2. Arguments by lawyers are not evidence. What the attorneys said in their opening statements and in their summations was intended to help you understand the evidence and to reach a verdict. If your recollection of the facts differs from the attorneys' statements, it is your recollection that controls.

3. Statements that I may have made concerning the evidence are not evidence.

4. Testimony that has been stricken or excluded is not evidence, and you may not consider it in rendering your verdict.

5. Anything you may have seen or heard outside the courtroom is not evidence.

Now I will discuss what is evidence. Evidence may come in several forms:

1. The sworn testimony of witnesses, regardless of who called the witness, is evidence. This is true of the witnesses' answers on both direct and cross-examination.

2. The exhibits that were admitted during the trial are evidence.

G. **Direct and Circumstantial Evidence**

Generally, there are two types of evidence that you may consider in reaching your verdict: direct and circumstantial.

Direct evidence is testimony by a witness about something he or she knows by virtue of his or her own senses—something that he or she has done, seen, felt, touched or heard. For example, if a witness testified that on the day in question she was in her office, and she could see that it was raining all day, that would be direct evidence about the weather on that day.

Circumstantial evidence is evidence of one fact from which you may infer the existence of other facts. For example, assume that a witness testified that his office does not have a window. On the day in question, however, he saw numerous people coming into the office with

wet raincoats and carrying dripping umbrellas. That testimony about the wet raincoats and dripping umbrellas is circumstantial evidence that it was raining that day. So even though you have no direct evidence regarding the weather, you have circumstantial evidence that it was raining.

With circumstantial evidence, you must be careful to draw reasonable inferences that reflect all of the evidence. For example, if you live in the city and wake up in the morning and see that the sidewalk is wet but the street is dry, it is not reasonable to infer that it rained last night. Instead, a more reasonable inference is that the building staff has hosed down the sidewalk.

That is all there is to circumstantial evidence. You infer on the basis of reason and common sense from one fact (in my first example, dripping raincoats and umbrellas) the existence or non-existence of some other fact (in that case, rainy weather). When circumstantial evidence is presented, it is of no less weight than direct evidence.

### H. Witnesses

#### 1. General Credibility

You have had the opportunity to observe the witnesses. You are the sole judges of the credibility of each witness and of the importance of his or her testimony. Decide what testimony to believe and what not to believe. Consider each witness's demeanor and manner of testifying; the witness's opportunity to see, hear and know about the events described; the witness's ability to recall and describe those things; and the reasonableness of the testimony in light of all of the other evidence in the case. Consider whether part of a witness's testimony was contradicted or supported by other testimony, by what the witness said or did on a prior occasion, or by the testimony of other witnesses or by other evidence. Consider whether the witness had an

opportunity to observe the facts he testified about, and whether the witness's recollection of the facts stands up in light of the other evidence in the case.

If you find that a witness has willfully testified falsely as to an important matter, you may disregard the witness's entire testimony, or you may accept as much of the testimony as you find to be true and disregard what you find to be false. A witness may have been mistaken or may have lied in part of his testimony while having been accurate and truthful in other parts.

Going back to witnesses generally, you should consider whether a witness had an opportunity to observe the facts that he testified about. You should also consider whether the witness's recollection of the facts stands up in light of the other evidence in the case. In other words, what you must try to do in deciding credibility is to size up a person just as you would in any important matter in your own life where you are trying to decide if a person is truthful, straightforward, and accurate in his recollection.

### 2.    Expert Witnesses

You have also heard testimony from expert witnesses. Experts are witnesses who have acquired learning or experience in science or a specialized area of knowledge by education, experience, or training. They are permitted to give their opinions on matters in which they profess to be experts and to give the reasons for their opinions. Someone who is experienced in a field may assist you in understanding the evidence and in reaching your independent decision of the facts. Your role in judging credibility applies to experts as well as other witnesses. You should judge the expert testimony the same way that you judge the testimony of any other witness. In weighing expert testimony, you should consider the factors that generally bear upon the credibility of a witness, as well as the expert witness's education, training and experience, the soundness of the reasons given for the opinion, and all the other evidence in the case.

### 3. Bias of Witnesses

In deciding whether to believe a witness, you should take into account any evidence that shows that the witness may benefit in some way from the outcome of the case, such as a legal, financial, or personal interest. Any such witness is called an "interested witness."

It is your duty to consider whether the witness has permitted any such bias or interest to color his testimony. If you find that a witness is biased, you should view his testimony with caution, weigh it with care, and subject it to close and searching scrutiny.

