Gregory Zimmer, Esq.
142 New Chalet Drive
Mohegan Lake, NY 10547
Tel:  (914) 402-5683
GZimmer@GZimmerLegal.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re Navidea Biopharmaceuticals Litigation | Case No.: 1:19-cv-01578-VEC |

**DR. MICHAEL M. GOLDBERG'S MEMORANDUM OF LAW IN SUPPORT OF FEE
APPLICATION**

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ........................................................................................................ ii

ARGUMENT ............................................................................................................................. 1

CONCLUSION ......................................................................................................................... 11

# TABLE OF AUTHORITIES

**Cases**                                                                                **Page**

*Arbitrium (Cayman Islands) Handels AG v. Johnston*,
   1998 Del. Ch. LEXIS 41, 1998 WL 155550 (Del. Ch. Mar. 30, 1998) .................................. 2

*Aveta Inc. v. Bengoa*,
   2010 Del. Ch. LEXIS 175, 2010 WL 3221823 (Del. Ch. August 13, 2010) ................... 1, 2, 3

*Blank Rome, L.L.P. v. Vendel*,
   2003 Del. Ch. LEXIS 84, 2003 WL 21801179 (Del. Ch. August 3, 2010) ........................ 1, 3

*Citadel Hldg. Corp. v. Roven*,
   603 A.2d 818 (Del. 1992) ........................................................................................................ 1

*Danenberg v. Fitracks, Inc.*,
   58 A.3d 991 (Del. Ch. 2012) .................................................................................................. 2

*Fasciana v. Elec. Data Sys. Corp.*,
   829 A.2d 160 (Del. Ch. 2003) ............................................................................................... 1

*Hensley v. Eckerhart*,
   461 U.S. 424 (1983) ................................................................................................. 3, 4, 7, 10

*Lynch v. Gonzalez*,
   2020 Del. Ch. LEXIS 292, 2020 WL 5587716 (Del. Ch. Sept. 18, 2020) ......................... 3, 9

*Mooney v. Echo Therapeutics, Inc.*,
   2015 Del. Ch. LEXIS 146 (Del. Ch. May 28, 2015) ......................................................... 3, 8

*Seiff v. Tokenize Inc.*,
   2020 Del. Ch. LEXIS 342 (Del. Ch. Nov. 19, 2020) ........................................................ 3, 8

*Weichert Co. V. Young*,
   2008 Del. Ch. LEXIS 51, 2008 WL 1914309 (Del. Ch. May 1, 2008) ................................. 1

*Wis. Inv. Bd. v. Bartlett*,
   2002 Del. Ch. LEXIS 42, 2002 WL 568417 at *6 (Del. Ch. Apr. 9, 2002),
   aff'd, 808 A.2d 1205 (Del. 2002) ......................................................................................... 2

Defendant/Counterclaim Plaintiff/Third-Party Plaintiff Dr. Michael M. Goldberg M.D. ("Dr. Goldberg") respectfully submits this memorandum of law in support of his application for attorneys' fees and costs incurred in defending against the First Cause of Action for breach of contract and the Second Cause of Action for breach of the implied duty of good faith and fair dealing asserted in this action against Dr. Goldberg by Plaintiff/Counterclaim Defendant Navidea Biopharmaceuticals, Inc. ("Navidea").

## ARGUMENT

In the Court's Opinion and Order entered March 25, 2023 [Dkt. No. 339] (the "O&O") resolving the parties' respective motions for summary judgment, the Court dismissed Navidea's First and Second Causes of Action and specifically awarded Dr. Goldberg his attorneys' fees and costs incurred in defending against those claims. (*See* Dkt. 339 at 11, n. 9 and 19, n. 13.) Under applicable Delaware law, a party making a fee application bears the burden of justifying the amounts sought. *See Citadel Hldg. Corp. v. Roven*, 603 A.2d 818, 823-24 (Del. 1992). To satisfy this requirement under Delaware law, the application must include "a good faith estimate" of the fees and expenses that the party contends should be approved. *Fasciana v. Elec. Data Sys. Corp.*, 829 A.2d 160, 177 (Del. Ch. 2003).

