Gregory Zimmer, Esq.
360 Lexington Avenue, Suite 1502
New York, NY 10017
Tel:  (914) 402-5683
GZimmer@GZimmerLegal.com

N. Ari Weisbrot, Esq. (NW-6029)
LAW OFFICE OF N. ARI WEISBROT LLC
1099 Allessandrini Avenue
New Milford, New Jersey 07646
Tel: (201) 788.6146
Email:  aweisbrot@weisbrotlaw.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In Re Navidea Biopharmaceuticals Litigation | Case No.: 1:19-cv-01578-VEC |

Michael M. Goldberg, hereby declares under penalty of perjury as follows:

1.	I am the Defendant/Counterclaim Plaintiff/Third-Party Plaintiff in this action.  I make this declaration in support of my application for attorneys' fees and costs incurred in defending against the First Cause of Action for breach of contract and the Second Cause of Action for breach of the implied duty of good faith and fair dealing asserted in this action against me by Plaintiff/Counterclaim Defendant Navidea Biopharmaceuticals, Inc. ("Navidea").  In the Court's Opinion and Order entered March 25, 2023 [Dkt. No. 339] (the "O&O") resolving the parties' respective motions for summary judgment, the Court dismissed Navidea's First and Second Causes of Action and specifically awarded meattorneys' fees and costs incurred in defending against those claims.  (*See* Dkt. 339 at 11, n. 9 and 19, n. 13.)

2.     I have reviewed the declaration of my current counsel, Gregory Zimmer (the "Zimmer Declaration"), submitted contemporaneously with this declaration in support of my fee application and the exhibits thereto.

3.     I confirm that Exhibit B to the Zimmer Declaration contains true and correct copies of invoices from Consilio, the discovery vendor that performed document processing and hosting services for me in connection with this action. They are exact duplicates of the originals received and maintained by me. I personally received, reviewed and paid these invoices at or about the time they were issued to me (as reflected on the individual invoices). These invoices were maintained in the regular course of my business, were made near or at the time of the acts and/or events recorded in them by persons with personal knowledge of those acts and/or events. It is the regular course of my business for such records to be made and maintained.

4.     I confirm that Exhibit M to the Zimmer Declaration contains true and correct copies of invoices from Veritext Court Reporters, who performed court reporting services for me in connection with this action. They are exact duplicates of the originals received and maintained by me and are incorporated herein by reference. I personally received, reviewed and paid these invoices at or about the time they were issued to me (as reflected on the individual invoices). These invoices were maintained in the regular course of my business, were made near or at the time of the acts and/or events recorded in them by persons with personal knowledge of those acts and/or events. It is the regular course of my business for such records to be made and maintained.

5.     I confirm that Exhibits T through Y to the Zimmer Declaration contain true and correct copies of invoices from Mr. Zimmer, who performed legal services for me in connection with this matter, for the period March 2019 when I engaged Mr. Zimmer through May 2024, which comprises the time period during which Mr. Zimmer billed for attorneys' fees for which

reimbursement is being sought through this application. They are exact duplicates of the originals received and maintained by me and are incorporated herein by reference. I personally received, reviewed and paid these invoices at or about the time they were issued to me (as reflected on the individual invoices). These invoices were maintained in the regular course of my business, were made near or at the time of the acts and/or events recorded in them by persons with personal knowledge of those acts and/or events. It is the regular course of my business for such records to be made and maintained.

    4.    I confirm that Exhibit Z to the Zimmer Declaration contains true and correct copies of invoices from attorney N. Ari Weisbrot, who performed legal services for me in connection with this matter, for the period May 2019 when I engaged Mr. Weisbrot through November 2020, which comprises the time period during which Mr. Weisbrot billed for attorneys' fees for which reimbursement is being sought through this application. Mr. Weisbrot no longer represents me and, sadly, Mr. Weisbrot passed away in May 2021. They are exact duplicates of the originals received and maintained by me and are incorporated herein by reference. I personally received, reviewed and paid these invoices at or about the time they were issued to me (as reflected on the individual invoices). These invoices were maintained in the regular course of my business, were made near or at the time of the acts and/or events recorded in them by persons with personal knowledge of those acts and/or events. It is the regular course of my business for such records to be made and maintained.

