USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/24/25

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X
                                                          :        19-CV-1578 (VEC)
IN RE: NAVIDEA BIOPHARMACEUTICALS                         :
LITIGATION                                                :        OPINION AND ORDER
                                                          :
-------------------------------------------------------------X

VALERIE CAPRONI, United States District Judge:

After five years of protracted litigation and incessant motion practice, this case was

whittled down to a single breach of contract counterclaim against Navidea Biopharmaceuticals,

Inc. ("Navidea") by Michael Goldberg. After a three-day trial, the jury returned a verdict in

Navidea's favor. Verdict Sheet, Dkt. 408. Goldberg moved pursuant to Federal Rule of Civil

Procedure 60(b)(6) and 54(b) to reinstate his quantum meruit claim, Dkt. 412, which the Court

had dismissed in response to Navidea's Motion to Dismiss more than five years ago. Dkt. 61

("MTD Op."). The Court construes Goldberg's motion as one for reconsideration of that

decision. For the reasons set forth below, Goldberg's motion is DENIED.

Following trial, both parties moved for attorneys' fees pursuant to a fee-shifting provision

in the August Agreement, the contract that gave rise to this dispute. Navidea Fees Mot., Dkt.

423; Goldberg Fees Mot., Dkt. 425. That provision shifts the obligation to pay the prevailing

party's attorneys' fees to the losing party. Because neither party is the prevailing party, both

motions for fees are DENIED.

## BACKGROUND[1]

This litigation began when Navidea sued Goldberg for breach of contract, among other

claims. Am. Compl., Dkt. 15. Goldberg asserted multiple counterclaims, including breach of

---

[1] The Court assumes familiarity with the underlying facts and procedural history of this case, which are set
forth in detail in the Court's multiple opinions in this case. *See* MTD Op., Dkt. 61; Motion for Attorneys' Fees
Opinion, Dkt. 134; Opinion Adopting Report & Recommendation, Dkt. 207; Motion for Reconsideration Opinion,

contract and quantum meruit, against Navidea and its subsidiary Macrophage.  Answer, Dkt. 31.

Because Goldberg did not allege that the August Agreement is invalid or unenforceable, the

Court dismissed his quantum meruit counterclaim; although quantum meruit can be alleged in

the alternative to breach of contract, to do so requires allegations (also in the alternative) that the

contract is not enforceable.  *See* MTD Op. at 17–18.  After extensive motion practice, the Court

resolved on summary judgment all of the claims other than Goldberg's breach of contract claim

against Navidea.  *See* Summary Judgment Op. at 28.  Some claims were resolved in Goldberg's

favor, *id.* at 12–13, 19, and another was resolved in Macrophage's favor, *see id.* at 28.

In advance of the final pretrial conference, having received proposed requests to charge

and proposed verdict sheets from the parties, Joint Pretrial Order, Dkt. 386, the Court provided

the parties with its proposed preliminary jury instructions, final jury charge, and verdict sheet.

The proposed preliminary jury instructions and charge both stated that in order to prevail on his

breach of contract claim, Goldberg had to prove, *inter alia*, that there was a valid contract

between him and Navidea.  Declaration of Gregory Zimmer ("Zimmer Decl.") Ex. 1 at 4, Dkt.

414–1; *id*. Ex. 2 at 12, Dkt. 414–2.

At the final pretrial conference, Goldberg objected to the Court's proposed preliminary

jury instructions and final jury charge, asserting that the Court had already determined that the

August Agreement was a valid and binding contract when it decided Navidea's motion to

---

Dkt. 261;  *Daubert* Opinion, Dkt. 290; Summary Judgment Opinion, Dkt. 339; Motion for Reconsideration Opinion, Dkt. 351.