Of course, the mere fact that a witness is interested in the outcome of the case does not mean the witness has not told the truth. It is for you to decide from your observations and applying your common sense and experience and all the other considerations already mentioned whether the possible interest of a witness has intentionally or otherwise colored or distorted his testimony. You are not required to believe or disbelieve an interested witness; you may accept as much of the testimony as you deem reliable and reject as much as you deem unworthy of belief.

### I. All Available Evidence Need Not Be Produced

The law does not require a party to call as witnesses all persons who may have been involved in the case or who may appear to have some knowledge of the matters at issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned during the case.

Each party has had an equal opportunity or lack of opportunity to call any witness. Therefore, you should not draw any inference or reach any conclusions as to what any uncalled witnesses would have said if the witness had been called.

**J.     Corporate Party**

The Defendant, Navidea Biopharmaceuticals, Inc., is a corporation. The fact that one of the parties is a corporation does not mean that it is entitled to any greater or lesser consideration by you. All parties are equal before the law, and corporations, big or small, are entitled to the same fair consideration as you would give any other party.

**III.     SUBSTANTIVE INSTRUCTIONS**

With those general instructions in mind, let us turn to the substantive law to be applied in this case.

**A.     Plaintiff's Breach of Contract Claim**

Dr. Goldberg alleges that Navidea breached the August Agreement. As the Plaintiff, Dr. Goldberg must prove each element of his claim by a preponderance of the evidence in order for you to find in his favor. If any element of the claim has not been proven, then you must return a verdict in favor of Navidea.

To prevail on his breach of contract claim, Dr. Goldberg must prove, by a preponderance of the evidence, three elements:

*First*, that there was a valid contract between him and Navidea;

*Second*, that Navidea did not do what it was required to do under the contract; and

*Third*, that Dr. Goldberg was damaged by Navidea's breach.

**1.     Contract Formation and Interpretation**

A party asserting a claim for breach of contract must prove that there was a contract. For a binding contract to exist, there must be an offer, an acceptance, consideration, and sufficiently specific terms to determine the obligations of each party.

1    In this case, the parties agree that there was an offer, acceptance, and consideration, but
2    they disagree on what the agreement required.  A legally binding contract requires mutual assent,
3    also known as a meeting of the minds, to the contract's terms.  You are required to determine the
4    parties' intent at the time the agreement was reached.  In making that determination, you can
5    consider the words of the agreement, the actions of the parties, their conduct after signing the
6    agreement but before the litigation commenced, and the circumstances that existed at the time
7    the agreement was signed.  If you find that there was no actual meeting of the minds on what the
8    contract required – that is, that the parties each had a different understanding at the time on what
9    the written agreement required each party to do – this element will not have been proven, and
10   your deliberations will be at an end.
11   On the other hand, if you find that Dr. Goldberg has proven that there was a meeting of
12   the minds, you should proceed to determine whether Dr. Goldberg has satisfied his burden of
13   proof on the other elements of his claim.
14   There are two rules of contract interpretation that you must consider when determining
15   what the contract requires.  First, any ambiguity in the terms of the August Agreement should be
16   construed against the drafter.  And second, if the language of the August Agreement is
17   reasonably susceptible to two meanings, one of which would make it a fair, customary, and
18   reasonable contract that a prudent person would make while the second would make the
19   agreement unfair, unusual, or one that a prudent person would not likely make, the first
20   interpretation must be preferred.
21   It is Dr. Goldberg's burden to prove the existence of a contract.

### 2. Navidea's Breach

To prove the second element, Dr. Goldberg must prove, by a preponderance of the evidence, that Navidea breached the terms of the contract as you have interpreted it. A party breaches a contract if the actions taken or not taken by that party violated the terms of the contract between the parties. Dr. Goldberg is allowed to sue for any breach of the contract by Navidea, even if minor, so long as Navidea's breach caused him measurable injury or damage.

### 3. Damages

The third element of breach of contract has two subparts: (i) substantial performance by Dr. Goldberg; and (ii) measurable financial injury caused by the breach. Plaintiff must prove both by a preponderance of the evidence.

As to the first subpart, Dr. Goldberg must prove that he substantially performed his obligations under the contract. A good-faith attempt to perform a contract, even if the attempted performance does not precisely meet the contractual requirement, is considered adequate if the substantial purpose of the contract was accomplished. If Dr. Goldberg has proven by a preponderance of the evidence that he substantially performed his duties under the contract with Navidea, then Dr. Goldberg will have satisfied the first subpart of this element.