Determining the reasonableness of amounts sought "does not require that [the] Court examine individually each time entry and disbursement." *Aveta Inc. v. Bengoa*, 2010 Del. Ch. LEXIS 175, 2010 WL 3221823 at *6 (Del. Ch. August 13, 2010) (accord *Blank Rome, L.L.P. v. Vendel*, 2003 Del. Ch. LEXIS 84, 2003 WL 21801179 at *8-9 (Del. Ch. August 3, 2010) (rejecting alleged requirement of line-item review)). Discussing specific invoices typically "would neither be useful nor practicable." *Weichert Co. V. Young*, C.A. No. 2223-VCL, 2008 Del. Ch. LEXIS 51, 2008 WL 1914309 at *2 (Del. Ch. May 1, 2008). "[A]n arm's-length

1

agreement, particularly with a sophisticated client . . . can provide an initial 'rough cut' of a commercially reasonable fee." *Wis. Inv. Bd. v. Bartlett*, 2002 Del. Ch. LEXIS 42, 2002 WL 568417 at *6 (Del. Ch. Apr. 9, 2002), aff'd, 808 A.2d 1205 (Del. 2002). "If a party cannot be certain that it will be able to shift expenses at the time the expenses are incurred, the prospect that the party will bear its own expenses provides 'sufficient incentive to monitor its counsel's work and ensure that counsel [does] not engage in excessive or unnecessary efforts.'" *Danenberg v. Fitracks, Inc.*, 58 A.3d 991, 997 (Del. Ch. 2012) (citing *Aveta*, 2010 Del. Ch. LEXIS 175, 2010 WL 3221823, at *6); *see also*, *Arbitrium (Cayman Islands) Handels AG v. Johnston*, 1998 Del. Ch. LEXIS 41, 1998 WL 155550 at *2 (Del. Ch. Mar. 30, 1998) (considering that client faced prospect of bearing full cost of litigation when evaluating reasonableness), aff'd, 720 A.2d 542 (Del. 1998).

Moreover, "[d]etermining reasonableness of amounts sought also does not require the Court to assess independently whether counsel appropriately pursued and charged for a particular motion, line of argument, area of discovery, or other litigation tactic." *Danenberg*, 58 A.3d 991, 997 (Del. Ch. , 2012). "For a Court to second-guess, on a hindsight basis, an attorney's judgment . . . is hazardous and should whenever possible be avoided." *Arbitrium*, 1998 Del. Ch. LEXIS 41, 1998 WL 155550, at *4.

Delaware Chancery Rule 1.5 (a) provides that a determination of reasonableness must take into account the (1) time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly; (2) likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer; (3) fee customarily charged in the locality for similar legal services; (4) amount involved and the results obtained; (5) time limitations imposed by the client or by the

circumstances; (6) nature and length of the professional relationship with the client; (7)

experience, reputation, and ability of the lawyer; and (8) fixed or contingent nature of the fee.

Del. Prof'l Conduct R. 1.5 (a) (Del. R. Ann. 2003); *Blank Rome, L.L.P. v. Vendel*, C.A. No.

19355, 2003 Del. Ch. LEXIS 84, *30 (Del. Ch., Newcastle Co., August 5, 2003).

"Fee requests must be reasonable.  At the same time, [Delaware] law is clear that the

Court will not engage in a line-item review of invoices and second-guess with hindsight the

appropriateness of an attorney's judgment." *Mooney v. Echo Therapeutics, Inc.*, 2015 Del. Ch.

LEXIS 146 (Del. Ch. May 28, 2015).  "Determining reasonableness does not require that this

Court examine individually each time entry and disbursement." *Aveta*, 2010 Del. Ch. LEXIS

175, 2010 WL 3221823, at *6.  "In determining reasonableness, the Court need not 'assess

independently whether counsel appropriately pursued and charged for a particular motion, line of

argument, area of discovery, or other litigation tactic.'" *See*, *e.g.*, *Seiff v. Tokenize Inc.*, 2020

Del. Ch. LEXIS 342 at * 12 (Del. Ch. Nov. 19, 2020) ("Plaintiffs' counsel have submitted sworn

declarations, under penalty of perjury, that their invoices reflect the time necessary to properly

prepare a defense to the New York action.  Tokenize has not introduced any evidence to

contradict those declarations.  Under these circumstances, I will not second-guess an attorney's

judgment as to the time spent on matters within the scope of the Agreement's advancement

obligations.") (citing *Lynch v. Gonzalez*, 2020 Del. Ch. LEXIS 292, 2020 WL 5587716, at *3

(Del. Ch. Sept. 18, 2020)).