    5.    I confirm that Exhibit AA to the Zimmer Declaration contains true and correct copies of invoices from Lowenstein Sandler LLP, who performed legal services for me in connection with this matter, for the period March 2023 when I engaged Lowenstein through May 2024, which comprises the time period during which Mr. Zimmer billed for attorneys' fees for which

reimbursement is being sought through this application. They are exact duplicates of the originals received and maintained by me and are incorporated herein by reference. I personally received, reviewed and paid these invoices at or about the time they were issued to me. These invoices were maintained in the regular course of my business, were made near or at the time of the acts and/or events recorded in them by persons with personal knowledge of those acts and/or events. It is the regular course of my business for such records to be made and maintained.

6. In or about November 2018 I retained Goldstein Law Partners, LLC (the "Goldstein Firm") to represent me in my dispute with Navidea. I paid the Goldstein Firm a flat amount of $108,000 to advise me with respect to my litigation with Navidea and Macrophage and to represent me in this New York Action and in the Delaware Action. The Goldstein Firm's work was focused primarily on this New York Action and the action in the Delaware Chancery Court captioned *Macrophage Therapeutics, Inc. v. Goldberg*, C.A. No. 2019-0137-JRS (the "Delaware Action"). The Goldstein firm did not provide itemized invoices to me for their work because we agreed to a flat fee arrangement for initial work on the litigations.

4. I have allocated $5,000 of the fees paid by me to the Goldstein Firm for pre-litigation work performed by them, leaving $103,000 which was compensation for the Goldstein Firm's work on this action and the Delaware Action.

5. The Goldstein Firm's role in the Delaware Action consisted primarily of retaining and overseeing the work of a Delaware law firm, MacElree Harvey, which billed me approximately $70,000 to represent me in the Delaware Action. Thus, I am allocating $5,100 (five percent (5%) of the fees I paid to the firm) to the Goldstein Firm's work in connection with the Delaware Action, leaving $97,850 which was compensation for the Goldstein Firm's work on this action.

4

6. I allocate five percent (5%) of the fees paid to the Goldstein Firm in connection with this case ($4,892) to the Third-Party claims asserted against Macrophage in my Answer, Counterclaims and Third-Party Complaint. This is in part because I terminated the Goldstein Firm shortly after the Third-Party claims were asserted and before any significant work had been done to prosecute those claims or defend them against Macrophage's motion to dismiss them.

7. I allocate fifteen percent (15%) of the fees paid to the Goldstein Firm in connection with this case ($14,677) to the Counterclaims asserted against Navidea in my Answer, Counterclaims and Third-Party Complaint. This is in part because Gregory Zimmer, another attorney who represented me, played the lead role in drafting the Counterclaims and I terminated the Goldstein Firm shortly after the Counterclaims were asserted and before any significant work had been done to prosecute those claims or defend them against Navidea's motion to dismiss them.

8. I allocate eighty percent (80%) of the fees paid to the Goldstein Firm in connection with this case ($78,280) to the claims asserted against me by Navidea in this action. This is because the investigation performed by the Goldstein Firm, which was my only counsel in connection with this action when it was filed related primarily to defending against the lawsuit filed against me by Navidea relating to the August 14th Agreement. Much of this investigation was conducted immediately upon Navidea's filing of the initial Complaint in this action and continued as the Goldstein Firm drafted my Answer to the initial Complaint in this action. I relied solely on advice and communication with the Goldstein Firm in connection with answering Navidea's initial complaint in this action. Although I now know that Mr. Zimmer did perform some work on the Answer to the initial Complaint, I understand that the work consisted primarily of editing a draft answer prepared by the Goldstein firm. I did not interact directly with Mr. Zimmer until after the Answer to Navidea's initial complaint had been filed in this action.

9. I have allocated $32,400 of the fees paid to the Goldstein Firm to its work in defending me against Navidea's Fourth Cause of Action for breach of fiduciary duty.

10. The remaining amount applicable to defending against Navidea's claims against me in this action, $45,880, was incurred in defending me against the other claims asserted against me by Navidea. Therefore, that amount should be advanced to me for my defense of Navidea's First and Second Causes of Action for breach of contract and breach of the duty of good faith and fair dealing.

Pursuant to 28 U.S.C. § 1746(2), I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my personal knowledge and investigation or, where noted, on information and belief.

March 18, 2020

                                                *Michael Goldberg*
                                        Michael M. Goldberg, M.D.