The Court will refer to the relevant submissions as follows: Goldberg memorandum of law in support of his motion for reconsideration, Dkt. 413, as "Goldberg Mem."; Navidea's memorandum of law in opposition to Goldberg's motion for reconsideration, Dkt. 417, as "Navidea Opp."; Goldberg's reply in support of his motion for reconsideration, Dkt. 418, as "Goldberg Reply"; Navidea's motion for attorney fees, Dkt. 423, as "Navidea Fees Mot."; Goldberg's motion for attorney fees, Dkt. 425, as "Goldberg Fees Mot."; Navidea's response in opposition to Goldberg's Fees Motion, Dkt. 429, as "Navidea Fees Opp."; and Goldberg's response in opposition to Navidea's Fees Motion, Dkt. 430, as "Goldberg Fees Opp."

dismiss his counterclaims.  Zimmer Decl. ¶ 6.  Because the Court intended to submit the question

of the August Agreement's validity to the jury, Goldberg moved for a declaration that the August

Agreement between the parties was a valid and binding contract and for leave to reinstate his

quantum meruit claim.  Goldberg Mot., Dkt. 398.  The Court denied the motion.  December 17,

2024 Order, Dkt. 406.

> After both parties had rested, the jury was charged as follows:

>> To prevail on his breach of contract claim, Dr. Goldberg must prove, by a preponderance of the evidence, three elements:

>>> *First*, that there was a valid contract between him and Navidea;
>>> *Second*, that Navidea did not do what it was required to do under the contract; and
>>> *Third*, that Dr. Goldberg was damaged by Navidea's breach.

Jury Instructions at 11, Dkt. 409.  The jury returned a verdict in favor of Navidea, finding that

Goldberg did not prove his breach of contract claim.  *See* Verdict Sheet.

> Goldberg, relying on Fed. R. Civ. P. 54(b) and 60(b)(6) and the Court's inherent

authority, moved to "reinstate" his quantum meruit claim.  Goldberg Mot., Dkt. 412.  For the

reasons that follow, that motion is DENIED.  Both parties moved for an award of attorneys' fees

pursuant to the fee shifting provision in the August Agreement.  Those motions are also

DENIED.

## DISCUSSION

### I.    Legal Standard for Goldberg's Motion to "Reinstate" his Quantum Meruit Claim

> Rule 60(b)(6) is a catch-all provision that permits a district court to grant relief from a

final judgment for "any . . . reason that justifies relief."  Fed. R. Civ. P. 60(b)(6).  Rule 54(b)

provides that "any order or other decision . . . that adjudicates fewer than all the claims or the

rights and liabilities of fewer than all the parties does not end the action as to any of the claims or

parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b).

As a general matter, Rule 60(b) motions are "disfavored", *Simon v. United States*, No. 12- CV-5209, 2020 WL 832887, at *3 (S.D.N.Y. Feb. 20, 2020), and relief is "properly invoked only when there are extraordinary circumstances justifying relief" or "when the judgment may work an extreme and undue hardship," *Nemaizer v. Baker*, 793 F.2d 58, 63 (2d Cir. 1986) (citations omitted). *See also Harris v. United States*, 367 F.3d 74, 81 (2d Cir. 2004) (cleaned up) ("[A] proper case for Rule 60(b)(6) relief is only one of extraordinary circumstances, or extreme hardship."). The burden of proof is on the party seeking relief from the judgment. *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004).

Because Goldberg seeks to reinstate a claim that the Court already dismissed, his motion is construed as a motion for reconsideration. The standard governing motions for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted); *see also* S.D.N.Y. Loc. Rule 6.3 (requiring the movant to "set[ ] forth concisely the matters or controlling decisions which the moving party believes the court has overlooked"). Such a motion "is neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced." *Associated Press v. U.S. Dep't of Def.*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005); *see also Goonan v. Fed. Reserve Bank of N.Y.*, No. 12-CV-3859, 2013 WL 1386933, at *2 (S.D.N.Y. Apr. 5, 2013) (citation omitted) ("Simply put, courts do not tolerate such efforts to obtain a second bite at the apple."). Rather, reconsideration is appropriate "only when the [moving party] identifies an intervening change of controlling law,

the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (citation omitted). The purpose of Rule 6.3 is to "ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." *Naiman v. N.Y. Univ. Hosps. Ctr.*, No. 95-CV-6469, 2005 WL 926904, at *1 (S.D.N.Y. Apr. 21, 2005) (citation omitted). The decision whether to grant a motion for reconsideration is left to the court's discretion. *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009).