As to the second subpart, the question is only whether Plaintiff has proven that he suffered a measurable injury. In deciding whether Dr. Goldberg has proven this subpart, do not concern yourself with the amount of financial injury, if any, that Dr. Goldberg suffered.

If you find that Dr. Goldberg has proven all three elements of his breach of contract claim by a preponderance of the evidence, you must answer Question 1 on your Verdict Sheet "yes" and proceed to consider whether Navidea has proven that there was a condition precedent that

1  was not satisfied that excused its breach and to consider whether Dr. Goldberg breached the
2  contract first.
3         If you find that Dr. Goldberg has failed to prove one or more elements of his breach of
4  contract claim by a preponderance of the evidence, then you must answer Question 1 on your
5  Verdict Sheet "no".  If you answer Question 1 "no", your deliberations will be complete.  The
6  foreperson should sign the Verdict Sheet and give the marshal, who will be outside your door, a
7  note saying you have reached a verdict.
8         **B.     Navidea's Defenses**
9         If you find that Dr. Goldberg proved all of the elements of breach of contract, you must
10 next consider Navidea's affirmative defenses that (i) there was a condition precedent that was not
11 satisfied, and (ii) that Dr. Goldberg breached the contract before Navidea breached the contract.
12 As to these defenses, it is Navidea's burden to prove that (i) the parties intended for there to be a
13 condition precedent to its obligation to deliver shares to Dr. Goldberg and that Dr. Goldberg did
14 not satisfy the condition and (ii) that Dr. Goldberg breached the contract before Navidea did.  It
15 does not have to prove both.  Either is a defense to breach of contract.
16        A condition precedent is either (i) an act that one party is required to perform or (ii) an
17 event that is required to occur before performance is required from the other party.  A condition
18 precedent must be expressed clearly and unambiguously.  A condition precedent may be waived
19 by the party for whose benefit the contingency was created by conduct that demonstrates an
20 intent to waive it.
21        If you find that Navidea proved, by a preponderance of the evidence, that the parties
22 intended for there to be a condition precedent to Navidea's obligation to deliver shares to Dr.
23 Goldberg and that the condition precedent was not satisfied, then you must answer Question 2(a)

1   on your Verdict Sheet "yes" and your deliberations will be complete.  The foreperson should
2   sign the Verdict Sheet and give the marshal, who will be outside your door, a note saying you
3   have reached a verdict.
4       On the other hand, if you find that Navidea failed to prove, by a preponderance of the
5   evidence, that the parties intended for there to be a condition precedent to its obligation to deliver
6   shares to Dr. Goldberg or failed to prove that the condition precedent was not satisfied, then you
7   should mark Question 2(a) on your Verdict Sheet "no" and proceed to consider whether Dr.
8   Goldberg breached the contract before Navidea did.
9       To determine whether Dr. Goldberg breached first, you should use the elements of breach
10  of contract on which I just charged you.  As to this defense, Navidea has the burden of proving,
11  by a preponderance of the evidence, that Dr. Goldberg breached first.  If you find that Navidea
12  has proven that Dr. Goldberg breached the contract before Navidea breached it, then you must
13  answer Question 2(b) on your Verdict Sheet "yes" and your deliberations will be complete.  The
14  foreperson should sign the Verdict Sheet and give the marshal, who will be outside your door, a
15  note saying you have reached a verdict.
16      If you find that Navidea has not proven that Dr. Goldberg breached first, then you must
17  answer Question 2(b) on your Verdict Sheet "no" and proceed to consider damages.

18  **C.    Damages**

19      I am instructing you now on damages so you will have all relevant information before
20  you begin your deliberations.  Do not assume that I am charging you on damages because I have
21  determined that Dr. Goldberg is entitled to recover damages.
22      If you determine that Navidea is liable to Dr. Goldberg for breach of contract, then Dr.
23  Goldberg may be entitled to an award of compensatory damages.  You must award Dr. Goldberg

the amount of money that he has proven will fairly and justly compensate him for the injury he actually sustained as a direct consequence of Navidea's breach of contract. The purpose of compensatory damages for breach of contract is to put the Plaintiff in as good a position as he would have been in had the contract been fully performed, not to punish the Defendant.