The United States Supreme Court has recognized, in *Hensley v. Eckerhart*, 461 U.S. 424

(1983), that in many cases "the plaintiff's claims for relief will involve a common core of facts

or will be based on related legal theories.  Much of counsel's time will be devoted generally to

the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim

basis. Such a lawsuit cannot be viewed as a series of discrete claims." 461 U.S. at 435. As recognized by *Hensley*, the fact that overlapping claims and a common core of facts make exact separation of work on a per-claim basis impossible *does not* equate with (or even suggest) inadequate recordkeeping or provide any basis to deny an award of attorneys' fees.

Here in that Navidea's First Cause of Action was based on allegations that Dr. Goldberg breached an agreement (the "August Agreement") executed by Dr. Goldberg, Navidea and Third-Party Defendant Macrophage Therapeutics, Inc. ("Macrophage") by, among other alleged actions, refusing to execute additional documents (identified as Transaction Documents in the August Agreement), failing to advance the interests of Macrophage after the August Agreement was executed, failing to obtain third-party investments in Macrophage after the August Agreement was executed, failing to pay the amounts advanced to him by Navidea to continue his health care benefits under COBRA, claiming to own intellectual property necessary to Navidea's or Macrophage's business, using one of Macrophage's law firms to do personal work for him at Macrophage's expense, improperly assigning interests in Macrophage to family members, and engaging in a transaction through which a subsidiary of Macrophage called M1M2 was created and sublicensed Macrophage's intellectual property in exchange for giving a 95% ownership interest to Macrophage while awarding Dr. Goldberg a 5% ownership interest. (*See generally*, Amended Complaint.) Navidea's First Cause of Action was dismissed on summary judgment in the Court's O&O and the Court ruled that Dr. Goldberg is entitled to reimbursement of his attorneys' fees and costs incurred in defending that claim. (*See* Dkt. 339 at 11, n. 9.)

Navidea's Second Cause of Action was for breach of the duty of good faith and fair dealing implied by law into the August Agreement, and was based on the same alleged conduct by Dr. Goldberg to the extent it did not breach the express terms of the August Agreement. (*See*

*generally*, Amended Complaint.)  Navidea's Second Cause of Action was dismissed on summary judgment in the Court's O&O and the Court ruled that Dr. Goldberg is entitled to reimbursement of his attorneys' fees and costs incurred in defending that claim.  (*See* Dkt. No. 339 at 19, n. 13.)

Navidea's Third Cause of Action made no substantive allegations separate from the First and Second Causes of Action, but merely asked that, based on the outcome of the First and Second Causes of Action, the Court issue a declaration of the parties' remaining respective rights, if any, under the August Agreement.  (*See generally*, Dkt. No. 339.)

Because Navidea's First Cause of Action for breach of contract and Second Cause of Action for breach of the duty of good faith and fair dealing were the only two surviving claims asserting substantive allegations against Dr. Goldberg,[1] and because of the overlapping nature of the allegations allegedly supporting both claims, it was not possible in most instances to differentiate between activities and tasks specific to one or another of these claims.  Rather, Dr. Goldebrg's counsel's work has been allocated more generally to the defense of Navidea's First and Second Causes of Action except in instances where time could reasonably be allocated to drafting materials relating solely to one or the other of the claims, which comprises a very small percentage of the time expended defending against Navidea's First and Second Causes of Action. (*See* Declaration of Gregory Zimmer, Esq. dated March 18, 2025, submitted contemporaneously herewith (hereinafter, the "Zimmer Declaration" or "Zimmer Decl."), ¶ 17.)