## II.    Goldberg's Motion for Reconsideration to Reinstate his Quantum Meruit Claim is Denied

Goldberg argues that his quantum meruit claim should be reinstated because the Court "reversed" its prior decision that the August Agreement was a valid and binding contract when it charged the jury that Goldberg had to prove that the August Agreement was a valid contract (as one of the three elements of a breach of contract claim). Goldberg Mem. at 10, Dkt. 413. Goldberg asserts that he was prejudiced by the Court's early decision dismissing the claim because if he had been able to pursue his quantum meruit claim in the alternative, he would have taken discovery on that claim and would have developed damages theories in relation to it. *Id.* at 5. Further, Goldberg contends that he is not challenging the propriety of the Court's jury instructions, but rather he seeks relief in light of what he perceives to be the Court's reversal of its prior order. Goldberg Reply at 6, Dkt. 418.

### A. Goldberg's Motion is Untimely

Goldberg's motion, which seeks to "reinstate" a claim that was dismissed more than five years ago, is untimely. Under this district's local rules, a motion for reconsideration must be filed within 14 days of the court order being challenged. S.D.N.Y. Loc. Rule 6.3. Here, the

Court's opinion about which Goldberg complains was dated December 26, 2019, MTD Op., and this motion was filed on January 15, 2025, Dkt. 412.

Goldberg contends that his motion is timely, as he raised his issues with the preliminary and final jury instructions at the final pretrial conference, and because the Court permitted him to file post-trial motions. Goldberg Reply at 5–6. None of Goldberg's arguments as to timeliness carries the day. Goldberg's argument is based on his view that he raised this issue as soon as he understood that the Court had reversed its prior decision (in fact, the Court did not reverse any prior decision). The fact that the Court permitted him to file a motion following trial does not re-set the time frame within which he could have sought reconsideration of the court's order dismissing his quantum meruit claim or eliminate the import of the local rules.

The untimeliness of a "motion for reconsideration under Local Civil Rule 6.3 . . . is reason enough to deny the motion." *McGraw-Hill Glob. Educ. Holdings, LLC v. Mathrani*, 293 F. Supp. 3d 394, 397 (S.D.N.Y. 2018) (concluding that such a motion filed twenty-seven days after the order at issue was untimely). Still, the Court proceeds to evaluate Goldberg's motion under Rule 60, as the timeliness requirement in Local Rule 6.3 does not apply if another "statute or rule" provides otherwise. S.D.N.Y. Loc. Rule 6.3. Under Rule 60, a motion "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). Rule 54(b) provides that any court order or decision "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities"; it does not, however, bestow on a party the right to file a motion without any time constraints. Fed. R. Civ. P. 54(b). Although Goldberg's motion for reconsideration that was filed five years after the decision complained-of was not filed within "a reasonable time," the Court will proceed to consider the merits of the motion.

**B. The Motion For Reconsideration is Meritless**

Goldberg fails to articulate "extraordinary circumstances" or "extreme hardship" and otherwise fails to meet the rigorous standard for a motion for reconsideration. Contrary to Goldberg's argument, the Court did not "reverse" its prior rationale for dismissing his quantum meruit claim nor did it "hold" in the context of its opinion on Navidea's motion to dismiss that there was a valid contract. In the opinion on the motion to dismiss, the Court held that Goldberg had not adequately alleged a claim for quantum meruit in the alternative to his breach of contract claim because he did not challenge the validity of the contract. MTD Op. at 17–18.

This litigation arose from a poorly drafted contract; at the summary judgment phase, the Court held that because the provision governing Navidea's obligation to issue stock to Goldberg was ambiguous, the intent of the parties regarding the August Agreement was a question of fact to be tried. Summary Judgment Op. at 25, Dkt. 339. At trial, in both the preliminary jury instructions and final jury charge, the Court instructed the jury on the three elements of a breach of contract claim under Delaware law. As the counterclaim plaintiff, it was Goldberg's burden to prove those elements. It is axiomatic that the first element that a plaintiff must prove in a breach of contract case is the existence of a contract. *See VLIW Tech., LLC v. Hewlett-Packard Co.*, 840 A.2d 606, 612 (Del. 2003). Goldberg erroneously contends that the Court required the jury to decide whether the August Agreement was a valid and binding contract. That is simply false. Although prior to trial Goldberg asked the Court to include a question on the verdict sheet asking whether the August Agreement was a valid and binding agreement, Joint Pretrial Order Ex. 4 at 22, Dkt. 386–4, the verdict sheet that was actually submitted to the jury asked whether Goldberg proved all of the elements of his breach of contract claim, a question to which he did not object. *See* Verdict Sheet. As to contract formation, the jury was charged that the parties