The measure of damages for a breach of contract that involves wrongfully restricting shares of stock is the highest intermediate price of the shares during a measurable period of time at the beginning of the period when the sale of the shares was wrongfully restricted. A reasonable period of time in this context is the time in which Dr. Goldberg could have sold his shares without depressing the market had he been able to do so.

If you find that Dr. Goldberg has proven that there is an amount of money that will fairly and justly compensate him for Navidea's breach of contract, then you must enter that amount in response to Question 3 on your Verdict Sheet. If you find that Dr. Goldberg has not proven an amount of money that will fairly and justly compensate him for the breach of contract at issue, then you must enter a nominal or token amount not to exceed one dollar in response to Question 3.

If you do make an award of damages on this claim, you should not consider the impact of state, federal, or local taxes in determining the amount of damages. Also, you should not concern yourselves with what either party will have to pay for attorneys' fees or expenses.

## IV.    FINAL INSTRUCTIONS

### A.    Right to See Exhibits and Hear Testimony; Communications with Court

You are about to begin your deliberations. If during your deliberations you want any of the testimony read back to you, you may request that. Any communication with the Court must be in writing, signed by your foreperson, and given to the marshal, who will be outside the door.

Please remember that it is not always easy to locate what you might want read, so please be as specific as possible when you request portions of the testimony to be read. If you want any further explanation of the law, you may also request that. If you have any question about the meaning of any part of the instructions that I have given you, you should not hesitate to send me a note asking for clarification.

All of the documents that were received in evidence will be loaded onto the computer that is in the jury room. If you have any difficulty operating the computer, send me a note, and someone will come in and help.

It is very important that you not communicate with anyone outside the jury room about your deliberations or about anything touching this case. There is only one exception to this rule. If it becomes necessary during your deliberations to communicate with me, you should send a note to me, in writing, signed by your foreperson, and give it to one of the marshals or to Ms. Caliendo. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will never communicate with a member of the jury on any subject touching on the merits of the case other than in writing, or orally here in open court. If you send any notes to the Court, do not disclose anything about your deliberations. Specifically, do not disclose to anyone—not even to me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

**B.    Notes**

Some of you have taken notes periodically throughout this trial. I want to emphasize to you that notes are simply an aid to memory. A juror's notes may not be given any greater weight or influence in deciding the case than the recollections of other jurors with respect to the evidence presented. Any difference between a juror's recollection and another juror's notes

should be settled by having the court reporter read back the transcript, because it is the court record that the jury must rely on when rendering a verdict.

### C. Duty to Deliberate / Unanimous Verdict

You will now retire to decide your verdict.

Your verdict as to each question on the verdict sheet must be unanimous. Each juror is entitled to his or her opinion, but you are also required to exchange views with your fellow jurors. That is the very essence of jury deliberation. If you have a point of view and after discussing it with the other jurors it appears that your own judgment is open to question, then of course you should not hesitate to yield your original point of view if you are convinced that the other view is one that satisfies your judgment and conscience. Do not give up a point of view that you conscientiously believe simply because you are outnumbered, however. You should vote with the others only if you are convinced on the evidence, the facts, and the law that it is the correct way to decide the issue. After any breaks or when you arrive in the morning if your deliberations last more than one day, do not begin to discuss the case until all jurors are present.

### D. Selecting a Foreperson and the Foreperson's Duties

The first thing you should do when you retire to deliberate is to select one of you to act as your foreperson. Traditionally, Juror #1 is the foreperson, but that is only tradition. You are free to select any of your members as your foreperson.

### E. Verdict Form and Return of Verdict

Once you have reached your verdict, you will record your decisions on the verdict form that I have prepared for you. You should proceed through the questions in the order in which they are listed. The foreperson should complete the verdict sheet, date it, and sign it. The foreperson should then give a note to the marshal outside your door stating that you have reached

1   a verdict.  In your note, do not specify what the verdict is, and do not give your verdict sheet to

2   the marshal.  The foreperson should keep the verdict sheet until I ask for it.  You must all be in

3   agreement with the verdict that is announced in court.

4   **F.     Exceptions**

5   Please remain seated while I confer with the attorneys.

6   [Confer at sidebar]

7   [Swear the Marshal]

8   **G.     Oath**

9   I remind you that at the very beginning of the case you took an oath.  Your oath sums up

10  your duty.  You must well and truly try the matters in issue and render a true verdict according to

11  the law and the evidence.

12  #                          #                          #

13

14  You may now retire to the jury room and begin your deliberations.