No time was expended in "defense" of Navidea's declaratory judgment claim other than in connection with Dr. Goldberg's summary judgment motion because the sole basis for that claim

---

[1]     Navidea's Fourth Cause of Action was not based on the August Agreement and alleged that Dr. Goldebrg breached his fiduciary duty to Navidea while he was Navidea's CEO based on actions that had occurred years before.  The Fourth Cause of Action was dismissed at the inception of this action as a result of Dr. Goldberg's motion to dismiss the claim and it has not played any role in this action since that time.  (See Dkt. No. 61.)  Dr. Goldberg was awarded indemnification of his attorneys' fees and costs incurred in defending against the Fourth Cause of Action and those attorneys' fees and costs are not sought through this application.

was Navidea's allegations of breach of contract and breach of the duty of good faith and fair dealing and because any declaration by the Court of the parties' rights based on this claim could only be made after those issues were resolved. After trial, when the substantive issues relating to Navidea's claims against Dr. Goldberg and those of Dr. Goldberg's claims against Navidea that were deemed appropriate by the Court for trial at that time had finally been resolved, Navidea withdrew its Third Cause of Action. (*See* Dkt. No. 411.)

Dr. Goldberg's counterclaims for breach of contract did not assert any additional legal theories or factual allegations. Rather, they were based on the same contract (the August Agreement) and the same exact underlying facts and merely were a mechanism for him to obtain certain consideration that Navidea admitted was not given to him pursuant to the August Agreement if he prevailed in defending against Navidea's breach of contract and breach of duty of good faith and fair dealing claims, which alleged breaches Navidea argued relieved it of its obligation of further performance under the August Agreement. (*Id.* ¶ 18.)

Dr. Goldberg was required to defend against each allegation of misconduct that Navidea alleged breached the August Agreement, and to demonstrate that he fully complied with the terms of the August Agreement in order to defend against Navidea's First and Second Causes of Action.

Moreover, where the Court has questions regarding the accuracy or reasonableness of a fee application the appropriate remedy is a reduction of the amounts requested, not a denial of the application in its entirety.

Dr. Goldberg has made every possible effort to comply with the standards applicable to his application and, to the extent possible, the Court's prior guidance. To be clear, the Application *does not* apply good faith estimates of the percentages of time allocable to Navidea's

claims and Dr. Goldberg's claims.  Counsel conducted line-by-line analyses of deposition transcripts and documents, as well as the real-time issue coding done with respect to review of Navidea's document production in order to identify those portions of attorney time relating specifically to defense of Navidea's claims.  Counsel submitted a declaration explaining how these analyses were performed and applied to the fees incurred, and has provided the Court with backup materials evidencing the analysis and its results.  While these document-specific findings are represented as percentages of the total time spent for purposes of *calculation* of the amounts allocable to defense of Navidea's claims those percentages actually and specifically reflect the findings of counsel's extensive work in allocating fees.

This Court has already ruled that Dr. Goldberg is entitled to reimbursement of all reasonable fees and expenses incurred in defending against Navidea's First and Second Causes of Action.  It is also undisputable that the Navidea's First and Second Causes of Action (as well as its now-abandoned Third Cause of Action) were based on "overlapping claims and a common core of facts."  *Hensley*, 461 U.S. at 435.  Each claim incorporates each and every factual allegation in Navidea's First Amended Complaint and the two substantive claims both focus on the same alleged conduct by Dr. Goldberg after the August 14th Agreement was executed.  (*See* Dkt. No. 15 at 20-22.)  As the Supreme Court has clearly stated, in such situations "[m]uch of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis.  Such a lawsuit cannot be viewed as a series of discrete claims."

Delaware law instructs that where counsel has submitted a sworn declaration, under penalty of perjury, setting forth the time necessary to properly prepare a defense that is subject to reimbursement, the Court should not second-guess an attorney's judgment as to the time spent on

matters subject to reimbursement.  *See Seiff*, 2020 Del. Ch. LEXIS 342 at * 12.  In this case, Dr. Goldberg's counsel has submitted a sworn declaration and contemporaneous billing entries as well as detailed billing records for all attorneys and detailed calculations of amounts attributable to defending Navidea's First and Second Causes of Action with extensive backup materials to permit the Court to assess those allocations.  Counsel's declaration explain the extensive work performed to allocate the work attributable to advanceable claims versus non-advanceable claims.  (*See generally*, Zimmer Decl.)