agreed that there was an offer, acceptance, and consideration but disagreed on what was required of each party.  *See* Jury Instructions at 12.  Accordingly, the jury was never asked to determine, as a standalone question, whether there was a valid contract.[2]

In short, even if this motion were timely, it would be denied because it is meritless. Goldberg is not permitted to turn back the clock five years to reinstate a quantum meruit claim because the jury rejected his breach of contract claim.  Litigation would never end if that were a standard practice.  Accordingly, Goldberg's motion for "reinstatement" of his quantum meruit claim is denied.

## III.    The Parties' Motions for Attorneys' Fees are Denied

The parties each request an award of attorneys' fees and costs.  Goldberg asserts that he incurred $752,532.00 in attorneys' fees and costs successfully defending two of Navidea's contract claims at the summary judgment stage, Gregory Zimmer Affidavit ¶¶ 25, 27, 40, 43, 46, 49, Dkt. 427; Navidea asserts that its fees and costs for the entirety of this litigation total $1,843,325.33, Navidea Fees Mot. at 12, Dkt. 424.

Under the American Rule and Delaware law, each party is required to pay its own legal fees.  *Sternberg v. Nanticoke Mem'l Hosp., Inc.*, 62 A.3d 1212, 1220 (Del. 2013).  "An exception to [the American Rule] is found in contract litigation that involves a fee shifting provision.  In these cases a trial judge may award the prevailing party all the costs it incurred during litigation." *Id.* at 1218 (citing *Mahani v. EDIX Media Grp., Inc.*, 935 A.2d 242, 245 (Del. 2007)).  Absent "qualifying language that fees are to be awarded claim-by-claim or on some other partial basis, a contractual provision entitling the prevailing party to fees will usually be applied in an all-or-

---

[2]    Given Goldberg's position, it is surprising that he did not object to the proposed verdict sheet or propose a special interrogatory to determine whether the premise for the quantum meruit claim he wanted "reinstated" had been satisfied, *i.e.*, that the finder of fact concluded that there was no contract.

nothing manner." *AFH Holding. & Advisory, LLC v. Emmaus Life Scis., Inc.*, 2014 WL 1760935, at *2 (Del. Super. Ct. Apr. 16, 2014) (citation omitted).  In an all-or-nothing case, the Court analyzes the "predominance in the litigation" to determine the prevailing party.  *Duncan v. STTCPL, LLC*, 2020 WL 829374, at *15 (Del. Super. Ct. Feb. 19, 2020).  "To establish predominance, the party must prevail on the case's chief issue[s]."  *Id.* (citing *2009 Caiola Fam. Tr. v. PWA, LLC*, 2015 WL 6007596, at *33 (Del. Ch. Oct. 14, 2015)).

The fee-shifting provision (the "Fee Provision") of the August Agreement provides:

> Any action brought to enforce the terms of this Agreement or adjudicate any dispute arising out of this Agreement, involving a request for a temporary or preliminary injunction, shall be brought exclusively in the federal and state courts located in New York, New York. . . . The prevailing party in any such dispute will be entitled to recover its reasonable attorneys' fees and costs.

Navidea Fees Mot., Ex. D at 2, Dkt. 424–13.