      As set forth in the Zimmer Declaration, in submitting his Application Dr. Goldberg believes that he complied with applicable authority and also heeded the Court's prior guidance that applying good faith but unsupported percentage estimates to the time spent defending against Navidea's claims would not suffice.  Accordingly, where time or expenses were devoted solely to Navidea's claims against him they were itemized as such in billing records and submitted in full for reimbursement.  However, for the vast majority of the time that was the subject of this Application, which comprised primarily work on discovery and summary judgment, the allocation of reimburseable time was based on extensive work performed by counsel to identify exactly what specific portion of the work performed was actually incurred in defense of Navidea's First and Second Causes of Action.

      It is important to keep in mind that although Navidea had three claims pending against Dr. Goldberg, they are all based on the identical set of facts and circumstances surrounding the agreement (the "August 14th Agreement") executed by Navidea, Dr. Goldberg and Third-Party Defendant Macrophage Therapeutics, Inc. ("Macrophage").  The First Cause of Action alleges that actions taken by Dr. Goldberg after the August 14th Agreement was executed breached the August 14th Agreement.  *See* Dkt. No. 15 ¶¶ 92-101.  Navidea's Second Cause of Action

incorporates by reference the exact same factual allegations and claims, in the alternative to the First Cause of Action, that Dr. Goldberg's actions after the August 14th Agreement was executed breached a duty of good faith and fair dealing embodied in the agreement. *Id.* ¶¶ 102-112. The now-abandoned Third Cause of Action incorporated by reference all of the same factual allegations and merely seeks a declaration of the parties' rights based on the same alleged conduct by Dr. Goldberg. *Id.* ¶¶ 113—117.[2] Dr. Goldberg's remaining counterclaims sought damages for Navidea's and Macrophage's failure to issue certain securities to him as required by the August 14th Agreement. *See* Dkt. No. 31 ¶¶ 84-104 Thus, the only additional facts relevant to Dr. Goldberg's counterclaims that were not necessary to prove that Dr. Goldberg did not breach the August 14th Agreement were the undisputed fact that Navidea and Macrophage did not actually issue the securities as required, and the issue of damages. "If . . . fee requests relate to both advanceable claims and non-advanceable claims, *i.e.*, the work is useful for both types of claims, that work is entirely advanceable if it would have been done independently of the existence of the non-advanceable claims. *Mooney* at *17.

When it is understood that Navidea's claims against Dr. Goldberg are based on allegations of misconduct by him after the August 14th Agreement was executed, with the Second Cause of Action asserting an alternate legal theory (breach of the duty of good faith and fair dealing) and the Third Cause of Action seeking a remedy for the alleged misconduct (a declaration of the parties' rights under the August 14th Agreement), it becomes clear that this is one of the situations in which the claims "involve a common core of facts or will be based on related legal theories . . . [and, therefore,] . . . [m]uch of counsel's time will be devoted generally

---

[2]    Dr. Goldberg's single remaining claim at the time summary judgment was awarded sought damages for Navidea's and Macrophage's failure to issue the shares.

9

to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discrete claims." *Hensley*, 461 U.S. at 435

This is especially true where, as here, a large portion of the time for which reimbursement is sought relates to fact witness depositions concerning the events leading up to and following the execution of the August 14th Agreement and the briefing of Dr. Goldberg's motion for summary judgment. In such situations, "[m]uch of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis." *Id.* Dr. Goldberg's counsel engaged in significant efforts to segregate time based on time spent on defending against Navidea's claims and time spent prosecuting his counterclaims.

The efforts engaged in by Dr. Goldberg's counsel to make good faith, objectively-based allocations of attorney time to the defense of Navidea's claims are set forth in the Zimmer Declaration.

## **<u>CONCLUSION</u>**

For the foregoing reasons, the Court should grant Dr. Goldberg's fee application and award order Navidea to reimburse him for the amounts of attorneys' fees and costs set forth in the Zimmer Declaration and accompanying exhibits, and grant Dr. Goldberg such other and further relief as the Court

deems just and proper.

Dated: Westchester, New York
      March 18, 2025

Respectfully submitted,


/s/ Gregory Zimmer
Gregory Zimmer, Esq.
142 New Chalet Drive
Mohegan Lake, NY 10547
Phone: 914.402.5683
Fax: 914.402.5683
Email: GZimmer@GZimmerLegal.com

11