### A. The Court Adopts the All-or-Nothing Approach

The Court must first address the threshold issue of the interpretation of the Fee Provision before deciding which party, if any, is the "prevailing party."  Navidea contends that, under Delaware law, the Court must adhere to "an all-or-nothing approach involving an inquiry into which party predominated in the litigation, as opposed to a claim-by-claim or other partial basis approach" when assessing the Fee Provision.  Navidea Fees Opp. at 3, Dkt. 429 (citing *Bako Pathology LP v. Bakotic*, 288 A.3d 252, 281 (Del. 2022)).  If the parties had intended for "a claim-by-claim recovery," then they would have needed to use specific language in the Fee Provision to "authorize the court to exercise discretion to award less than 'all' the prevailing party's fees in a case where the prevailing party had achieved a less than full victory."  *Id*. at 4 n.3 (citing *Duncan*, 2020 WL 829374, at *15).  Navidea argues that Goldberg could have contracted for a different arrangement than the all-or-nothing approach, but the parties used the

term "prevailing party," which is a legal "term of art that the parties bargained for in the

contract." *Id.* at 5 (citing *Eletson Holdings, Inc. v. Levona Holdings Ltd.*, 731 F. Supp. 3d 531,

610 (S.D.N.Y. 2024)).  In contrast, Goldberg claims that the Court already decided to apportion

fees on a claim-by-claim basis, having determined on summary judgment that Goldberg was

entitled to fees on Navidea's breach of contract claim, Summary Judgment Op. at 13 n.9, and

Navidea's breach of the implied covenant of good faith and fair dealing claim, *id.* at 19 n.13, and

that Defendant Macrophage (collectively with Navidea, the "Company") was entitled to fees on

Goldberg's breach of contract claim against Macrophage, *id.* at 28 n.19.  Goldberg contends that

the Court's prior decision is settled, and the Court is not required to adopt the all-or-nothing

approach.  Goldberg Fees Opp. at 4, Dkt. 430.

  Although the Court previously held that the parties were entitled to fees pursuant to the

August Agreement for the claims on which they respectively prevailed at summary judgment, the

parties have since briefed Delaware law regarding fee shifting provisions in mixed-results cases

like this one.  In light of that briefing, the Court reconsiders its prior decision and finds that the

Fees Provision requires the traditional application of an all-or-nothing approach.  That approach

requires determining which party, if either, predominated in the ligation.  *See Bako Pathology

LP*, 288 A.3d at 281.  Having chosen the term "prevailing party" in the Fees Provision, the Court

concludes that the parties intended for the term to be applied as courts have traditionally treated

the term.  *See Brandin v. Gottlieb*, No. CIV A 14819, 2000 WL 1005954, at * 28 (Del. Ch. July

13, 2000).

  In *Bako Pathology*, the Delaware Supreme Court examined fee-shifting provisions

contained in two separate contracts.  *See* 288 A.3d at 279–81.  The parties' Employment

Agreement provided fee-shifting "to the prevailing party in any legal proceeding to construe,

apply, interpret, enforce or defend any of the Company's rights in this Agreement," while the parties' Partnership Agreement provided fee-shifting to the "prevailing party in any dispute between the parties hereto," and defined "prevailing party" as "the party who is determined in the proceeding to have prevailed or who prevails by dismissal, default or otherwise." *Id.* at 280. The Court found a difference between the two contracts: the Partnership Agreement speaks of a "prevailing party" in terms of the overall dispute while the Employment Agreement speaks to the "prevailing party" in terms of success on claims involving rights under the Employment Agreement. *Id.* at 281. The Court found the difference to be important and held that fees should have been awarded under the Employment Agreement but not the Partnership Agreement. The result varied even though the term "prevailing party" appeared in both provisions.

In this case, the Fee Provision, which awards fees to the "prevailing party in any such dispute" is similar to the operative provision in the Partnership Agreement in *Bako*; the Delaware Supreme Court held that provision required fee shifting for the prevailing party in the overall dispute. Navidea Fees Mot., Ex. D at 2; *see* 288 A.3d at 282. Because the parties have not presented any evidence or provided any context from which the Court could conclude that the parties intended for fees to be apportioned on a claim-by-claim basis when drafting the August Agreement, the Fees Provision is a clear and unequivocal fee shifting provision that shifts fees and costs on an all-or-nothing basis.

**B.  Neither Party Is the "Prevailing Party" for Purposes of Attorneys' Fees**

Having adopted the all-or-nothing approach under Delaware law, whether to award attorneys' fees and costs hinges on whether Goldberg or Navidea is the "prevailing party" now that all the dust has settled. Navidea asserts that it is the "prevailing party," arguing that it prevailed on "on the case's chief issue" – whether Navidea owed Goldberg millions of shares of

11

Navidea stock. Navidea Fees Opp. at 4 (quoting *Duncan,* 2020 WL 829374, at *15). Because a

jury held that Goldberg did not prove his breach of contract claim, Navidea contends that it is the

*only* prevailing party under Delaware law. *Id.* at 5. Conversely, Goldberg asserts that he is the

"prevailing party" because he defeated Navidea's two breach of contract claims, and Navidea

voluntarily withdrew its third claim for declaratory judgment. Goldberg Fees Opp. at 7; Navidea

Letter, Dkt. 411. Although Navidea prevailed at trial in defeating Goldberg's breach of contract

claim, and Macrophage successfully defeated Goldberg's breach of contract claim, by

Goldberg's calculations, because he defeated Navidea and Macrophage's breach of contract

claims against him, he "would be the prevailing party by a margin of 3 to 1." Goldberg Fees

Opp. at 7.

Although the Fee Provision of the August Agreement is a valid and enforceable

contractual term, neither Navidea nor Goldberg can be crowned the prevailing party. Delaware

courts "typically look[] to the substance of a litigation to determine which party predominated."

*Vianix Delaware LLC v. Nuance Commc'ns, Inc.*, No. 3801, 2010 WL 3221898, at *28 (Del. Ch.

Aug. 13, 2010) (citation omitted). Although a party does not have to win every disputed claim to

be a prevailing party under Delaware law, courts have discretion to find that neither party is a

"prevailing party" in cases with mixed results. *See Mrs. Fields Brand, Inc. v. Interbake Foods,

LLC*, No. 12201, 2018 WL 300454, at *2 (Del. Ch. Jan. 5, 2018) (finding no prevailing party

when there were two "chief" issues in the case and the parties each prevailed on one issue);

*Duncan,* 2020 WL 829374, at *15 (Del. Super. Ct. Feb. 19, 2020) ("Considering the results of

the parties' summary judgment motions, the parties split their success. Namely, both parties

succeeded as to one chief issue, but failed as to the other. . . . Because [the parties] each won and

lost on a chief issue in this case, on balance, there can be no finding that either predominated in

the litigation so as to be the 'prevailing party.'"); *Vianix Delaware LLC,* 2010 WL 3221898, at *28 (finding that because "each side prevailed on a handful of issues," including successful defenses and recovery for damages much less than claimed, there was no prevailing party and declining all requests for attorneys' fees).

Both Goldberg and Navidea won some claims and lost on others. The chief issue of this case revolved around the interpretation of the poorly drafted August Agreement and the parties' respective obligations. Goldberg successfully defeated Navidea's two contractual claims asserted against him, and Navidea withdrew its declaratory judgment claim following trial. Macrophage, a subsidiary of Navidea, defeated Goldberg's breach of contract claim on summary judgment, and Navidea defeated Goldberg's breach of contract claim at trial. To be declared the prevailing party, a litigant must achieve "predominance in the litigation." *Brandin,* 2000 WL 1005954, at *28. Neither Goldberg nor Navidea has managed that here. The parties have litigated for years, equally split the core issues of this litigation, and find themselves in exactly the same position vis-à-vis each other and who-owes-whom under the August Agreement as they were in prior to Navidea beginning the litigation. Under these circumstances, the Court is constrainted to conclude that neither party "predominated." Given this equipoise, justice demands that both parties pay their own attorneys' fees and costs.

The parties' motions for fees are DENIED.

## CONCLUSION

For the foregoing reasons, Goldberg's motion for reconsideration along with the parties' motions for fees are all DENIED.  The Clerk of Court is respectfully directed to terminate the open motions at docket entries 412, 423, and 425 and close the case.

**SO ORDERED.**

**Date:  April 24, 2025**
**New York, NY**

**VALERIE CAPRONI**
**United States District Judge**